UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No.<br><br>[redacted] 05 107 S |

**PLAINTIFF'S MOTION FOR ORDER**
**<u>TEMPORARILY FILING CASE UNDER SEAL</u>**

Plaintiff CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox"), by its attorneys, respectfully moves this Court for an order sealing the Court file of this action until the execution of the seizure and expedited Fed.R.Civ.P. 34 inspection provided for in the proposed Temporary Restraining Order filed with the Court, if such relief is granted.

1. Plaintiff submits that an order temporarily sealing the Court file pending the seizure and Fed.R.Civ.P. 34 inspection is wholly consistent with the extraordinary nature of the relief requested by the plaintiff, and with the expedited nature of these proceedings. If the defendants' identities and the relief granted to the plaintiff are publicized prior to the seizure, the Court may be denied the opportunity to grant, and plaintiff may be unable to receive, effective relief. The nature and size of digital filters are such that they can be rapidly moved, concealed or destroyed. The defendants' business records can be quickly and easily destroyed, and as reflected

(2)

in the affidavit of Cox investigator Ronald Allard ¶¶ 3, 19, are presently routinely discarded by defendants.

2. A Federal court clearly has discretion to control and seal files and records in its possession. United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1996; see also Nixon v. Warner Comms., Inc., 435 U.S. 589, 598 (1978); Crystal Growers Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Nixon v. Sirica, 487 F.2d 700, 721 (D.C.Cir. 1973).

3. Plaintiff anticipates that the requested seizure, if granted, will take place within the next few days. At that time, the defendants will be served with the TRO and supporting papers and the Summons and Complaint. After such time, there will be no further need for the file to remain under seal. Consequently, the sealing of the file will be necessary for only a very short time.

4. Due to the short time that the file will remain under seal, any restrictions on the Court Clerk, who under plaintiff's proposed order can have access to the file for administrative purposes, and the public, will be minimal and temporary. Any inconveniences are far outweighed by the manifest need for such seizure to be conducted without prior notice, if it is to achieve its purpose. Similarly, as a defendant is normally unaware of the pendency of an action until service of the summons and complaint, Cox submits that the defendants will suffer no prejudice from having the Court file sealed during a time that they would presumably be unaware of it.

5. Cox submits that for the reasons stated herein, the requested relief should be granted to it.

Dated: Newport, Rhode Island
March 2, 2005

Respectfully submitted for the Plaintiff CoxCom, Inc.
d/b/a Cox Communications New England
By Its Attorneys,

Daniel J. Lefkowitz
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Francis S. Holbrook II (3412)
**MILLER SCOTT & HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500