ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**NOTICE OF MOTION TO DISMISS COUNTERCLAIM** |

**PLEASE TAKE NOTICE** that plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott and Holbrook, will move this Court on the ____ day of _______ 2005, at 10:00 a.m., for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Defendants' Counterclaim for the tort of intentional infliction of emotional distress

Dated: Newport, Rhode Island
April 27, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: Shaun K. Hogan (by PSS)
Shaun K. Hogan (SH-7222)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

27

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier (#953)
128 Dorrance Street, Suite 400 4/27/05
Providence, Rhode Island 02903
(401) 274-3113

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS <u>COUNTERCLAIM</u>** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff"), in the above-captioned action. I submit this Affirmation in support of CoxCom's motion to dismiss Defendants', Jon Chaffee, Amy Chaffee and Ramalda Bou, individually and d/b/a Electronic Imports and Chaffee International (hereinafter "Defendants"), Counterclaim for the tort of intentional infliction of emotional distress.

2. CoxCom commenced this action against Defendants on March 8, 2005 (annexed hereto as Exhibit A is a copy of the Complaint). In the suit, CoxCom alleged, in part, the Defendants engaged in the sale and use of digital cable television filter, and had intercepted and assisted others in the interception of CoxCom's cable television programming services without CoxCom's authorization in

violation of the Communications Act 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On March 11, 2005, the Honorable William E. Smith signed an "*Ex Parte* Order to Show Cause with Temporary Restraining Order" (annexed hereto as Exhibit B is a copy of the March 11, 2005 *ex parte* Order, hereinafter referred to as "*ex parte* Order"). The *ex parte* Order granted *inter alia*: (1) injunctive relief related to the sale of digital cable television filters; (2) injunctive relief from the destruction related records; (3) enjoining the Defendants from moving assets; (4) ordering the Defendants to identify their assets; (5) expedited discovery; and (6) ordering Defendants provide an accounting. Most relevant to the Defendants' Counterclaim, the *ex parte* Order directed the inspection of Defendants' premises and seizure of items related to Defendants' use/sale of digital cable television filters. Specifically, *ex parte* Order directed members of the United States Marshals Service for the District of Rhode Island, with the assistance of representatives of CoxCom, to (a) enter 206 Richard Drive, Tiverton, Rhode Island – i.e., the home of Defendants Jon and Amy Chaffee; (b) enter any other of Defendants' locations identified by them where digital cable television filters were kept/used/sold; (c) seize items related to the use/sale of digital cable television filters; and (d) "take all steps necessary to proceed in a lawful manner, including the reasonable use of force." Id.

4. On March 11, 2005, officers from the United States Marshals Service and representatives from CoxCom appeared at 205 Richard Drive, Tiverton, Rhode Island and Jon Chaffee's office at Mineral Spring Avenue, North Providence, Rhode Island.

5. On or about March 30, 2005 the Defendants served their Answer and Counterclaims for intentional infliction of emotional distress, and what appeared to be claims of trespass to chattels and abuse of process (annexed hereto as Exhibit C is a copy of the March 30, 2005 Answer and Counterclaims).

6. On or about April 4, 2005, CoxCom's counsel sent a letter to Defendants apprising them of the insufficiency of those claims and requesting that they be withdrawn (annexed hereto as Exhibit D is a copy of the April 4, 2005 letter).

7. Subsequently, on or about April 8, 2005, before CoxCom was required to respond to the counterclaims, the Defendants served their Amended Counterclaims. Defendants now limited their counterclaims to the following: (1) intentional infliction of emotional distress and (2) what appears to be trespass to chattels (annexed hereto as Exhibit E is a copy of the April 8, 2005 Answer and Counterclaims).

8. As set forth above, and in more detail in the accompanying memorandum of law, the Defendants' Counterclaim for the intentional infliction of emotional distress should be dismissed.

Dated: Jericho, New York
April 26, 2005

SHAUN K. HOGAN (SH-7227)