UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | ) | C.A. No.: 05-107 S |
| v. | ) | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OF THE TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

## INTRODUCTION

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Counterclaim of Defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, individually and d/b/a Electronic Imports and Chaffee International (hereinafter "Defendants") for intentional infliction of emotional distress.

## I.

## PROCEDURAL HISTORY

On March 8, 2005, CoxCom filed the instant complaint wherein it claimed, in part, that the Defendants, through their sale and use of digital cable television filters, intercepted and assisted others in the interception of CoxCom's cable television programming services without CoxCom's authorization in violation of the Communications Act 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. See Affirmation of Shaun K. Hogan ¶ 2 (hereinafter referred to as "Hogan Aff. ¶ ___").

On March 11, 2005, The Honorable William E. Smith signed an "*Ex Parte* Order to Show Cause with Temporary Restraining Order" (hereinafter referred to as "*ex parte* Order"). See Hogan Aff ¶ 3. Most relevant to the Defendants' Counterclaims, the *ex parte* Order directed the inspection of Defendants' premises and the seizure of items related to Defendants' use/sale of digital cable television filters. Specifically, the *ex parte* Order directed members of the United States Marshals Service for the District of Rhode Island, with the assistance of representatives of CoxCom, to (a) enter 206 Richard Drive, Tiverton, Rhode Island – i.e., the home of Defendants Jon and Amy

Chaffee; (b) enter any other of Defendants' locations identified by them where digital cable television filters were kept/used/sold; (c) seize items related to the use/sale of digital cable television filters; and (d) "take all steps necessary to proceed in a lawful manner, including the reasonable use of force." Id. Defendants' claim of intentional infliction of emotional distress centered on the March 11, 2005, Court ordered inspection and seizure of the business records, computer(s) and inventory of digital cable television filters.

On or about March 30, 2005 the Defendants served their Answer and Counterclaims for intentional infliction of emotional distress, and what appeared to be claims for trespass to chattels and abuse of process. See Hogan Aff. ¶ 5. In response to the insufficiency of those claims, CoxCom's counsel sent a letter to Defendants requesting that they be withdrawn. See Hogan Aff. ¶ 6.

Subsequently, on or about April 8, 2005, before CoxCom was required to respond to the counterclaims, the Defendants served their Amended Counterclaims. Defendants limited their Counterclaims to: (1) intentional infliction of emotional distress; and (2) what appears to be a claim of trespass to chattels. See Hogan Aff. ¶ 7.

Based upon the Defendants' failure to state a claim upon which relief could be granted, CoxCom moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants' Counterclaim for intentional infliction of emotional distress.

## II.

## ARGUMENT

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is to accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). However, dismissal under Federal Rule

12(b)(6) is appropriate if the facts alleged, taken as true, do not justify recovery. See Id. The pleading requirement, however, is "not entirely a toothless tiger." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). "The threshold [for stating a claim] may be low, but it is real." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). In addition, although all inferences must be made in the Defendants' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

**A.**

**DEFENDANTS' ALLEGATIONS FAILED TO STATE A CLAIM FOR RELIEF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants' allegations, even taken as true, simply do not state a claim for intentional infliction of emotional distress. In order to sufficiently plead a claim for intentional infliction of emotional distress, the claimant must plead that (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe. See Wright v. Zielinski, 824 A.D.2d 494 (R.I. 2003).

**1. Defendants Failed to Allege the Conduct was Extreme and Outrageous**

The Supreme Court of Rhode Island has adopted a very high standard with respect to what type of conduct will be considered extreme and outrageous: "conduct . . . so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1090 (R.I. 2004) (emphasis added) (quoting Swerdlick v. Koch, 721 A.2d 849, 863 (R.I. 1998) and Restatement (Second) Torts, § 46 cmt. d at 73). The key words used by the Supreme Court bear repeating: **outrageous, beyond all possible bounds of decency, atrocious**

**and utterly intolerable**. Id. Even taken in the light most favorable to the Defendants, their allegations do not come close to satisfying to this high standard.

In an attempt to flesh out their claim, the Defendants state four pages of allegations. See Hogan Aff. ¶ 7, Exhibit E. Unfortunately for the Defendants, even if true, the litany of accusations made are not extreme and outrageous. Defendants' allegations of CoxCom's purported "extreme and outrageous" conduct can be summed up as follows:

(1) the application for and execution of the *ex parte* Order;

(2) the search of the house, cars and office, including opening locked spaces;

(3) Jon and Amy Chaffee being told if they failed to cooperate they could be in contempt of the Court Order;

(4) Jon and Amy Chaffee being told if they destroyed evidence they could be in contempt of the Court Order;

(5) Amy Chaffee was not permitted to read the *ex parte* Order before the inspection began;

(6) Amy Chaffee was told she could not call her husband, Jon Chaffee;

(7) Jon and Amy Chaffee being told they were in trouble;

(8) Jon Chaffee being told to settle the case; and

(9) Defendants' assets being frozen.

CoxCom's alleged conduct is not extreme and outrageous given that CoxCom was reasonably and in good faith enforcing its statutory rights and the rights granted to it pursuant to the *ex parte* Order. The Supreme Court of Rhode Island has determined that liability cannot be imposed for the tort of intentional infliction of emotional distress "when [Plaintiff] has done no more than insist on [their] legal rights in a permissible way, even though such insistence is likely or

even certain to annoy, disturb, or inconvenience [Defendants] or even to cause [Defendants] to suffer some emotional distress." Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984); cf. Jalowy v. The Friendly Home, Inc., No. CA 93-0511, 2001 WL 171918, *4-5 (R.I. Super. Feb. 12, 2001) (based in part on court orders, nursing home monitored and restricted plaintiff's visits with his mother – held conduct does not rise to the level of extreme and outrageous conduct). In Champlin, a customer of a bank sued the bank for intentional infliction of emotional distress based upon the conduct of the bank's attorney in its attempt to collect a debt from the customer. Id. However, the Court, in vacating judgment against the bank, held it was not extreme and outrageous for a bank's attorney to protect the best interests of the bank. Id. at 988-90.

