UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>Plaintiff,<br><br>v.<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>Defendants. | ) | C.A. No.: 05-107 S |

PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

SCANNED

31

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Reply Memorandum of Law in Support of its Motion to Dismiss (hereinafter "Motion") the counterclaim of Defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, individually and d/b/a Electronic Imports and Chaffee International (hereinafter "Defendants") for intentional infliction of emotional distress.

**I.**

**INTRODUCTION**

Defendants' opposition to the Motion is essentially little more than an argumentative attorney affidavit lacking even one citation to case law (see Defendants' Objection to Motion to Dismiss Counterclaim, hereinafter referred to as "Defendants' Objection").[1] Defendants' Objection merely recites the factual allegations of Defendant's amended counterclaim for intentional infliction of emotional distress and impermissibly references new allegations in yet another amended counterclaim for which the Court has not yet granted approval, and which is not the subject of the present Motion.[2]

As set forth in CoxCom's initial memorandum of law and in further detail below, it is well settled that in order to make out a claim for intentional infliction of emotional distress, the conduct complained of must be extreme and outrageous. In fact, the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

1 Inasmuch as Defendants failed to submit a proper Memorandum of Law containing authorities and reasoning for their position in violation Rule 12 of the Local Rules of the United States District Court for the District of Rhode Island, the Court may decide the Motion as unopposed.

2 The Motion to Amend is Defendants' third attempt to formulate its purported claims as against CoxCom (see Defendants' May 5, 2005 Motion to Amend, hereinafter referred to as "Motion to Amend"). In addition, Defendants in their Motion to Amend are seeking to introduce two additional counterclaims: (1) negligent infliction of emotional distress; and (2) a claim under 42 U.S.C. § 1983, based on alleged constitutional violations of the First and Fourth Amendments to the U.S. Constitution. CoxCom will file under separate cover its opposition to Defendants' Motion to Amend pursuant to Federal Rule 15(a)

regarded as atrocious, and utterly intolerable in a civilized community. Defendants concede that CoxCom's actions in filing this suit, applying for and effecting the *ex parte* Order of this Court were not extreme and outrageous. See Defendants' Objection at p. 2. Accordingly, Defendant's counterclaim for intentional infliction of emotional distress, no matter how may times it is revised, fails to state a claim as a matter of law and should be dismissed pursuant to Federal Rule 12(b)(6).

**II.**

**ARGUMENT**

**A.**

**DEFENDANTS ADMIT THE COUNTERCLAIM AS PLEAD FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendants admit that their two attempts to frame a claim for intentional infliction of emotional distress (the second of which is the subject of the present Motion) have failed. That in and of itself merits the dismissal of the counterclaim. Specifically, Defendants' counsel readily admits the initial counterclaim was "clearly not artfully pleaded." See Defendants' Objection at p.5. Counsel then acknowledges his second attempt to plead an effectual intentional infliction of emotional distress claim (the amended counterclaim) was also a failure. See Id. The Court should look no further and dismiss this counterclaim. Not only has CoxCom incurred costs related to its defense of Defendants' two previous admitted inartful pleadings, this Court's time has been wasted by Defendants' admitted and unjustifiable failure to comply with the pleading requirements for Defendants' counterclaim.

The Defendants' counterclaim for intentional infliction of emotional distress fails not only because of the poor pleading, it fails on the law. The Supreme Court of Rhode Island has determined that liability cannot be imposed for intentional infliction of emotional distress "when [Plaintiff] has done no more than insist on [their] legal rights in a permissible way, even though

such insistence is likely or even certain to annoy, disturb, or inconvenience [Defendants] or even to cause [Defendants] to suffer some emotional distress." Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984); see also Swerdlick v. Koch, 721 A.2d 849, 863 (R.I. 1998).

