UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO OBJECTION TO MOTION FOR LEAVE TO SERVE AND FILE AN AMENDED COUNTERCLAIM

**SUFFICIENCY OF PROPOSED AMENDED COMPLAINT**

**1. IN GENERAL**

It would appear that both parties agree that the plaintiff's burden in its objection to the motion to amend is akin to a Rule (b)(6) motion to dismiss. (See Plaintiffs' memorandum at page 5.)

Such motions have long been disfavored by the courts. A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any facts which could be proved in support of his claim. See Kurzweg v. Hotel St. Regis Corp., (CA 2d, 1962), 309 F. 2d 746; Arthur H. Richland Co. v. Harper, (CA 5th, 1962), 302 F. 2d 324; Due v. Tallahassee Theatres, Inc., (CA 5th, 1964), 333 F. 2d 630; Blanchard v. Terry & Wright, Inc., (CA 6th, 1961), 3331 F. 2d 467; Dann v. Studebaker-Packard Corp., (CA 6th, 1961) 288 F. 2d 201; Pickett v. New York Central R. Co.,(CA 7th, 1964), 332 F. 2d 968.

35

It is submitted that the certainty to which the plaintiff would be entitled to no relief under any facts which could be proved in support of his claim is a mixed question of law and fact. If reasonable minds could differ than it cannot be said that the requisite certainty exists.

In Socha v. National Association of Letter Carriers Branch No. 57 et al, 883 F. Supp. 790 (D.C. R.I., 1994) Magistrate Judge Lovegreen held that the degree of specificity with which the operative facts must be stated in the pleadings varies depending on the case's context citing Boston & Maine Corp. v. Town of Hampton, 987 F. 2d 855, 863 (CA 1, 1983) (quoting U.S. v. AVX Corp., 962 F. 2d 108, 115 (CA 1, 1992).

## 2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff suggests at page 6 of its May 17, 2005 memorandum that the Rhode Island Supreme Court in Wright v. Zielinski, 824 A. 2d 494 (2003) held that to sufficiently plead a claim for intentional infliction of emotional distress, the claimant must plead (the four legal conclusions listed). It is submitted that such statement is, at best, a complete misreading of the case.

Wright merely says that the plaintiff must allege and prove that the defendant intentionally or recklessly engaged in extreme and outrageous conduct resulting in the plaintiff's severe emotional distress.

First of all, a complaint is sufficient if it contains a short, plain statement of the claim showing that the pleader is entitled to relief. Rule 8 (a)(2) F.R.C.P. It is submitted that same is accomplished by setting forth facts not legal conclusions.

At pages 7-8, plaintiff reiterates how it sums up the allegations of purported "extreme and outrageous" conduct. **Plaintiff ignores paragraphs 1-10 of defendants' proposed amended counterclaim.**

Plaintiff does correctly read Champlin v. Washington Trust Co., 478 A. 2d 985 (R.I. 1984) as to the reference that liability cannot be imposed for the tort of intentional infliction of emotional distress by doing no more than insist on (their) legal rights in a **permissible** way even if it causes **some** emotional distress (emphasis ours). That is precisely the point! It is submitted that it is a question of fact upon which reasonable minds could differ as to whether the alleged acts were permissible and the emotional distress more than some (whatever that means).

Plaintiff further suggests at page 9 that defendants have not seriously disputed they were operating an illegal digital cable signal filter sales business. Aside from the fact that nothing could be further from the truth, plaintiff should know better than to suggest that support for that proposition is the fact that defendants' consented to an injunction against future similar acts during the pendancy of this action. Plaintiff knows full well that such consent was to allow for sufficient time to prepare for trial!

At page 11 plaintiff suggests that the alleged conduct seems courteous in light of the circumstances. It is hard to imagine that plaintiff makes that statement seriously. But again, it is submitted that the allegations raise questions of fact upon which reasonable minds could differ.

### 3. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The court, at this juncture, should not have to "read the minds" of the Cox agents who conducted the investigation before and after the search of the Chaffee home. Whether they were merely negligent in their actions again seems to involve questions of fact as to which reasonable minds could differ.

