LEFKOWITZ, LOUIS, SULLIVAN & HOGAN
A LIMITED LIABILITY PARTNERSHIP
350 JERICHO TURNPIKE
SUITE 300
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
E-MAIL: llshllp.com

DANIEL J. LEFKOWITZ*
WAYNE R. LOUIS
PATRICK J. SULLIVAN
SHAUN K. HOGAN+

MICHAEL D. CASSELL■
MELINDA MAY DUS
MICHAEL G. McALVIN■

WILLIAM B. JUNG, LLC▲
OF COUNSEL

NEW JERSEY OFFICE
744 BROAD STREET
FLOOR 16, ROOM 28
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 735-2700
TELECOPIER: (516) 942-4705

*ALSO ADMITTED IN FLORIDA
+ALSO ADMITTED IN MASSACHUSETTS
■ALSO ADMITTED IN NEW JERSEY
▲ALSO ADMITTED IN SOUTH CAROLINA

June 1, 2005

RECEIVED
JUN 02 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

VIA FEDERAL EXPRESS
The Honorable Lincoln D. Almond
United States Magistrate Judge
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

6/2/05: REQUEST TO FILE SUR REPLY DENIED.
USMJ

**Re: CoxCom, Inc. d/b/a Cox Communications New England v. Chaffee, *et al.***
**C.A. No.: 05-107 S**

Dear Judge Almond:

This firm represents the plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter "CoxCom"), in the above-referenced action. In light of the atypical and somewhat extensive procedural history of this case, CoxCom submits this letter requesting the Court grant it permission to file a *sur* reply to Defendants' May 25, 2005 reply submission.

In particular, CoxCom wishes to bring the following four points to the Court's attention. First, Defendants have apparently misinterpreted the standard for a motion to dismiss pursuant to a Rule 12(b)(6). CoxCom's position with respect to Defendants' request to amend their counterclaims is not that they should be dismissed because they lack specificity. On the contrary, CoxCom concedes the counterclaims are both specific and verbose. However, CoxCom maintains that Defendants' pleadings fail because they do not to state a cause of action. Moreover, a litigant should not be forced to incur the expense of protracted discovery because an adversary has merely recited a litany of perceived misconduct which does not give rise to a viable claim for relief.

Secondly, Defendants claim that private parties can be liable in a 42 U.S.C. § 1983/Bivens claim is misplaced. See Defendants' Reply Submission § 5. Initially, it should be noted Defendants do not request that their § 1983 claim be interpreted as a Bivens claim. Instead, Defendants refer to cases that indicate private actors acting under the color of federal law may be sued under a Bivens claim. However, Defendants seemingly fail to recognize the

distinction this Court made between a private individual acting under the color of federal law, and a private entity/corporation acting under the color of federal law. See Sarro v. Cornell Corrections, Inc., 248 F. Supp.2d 52, 62-63 (D.R.I. 2003) (granting dismissal of Bivens claim against private corporation operating a prison facility, but maintaining such claim against private individual guards). As CoxCom, a corporate entity, is the only litigant named in the counterclaims, it is respectfully submitted, under the circumstances of this case, a Bivens claim cannot be maintained.

Third, Defendants' fail in their attempt to rescue their negligence claims. In support of their proposition, Defendants argue that CoxCom acted negligently when it named "Chaffee International" a Defendant, because it is not an entity which can be sued. Instead, Defendants state the proper entity that should have been named is "Chaffee International & Electronics Exports, LLC." In support of this, Defendants annexed to their reply a Certificate of Formation for "Chaffee International & Electronic Imports, LLC," purportedly as the proper entity. Regardless of whether Chaffee International engages in "Exports" or "Imports" or both, this has no bearing on the sufficiency of Defendants' negligent infliction of emotional distress claim. Moreover, at the April 12, 2005 initial conference, Defendants conceded that service upon "Chaffee International" was sufficient.

Finally, Defendants' characterization of CoxCom's conduct with respect to the filing suit against Ramalda Bou as "negligence bordering on incompetence" should have no bearing on this matter, as it invites a factual inquiry that has no basis in deciding Defendants' Motion. Furthermore, it is respectfully requested that the Court should not countenance Defendants' attempt to fill the voids left by their insufficient pleading with ad hominem attacks on CoxCom and its employees. See Defendants' Reply Submission §§ 3 and 4.

CoxCom requests permission to argue the aforementioned points in a *sur* reply. Thank you for Your Honor's consideration in this matter.

Respectfully submitted,

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

Shaun K. Hogan

cc: James A. Currier, Esq.
Francis S. Holbrook, Esq.