UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COXCOM, INC. d/b/a           :
COX COMMUNICATIONS NEW    :
ENGLAND                    :
                               :
     v.                    :     C.A. No. 05-107S
                               :
JON CHAFFEE, individually and d/b/a  :
ELECTRONIC IMPORTS, and      :
CHAFFEE INTERNATIONAL et al.,   :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before the Court for determination are Defendants' Motions to Amend Counterclaim (Document Nos. 23 and 30).[1] Plaintiff has alternatively objected to the Motion to Amend on futility grounds and moved to dismiss the proposed counterclaims for failure to state a claim. These motions have been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and D.R.I. Local R. 32(a). A hearing was held on May 10, 2005, and the Court has reviewed the Memoranda submitted by the parties and performed independent research. For the reasons discussed below, I recommend that Defendants' Motion to Amend (Document No. 30) be GRANTED in part and DENIED in part; and Plaintiff's Motion to Dismiss Counterclaim (Document No. 27) be GRANTED in part and DENIED in part.

---

[1] Defendants' First Motion to Amend Counterclaim (Document No. 23) moved for leave to serve and file a two-count amended counterclaim. Prior to this Court acting on the First Motion to Amend, Defendants filed a Second Motion to Amend Counterclaim (Document No. 30) seeking to leave to serve and file a four-count second amended counterclaim. Since the Second Motion supercedes and effectively moots the First Motion, the First Motion to Amend (Document No. 23) is deemed WITHDRAWN and replaced by the Second Motion.

**Background**

CoxCom, Inc. ("Cox") alleges that Defendants violated the Digital Millennium Copyright Act, 17 U.S.C. §1201 and the Communications Act, 47 U.S.C. § 553(a)(1). In short, Cox claims Defendants illegally manufactured, sold and/or otherwise distributed "'pirate' digital cable television filters for profit." See Compl. ¶ 17.

In connection with filing its Complaint, Cox filed an *ex parte* Motion seeking a temporary restraining order, preliminary injunction, asset freeze, accounting, and seizure of Defendants' business records and inventory of digital signal filters. See Document No. 3. That Motion was granted by the District Court on March 11, 2005. On the evening of March 11, 2005 at about 9:00 p.m., the court-ordered inspection and seizure took place at the Chaffee home and business. The Motion to Amend (Document No. 30) proposes four new counterclaims against Cox, on the basis of events that allegedly took place during the search of the Chaffee home and business. Specifically, Defendants propose asserting counterclaims for intentional infliction of emotional distress, negligent infliction of emotional distress, violation of 42 U.S.C. §1983 and damage to a laptop computer.

In support of their Motion to Amend, Defendants allege the following: on the evening of March 11, 2005, Cox representatives and Federal Marshals rang the doorbell of the Chaffee home and told Mrs. Chaffee they had a federal warrant. See Compl. ¶ 1. Mrs. Chaffee was home with her young daughter, and was warned that if she did not cooperate, she would be found in contempt. Id. ¶ 1. There were seven cars at the Chaffee home, some of them were occupied. Id. ¶ 1.

The Cox representatives and the Federal Marshals were "threatening towards Amy and treated her as if she was a criminal." Id. ¶ 1. Mrs. Chaffee was told to show them "where everything

was right then." <u>Id.</u> ¶ 1. Later, when Mr. Chaffee arrived home, a representative from Cox told him that he should settle the case, and made a specific offer to Mr. Chaffee to do so. <u>Id.</u> ¶ 1. In the course of searching the home, the Cox representatives went "through every room, closet, drawer, desk and storage and filing bins." <u>Id.</u> ¶ 1.

After inspecting the Chaffee home, the group proceeded to the Chaffee business – a maid cleaning service located in North Providence. <u>Id.</u> ¶ 1. At the Chaffee business, the locks were broken on some file cabinets and to some doors. <u>Id.</u> ¶ 1.

On March 14, 2005, all of the Chaffees' assets, as well as Ramoulda Bou's assets, were frozen. <u>Id.</u> ¶ 3. As a result of the search of his home and business, Jon Chaffee claims to suffer high blood pressure, anxiety and lack of sleep, chest pain, as well as embarrassment and unhappiness. <u>Id.</u> ¶ 6. Amy Chaffee claims to be uncomfortable in her home, lacks sleep and suffers from embarrassment as a result of the search. <u>Id.</u> ¶ 7. Ramoulda Bou, an employee of the Chaffees who was apparently not present during the searches, suffers from anxiety, sleeplessness and fear as a result of the search of the Chaffee home and business. <u>Id.</u> ¶ 9.

