UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 05 107 S<br><br>ORIGINAL |

**PLAINTIFF'S OPPOSITION TO MOTION TO RELEASE ATTACHMENT**

The plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff"), by its attorneys, respectfully submits the following opposition to defendants Jon and Amy Chaffee's ("defendants") Motion to Release Attachment (the "Motion"). For the reasons stated herein, the defendants' Motion should be denied.

**BRIEF SUMMARY OF RELEVANT PROCEDURAL HISTORY**

Cox commenced this action on March 8, 2005. At that time, it sought, and the Court granted, an ex parte Temporary Restraining Order that, inter alia, restrained transfers of defendants' assets. The parties ultimately agreed to the form of a Preliminary Injunction, which was entered by the Court on April 12, 2005. The Preliminary Injunction provides, inter alia, that the defendants are restrained from transferring any of their assets pending the final disposition of this action. Defendants Jon and Amy Chaffee have now filed the present Motion seeking a release of the "attachment" so that they can sell assets in a securities account.

553(a)(1) and 17 U.S.C. § 1203. Both of those statutes expressly provide for a defendant's duty to provide an accounting of, and a plaintiff's ability to receive as part of a damages award, the profits of such illegal activity. See 47 U.S.C. § 553(c)(3)(A)(i) and 17 U.S.C. § 1203(c)(2).

Consequently, the Third, Seventh and Eleventh Circuits have explicitly held in cable piracy cases that restraint on transfers of a defendant's assets is appropriate. See AT&T Broadband v. Tech Communications, Inc., 381 F.3d 1309, 1315-17 (11th Cir. 2004); CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002) (upholding restraint on a cable pirate's transfer of its assets, noting that the injunctive relief would help stop cable piracy, and would preserve the cable company's statutory equitable remedy of recovery of profits); TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 208, fn. 4 (3d Cir. 2001) (asset freeze or similar relief is appropriate where it will assist in preventing defendant from further violations of the Communications Act). District courts throughout the country, including in Rhode Island and elsewhere in the First Circuit, in reported and unreported orders and decisions, have followed their lead. See e.g., (Suppressed) v. (Suppressed), 109 F.Supp.2d 902, 904, n. 2 (N.D.Ill. 2000); CSC Holdings, Inc. v. New Information Tech., Inc., 2001 WL 276941 (N.D.Tex. Mar. 14, 2001); CSC Holdings, Inc. v. KDE Electr. Corp., 2000 WL 284005 at *2 (N.D.Ill. Mar. 13, 2000) (acknowledging distinction between pre-judgment asset freezes designed to preserve funds to satisfy money damages claims and asset freezes designed to preserve the status quo until a plaintiff can avail itself of equitable remedies); see also Temporary Restraining Order granting similar relief in CSC Holdings, Inc. v. Oresman d/b/a American Sales, No. 04-184S (D.R.I. May 25, 2004) (Smith, J.), attached as Exhibit "M" to Motion for TRO; CSC Holdings, Inc. v. LaScola d/b/a Lextronics, No. 04-10770 (D.Mass. Apr. 19, 2004) (O'Toole, J.). attached as

Exhibit "N" to Motion for TRO; Charter Communications Entertainment I, L.P. v. Farland, No. 397CV01590 (D.Conn. Aug. 7, 1997) (Burns, J.), attached as Exhibit "O" to Motion for TRO.[1]

For the reasons set forth in these decisions, Cox submits that a freeze of defendants' assets is appropriate in this action to help prevent future violations of the Communications Act. Moreover, nothing has changed since entry of the TRO or preliminary injunction that warrants a change in the status quo.

Finally, defendants' assertion that sale of the securities in the account at issue could inure to Cox's benefit if they prevail on any of their counterclaims is entitled to no weight. Defendants' suggestion that the Court should direct the release of assets because of their confidence that they will succeed on their counterclaims, and thus immediate release of the assets would mitigate their damages, or that Cox's ultimate recovery might be subject to a setoff, are based on pure speculation. Moreover, the assets are frozen as a result of Cox's claims, the statutes and caselaw they are brought under, and the defendants' conduct. Any alleged claims that defendants may have against Cox (and Cox submits that the counterclaims are frivolous), can have no bearing on relief granted with respect to Cox's claims. Finally, by Report and Recommendation dated July 19, 2005, the Court (Almond, M.J.) recommended denying defendants' Motion to Amend their Answer to assert counterclaims, with the exception of a minor, disputed counterclaim with respect to slight alleged damage to a laptop computer. Release of the assets would in no way mitigate any damages for which Cox could conceivably be liable for under this counterclaim. Thus, to the extent that the counterclaims might have any bearing on the Court's decision, the Report and Recommendation indicates a strong likelihood that defendants will not be permitted to assert them on grounds of futility.

[1] Cox incorporates by reference pages 19-26 of its Memorandum of Law in Support of Motion for

**CERTIFICATION**

I hereby certify that on the 20th day of July, 2005 I did send by first class mail a true and accurate copy of the within Plaintiff's Opposition to Motion to Release Attachment to Defendant to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903.

Francis S. Holbrook II