UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | : | C.A. No. 05 107 S |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | : | ORIGINAL |

**PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER RE PROPOSED DEPOSITION OF NIKKEI**

The plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff"), by its attorneys, respectfully submits the following opposition to defendant Jon Chaffee's ("Chaffee") Motion For a Protective Order (the "Motion") as to Cox's stated intention to serve a subpoena for deposition and documents upon Nikkei Business Publications, Inc. ("Nikkei"). For the reasons stated herein, it is respectfully submitted that Chaffee's Motion should be denied.

**BRIEF SUMMARY OF RELEVANT PROCEDURAL HISTORY**

Cox commenced this action on March 8, 2005. At that time, it sought, and the Court granted, an ex parte Temporary Restraining Order that, inter alia, directed the U.S. Marshal Service to seize business records, computers, and other items from Chaffee's residence. The court-ordered seizure took place on March 11, 2005. To date, no defendant has challenged any aspect of the relief granted by the Court in the TRO.

Defendants initially filed a counterclaim on or about March 30, 2005. After Cox's counsel, in a good faith effort to reduce the burden on the parties and the Court from additional litigation, sent a letter to defendants' counsel pointing out the shortcomings of the counterclaim and requesting its dismissal, defendants filed an amended counterclaim on or about April 8, 2005. When Cox moved to dismiss the amended counterclaim, defendants filed their second amended counterclaim ("Counterclaim") on or about May 5, 2005. A copy of Defendants' Second Counterclaims is annexed hereto as Exhibit "A." It asserts four claims, i.e., for intentional infliction of emotional distress, negligent infliction of emotional distress, a claim under 42 U.S.C. § 1983, and trespass to chattels. Cox's motion to dismiss the Second Amended Counterclaim is pending.

Significantly, the following factual allegations regarding Chaffee underlie the damages claims in all three counterclaims:

> His [Chaffee's] work production and efficiency has been hurt[.] He makes mistakes in his work that he never did before. He has been unable to travel and visit accounts due to anxiety and lack of interest and concern that he may be needed for something due to this case.

Counterclaim ¶ 6 (bracketed material added).

> As a result the defendant-counterclaim plaintiffs suffered severe emotional distress, lost earnings and earning capacity, and other recoverable damages.[1]

Id. ¶ 11; see also Id., 2 ¶ 3 (same); Id., Count 3 ¶ 3 (same).

Cox has moved to dismiss the Counterclaim, and that motion is pending before the Court. In the meantime, on July 14, 2005, Cox's counsel advised Chaffee's counsel that it intended to depose Nikkei, where Chaffee is employed, regarding the alleged difficulties he has encountered at work, and his economic losses stemming therefrom, as

---

[1] In addition to Jon Chaffee's claims that this action interfered with his employment, it should also be noted that Jon Chaffee told Cox investigators, at the time he sold them digital cable television filters, that the vehicle he was operating was a company car.

alleged in the Counterclaim. See July 14, 2005 letter from Shaun K. Hogan to James A. Currier attached hereto as Exhibit "B" to the Affirmation of Shaun Hogan. That same day, Chaffee's counsel served the present Motion.

## I. CHAFFEE'S MOTION SHOULD BE DENIED FOR HIS FAILURE TO COMPLY WITH FED.R.CIV.P. 26 (c)

Chaffee moved for a protective order after learning of Cox's stated intention to subpoena Nikkei but before any subpoena was served.[2] However, Chaffee failed to comply with Fed.R.Civ.P. 26 (c), which requires that any motion for a protective order be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." A review of Chaffee's Motion reveals that it is bereft of any such certification -- as it had to be, since his counsel never contacted Cox's counsel regarding the subpoena. Chaffee's failure to comply with Rule 26(c), by itself, warrants denial of his motion on procedural grounds.

## II. CHAFFEE IS UNABLE TO DEMONSTRATE ANY BASIS FOR A PROTECTIVE ORDER

Chaffee's Motion amounts to two paragraphs comprised of four sentences. The two sentences in the first paragraph describe the procedural history underlying the Motion. The second paragraph states only the following:

> Jon Chaffee is not claiming an economic loss from his employer. Any subpoena would only serve to embarrass Mr. Chaffee and possibly jeopardize his job.

Thus, Chaffee (however briefly) in essence asserts two grounds for the relief sought: First, that in his Counterclaim, he has not claimed an economic loss from his employer, and thus the discovery

sought presumably is not relevant. Second, that a protective order should issue because a subpoena to his employer would embarrass him and possibly jeopardize his job. As demonstrated below, both of Chaffee's arguments lack any support, and thus his motion should be denied.

**A. The Information Sought is Unquestionably Relevant to Chaffee's Counterclaim**

Fed.R.Civ.P. 26(b)(1) states, in pertinent part, that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." It is beyond dispute that "Relevancy is to be broadly construed at the discovery phase of litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." Church of Scientology of Boston v. Internal Revenue Service, 138 F.R.D. 9, 10 (D.Mass. 1990) (emphasis in original).

Chaffee's first argument, i.e., relevancy, is based on the Motion's blatantly false assertion that "Jon Chaffee is not claiming an economic loss from his employer." Motion at 1. By virtue of his Counterclaim, defendant Chaffee squarely placed at issue matters regarding the quality of his job performance ("work production and efficiency has been hurt[.] He makes mistakes in his work that he never did before"), Counterclaim ¶ 6, as well as his ability to perform all duties his employer requires of him ("He has been unable to travel and visit accounts due to anxiety and lack of interest"). Id. Chaffee also specifically alleged economic damages in the form of "lost earnings and earning capacity." Id. ¶ 11.[3]

---

[2] In order to provide the Court with a concrete subpoena upon which to rule, and to expedite such ruling, Cox has attached a copy of the proposed subpoena as Exhibit "C" to the Hogan Affirmation.

