**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**AFFIRMATION OF SHAUN K. HOGAN IN OPPOSITION TO DEFENDANTS' MOTION <u>FOR A PROTECTIVE ORDER</u>**<br><br>**ORIGINAL** |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff"), in the above-captioned action. I submit this Affirmation in opposition to Defendants,' Jon Chaffee, individually and d/b/a Electronic Imports and Chaffee International, Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports (hereinafter "Defendants"), Motion for a Protective Order.

2. CoxCom commenced this action against Defendants on March 8, 2005. In the suit, CoxCom alleged, in part, the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of CoxCom's cable television programming services without CoxCom's authorization in violation of the Communications Act 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. The *ex parte* Order granted *inter alia*: (1) injunctive relief related to the sale of digital cable television filters; (2) injunctive relief from the destruction related records; (3) enjoining the Defendants from moving assets; (4) ordering the Defendants to identify their assets; (5) expedited discovery; and (6) ordering Defendants provide an accounting. Most relevant to the Defendants' Counterclaim, the *ex parte* Order directed the inspection of Defendants' premises and seizure of items related to Defendants' use/sale of digital cable television filters. Specifically, *ex parte* Order directed members of the United States Marshals Service for the District of Rhode Island, with the assistance of representatives of CoxCom, to (a) enter 206 Richard Drive, Tiverton, Rhode Island – i.e., the home of Defendants Jon and Amy Chaffee; (b) enter any other of Defendants' locations identified by them where digital cable television filters were kept/used/sold; (c) seize items related to the use/sale of digital cable television filters; and (d) "take all steps necessary to proceed in a lawful manner, including the reasonable use of force."

4. On March 11, 2005, officers from the United States Marshals Service and two representatives from CoxCom appeared at 206 Richard Drive, Tiverton, Rhode Island and Jon Chaffee's office on Mineral Spring Avenue, North Providence, Rhode Island in executing the *ex parte* Order.

5. On or about March 30, 2005 the Defendants served their Answer and Counterclaims for intentional infliction of emotional distress, and what appeared to be claims of trespass to chattels and abuse of process.

6. On or about April 4, 2005, CoxCom's counsel sent a letter to Defendants apprising them of the insufficiency of those claims and requesting that they be withdrawn.

7. Subsequently, on or about April 8, 2005, before CoxCom was required to respond to the counterclaims, the Defendants, apparently embracing CoxCom's arguments, served their Amended

Counterclaims instead of dismissing those claims. Defendants limited their counterclaims to the following: (1) intentional infliction of emotional distress and (2) trespass to chattels.

8. On April 12, 2005, counsel for CoxCom and Defendants signed a Preliminary Injunction on Consent, wherein it was agreed that all parties to the action would continue the relief granted in the *ex parte* Order which will remain in effect until the trial of the action or a decision on summary judgment.

9. Thereafter, in response to Defendants' Amended Counterclaims, on April 27, 2005, CoxCom filed its Answer and a Motion to Dismiss the counterclaim of intentional infliction of emotional distress pursuant to Rule 12(b)(6).

10. On May 5, 2005, in response to the Motion to Dismiss, and again seemingly agreeing with CoxCom's legal arguments made in their memorandum of law, Defendants filed an Objection to the Motion to Dismiss Counterclaim and a Motion to Amend. In the Motion to Amend, Defendants: (1) sought to expand on their claim of intentional infliction of emotional distress by adding additional factual allegations [Count 1]; (2) maintained its claim for trespass to chattels [Count 4]; and added claims of (3) negligent infliction of emotional distress [Count 2]; and (4) a claim under 42 U.S.C. § 1983, based upon alleged constitutional violations of the First and Fourth Amendments to the U.S. Constitution [Count 3]. Defendants' Counterclaims are replete with claims of injuries to defendants' livelihood, including Jon Chaffee's claims that "his work production and efficiency has been hurt." Counterclaim ¶ 6. A copy of Defendants' Second Amended Counterclaims is annexed hereto as Exhibit "A."

11. On July 14, 2005, the undersigned sent a letter to defendants' counsel advising him of Cox's intention to depose a representative of Jon Chaffee's employer Nikkei Business Publications of America (Nikkei), regarding the alleged difficulties, he encountered at work, and the economic

losses he suffered as a result of this action as alleged in the Counterclaim. Annexed hereto as Exhibit B is a copy of plaintiff's letter of July 14, 2005.

12. Attached hereto as Exhibit "C" is a copy of plaintiff's subpoena to Nikkei.

13. As set forth above, and in more detail in the accompanying memorandum of law, the Defendants' Motion for a Protective Order should be denied.

Dated: Jericho, New York
July 18, 2005

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

SHAUN K. HOGAN
350 Jericho Turnpike, Suite 300
Jericho, New York 11753

**MILLER SCOTT & HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500