SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | ) | C.A. No.: 05-107 S |
| v. | ) | ORIGINAL |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO**
**<u>DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION</u>**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in response to Defendants' Objection to the Honorable Lincoln D. Almond's Report and Recommendation (the "Report") dated July 15, 2005.

## I.

## INTRODUCTION

The Court should adopt the Report without modification, and Defendants should not be permitted to again amend their counterclaims, as any amendment would be futile. Defendant's Objection merely recites the same arguments they have made in their previous filings, which the Magistrate Judge has already considered and rejected. For the reasons set forth in CoxCom's previous submissions and in the Report, Defendants' Motion to Amend should be denied and the Report should be adopted in all respects.

## II.

## ARGUMENT

### A.

### DEFENDANTS FAIL TO SATISFY THE STANDARDS FOR OBJECTING TO A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Fed. R. Civ. P. 72(b) provides that, a party who objects to the Report must "serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b). Local Rule 32(c)(2) is even more direct in its requirement for specific objections. It forces the party who is making an objection to dispositive motions to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such

objection." U.S. Dist. Ct. Rules D.R.I., Rule 32(c)(2). In interpreting the standards and goals of Local Rule 32(c)(2), this Court stated:

> Local Rule 32(c)(2) requires counsel to articulate the specific objections to a magistrate judge's report and recommendation. The reasons are to be set forth in the objection itself and should be expanded upon in an accompanying memorandum of authorities. There must be substance to such an objection. This may include pointing out that the magistrate judge misread the record (and found no factual disputes where such disputes were present, for example) or missed a key authority; or it may involve a good faith argument that the magistrate judge applied the law incorrectly in some way. But it will not do to simply ask for another bite at the apple.

Travelers Indemnity Co. of Il. v. STR Grinnell GP Holding, Inc., C.A. No. 03-511S, 2005 WL 1683550, at *4 (D.R.I. July 19, 2005).

At first glance, Defendants appear to limit their objection only to the denial of their Motion to Amend their intentional infliction of emotional distress and 42 U.S.C. § 1983 claims. However, a closer look reveals that those objections are unfocussed and do not pinpoint one purported legal or factual miscue by the Magistrate Judge that should be corrected by the Court. Instead, Defendants recite, almost verbatim, their previous pleadings and arguments and thus, improperly assert essentially a general objection that seeks to have the district court "traverse[] ground already plowed by the magistrate" Sackall v. Heckler, 104 F.R.D. 401, 402-403 (D.R.I. 1984) (district court in overruling general objection to magistrate's report, noted the procedural mandate "calls for rifle shot objections" as opposed to "a vague shot gun blast as [plaintiff] has loosed").

As Defendants' Objection is no cognizable objection as per this Court's rules, the Report should be adopted without modification.

**B.**

**DEFENDANTS' OBJECTIONS TO THE REPORT ARE MERITLESS**

The four issues that comprise Defendants' Objection offer no support for not adopting the Report. First, Defendants' contention that the Report overlooked the majority of the factual

only litigant named in the counterclaims, it is respectfully submitted that a Bivens claim cannot be maintained.

Finally, Defendants assert that CoxCom "froze" Defendants' assets and such conduct has injured Defendants. However, Defendants have again failed to reconcile or respond to the fact that CoxCom itself had no power to "freeze" the assets of the Defendants. This Court initially ordered the assets of the Defendants to be "frozen" pursuant to a Temporary Restraining Order ("TRO"), and only after it had reviewed CoxCom's application for the TRO and conducted a hearing. Thus, the Court-ordered asset freeze simply does not amount to actionable conduct. Defendants also fail to plead facts that would overcome the protection the application for the asset freeze enjoys as a legitimate act employed by CoxCom to enforce its rights. See Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984). Moreover, the Defendants subsequently consented to an extension of the asset "freeze" as part of the preliminary injunction. Further, at the initial conference in this action, the Court specifically told Defendants to contact the Court in the future if the asset restraint became burdensome, and the Court would gladly revisit the issue. In short, Defendants have consented to relief for which they now seek monetary recovery.

## III.

## CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court's entry of an order rejecting Defendants' Objection and adopting Judge Almond's Report denying Defendants leave to amend their counterclaims for (1) the intentional infliction of emotional distress; and adding new claims of (2) negligent infliction of emotional distress; and (3) a claim under 42 U.S.C. § 1983, based upon alleged constitutional violations of the First and Fourth Amendments to the U.S.

**Constitution given that such amendment would be futile based upon the Defendants failure to state a claim upon which relief can be granted.**

**Dated: Jericho, New York**
**July 28th, 2005**

**Respectfully submitted,**

**Attorneys for the Plaintiff**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**

**By:____________________**
**Shaun K. Hogan (SK7227)**
**350 Jericho Turnpike, Suite 300**
**Jerciho, New York 11753**
**(516) 942-4700**

**Dated: Newport, Rhode Island**
**July 28th, 2005**

**MILLER, SCOTT & HOLBROOK**

**By:____________________**
**Francis S. Holbrook, II (#3412)**
**122 Touro Street**
**Newport, Rhode Island 02840**
**(401) 847-7500**

**COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND**
**CHAFFEE, et al.**

## CERTIFICATE OF SERVICE

I, **LAURA CHIQUES**, an employee of the firm **LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**, attorneys for the Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, in the above-entitled action, hereby certify under penalty of perjury that I caused a copy of the forgoing, Plaintiff's Memorandum of Law in Response to Defendants' Objection to the Report and Recommendation, to be served upon James A. Currier, Esq. (hereinafter attorney for "defendant"), by causing a true and accurate copy thereof to be faxed to James A. Currier, Esq. on, July 29, 2005 faxed to the defendant at the number set forth below:

James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02930
(401) 274-3115

Laura Chiques
Laura Chiques