UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MOTION TO COMPEL COMPLIANCE WITH RULE (30) (b) (6) DEPOSITION NOTICE**

Now come the defendants motion to compel compliance with a Rule (30) (b) (6) deposition notice.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the4th day of August, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE (30) (b) (6) DEPOSITION NOTICE**

**TRAVEL:**

Defendants have taken the depositions of six (6) of plaintiff's employees. Messrs. Allard and Marcoux on May 5, 2005 and Messrs. Webb, Dubois, Clifford and Matteo on July 7. 2005.

On July 14, 2005, defendants served a Notice of Rule 30 (b) (6) deposition. **(Tab A)** The subject matter of the proposed deposition is set forth in the notice. The notice was filed as defendants' counsel was not satisfied that any of the above named deponents had testified or had the expertise to testify as to the matters set forth in the notice.

Plaintiff, to date, has not designated anyone to testify in compliance with the notice. Rather, on August 4, 2005 plaintiff's counsel faxed a letter to defendants' counsel suggesting that Mr. Matteo "... knowledgeably and sufficiently testified concerning the subjects specified in Defendant's Notice." **(Tab B)**

**ARGUMENT:**

As Mr. Matteo testified in his deposition, he is the New England Security Supervisor for Cox Communications. **(Tab C)** Thus, it would not appear that he is involved, at least not on a day-to day basis in the:

> **the plaintiff's billing system or practices as to pay-per-view programs, the method (s) by which the "cable boxes" of customers are monitored to determine the number of pay-per-view programs received by the customer and whether the billing is accurate, the action(s) taken if it is suspected that the number of pay-per-view programs received by the customer is inconsistent with the billing, the method (s) by which the "cable boxes" of customers are monitored to determine whether the customer is using the pay-per-view system contrary to the way plaintiff alleges it should be used, the way the "filters" can be used and the result(s) which can be obtained** (See Tab A)

It is submitted that Rule 30 (b)(6) exists in part to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *Cf. Haney v. Woodward & Lothrop, Inc., 330 F.2d 940, 944 (4th Cir. 1964).*

**CONCLUSION:**

The Motion to Compel Compliance with the Rule (30) (b) (6) deposition noticeshould be granted.

Respectfully submitted,

Defendants

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 4th day of August 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.