**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-107 S** |
| **v.** | ) | **NOTICE OF MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37(a)** |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **ORIGINAL** |
| **Defendants.** | ) | |

**PLEASE TAKE NOTICE** that plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott and Holbrook, will move this Court on the ______ day of August 2005, at 10:00 a.m., for an Order: (1) pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure precluding Defendants from using any witnesses or information that was required to be disclosed in their respective Rule 26(a) initial disclosures; (2) pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling discovery by requiring: (a) Defendants to comply with the Court's March 11, 2005 Order and the April 12, 2005 Preliminary Injunction directing the Defendants to produce an accounting; and (b) Defendants to provide responses to Plaintiff's first and second Rule 34 requests for the Production of Documents; and (3) deem as admissions, Defendants failure to respond to Plaintiff's Rule 36 first Requests for Admissions, numbers 16, 29, and Jon Chaffee's 34; and Plaintiff's second Requests for Admissions, numbers 4 and 5.

Dated: Jericho, New York
August 5, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 8, 2005

MILLER, SCOTT & HOLBROOK

By:____________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** <br><br> **Defendants.** | ) | **C.A. No.: 05-107 S** <br><br> **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S <u>MOTION TO COMPEL</u>** <br><br> ORIGINAL |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated. I submit this Affirmation in support of Plaintiff's Motion seeking an Order:

a. pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure precluding Defendants from using any witnesses or information that was required to be disclosed in their respective Rule 26(a) initial disclosures;

b. pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling discovery by requiring: (1) Defendants to comply with the Court's March 11, 2005 Order and the April 12, 2005, Preliminary Injunction directing the Defendants to produce an

accounting; and (2) Defendants to provide responses to Plaintiff's first and second Rule 34 requests for the Production of Documents; and

c. deem as admissions, Defendants failure to respond to Plaintiff's Rule 36 first Requests for Admissions, numbers 16, 29, and Jon Chaffee's 34; and Plaintiff's second Requests for Admissions, numbers 4 and 5.

**Background**

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On March 11, 2005, the Court signed an "*Ex Parte* Order to Show Cause with Temporary Restraining Order" (annexed hereto as Exhibit A is a copy of the March 11, 2005 *ex parte* Order, hereinafter referred to as "TRO"). The TRO provided for, *inter alia*: (1) expedited discovery; and (2) ordered Defendants provide an accounting.

4. On April 12, 2005, counsel for Plaintiff and Defendants signed a Preliminary Injunction on Consent, wherein it was agreed by all parties to the action that the relief granted in the TRO would remain in effect as a preliminary injunction until the resolution of Plaintiff's claims (annexed hereto as Exhibit B is a copy of the Preliminary Injunction on Consent).

5. Both the TRO and the Preliminary Injunction on Consent provided the terms and conditions of the required accounting:

> **ORDERED, ADJUDGED AND DECREED**, that defendant shall provide plaintiff with an accounting by April 15, 2005, listing the total number of sales and purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity; this accounting shall also include any and all profits,

transfers or withdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or from the defendants from January 1, 2002 to the present;

**ORDERED, ADJUDGED AND DECREED**, that no later than April 15, 2005, the defendants, their employees, agents, bookkeepers and/or accountants are directed to provide the plaintiff written identification of all asset accounts and safe deposit boxes to or from which transfers have been made by any of them within the preceding twelve months which disclosure shall include name, address and account number in which such assets are held, the balance of such account (or the contents of such safe deposit box), the identity and location of the bank or other custodian holding such account, and the authorized signers or persons authorized to access such safe deposit boxes;

See Exhibits A and B.

