SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-107 S** |
| **v.** | ) | **NOTICE OF MOTION TO COMPEL UNDER <u>FED. R. CIV. P. 37(a)</u>** |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | [redacted] |
| **Defendants.** | ) | |

**PLEASE TAKE NOTICE** that plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott and Holbrook, will move this Court on the 8th day of August 2005, at 10:00 a.m., for an Order pursuant to Fed. R. Civ. P. 37(a)(2) compelling discovery sought by the Plaintiff, specifically ordering that: (1) the Defendants comply with the Court's March 11, 2005 *ex parte* Order for an accounting; (2) Amy Chaffee and Ramalda Bou provide responses to Plaintiff's Rule 33 Requests for Interrogatories; and (3) all Defendants provide responses to Plaintiff's Rule 34 requests for Production of Documents and Things.

Plaintiff also seeks a protective Order directing Defendants, including, but not limited to, Jon Chaffee, to refrain from improper contact with witnesses; cease all attempts to persuade witnesses to alter their testimony and/or refuse to comply with subpoenas; and enjoin them from requesting witnesses offer false testimony.

45

Dated: Jericho, New York
July 22, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________________

Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113

FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** <br> **Plaintiff,** <br> **v.** <br> **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** <br> **Defendants.** | **C.A. No.: 05-107 S** <br><br> **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S <u>MOTION TO COMPEL</u>** |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I submit this Affirmation in support of Plaintiff's Motion seeking an Order:

a. pursuant to Fed. R. Civ. P. 37(a) compelling discovery by requiring: (1) all Defendants to comply with the Court's March 11, 2005 Order directing the Defendants to produce and accounting of their the sales of digital filters; (2) Defendants Amy Chaffee and Ramalda Bou to provide responses to Plaintiff's Rule 33 Requests for Interrogatories; and (3) all Defendants to provide responses to Plaintiff's Rule 34 requests for the Production of Documents and Things; and

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** <br><br> **Defendants.** | ) | **C.A. No.: 05-107 S** <br><br> **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I submit this Affirmation in support of Plaintiff's Motion seeking an Order:

   a. pursuant to Fed. R. Civ. P. 37(a) compelling discovery by requiring: (1) all Defendants to comply with the Court's March 11, 2005 Order directing the Defendants to produce and accounting of their the sales of digital filters; (2) Defendants Amy Chaffee and Ramalda Bou to provide responses to Plaintiff's Rule 33 Requests for Interrogatories; and (3) all Defendants to provide responses to Plaintiff's Rule 34 requests for the Production of Documents and Things; and

b. directing Defendants, including, but not limited to, Jon Chaffee, to refrain from improper contact with witnesses; cease all attempts to persuade witnesses to alter their testimony and/or refuse to comply with subpoenas; and enjoin them from requesting witnesses offer false testimony.

**Background**

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On March 11, 2005, the Court signed an "*Ex Parte* Order to Show Cause with Temporary Restraining Order" (annexed hereto as Exhibit A is a copy of the March 11, 2005 *ex parte* Order, hereinafter referred to as "TRO"). The TRO provided for, *inter alia*: (1) expedited discovery; and (2) ordered Defendants provide an accounting.

4. On April 12, 2005, counsel for Plaintiff and Defendants signed a Preliminary Injunction on Consent, wherein it was agreed by all parties to the action that the relief granted in the TRO would remain in effect as a preliminary injunction until the resolution of Plaintiff's claims (annexed hereto as Exhibit B is a copy of the Preliminary Injunction on Consent).

5. Both the TRO and the Preliminary Injunction on Consent provided the terms and conditions of the required accounting:

> **ORDERED, ADJUDGED AND DECREED**, that defendant shall provide plaintiff with an accounting, no later than two days (as days are counted in Fed.R.Civ.P. 6(a), i.e., business days) prior to the hearing date set forth in this Order, listing the total number of sales an purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity; this accounting shall also include any and all profits, transfers or withdrawals of assets, property (including property in safe

deposit boxes) or any other funds made by, to and/or fro t the defendants from January 1, 2002 to the present;

See Exhibit A.

**Plaintiff's Discovery Requests**

6. The Defendants were served with Plaintiff's First Request for Admissions, Interrogatories and Production of Documents on April 25, 2005 and April 27, 2005 (annexed hereto as Exhibit C, D, and E are the requests for each respective Defendant). Plaintiff's Second Request for Admissions, Interrogatories and Production of Documents were served on July 6, 2005 (annexed hereto as Exhibit F). Even without the expedited discovery instruction contained in the TRO, Defendants' Reponses would have been due on or before May 31, 2005, June 3, 2005, and August 8, 2005, respectively.

7. Defendants have only partially responded to Plaintiff's discovery requests. On or about May 27, 2005, all Defendants provided their responses to Plaintiff's first Requests for Admissions. On or about July 14, 2005, Defendants provided Jon Chaffee's responses to Plaintiff's first set of Interrogatories.

8. To date, Defendants have failed to provide a complete accounting as required by the TRO. Additionally, responses to Plaintiff's interrogatory requests directed at Defendants Amy Chaffee, Ramalda Bou and the responses for the requests for production of documents and things for all the Defendants remain outstanding.

