UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, | : | C.A. No. |
| Plaintiff, | : | |
| vs. | : | [redacted] 05 107 |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, | : | |
| Defendants. | : | |

RECEIVED
MAR 08 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**<u>EX</u> <u>PARTE</u> ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER, INCLUDING ASSET FREEZE, ACCOUNTING, AND EXPEDITED DISCOVERY, INCLUDING INSPECTION AND SEIZURE OF DEFENDANTS' BUSINESS <u>RECORDS AND DEFENDANTS' INVENTORY OF DIGITAL SIGNAL FILTERS</u>**

**WHEREAS**, an <u>ex</u> <u>parte</u> application by Order to Show Cause has been made by the plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff") directed at defendants Jon Chaffee, individually and d/b/a Electronic Imports and Chaffee International, Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports (hereinafter "defendants") for a Temporary Restraining Order and Preliminary Injunction pursuant to Fed.R.Civ.P. 65 and/or 47 U.S.C. § 553 (c)(2)(A) and 17 U.S.C. § 1203 (b)(1); an Order of Expedited Discovery pursuant to Fed.R.Civ.P. 30, 33, 34, 36 and 45; an Order directing an Accounting pursuant to 47 U.S.C. § 553 (c)(3)(A)(i) and 17 U.S.C. § 1203 (c)(2); a Temporary Restraining Order directed at defendants' assets pursuant to Fed.R.Civ.P. 64 and/or 65 and 47 U.S.C. § 553 (c)(2)(A) and (c)(3)(A)(i) and 17 U.S.C. § 1203 (b)(1) and (c)(2); an Order

pursuant to Fed.R.Civ.P. 34, 64 and/or 65 and 17 U.S.C. § 1203 (b)(2) authorizing the immediate entry upon and inspection of defendants Jon Chaffee and Amy Chaffee's home, which plaintiff's motion demonstrates is both a business location and the site where a digital signal filter is used on an ongoing basis to intercept Cox's pay-per-view programming, and seizure of digital signal filters in their possession which defendants possesses for current and future sales to cable subscribers, and seizure of defendants' business records, including computers and computer accessories such as tapes and disks on which records are stored; and

**WHEREAS,** the Court having read and duly considered the Complaint, the Affidavits of Daniel J. Lefkowitz, Lucien Marcoux, and Ronald Allard and the exhibits annexed thereto, and the Motion and Memorandum of Law submitted by the plaintiff in this matter, and having determined that the plaintiff has demonstrated (i) that it has a likelihood of success on the merits of its claims asserted against the defendants in this action, (ii) that absent this Court's grant of the relief sought, plaintiff would suffer substantial and ongoing irreparable harm in the form of, inter alia, lost profits, lost opportunities, and a diminishment in the value of its goodwill, as well as other irreparable harm, resulting from defendants' digital signal filter sales, if (a) such digital filter sales were permitted to continue, (b) with respect to sales already made, plaintiff was unable to obtain records of such sales, and (c) transfers of defendants' assets connected to or derived from Communications Act and Digital Millennium Copyright Act violations were not temporarily restrained, in order that plaintiff can avail itself of its remedies under 47 U.S.C. § 553 (c)(3)(A)(i) and 17 U.S.C. § 1203 (c)(2), and under its constructive trust claim asserted in the Complaint; (iii) the resulting harm to plaintiff in not granting this relief is far greater than any injury this relief will

cause to the defendants; and (iv) the relief sought would promote the public interest; and the Court determining that good cause has been shown,

**NOW, THEREFORE,** it is hereby,

**ORDERED, ADJUDGED AND DECREED** that, pending the preliminary injunction hearing to be held as set forth below, the defendants and those others named herein who receive notice of this Order are bound by the following:

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from the sale, transfer, advertisement (including advertisement on the Internet or other on-line service), movement and/or offer for sale, modification, manufacture, storage and distribution of digital cable television signal filters and related equipment and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of such equipment; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, are hereby restrained and enjoined from destroying, altering, removing or secreting any of the defendants' books and records, including but not limited to invoices, purchase orders, receipts, banking records, safe deposit box records, investment records, insurance policies, shipping labels, or tax returns, including all records stored on computer discs or tapes or within computer terminals, hard drives, servers or otherwise, which

contain any information whatsoever concerning the digital signal filter business or finances of the defendants or otherwise reflect transactions of any kind involving digital filters; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, and any persons or other entities having joint ownership of assets with them, are hereby restrained from transferring, removing, encumbering or permitting the withdrawal of any assets or property, including the contents of any safe deposit boxes, belonging to the defendants, jointly or severally, whether real or personal, tangible or intangible, including but not limited to cash, bank accounts of any kind, stock and bond accounts, and title to defendants' property; and it is further,

**ORDERED, ADJUDGED AND DECREED** that no later than the first business day following service of this Order, the defendants, their employees, agents, bookkeepers and/or accountants are directed to provide the plaintiff written identification of all asset accounts and safe deposit boxes held in their name or any business names used to sell digital filters, or accounts or safe deposit boxes to or from which transfers have been made by any of them within the preceding twelve months which disclosure shall include name, address and account number in which such assets are held, the balance of such account (or the contents of such safe deposit box), the identity and location of the bank or other custodian holding such account, and the authorized signers or persons authorized to access such safe deposit boxes; and it is further,

