UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | C.A. No. 05 107 |

**PRELIMINARY INJUNCTION ON CONSENT**

**WHEREAS**, plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff") commenced this action and moved for a Temporary Restraining Order directed at defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, individually and d/b/a Electronics Imports and Chaffee International (hereinafter "defendants"); and

**WHEREAS**, on March 8, 2005, the Court entered an order granting plaintiff's ex parte application for a Temporary Restraining Order (the "TRO"); and

**WHEREAS**, the parties having reported that to the Court that they have agreed to continue the relief granted in the TRO in a Preliminary Injunction on Consent,

**NOW, THEREFORE,** the following Preliminary Injunction on Consent, the terms of which shall govern the parties and the course of this action pending resolution of this matter by trial, summary judgment, settlement or otherwise, is hereby entered:

**NOW, THEREFORE,** it is hereby,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from the sale, transfer, advertisement (including advertisement on the Internet or other on-line service), movement and/or offer for sale, modification, manufacture, storage and distribution of digital cable television signal filters and related equipment and/or the rendering of any assistance whatsoever in the sale, transfer, advertisement, movement, modification, manufacture, storage or distribution of such equipment; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, are hereby restrained and enjoined from destroying, altering, removing or secreting any of the defendants' books and records, including but not limited to invoices, purchase orders, receipts, banking records, safe deposit box records, investment records, insurance policies, shipping labels, or tax returns, including all records stored on computer discs or tapes or within computer terminals, hard drives, servers or otherwise, which contain any information whatsoever concerning the digital signal filter business or finances of the defendants or otherwise reflect transactions of any kind involving digital filters; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their agents, employees, affiliates and any business entities and/or persons controlled directly or indirectly by them, acting on their behalf or acting in concert with them, and any persons or other entities having joint ownership of assets with them, are hereby restrained from transferring, removing, encumbering or permitting the withdrawal of any assets or property, including the contents of any

safe deposit boxes, belonging to the defendants, jointly or severally, whether real or personal, tangible or intangible, including but not limited to cash, bank accounts of any kind, stock and bond accounts, and title to defendants' property;[1] and it is further,

**ORDERED, ADJUDGED AND DECREED** that no later than April 15, 2005, the the defendants, their employees, agents, bookkeepers and/or accountants are directed to provide the plaintiff written identification of all asset accounts and safe deposit boxes held in their name or any business names used to sell digital filters, or accounts or safe deposit boxes to or from which transfers have been made by any of them within the preceding twelve months which disclosure shall include name, address and account number in which such assets are held, the balance of such account (or the contents of such safe deposit box), the identity and location of the bank or other custodian holding such account, and the authorized signers or persons authorized to access such safe deposit boxes; and it is further,

**ORDERED, ADJUDGED AND DECREED** that plaintiff is granted expedited discovery from defendants, any of their accountants and other agent(s) or person(s) acting on their behalf, and any electronic mail or internet service providers regarding defendants' decoder sales business and the location, nature and amount of defendants' assets, including discovery of business records, banking records and invoices, including all records stored on computer terminals, servers, hard drives, disks or tape or otherwise, regarding the purchase, sale, modification, storage and distribution of and payment for digital filters and related equipment by or from defendants or any of

---

[1] This continuing restraint on transfers on defendants' assets is subject to one exception: Defendant Ramalda Bou may access an account held in her name which account is to be specifically identified in writing by her counsel. Ms. Bou may transfer or withdraw up to $150.00 held in this account. Plaintiff's counsel must approve the transfer or withdrawal of the funds in writing.

their agents, employees, servants, successors, assigns or any person and/or entity acting directly or indirectly on their behalf. This expedited discovery shall include depositions, interrogatories, requests for admissions, production of documents, and service of subpoenas pursuant to Fed.R.Civ.P. 30, 33, 34, 36 and 45; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that defendants shall provide the plaintiff with an accounting by April 15, 2005 listing the total number of sales and purchases of any and all digital filters made by or on behalf of the defendants to or from any person and/or entity; this accounting shall also include any and all profits, transfers or withdrawals of assets, property (including property in safe deposit boxes) or any other funds made by, to and/or from the defendants from January 1, 2002 to the present; and it is further,

**ORDERED, ADJUDGED AND DECREED** that the defendants, their employees, and agents are, under pain of contempt, required to identify (by address) by April 15, 2005 in writing any other locations at which digital filters are held, stored, manufactured, modified, received, shipped directly or indirectly to or by the defendants or their employees and agents, or persons acting on their behalf or in concert with them, or locations where their records are kept or from which internet, telephone or other sales of digital filters are made, and defendants shall also immediately provide passwords or other access information to all computers which store information regarding sales, purchases, assets, inventory, etc.; and it is further

**ORDERED, ADJUDGED AND DECREED** that if, after this Order is served on them, defendants or any of their agents, employees or others controlled by them or acting on their behalf or in concert with them, secure the possession or presently are in the possession, custody or control of any additional quantity of the above-described items (i.e., digital filters, business records,

computers or proceeds from the sale of equipment), they will immediately notify the plaintiff's attorneys, and retain without sale or other transfer such items or proceeds until further order of this Court.

Dated: Providence, Rhode Island
April __, 2005

Plaintiff CoxCom, Inc. d/b/a
Cox Communications New England
By Its Attorneys,

Shaun K. Hogan
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Francis S. Holbrook II
**MILLER SCOTT & HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

Defendants Jon Chaffee, individually and d/b/a Electronic Imports and Chaffee International, LLC Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports
By their Attorney

James A. Currier #593
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-3113

**SO ORDERED:**

United States District Judge
4/12/05