More recently, the Supreme Court of Rhode Island had occasion to reaffirm the Champlin standard. In Swerdlick, 721 A.2d at 862-64, landowners who operated business out of their home in violation of town zoning ordinance sued their neighbor for violations of statutory right to privacy and intentional and negligent infliction of emotional distress. The neighbor surveilled and photographed landowners' property and reported zoning violations to the local municipality. Id. In affirming a judgment as a matter of law, the Court held while the conduct may have given offense, "it would be a far stretch for us to characterize it as so extreme and outrageous as to be atrocious and utterly intolerable in a civilized community." Id. at 863. Importantly, once again, the Court granted protection to parties who act reasonably and in good faith to seek redress for violations of the law. This is particularly true, as in the present case, where a parties' complaints are shown to be founded. Id.

In this case, the Counterclaim acknowledges, as it must, CoxCom's actions were done in the course of enforcing its statutory rights. CoxCom filed this action as against Defendants based upon their alleged violations of 47 U.S.C. § 553(a)(1) and 17 U.S.C. § 1201. Further, CoxCom's conduct

in inspecting and seizing items was all done in full accord with the *ex parte* Order, as was CoxCom's requests that Defendants comply with the Order.

Defending a lawsuit and having your home/business searched per a court order could cause annoyance, and even alarm, to anybody. However, in all of Defendants' extraneous allegations, there are no factual assertions that CoxCom's conduct was beyond all possible bounds of decency. In fact, the alleged conduct seems courteous in light of the circumstances. In sum, CoxCom "has done no more than insist on [Plaintiff's] legal rights in a permissible way, even though such insistence is likely or even certain to annoy, disturb, or inconvenience [Defendants] or even cause [Defendants] to suffer some emotional distress." Champlin, 478 A.2d at 989.

In light of Champlin and Swerdlick, CoxCom's suit and enforcement of the *ex parte* Order clearly does not amount to extreme and outrageous conduct. Therefore, Defendants' Counterclaim should be dismissed.

**2. The Defendants Fail to Plead With Any Specificity the Severe Emotional Distress Suffered**

Under Rhode Island law, a claim for intentional infliction of emotional distress will only lie where the conduct causes emotional harm that is accompanied by physical symptomatology. See Socha v. National Ass'n of Letter Carriers Branch No. 57, 883 F. Supp. 790, 805 (D.R.I. 1995); see also Reilly v. U.S., 547 A.2d 894, 896-897 (R.I. 1988); Curtis v. Rhode Island Dept. for Children and Their Families, 522 A.2d 203, 208 (R.I. 1987); Champlin, 478 A.2d at 988. It is not enough for the aggrieved to allege merely "distress."

In Socha, the plaintiff alleged in his amended complaint that he suffered "severe emotional distress, severe mental anguish and pain and suffering." 883 F. Supp. at 805. As this was the only reference to the injuries and/or manifestation of physical ills plaintiff suffered as a result of the defendants' alleged infliction of emotional distress, the court dismissed the claim pursuant to Rule

12(b)(6). Id. "An allegation of pain and suffering, without more, is just the kind of bald assertion that cannot pass muster on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." Id.

Similarly, in this case, Defendants failed to specify what, if any, severe emotional distress they suffered. Their Counterclaim merely states, "[defendants] suffered emotional distress." Defendants are required to "plead severe distress of a nature that no reasonable person could be expected to endure it." Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (dismissing claim for intentional infliction of emotional distress on a Rule 12(b)(6) motion).[1] Their failure to so plead is fatal.

Thus, Defendants' Counterclaim should be dismissed as they failed to properly allege that the emotional distress allegedly caused by CoxCom conduct resulted in a manifestation of physical symptoms.

**B.**

**RAMALDA BOU FAILS TO ALLEGE ANY FACTS IN SUPPORT OF A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants' Counterclaim for intentional infliction of emotional distress is not clear as to which of the Defendants, if any, is seeking redress. However, it is clear from the allegations that the one person who cannot bring such a claim is Ramalda Bou. As alleged, Ramalda Bou was not present during the inspection and seizure of records and items at either of the two locations. She does not have a property interest in either location. She never met, nor spoke with any members of the Marshals Service or CoxCom during the relevant time period. The sole connection Ramalda Bou has with the allegations is gleaned from paragraph 3 of the Counterclaim, wherein it is alleged Ramalda Bou's accounts and assets were frozen. The Court froze the "assets" of Ramalda Bou by means of the *ex parte* Order. As explained *infra*, "when [Plaintiff] has done no more than insist on

[their] legal rights in a permissible way" a claim for intentional infliction of emotional distress is barred. Champlin, 478 A.2d at 989. Thus, Ramalda Bou's claim for intentional infliction of emotional distress should be dismissed.

III.

CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court's entry of an order dismissing the Defendants' Counterclaim for the intentional infliction of emotional distress pursuant to Fed.R.Civ.P. 12 (b)(6) given their failure to state a claim upon which relief can be granted.

Dated: Newport, Rhode Island
April 27, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ____________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK

By: ____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

1 In Doyle, plaintiff brought a claim for the intentional infliction of emotional distress under Massachusetts law. The elements of the tort are nearly identical to those in Rhode Island.