CoxCom's alleged conduct is not extreme and outrageous given that CoxCom was reasonably and in good faith enforcing its statutory rights and the rights granted to it pursuant to the *ex parte* Order.3 In their Objection, Defendants make no effort to identify how the alleged conduct satisfies the standard of "extreme and outrageous" conduct under the present law. Defendants also fail to identify what injuries were suffered as a consequence of the alleged "extreme and outrageous" conduct, as distinguished from the execution of the *ex parte* Order that they do not challenge in their Objection. In sum, no matter how many times Defendants repeat themselves as to what allegedly occurred, the conduct as alleged was not extreme and outrageous, nor have the alleged injuries been alleged to be caused by the alleged extreme and outrageous conduct, as opposed to the legitimate acts undertaken by CoxCom with Court approval.

## B.

## THE "FREEZING" OF DEFENDANTS' ASSETS WAS DONE WITH CONSENT OF DEFENDANTS BY THE COURT IN ACCORD WITH THE *EX PARTE* ORDER, THUS NO CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAN BE MADE

Defendants' argument that the freezing of their assets was extreme and outrageous is wholly without merit. First, CoxCom had no power to "freeze" the assets of the Defendants. This Court ordered the assets of the Defendants to be "frozen" pursuant to its *ex parte* Order. The Court only ordered this action after it had reviewed CoxCom's application for a Temporary Restraining Order and conducted a hearing. As manifested in the voluminous case law cited in support of CoxCom's

3 Even though the Court is required to accept as true all well-pleaded factual averments made by Defendants, CoxCom disputes the allegations related to its conduct and the conduct of the U.S. Marshals Service at the time the *ex parte* Order was executed.

Motion for the Temporary Restraining Order, the asset "freeze" relief is completely appropriate and has been approved by federal courts throughout the United States (see Plaintiff's Memorandum of Law in Support of Motion for Ex Parte Order to Show Cause for a Temporary Restraining Order, pp. 19-26). Thus, the Court-ordered asset "freeze" simply does not amount to actionable conduct. Defendants also fail to plead facts that would reverse the protection the asset "freeze" enjoys as a legitimate act employed by CoxCom to enforce its rights. See Champlin, 487 A.D.2d at 989.

Moreover, the Defendants subsequently consented to a four (4) month extension of the asset "freeze" at a conference on April 12, 2005 (See Preliminary Injunction on Consent annexed hereto as Exhibit A). Further, the Honorable William E. Smith specifically told Defendants' to contact the Court in the future if the asset restraint became burdensome, and the Court would gladly revisit the issue. Now, in a disingenuous attempt to distance themselves from their approval of the Court's action, Defendants' now complain that the asset "freeze" has caused them great harm.

Instead of making an application to amend the "freeze" order, the Defendants place the blame on CoxCom in their intentional infliction of emotional distress counterclaim. CoxCom cannot be liable for intentional infliction of emotional distress for the alleged resulting hardship. Such responsibility lay squarely on the shoulders of the Defendants. Defendants' argument, considering the facts, is outlandish and Defendants' intentional infliction of emotional distress claim, based in part on the "freeze" order, should be dismissed.

III.

CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court's entry of an order dismissing the Defendants' counterclaim for the intentional infliction of emotional distress pursuant to Fed.R.Civ.P. 12 (b)(6) given their failure to state a claim upon which relief can be granted.

Dated: Newport, Rhode Island
May 9th, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | C.A. No. 05 107 |

**PRELIMINARY INJUNCTION ON CONSENT**

**WHEREAS**, plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff") commenced this action and moved for a Temporary Restraining Order directed at defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, individually and d/b/a Electronics Imports and Chaffee International (hereinafter "defendants"); and

**WHEREAS,** on March 8, 2005, the Court entered an order granting plaintiff's ex parte application for a Temporary Restraining Order (the "TRO"); and

**WHEREAS,** the parties having reported that to the Court that they have agreed to continue the relief granted in the TRO in a Preliminary Injunction on Consent,

**NOW, THEREFORE,** the following Preliminary Injunction on Consent, the terms of which shall govern the parties and the course of this action pending resolution of this matter by trial, summary judgment, settlement or otherwise, is hereby entered:

**NOW, THEREFORE,** it is hereby,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from the sale, transfer, advertisement (including advertisement on the Internet or other on-line service), movement and/or offer for sale, modification, manufacture, storage and distribution of digital cable television signal filters and related equipment and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of such equipment; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, are hereby restrained and enjoined from destroying, altering, removing or secreting any of the defendants' books and records, including but not limited to invoices, purchase orders, receipts, banking records, safe deposit box records, investment records, insurance policies, shipping labels, or tax returns, including all records stored on computer discs or tapes or within computer terminals, hard drives, servers or otherwise, which contain any information whatsoever concerning the digital signal filter business or finances of the defendants or otherwise reflect transactions of any kind involving digital filters; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, and any persons or other entities having joint ownership of assets with them, are hereby restrained from transferring, removing, encumbering or permitting the withdrawal of any assets or property, including the contents of any

safe deposit boxes, belonging to the defendants, jointly or severally, whether real or personal, tangible or intangible, including but not limited to cash, bank accounts of any kind, stock and bond accounts, and title to defendants' property;[1] and it is further,

**ORDERED, ADJUDGED AND DECREED** that no later than April 15, 2005, the the defendants, their employees, agents, bookkeepers and/or accountants are directed to provide the plaintiff written identification of all asset accounts and safe deposit boxes held in their name or any business names used to sell digital filters, or accounts or safe deposit boxes to or from which transfers have been made by any of them within the preceding twelve months which disclosure shall include name, address and account number in which such assets are held, the balance of such account (or the contents of such safe deposit box), the identity and location of the bank or other custodian holding such account, and the authorized signers or persons authorized to access such safe deposit boxes; and it is further,

**ORDERED, ADJUDGED AND DECREED** that plaintiff is granted expedited discovery from defendants, any of their accountants and other agent(s) or person(s) acting on their behalf, and any electronic mail or internet service providers regarding defendants' decoder sales business and the location, nature and amount of defendants' assets, including discovery of business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, disks or tape or otherwise, regarding the purchase, sale, modification, storage and distribution of and payment for digital filters and related equipment by or from defendants or any of

---

[1] This continuing restraint on transfers on defendants' assets is subject to one exception: Defendant Ramalda Bou may access an account held in her name which account is to be specifically identified in writing by her counsel. Ms. Bou may transfer or withdraw up to $150.00 held in this account. Plaintiff's counsel must approve the transfer or withdrawal of the funds in writing.

their agents, employees, servants, successors, assigns or any person and/or entity acting directly or indirectly on their behalf. This expedited discovery shall include depositions, interrogatories, requests for admissions, production of documents, and service of subpoenas pursuant to Fed.R.Civ.P. 30, 33, 34, 36 and 45; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that defendants shall provide the plaintiff with an accounting by April 15, 2005 listing the total number of sales and purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity; this accounting shall also include any and all profits, transfers or withdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or from the defendants from January 1, 2002 to the present; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their employees, and agents are, under pain of contempt, required to identify (by address) by April 15, 2005 in writing any other locations at which digital filters are held, stored, manufactured, modified, received, shipped directly or indirectly to or by the defendants or their employees and agents, or persons acting on their behalf or in concert with them, or locations where their records are kept or from which internet, telephone or other sales of digital filters are made, and defendants shall also immediately provide passwords or other access information to all computers which store information regarding sales, purchases, assets, inventory, etc.; and it is further

**ORDERED, ADJUDGED AND DECREED** that if, after this Order is served on them, defendants or any of their agents, employees or others controlled by them or acting on their behalf or in concert with them, secure the possession or presently are in the possession, custody or control of any additional quantity of the above-described items (i.e., digital filters, business records,

computers or proceeds from the sale of equipment), they will immediately notify the plaintiff's attorneys, and retain without sale or other transfer such items or proceeds until further order of this Court.

Dated: Providence, Rhode Island
April __, 2005

Plaintiff CoxCom, Inc. d/b/a
Cox Communications New England
By Its Attorneys,

Shaun K. Hogan
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Francis S. Holbrook II
**MILLER SCOTT & HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

Defendants Jon Chaffee, individually and d/b/a Electronic Imports and Chaffee International, LLC Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports
By their Attorney

James A. Currier #593
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-3113

**SO ORDERED:**

United States District Judge
4/12/05