For example, these investigators apparently caused a complaint to be drafted which fails to names as a defendant "Chaffee International" which on its face is not an entity with the capacity to be sued.

The correct name is Chaffee International & Electronics Exports, LLC. (Exhibit A)

Similarly, the caption of the complaint includes "... dba Electronic Imports" which also on its face is not a legal entity with the capacity to be sued.

The investigators did not learn that defendant Ramalda Bou was not even employed by Chaffee International & Electronics Exports, LLC. (Exhibit B)

Additionally, the alleged actions of Lucien Marcoux may have been intentional or the result of negligence bordering on incompetence.

**4. INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UPON RAMALDA BOU**

As indicated, Ramalda Bou was not even an employee of Chaffee International & Electronic Imports, LLC. For her to be sued and her meager assets frozen may have been intentional or also the result of negligence bordering on incompetence.

**5. CLAIM MADE PURSUANT TO 42 USCS § 1983**

In Vector Research v. Howard & Howard Attorneys, P.C., 76 F. 3d 692 (CA 6, 1996) the Court held that the attorneys may be deemed "federal agents" acting under color of government authority when they act (as they must) in concert with federal marshals.

More importantly, the Court went on to rule that although public officials may invoke qualified immunity ... a private attorney defendant is entitled to no such immunity.

Vector, supra was cited by this Court in Sarro v. Cornell Corrections, Inc., at als, 248 F. Supp 2d 52 (D.C. R.I. 2003).

In Sarro, this Court also cited Burton v. Wilmington Parking Auth., 365 U.S. 715. 724 at

862, 6 L. Ed. 2d 45, 181 S. Ct. 856 (1961); Lebron v. National Railroad Passenger Corp. 513 U.S. 374, 130 L. Ed. 2d 902, 115 S. Ct. 961 (1995); Rendell-Baker v. Kohn, 457 U.S. 830, 73 L. Ed. 2d 418, 102 S. Ct. 2764 (1982); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 42 L. Ed. 2d 477, 95 S. Ct. 499 (1974).

**CONCLUSION:**

The Motion for Leave to Serve and File a Second Amended Complaint should be granted.

Defendant-counterclaim plaintiffs

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

**CERTIFICATION**

I hereby certify that on the 25th day of May, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.

# CERTIFICATE OF FORMATION
# OF
# Chaffee International & Electronic Imports LLC

The undersigned, being an authorized person for purposes of executing this Certificate of Formation on behalf of Chaffee International & Electronic Imports LLC, a Delaware Limited Liability Company (the L.L.C.), desiring to comply with the requirements of 6 Del.C. Section 18-201 and the other provisions of the Delaware Limited Liability Company Act, 6 Del.C. Section 18-101, et seq. (the Act), hereby certifies as follows:

1. Name of the L.L.C.- The name of the LLC is Chaffee International & Electronic Imports LLC

2. Registered Office and Registered Agent of the L.L.C. - The name of the registered agent for service of process on the L.L.C. in the State of Delaware is Agents and Corporations, Inc. The address of the registered agent of the L.L.C. and the address of the registered office of the L.L.C. in the State of Delaware is 1201 Orange Street, Suite 600, City of Wilmington, New Castle County, Delaware 19801.

3. Date of Formation and Effective Date - The date of formation and the effective date of the L.L.C. shall be the date of filing of this Certificate of Formation with the Secretary of State of the State of Delaware.

IN WITNESS WHEREOF, the undersigned hereby executes this Certificate of Formation in accordance with the provisions of 6 Del.C. Section 18-201 this 26th day of April, 2004.

David N. Williams
(Authorized Person)

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:14 PM 04/26/2004
FILED 03:02 PM 04/26/2004
SRV 040301723 - 3795135 FILE

(A)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

AFFIDAVIT

I, Ramalda Bou under oath depose and say:

1. I am not now nor have I ever been an employee of Chaffee International & Electronics Exports, LLC.

2. I attended various computer shows with Amy Chaffe as she is my employer in her busness and she wanted company to travel to and attend the shows.

3. I have never been compensated nor have I been promised compensation for attending the shows.

Ramalda Bou

Subscribed and sworn to before me this 24th of May, 2005.

James A. Currier
Notary Public