**Standard of Review**

Fed. R. Civ. P. 15(a) states that after a responsive pleading has been served, a claim may not be amended without leave of the court. However, Rule 15 also provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

In <u>Foman</u>, the Supreme Court identified some of the reasons for denying a motion to amend. Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In determining whether a proposed amendment would be futile, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. The court must accept all the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal conclusions. Id. at 628. Thus, the motion should be granted only when it is clear that the plaintiff would not be able to prove any set of facts that would entitle the plaintiff to relief. Howard v. Rhode Island, No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996).

## Discussion

### I.    Intentional Infliction of Emotional Distress

In order to prevail on a claim for intentional infliction of emotional distress, a party must prove that conduct directed toward it was "extreme and outrageous." Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1089 (R.I. 2004). The test adopted by the Rhode Island Supreme Court examines whether the "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 1090. Stated another way, "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Id. (citation omitted.) See also Restatement (Second) of Torts § 46. Further, "a

plaintiff must prove physical symptomatology resulting from the alleged improper conduct." Hoffman, 851 A.2d at 1089 (citing Vallinoto v. DiSandro, 688 A.2d 830, 838 (R.I. 1997)).

In essence, the Defendants[2] must set forth facts demonstrating both outrageous conduct and a physical harm resulting from that conduct. Defendants have failed to clear the first hurdle – they simply do not set forth outrageous, atrocious or utterly intolerable conduct in their proposed counterclaim. Although this Court does not doubt that Defendants' experience was unpleasant when they were served with a search warrant and had their home and business searched, the facts recited do not give rise to a claim that the Cox representatives' behavior went "beyond all possible bounds of decency." Even assuming the Cox representatives made the comments claimed, there is still no legally viable claim for intentional infliction of emotional distress, since the execution of a valid search warrant necessarily requires the person executing the warrant to make certain statements and to search the listed premises.

In an analogous context, the Rhode Island Supreme Court refused to hold a creditor liable for intentional infliction of emotional distress for its actions in the course of attempting to collect a debt it was owed. The Rhode Island Supreme Court noted that a creditor, "will not be held liable when he has done no more than insist on his legal rights in a permissible way, even though such insistence is likely or even certain to annoy, disturb, or inconvenience the debtor or even cause him to suffer some emotional distress." Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984). The Champlin reasoning applies in this case, since the allegedly offensive behavior occurred in the course of Cox attempting to pursue its "legal rights in a permissible way." This is not a case where Cox

---

[2] For simplicity, the Court will continue to refer to CoxCom as Plaintiff and Jon Chaffee, et al. as Defendants even though the Court recognizes that for the purposes of the Counterclaims, the parties' roles are reversed.

engaged in impermissible "self-help" or vigilantism. Even though Defendants found the experience to be unpleasant and inconvenient, they have not alleged sufficiently outrageous facts to state a cause of action for intentional infliction of emotional distress. Because the proposed amendment would be futile, I recommend that Defendants' Motion to Amend (Document No. 30) be DENIED and Plaintiff's Motion to Dismiss (Document No. 27) be GRANTED as to this proposed counterclaim.

## II.    Negligent Infliction of Emotional Distress

In order for a litigant to recover for negligent infliction of emotional distress in Rhode Island, "a party must (1) be a close relative of the victim, (2) be present at the scene of the accident and be aware that the victim is being injured, and (3) as a result of experiencing the accident, suffer serious emotional injury that is accompanied by physical symptomatology." Marchetti v. Parsons, 638 A.2d 1047, 1052 (R.I. 1994)  "Absent these three elements, a plaintiff who seeks to recover for emotional distress arising out of an injury to a relative may not recover for negligent infliction of emotional distress." Id.

By limiting the test for negligent infliction of emotional distress to these three factors, the Rhode Island Supreme Court has, "limited the reach of the tort [ ] to cases of bystander liability." Liu v. Striuli, 36 F. Supp. 2d 452, 480 - 481 (D.R.I. 1999)  Cases of bystander liability arise "when the plaintiff has suffered emotional harm as a consequence of witnessing the defendant's wrongful infliction of injury upon a close relative of the plaintiff." Id., see also Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 581 (D.R.I. 1996) (holding that a cause of action for negligent infliction of emotional distress under Rhode Island law is viable only where the plaintiff is a bystander to defendant's wrongful injury of a third party).