In sum, the information sought by Cox, i.e., testimony and documents regarding Chaffee's pre- and post-March 11, 2005 job performance, including reviews and evaluations, records regarding Chaffee's business travel, salary history, etc., correspond exactly to the allegations of his Counterclaim. Consequently, there is unquestionably no basis for a protective order based on lack of relevance of the proposed discovery.

**B. Discovery of Nikkei is Completely Appropriate, as Chaffee's Counterclaim has Put Matters Regarding His Work Performance and Earning Capacity at Nikkei Squarely at Issue**

It is well-established that the party seeking a protective order under Rule 26(b) has the burden of showing the existence of good cause for the issuance of a protective order. Beals v. General Motors Corp., No. 85-825, 1989 WL 384829, at *1 (D.Mass. Dec. 4, 1989), citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson, 805 F.2d at 7 (1st Cir. 1986); Beals, 1989 WL 384829, at *1. Good cause is established by demonstrating "a clearly defined and serious injury" resulting from disclosure. Rubin v. Hirschfeld, No. Civ.3:00CV1657, 2002 WL 32503669, at *4 (D.Conn. Jan. 15, 2002).

Aside from his spurious relevancy argument discussed above, Chaffee's entire basis for seeking a protective order is his statement that: "Any subpoena would only serve to embarrass Mr. Chaffee and possibly jeopardize his job." Motion at 1. This falls far short of satisfying the

---

[3] Significantly, although Chaffee's Counterclaim alleges that his lost earnings and earnings capacity are a result of "the actions of the plaintiff's agents, servants and/or employees as aforesaid," his Counterclaim makes no reference to the fact that the Temporary Restraining Order or Preliminary Injunction entered in this case preclude him from selling digital cable signal filters. Consequently, Chaffee's lost earnings and earnings capacity must pertain to his employment with Nikkei.

standards of Rule 26(b), as it lacks any specificity or basis for the conclusory claim that Chaffee's job would be jeopardized, and contains no particular factual demonstration of potential harm.

In addition to lacking specificity, Chaffee's argument runs afoul of the general principle that when a party asserts claims based on alleged loss of earnings or diminished earnings capability, he or she waives the right to object to discovery directed toward ascertaining facts relevant to such alleged damages. Thus, the present dispute is identical in all relevant aspects to Weaver v. Evans, No. 97-1138, 1997 WL 833168 (D.Kan. Dec. 10, 1997). In Weaver, the plaintiff asserted claims against the defendant for lost wages and diminishment of future earning capacity, and then opposed the defendant's motion for production of employment, personnel and payroll records, citing privacy and future employability concerns. The court's rationale in granting the requested discovery is so pertinent to the present facts to warrant its being quoted at length:

> Plaintiff's complaint alleges that because of the negligence of the defendant, she claims that she has suffered lost wages and will lose wages in the future. Thus, plaintiff has placed in issue in this case her past, present, and future employment and employability . . . Plaintiff argues that the discovery request is overly broad, amounts to an invasion of her privacy, and could hinder her efforts to obtain future employment. Given the very broad parameters of discovery, the court does not find the request to be too broad. While the request does invade her privacy and theoretically could impact her efforts to obtain future employment, whatever privacy concerns the plaintiff may have have been waived when she filed a lawsuit and claimed lost wages in the past and lost wages in the future. With this claim, defendant should reasonably be allowed to probe plaintiff's employment history and records in order to determine for themselves what impact, if any, this accident may have had in the past and in the future on her ability to work and the wages she may have been able to earn but for the accident. **Plaintiff simply cannot have it both ways. She can't bring a lawsuit claiming lost wages, but at the same time bar or limit the defendant's ability to examine her employment history in order to determine the impact of the accident on her ability to earn income.**

Id. at *1 (emphasis added).

Other courts have ruled similarly. In Breeze v. Royal Indemnity Co., 202 F.R.D. 435, 436 (E.D.Pa. 2001), the court rejected a similar motion to quash subpoenas directed to a

plaintiff's former employers and an unemployment office. It found that "Since the information sought in the present case could be used, not only to defend the claim for emotional distress and loss of consortium, but also to reduce the compensation for emotional damages sought by both plaintiffs, we will deny the motion to quash the subpoenas." In Martin v. Cottrell Contracting Corp., No. 7:00-CV-114, 2000 WL 33177232 (E.D.N.C. Sept. 13, 2000), the court denied a personal injury plaintiff's motion to quash a subpoena directed toward two former employers. It "found merit in the Defendant's contention that the Plaintiff's 'employment history, employability (or difficulty retaining employment), job performance (including poor performance), advancement (or lack thereof), and earnings history are all relevant to his pre-injury earning capacity." Id. at *1.

In sum, Chaffee's Counterclaim has squarely placed his job performance, earnings, and earnings capacity at issue in this case. Thus, there is no basis for entry of a protective order depriving Cox of discovery directed toward those issues.

## Conclusion

Pursuant to the foregoing, Cox respectfully requests the Court's entry of an order denying Chaffee's Motion.

Dated: Newport, Rhode Island
July 19, 2005

Respectfully submitted for the Plaintiff CoxCom, Inc.
d/b/a Cox Communications New England
By Its Attorneys,

Shaun K. Hogan (SH 7227)
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Francis S. Holbrook, II (#3412)
MILLER SCOTT & HOLBROOK
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

I hereby certify I mailed a true and accurate copy to Attorney James Currier, Esq on July 20, 2005, addressed to his regular place of business at Dorrance Street, Providence, RI

Francis S. Holbrook

[illegible] 30 [illegible] 10:35
FILED