**Defendants Have Failed to Serve its Rule 26(a) Initial Disclosures**

6. To date, Defendants have not provided their Rule 26(a) initial disclosures. Pursuant to Federal Rule 26(a), the litigants are mandated, without request, to provide their initial disclosures at or within fourteen (14) days of the Rule 26(f) conference. Specifically, Defendants have failed to identify any witnesses likely to have discoverable information or documents that may be used to support Defendants claims or defenses. Repeated requests for the disclosures have been ignored and Plaintiff has been forced to conduct a significant number of depositions without those disclosures. At this late date, nearly five months after the commencement of litigation, those disclosures are well past due. As Plaintiff has not been provided with a list of Defendants' potential witnesses or any relevant documents, they should be precluded from presenting any witnesses or said documents in motions or at trial.

**Plaintiff's Discovery Requests Have Continued to go Unanswered**

7. Despite repeated requests by Plaintiff to the Defendants requesting they comply with the rules of discovery, Defendants have selectively answered only portions of Plaintiff's requests, and have wholly ignored, without objection or explanation, others. The Defendants were served

with Plaintiff's First Request for Admissions, Interrogatories and Production of Documents on April 25, 2005 and April 27, 2005 (annexed hereto as Exhibit C, D, and E are the requests for each respective Defendant). Plaintiff's Second Request for Admissions, Interrogatories and Production of Documents were served on July 6, 2005 (annexed hereto as Exhibit F). Even without the expedited discovery instruction contained in the TRO, Defendants' Reponses would have been due on or before May 31, 2005, June 3, 2005, and August 5, 2005, respectively.

8. Inexplicably, with regard to Plaintiff's first set of discovery requests, Defendants have only partially responded in the following manner:

a. On or about May 25, 2005, and May 27, 2005, Defendants provided their responses to Plaintiff's first Requests for Admissions (annexed hereto as Exhibit G are Defendants responses to Plaintiff's first Requests for Admissions). Defendants, for reason of convenience or negligence, failed to respond to the Requests for Admissions numbered **16** ("Admit that Defendant knew during the relevant time period that a cable television subscriber purchases the right to receive, use or enjoy cable television programming and services from a cable operator pursuant to the terms of a subscription agreement that entitles him or her to view services for which he or she has paid"); and **29** ("Admit that Defendant was aware it was illegal to sell descrambling devices with the intent that they be used to receive pay per view cable television services without the authorization of the cable television operator which provided the services"). See Exhibit G. Finally, Defendant, Jon Chaffee, gave answers simultaneously admitting and denying Request number **34.** See Exhibit G. All three of these requests (i.e., numbers 16, 29, and Jon Chaffee's 34) should be deemed an admission.

b. On or about July 14, 2005, and July 26, 2005, Defendants provided their responses to Plaintiff's first set of Interrogatories (annexed hereto as Exhibits H, I J are Defendants' responses to Plaintiff's first set of Interrogatories for each respective Defendant). However, the Defendants responses are not sufficient and do not comply with Federal Rule 34. Specifically, in response to Interrogatory number 14 for example, Defendants refused to identify one witness who they intended to call to testify. See Exhibits H, I, and J.

c. Defendants have failed to provide any documents, much less a single objection, in response to Plaintiff's first Request for the Production of Documents.

9. Defendants' pattern and practice of failing to provide sufficient and complete responses to discovery requests is more evident in their incomplete and wholly inadequate responses to Plaintiff's second Request for Admissions, Interrogatories and Production of Documents.

a. On or about July 11, 2005, Defendants' served their responses to Plaintiff's second set of Interrogatories.

b. However, on or about July 26 and 27, 2005, Defendants' served only a partial response to Plaintiff's second Requests to Admit (annexed hereto as Exhibit K are Defendants' Plaintiff's second Requests to Admit). Inexplicably, Defendants omitted responses to request numbers **4** ("Admit that Defendants have not requested a modification of the asset freeze portion of the Temporary Restraining Order entered in this action"); and **5** ("Admit that Defendants have not requested a modification of the asset freeze portion of the Preliminary Injunction entered in this action"). See Exhibit K. Again, the Defendants

outright refusal to either admit or deny, should be deemed an admission for purposes of this action.