9. Plaintiff's numerous follow-up oral and written requests that Defendants comply with the TRO and discovery requests have been met with resistance and dilatory tactics. As early as March 17, 2005, in a letter to Defendants, I informed them that their failure to provide an accounting was in violation of the TRO (letter annexed hereto as Exhibit G). Defendants' explanation for their failure to complete the accounting was that they did not have access to their computers, which were seized by

the U.S. Marshals' Service in accord with the TRO. However, such an excuse is belied by the fact that several of the computers were returned shortly after the seizure. Additionally, for the last several months, Plaintiff has provided Defendants with many opportunities to retrieve the remaining computers and other documents. Defendants have failed to avail themselves of any of these opportunities. In fact, on May 5, 2005, at the depositions of Plaintiff's employees, Plaintiff delivered Defendants' computers and documents to Defendants' attorney's office and Defendants again refused to accept the computers and documents.

10. On July 7, 2005, Plaintiff demanded the Defendants comply with the Order for an accounting and provide written discovery responses by July 11, 2005. Defendants once again failed to comply.

11. On July 18, 2005, I again made a request upon defense counsel, during a telephone conversation, requesting Defendants provide the required responses. Again, Defendants engaged in their continuing strategy to delay and prevent Plaintiff from fairly litigating this action. In fact, counsel's oft-repeated response to Plaintiff's notifications that Defendants were not in compliance with the TRO and discovery deadline has been, "Well, do what you have to do."

12. I certify Plaintiff has met and conferred in good faith with Defendants to obtain their compliance with the relief sought herein. Despite Plaintiff's best efforts, Defendants have still not provided an accounting, nor have they served complete responses to Plaintiff's discovery requests as of the date of this motion.

13. In light of Defendants' refusal to provide timely responses to Plaintiff's discovery requests, Plaintiff will likely be forced to request an extension to the discovery deadline.

**Defendants' Interference with Discovery and Efforts to Change Witness Testimony**

14. Beyond Defendants' defiant refusal to comply with Plaintiff's discovery requests, Defendant Jon Chaffee has engaged in outrageous conduct that strikes at the heart of our legal system. Jon Chaffee has contacted witnesses who previously submitted testimony or who have been subpoenaed, and has requested they alter their testimony and/or refuse to comply with lawful subpoenas. Such conduct can only be described as witness tampering. On or about June 20, 2005, Plaintiff served a civil subpoena on Bird Dog Distributing, Inc., a witness with information relevant to this action. On or about July 19, 2005, I spoke with Josh Knodler, an officer of Bird Dog Distributing, Inc., who advised me that, after receiving the subpoena, he had spoke with Jon Chaffee. Knodler also told me that, as a result of that conversation, Knodler would not comply. When I asked him why he would not comply with the subpoena, Knodler stated that Jon Chaffee told him he was not obligated to comply. I informed Knodler that Jon Chaffee's legal advice should not be relied upon, and if he had any further legal questions he should retain competent counsel. A response to the subpoena was due on July 22, 2005. As of the date of this motion, Bird Dog Distributing, Inc. has failed to respond or otherwise contact us.

15. On or about July 12, 2005, Plaintiff served on Defendants a copy of Gerard Boisvert's declaration (a copy of the declaration is annexed hereto as Exhibit H). Boisvert was an employee of Jon Chaffee who sold digital cable filters at electronics trade shows on Defendants' behalf. Several days after Plaintiff provided Defendants with the declaration, Boisvert contacted a CoxCom security employee familiar with this action and who had personally spoken to Boisvert. Boisvert indicated he was recently contacted by Jon Chaffee, who requested Boisvert materially alter his previously sworn declaration.

16. For the reasons set forth above, Plaintiff respectfully requests this Court enter an Order pursuant to Fed. R. Civ. P. 37(a)(2) compelling discovery sought by the Plaintiff, specifically ordering: (1) the Defendants comply with the Court's March 11, 2005, TRO for an accounting; (2) Amy Chaffee and Ramalda Bou provide responses to Plaintiff's Rule 33 Requests for Interrogatories; and (3) all Defendants provide responses to Plaintiff's Rule 34 requests for the Production of Documents and Things.

17. Finally, Plaintiff seeks a protective order directing Defendants, including, but not limited to, Jon Chaffee, to refrain from improper contact with witnesses; cease all attempts to persuade witnesses to alter their testimony and to refuse to comply with subpoenas; and enjoin them from requesting witnesses offer false testimony.

Dated: Jericho, New York
July 22, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113

**COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND v. JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, et al.**

## CERTIFICATE OF SERVICE

I, **LAURA CHIQUES**, an employee of the firm **LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**, attorneys for the Plaintiff, COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, in the above-entitled action, hereby certify under penalty of perjury that I caused a copy of the forgoing, notice Of Motion to Compel Under Fed. R. Civ. P. 37(a), with exhibits, to be served upon James A. Currier, Esq. (hereinafter attorney for defendant), by causing a true and accurate copy thereof to be placed in a sealed envelope, (federal express) and deposited in an official depository for the United States Postal Service on, July 22, 2005 addressed to the defendant at the address set forth below:

James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Laura Chiques
Laura Chiques