**ORDERED, ADJUDGED AND DECREED** that plaintiff is granted expedited discovery from defendants, any of their accountants and other agent(s) or person(s) acting on their behalf, and any electronic mail or internet service providers regarding defendants' decoder sales

business and the location, nature and amount of defendants' assets, including discovery of business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, disks or tape or otherwise, regarding the purchase, sale, modification, storage and distribution of and payment for digital filters and related equipment by or from defendants or any of their agents, employees, servants, successors, assigns or any person and/or entity acting directly or indirectly on their behalf. This expedited discovery shall include depositions, interrogatories, requests for admissions, production of documents, and service of subpoenas pursuant to Fed.R.Civ.P. 30, 33, 34, 36 and 45; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that defendants shall provide the plaintiff with an accounting, no later than two days (as days are counted in Fed.R.Civ.P. 6 (a), i.e., business days) prior to the hearing date set forth in this Order, listing the total number of sales and purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity; this accounting shall also include any and all profits, transfers or withdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or from the defendants from January 1, 2002 to the present; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the United States Marshal for the District of Rhode Island, his or her deputy and those persons acting under his or her supervision, including plaintiff's representatives, are hereby commanded within five days (as days are counted in Fed.R.Civ.P. 6 (a), i.e., business days) of the signing of this Order to enter upon the residence of defendants Jon and Amy Chaffee, located at 206 Richard Drive, Tiverton, Rhode Island, and any adjoining areas occupied by defendants, and seize any and all correspondence with customers, sales invoices, purchase orders, return forms, receipts, bank records, safe deposit box records, proceeds

of sales, safes, shipping labels and tax returns or other business records, including all computer terminals, hard drives, servers, disks and tapes in their possession, which plaintiff reasonably believes contain or indicate the names or addresses of defendants' agents, principals, employees, distributors, suppliers, manufacturers and/or purchasers of digital filters or any related equipment, or which contain, indicate or otherwise reflect or pertain to any transactions of any kind involving digital filters, and any and all illicit proceeds of the sales of such digital filters, and plaintiff is authorized to inspect, inventory, photograph and seize any and all digital filters and related equipment at this location (including any devices attached to Cox's cable system within the location) and any other locations identified by defendants pursuant to this Order, and that the plaintiff's representatives and their attorneys may assist the U.S. Marshal, his or her deputy and all persons acting under his or her supervision in their efforts to identify those items which fall within the scope of this Order, and that the United States Marshal, his or deputy and all persons acting under his supervision are further empowered to take all steps necessary to proceed in a lawful manner, including the reasonable use of force, in order to enter and secure the premises and examine, seize and remove said business records, illicit sales proceeds and digital filters as directed by this Order, and to deliver said business records, illicit sale proceeds, and digital filters after their having been inventoried, to the plaintiff for inspection and impoundment at a secured location or locations of plaintiff's choice, including plaintiff's or plaintiff's attorneys' offices; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their employees, and agents are, under pain of contempt, required to identify (by address) in writing at the time of the seizure any other locations at which digital filters are held, stored, manufactured, modified, received, shipped directly or indirectly to or by the defendants or their employees and agents, or

persons acting on their behalf or in concert with them, or locations where their records are kept or from which internet, telephone or other sales of digital filters are made, and the defendants shall provide immediate access to such locations to the U.S. Marshal and plaintiff's representatives, and defendants shall also immediately provide passwords or other access information to all computers which store information regarding sales, purchases, assets, inventory, etc.; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event defendants, at the time of the seizure provided for herein, identify any other locations where inventory or records are stored, the United States Marshal, his or her deputy and all persons acting under his or her supervision are directed to immediately go to such locations along with the plaintiff's representatives and, taking all steps necessary to proceed in a lawful manner, including the reasonable use of force, in order to enter and secure the premises, are directed, as provided for in this Order with respect to defendants' known residential/business location in the preceding paragraph, to seize and remove business records, computers and related items, illicit sales proceeds, and digital filters, and to deliver said items, after their having been inventoried, to the plaintiff for inspection and impoundment at a secured location or locations of plaintiff's choice, including plaintiff's or plaintiff's attorneys' offices; and it is further,

**ORDERED, ADJUDGED AND DECREED** that if, after this order is served on them, defendants or any of their agents, employees or others controlled by them or acting on their behalf or in concert with them, secure the possession or presently are in the possession, custody or control of any additional quantity of the above-described items (i.e., digital filters, business records, computers or proceeds from the sale of equipment), they will immediately notify the plaintiff's

attorneys, and retain without sale or other transfer such items or proceeds until further order of this Court; and it is further,

**ORDERED, ADJUDGED AND DECREED** that, pursuant to Fed.R.Civ.P. 65, the plaintiff shall file a bond with the Clerk of the Court in the amount of $ 25,000; and it is further,

**ORDERED, ADJUDGED AND DECREED** that defendants are Ordered to show cause at a hearing to be held at 22nd ~~a.m./p.m. on~~ of March __, 2005 at 2PM in Courtroom 2 of the United States District Courthouse, District of Rhode Island, ________________, Providence, Rhode Island, why this Temporary Restraining Order should not be confirmed and a Preliminary Injunction entered in the above form; and it is further,

**ORDERED, ADJUDGED AND DECREED** that defendants shall file a responsive memorandum and any supporting documents not later than two days (as days are counted in Fed.R.Civ.P. 6 (a), i.e., business days) prior to the hearing set forth herein and serve a copy of said responsive papers on plaintiff's counsel for receipt by it on that day and plaintiff may file a reply memorandum and any supporting documents on the business day prior to the hearing; and it is further,

**ORDERED, ADJUDGED AND DECREED** that a copy of this Order and the papers submitted in support thereof shall be served upon defendants Jon and Amy Chaffee at their residence at the time of the seizure and Fed.R.Civ.P. 34 inspection ordered herein.

Dated: Providence, Rhode Island
March 11, 2005
Issued at 11:30 am

**SO ORDERED:**

United States District Judge