In this case, Defendants have apparently misunderstood the required elements for a prima facie case of negligent infliction of emotional distress. Defendants have not plead one element of the test, but instead have essentially claimed that the Plaintiff's actions (whether negligent or intentional) caused them emotional distress. Defendants' arguments completely miss the mark on this claim, and based on the facts alleged, there is no viable cause of action for negligent infliction of emotional distress. Accordingly, I recommend that Defendants' Motion to Amend (Document No. 30) be DENIED as futile and Plaintiff's Motion to Dismiss (Document No. 27) be GRANTED as to this proposed counterclaim.

### III.    Constitutional Violation under 42 U.S.C. §1983

An action under 42 U.S.C. §1983 permits an individual to recover damages for constitutional violations from the "person" responsible for the violation. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 63 (D.R.I. 2003).   In order to be entitled to damages, an individual must prove that the violation of his or her constitutional rights was committed "under color of state law." Id. Section 1983, therefore, "rarely" provides a cause of action against a private entity or organization. See Destek Group, Inc. v. N.H. Pub. Utils. Comm'n, 318 F.3d 32, 39 (1st Cir. 2003).

In the limited cases when a private entity may be held liable under §1983, the plaintiff must demonstrate that the private entity "exercise[s] powers which are traditionally exclusively reserved to the state." Sarro, 248 F. Supp. 2d at 63 (citing Street v. Corr. Corp. of Am.,102 F.3d 810 (6th Cir. 1996)), or that the private entity's conduct is "fairly attributable" to the state. Destek Group, 318 F.3d at 39. In this case, Defendants have not alleged any state activity or any action "fairly attributable" to the state. Instead, Defendants have asserted that federal marshals were present during the search and seizure at issue. These allegations do not support a claim under §1983, because the federal

marshals "are the arm of the federal government, not a state government." See e.g., Meuse v. Pane, 322 F. Supp. 2d 36, 38 (D. Mass. 2004) (citing Rogers v. Vicuna, 264 F.3d 1, 4 (1ˢᵗ Cir. 2001) ("[Section] 1983 cannot form the basis of an action under color of federal law")).

Further, Defendants have not asserted a viable claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court permitted a cause of action to proceed against federal agents for alleged constitutional violations. Id. at 397. Bivens, however, does not apply to the present action since the only party named in Defendants' Counterclaim is Cox.[3] Defendants did not name any federal party, therefore, they have not stated a basis for relief under Bivens. See Meuse, 322 F. Supp. 2d at 38-39; citing Stoutt v. Banco Popular de P.R., 320 F.3d 26, 33 (1ˢᵗ Cir. 2003); Fletcher v. R.I. Hosp. Trust Nat'l Bank, 496 F.2d 927, 932 n.8 (1ˢᵗ Cir. 1974). Defendants have not set forth any facts indicating they would be entitled to relief under 42 U.S.C. § 1983. Therefore, I recommend that Defendants' Motion to Amend (Document No. 30) be DENIED as futile and Plaintiff's Motion to Dismiss (Document No. 27) be GRANTED as to this proposed counterclaim.

## IV.   Damage to Laptop Computer

The "Chaffee" Defendants also claim Plaintiffs caused damage to one of their laptop computers during the course of the search of their home. Assuming these facts to be true, this allegation is sufficient to allow Defendants to amend their counterclaim, and proceed with this claim at this stage in the proceedings. Accordingly, I recommend that Defendants' Motion to Amend

---

[3] In their Supplemental Memorandum in Opposition to Objection to Motion for Leave to Serve and File an Amended Counterclaim, Defendants make vague arguments that the private attorneys that were present at the Chaffee home somehow form the basis for a Bivens action. This unclear argument is moot, since no individuals are named in the Counterclaim. As stated, Cox is the sole party named in the Counterclaim.

(Document No. 30) be GRANTED and Plaintiff's Motion to Dismiss (Document No. 27) be DENIED.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants be granted leave to amend their counterclaim to include a claim for damage to their laptop, but that Defendants not be granted leave to include counterclaims for intentional infliction of emotional distress, negligent infliction of emotional distress or violation of 42 U.S.C. §1983. Further, I recommend that Defendants' Motion to Amend (Document No. 30) and Plaintiff's Motion to Dismiss (Document No. 27) be GRANTED in part and DENIED in part as discussed above. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 19, 2005