c. Defendants continue to defy requests that they make available for inspection requested documents. Their sole response, to both the first and second requests, came in the form of an objection to two specific requests made in Plaintiff's second set of Requests for Documents (i.e., Request numbers 4 and 9) (annexed hereto as Exhibit L is Defendants' Objections to Plaintiff's Second Request for Production of Documents). Request number 4 seeks, "all documents pertaining to the claims asserted in the civil suit between Jon Chaffee and the "two girls" identified in ¶ 1 of the Second Amended Counterclaim." In request number 9, Plaintiff seeks, "all documents pertaining to defendant Amy Chaffee's maid service business, including those such as invoices, payment records, income statements, banking records, and federal and state tax returns reflecting its revenues for the year prior to and all times subsequent to March 11, 2005." Defendants' objection to the document requests on the grounds that they "are not calculated to lead to the discovery of admissible evidence," is entirely without merit. Request number 4 clearly seeks documents that relate to a charge made in Defendants' counterclaim. Similarly, the documents sought in Plaintiff's Request number 9, are equally as relevant. The maid service is owned and owned by Jon Chaffee and operated Amy Chaffee. They each have worked in some capacity with the service during the relevant time period. Additionally, the maid service is operated out of the same locations that Defendants operated their digital cable filter sales business. Namely, the Chaffee home in Tiverton, Rhode Island and Jon Chaffee's office in North Providence, Rhode Island. Thus, it is reasonable to seek financials from the maid service as those documents could contain information about the sales of digital cable filters

by way of, *inter alia*, a commingling of funds. This is particularly important considering Defendants failed to provide the court ordered accounting.

**Despite Repeated Requests for an Accounting and Discovery Responses, Defendants' Refusal to Comply and their Unmitigated Failure to Provide them is a Violation of Federal Rules and Court Order**

10. In addition to Defendants' wholesale failure to provide proper discovery responses or initial disclosures, Defendants have failed to provide a complete accounting as required by the TRO and Preliminary Injunction.

11. The TRO and Preliminary Injunction provides in pertinent part that the Defendants must provide by April 15, 2005:

a. an accounting of the total number of sales and purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity;

b. the accounting shall also include of any and all profits, transfers or withdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or from the defendants from January 1, 2002 to the present; and

c. written identification of all asset accounts and safe deposit boxes to or from which transfers have been made by any of the defendants within the preceding twelve months, which disclosure shall include name, address and account number in which such assets are held, the balance of such account (or the contents of such safe deposit box), the identity and location of the bank or other custodian holding such account and the authorized signers or persons authorized to access such safe deposit boxes.

12. In their responses to Plaintiff's first set of Interrogatories Defendants provided some cursory information as to filters bought and sold, as well as general information as to assets.

However, even with the most liberal reading of the TRO, the information supplied by Defendants is not specific nor verifiable, and in no way satisfies the required accounting.

a. Defendant Jon Chaffee gave an unsubstantiated list of filters bought and sold. He identified, but has yet to provide, documents that reflect the compensation received from the sales of the digital filters. See Exhibit H, responses to interrogatory numbers 12-13, 15-18. Jon Chaffee also identified, by name and account number only, two financial institutions wherein assets for himself and the corporate Defendants are held. However, Jon Chaffee has yet to provide any documentation regarding these institutions including addresses, nor has he provided, as required, information or documentation as to any transfers or withdrawals of assets. See Exhibit H, responses to interrogatory numbers 9-10. Overall, the responses from Jon Chaffee with regard to an accounting, are unsubstantiated and lacking in specificity.

b. Amy Chaffee identified the same account information as Jon Chaffee, and not surprisingly, her responses contain the same deficiencies. They do not document transfers or withdrawals of assets. See Exhibit I, responses to interrogatory numbers 9-10.

c. The sole response in Defendant Ramalda Bou's answers to discovery requests that can be construed as an accounting, is her reference to a single bank account. See Exhibit J, response to interrogatory number 9.

13. The Defendants limited responses to Plaintiff's requests for discovery cannot be construed as a reliable accounting. Without, documentation, independent verification and substantially more specific information, a full accounting cannot be made.

14. The Defendants are now nearly four (4) months late in submitting the required information. Defendants have never provided substantial justification for their failure to comply. In fact, Plaintiff's numerous oral and written requests that Defendants comply with the TRO, as

well as discovery requests, have been met with stubbornness and foot dragging. As early as March 17, 2005, in a letter to Defendants, I informed them that their failure to provide an accounting was in violation of the TRO (letter annexed hereto as Exhibit M). Defendants' explanation for their failure to complete the accounting was that they did not have access to their computers, which were seized by the U.S. Marshals' Service in accord with the TRO. However, such an excuse is belied by the fact that several of the computers were returned shortly after the seizure. Additionally, for the last several months, Plaintiff has provided Defendants with many opportunities to retrieve the remaining computers and other documents. Defendants have failed to avail themselves of any of these opportunities. In fact, on May 5, 2005, at the depositions of Plaintiff's employees, Plaintiff delivered Defendants' computers and documents to Defendants' attorney's office and they again refused to accept the computers and documents.

15. On July 7, 2005, Plaintiff renewed its demand that the Defendants comply with the Order for an accounting and provide written discovery responses by July 11, 2005. Defendants once again failed to comply.

16. On July 18, 2005, I made a request upon defense counsel, during a telephone conversation, requesting Defendants provide the required responses. Again, Defendants engaged in their continuing strategy to delay and prevent Plaintiff from fairly litigating this action. In fact, counsel's oft-repeated response to Plaintiff's notifications that Defendants were not in compliance with the TRO and discovery deadlines has been, "Well, do what you have to do."

17. Thus, on July 26, 2005, Plaintiff was prepared to file a motion to compel discovery. However, prior to filing the motion, the parties appeared before the Honorable Lincoln Almond, U.S.M.J., for a settlement conference. At the conclusion of the conference, the undersigned indicated his intention to file a motion to compel. At the Court's suggestion, Plaintiff agreed to

hold off on filing its motion and attempt to narrow the issues relating to the motion through discussions with Defendants' counsel. Subsequent discussions with Defendants' counsel regarding outstanding discovery and the accounting did not prove fruitful. Consequently, Plaintiff was compelled to file the instant Motion.

18. On August 5, 2005, in an final attempt to resolve the issues relating to the outstanding discovery requests and their lack of compliance with the accounting Order, I telephoned Defendants' counsel to discuss the matter. Unfortunately, as in the past, Defendants have been resolute, albeit without any stated cause, and refused to provide the requisite documents and information. Plainly, counsel stated, "go ahead and make your motion."

15. I certify Plaintiff has met and conferred in good faith with Defendants to obtain their compliance with the relief sought herein. Despite Plaintiff's best efforts, Defendants have still not provided an accounting, initial disclosures nor have they served complete responses to Plaintiff's discovery requests as of the date of this motion.

16. In light of Defendants' refusal to provide timely responses to Plaintiff's discovery requests, Plaintiff will likely be forced to request an extension to the discovery deadline.

**WHEREFORE**, Plaintiff seeks a Court order, (1) precluding Defendants' use of any witnesses or information that was required to be disclosed in their respective Rule 26(a) initial disclosures; (2) requiring Defendants comply with the Court's March 11, 2005 Order and the April 12, 2005, Preliminary Injunction directing the Defendants to produce an accounting; (3) requiring Defendants provide responses to Plaintiff's first and second Rule 34 requests for the Production of Documents; and (4) deeming Plaintiff's Requests for Admissions that were left unanswered as admitted.

Dated: Jericho, New York
August 5th, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 8, 2005

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113