UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, | : | C.A. No. 05 107 |
| Plaintiff, | : | |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR DOCUMENT PRODUCTION TO DEFENDANT JON CHAFFEE**

---

**TO DEFENDANT JON CHAFFEE:**

Plaintiff Coxcom, Inc. Cox Communication New England ("Cox" or "Plaintiff"), by and through undersigned counsel, hereby directs pursuant to Fed.R.Civ.P. 26, 33, 34 and 36, that Defendant Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

1. Defendant as used in these requests shall refer to Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, and Chaffee International Electronic Imports, L.L.C.

2. The term "person" as used in these requests shall mean any individual, company, corporation, partnership, association, joint venture, business trust and any other form of legal entity.

3. The term "communication" as used in these requests shall mean and include any oral communication, electronic communication, written communication, memoranda, report, computer message, any record of any of the foregoing or any other medium by or in which information is transferred or memorialized.

4. The terms "and" and "or" as used in these requests shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and vice versa, as necessary to bring within the scope of these requests all documents and information which might otherwise be construed to be outside their scope.

5. The term "Court" as used in these requests shall mean the United States District Court for the District of Rhode Island.

6. The term "scrambled" cable television programming as used in these requests shall refer to encrypted and encoded programming signals cablecast by the Plaintiff or other cable television operators which require the use or attachment of a cable television descrambling device, including, without limitation, a decoder, a descrambler and/or a converter-decoder, in order for the said "scrambled" signals to be viewed clearly and intelligibly on a television set receiving such cable television programming signals.

7. The term "premium" programming as used in these requests shall refer to Plaintiff's and other cable operators' cable television signals for all programming channels and services which are cablecasted in an encoded or scrambled mode (other than pay per view), and thereby require the use of a cable television descrambling device in order to be viewed clearly and intelligibly on a television set receiving the Plaintiff's cable television programming services.

8. The term "pay per view" programming as used in these requests shall mean scrambled individual movie, sporting and special program events which a cable television

subscriber may purchase from his/her cable television operator on a per/event basis via an addressable cable television converter-decoder provided by the Plaintiff to its cable subscribers.

9. The term "addressable digital cable converter-decoder" as used in these requests shall mean a decoding device with a channel changing function with which a central computer of a cable television operator can communicate and which such computer can control so that the cable operator's customers only receive such programming as they order and for which they pay.

10. The term "conditional access control device" as used in these requests shall refer to a digital decoding device with a channel changing function with which a central computer of a cable television operator can communicate and which such computer can control so that the cable operator's customers only receive such programming as they order and for which they pay.

11. The term "protected works" as used in these requests shall refer to any motion picture or audiovisual work that was/is cablecast on plaintiff's cable system.

12. The term "non-addressable" as used in these requests shall describe cable television descrambling equipment that is manufactured, designed or modified to be uncontrollable by cable television operators such as Plaintiff when such equipment is attached to such respective cable television systems.

13. The term "digital cable television filters" shall include any device or equipment that when connected to a cable system has the capacity to circumvent the cable company's ability to bill its customers for their receipt of pay per view services.

**Instructions**

These instructions are made applicable to all of the following requests:

1. Unless otherwise specified, the time frame of these requests shall be from January 1, 2002 to the date when Defendant serves responses to these requests.

2. In responding to these requests, Defendant is requested to furnish all documents and information available to Defendant, i.e., in his possession, custody or control regardless of whether these documents are possessed directly by Defendant or his agents, employees, representatives, investigators, or by any of his attorneys or agents, employees, representatives, or investigators of his attorneys.

3. If any document responsive to Plaintiff's requests for document production cannot be produced in full, Defendant is requested to produce them to the fullest extent possible, specifying clearly the reasons for Defendant's inability to produce the remainder of responsive documents and stating whatever information, knowledge or belief Defendant has concerning the present location and/or custodian of said documents and whatever information and knowledge Defendant has concerning the non-produced portion.

4. If any response to the Plaintiff's requests is objected to on the grounds of assertion and/or claim of any privilege, then the Defendant is directed to:

(a) identify all responsive documents by their title, subject matter, author or preparer and date, and

(b) the nature of the privilege.

5. It is requested that where documents are produced to Plaintiff's attorneys for review and selection, either the documents be produced in their original folders(s) or files(s), or that the sources of the documents be set forth with specificity, including the titles of the files or folders from which the documents came, the normal custodian thereof and the person(s) who prepared the file(s) or folder(s).

6. Defendant has the duty to supplement his responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSIONS**

1. Admit that Defendant is or was, during the relevant time period, an owner, operator, officer, investor, employee, or shareholder of Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

2. Admit that Defendant directed customers to whom he sold digital cable television filters to the following website address: http:/home.comcast.net/sunglassesdirect/instruction.htm.

3. Admit that Defendant directed customers to whom he sold digital cable television filters to the following website address: http:/home.comcast.net/sunglassesdirect/instructionsResetinformation.pdf.

4. Admit that Defendant directed customers to whom he sold digital cable television filters to the following website address: http://digitaldiet.biz/reset.

5. Admit that Defendant directed customers to whom he sold digital cable television filters to the following website address: support911@aol.com.

6. Admit that Defendant represented to his customers that the digital cable television filters could be used to obtain free pay per view cable television services.

7. Admit that Defendant sold or otherwise distributed digital cable television filters.

8. Admit that Defendant sold or otherwise distributed digital cable television filters to persons located in Rhode Island and Connecticut.

9. Admit that Defendant sold digital cable television filters for profit.

10. Admit that Defendant assisted in the distribution of digital cable television filters with knowledge that such devices could be used to receive pay per view programming without making payment therefor.

11. Admit that Defendant sold digital cable television filters with knowledge that such devices could be used to receive pay per view programming without making payment therefor.

12. Admit that Defendant sold digital cable television filters with knowledge that such devices could cause damage to cable television system operators such as Plaintiff.

13. Admit that Defendant represented to his customers that the digital cable television filters he sold would allow them to receive the pay-per-view services offered by such customers' respective cable service providers.

14. Admit that Defendant permitted customers to return digital cable television filters that were not capable of receiving a cable system operator's pay-per-view services without payment and exchange them for new digital cable television filters that could perform this function.

15. Admit that Defendant personally engaged in two sales transactions for the sale of digital cable television filters as described in paragraphs 10-12 and 21-23 of the affidavit of Ron Allard submitted in support of Plaintiff's motion for a temporary restraining order.

16. Admit that Defendant knew during the relevant time period that a cable television subscriber purchases the right to receive, use or enjoy cable television programming and services from a cable system operator pursuant to the terms of a subscription agreement that entitles him or her to view services for which he or she has paid.

17. Admit that Defendant represented to prospective customers that the digital cable television filters he sold could not be detected by cable system operators or disabled by electronic countermeasures employed by such cable system operators.

18. Admit that Defendant represented to prospective customers that the descrambling devices he sold were non-detectable.

19. Admit that Defendant accepted money in exchange for providing digital cable television filters to individuals in Connecticut and Rhode Island.

20. Admit that Defendant directed customers of digital cable television filters to websites that contained disclaimers.

21. Admit that the digital cable television filters sold or distributed by Defendant, were primarily designed or produced to circumvent conditional access controls to protected works.

22. Admit that the digital cable television filters sold or distributed by Defendant, are primarily used to circumvent the ability of a cable company to bill its customers for viewing pay per view services.

23. Admit that the digital cable television filters sold or distributed by Defendant, when attached to a television set receiving Plaintiff's cable television programming services, are intended to be used to receive pay per view programming services without making payment therefor.

24. Admit that during the relevant time period, Defendant had knowledge that cable television operators, including Plaintiff, scramble programming signals for premium and pay per view programming services transmitted over their cable television systems.

25. Admit that you assisted other individuals who were engaged in the sale of digital cable television filters.

26. Admit that at any time during the relevant time period, Amy Chaffee was employed by, was an agent of, or otherwise performed work for Jon Chaffee, individually and/or

doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

27. Admit that at any time during the relevant time period, Ramalda Bou was employed by, was an agent of, or otherwise performed work for Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

28. Admit that Defendant was aware that it was illegal to sell digital cable television filters with the intent that they be used to receive pay per view cable television services without the authorization of the cable television operator which provided the services.

29. Admit that Defendant was aware that it was illegal to sell descrambling devices with the intent that they be used to receive pay per view cable television services without the authorization of the cable television operator which provided the services.

30. Admit that Defendant received revenue from his sales of digital cable television filters.

31. Admit that Defendant earned a profit from his sales of digital cable television filters.

32. Admit that Defendant provided digital cable television filters to individuals who sold them a computer fairs throughout the country.

33. Admit that Defendant posted the diagram attached hereto as Exhibit "1" at computer shows where he sold digital cable television filters.

34. Admit that Chaffee International Electronic Imports, LLC purchased digital cable television signal filters and sold them sold them at computer shows.

35. Admit that John Chaffee is the president of Chaffee International Electronic Imports. LLC.

36. Admit that defendant purchased digital cable television filters from Birddog Distributing.

37. Admit that defendant purchased digital cable television filters from sources other than Birddog Distributing.

**INTERROGATORIES**

1. If Defendant's response to any of the Plaintiff's preceding individual Requests for Admissions was anything other than an unqualified "Admit," specify the facts and contentions which Defendant claims form the basis for Defendant's denial or qualified admission.

2. Identify each and every successive employer, including self-employed work and corporate employers, in which Defendant is or was either a director, officer, shareholder or employee, or had a direct or indirect ownership, proprietary or management interest, during the relevant time period, and state the last known address of all such employers, and the time periods during which Defendant was employed by each employer.

3. Identify every name under which defendant Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. operated/operates any business or was/is otherwise known to the public.

4. Identify each and every officer, director, principal, partner, investor, owner, employee or agent defendant Jon Chaffee has had during the relevant time period, including each such person's name, home address, telephone number and position(s) with Jon Chaffee,

individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., and the services they performed on its behalf.

5. Identify the form of business organization of Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., i.e., whether it is/was a corporation, partnership or sole proprietorship, and the date and place of its organization.

6. Identify, by specific reference to manufacture model and make number, and customer name, address and telephone number, every digital cable television filters which the Defendant has sold, distributed or offered for sale or distribution during the relevant time period and identify every business document which reflects such transactions and the present custodian of such records.

7. Identify any prior or present business locations (from which business was conducted, records or computers stored, maintained or utilized, inventory was kept, or packages were sent or received), business names or predecessors-in-interest for Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

8. Identify by name, address and telephone number each and every person or entity who has reviewed, compiled or analyzed financial information relating to Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., or prepared financial statements of any kind relating to Defendant, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., including but not limited to certified public accountants, other accountants, brokers, consultants, financial planners, tax preparers, auditors and bookkeepers.

9. Identify each and every financial account (by number, present balance, address and authorized signers), whether or not based in the United States, of any kind held directly or indirectly by Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., during the relevant time period, or otherwise for any of their benefit, including but not limited to bank, factoring, investment or brokerage accounts, stock accounts, stock or bond portfolios, commodity accounts or trading accounts of any kind.

10. Identify each and every other asset of any kind held directly or indirectly by Defendant Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. during the relevant time period, or otherwise for any of their benefit, including but not limited to cash, real estate, trusts, future interests, accounts receivable, inventory, work in process or equipment.

11. Identify the total income Defendant derived during the relevant time period, in the form of salary, profit distribution or any other measure of compensation, whether reported on any tax filings or not, from Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. Wholesale Cable Boxes, and identify any documents that reflect such income.

12. Identify the gross sales revenues, in monetary terms, of Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. during the relevant time period, and identify any documents that reflect such sales revenues.

13. Identify the gross sales, as defined by the number of digital cable television filters, sold by Jon Chaffee, individually and doing business as Electronic Imports, Chaffee

International, Chaffee International Electronic Imports, L.L.C. during the relevant time period, and identify any documents that reflect such sales.

14. Identify by full name, home address and telephone number any and all persons Defendant intends to call as witnesses in the trial of this action, including experts, and describe the nature of their anticipated testimony.

15. Identify the number of digital cable television filters that Defendant purchased between January 1, 2002 and the present.

16. Identify the number of digital cable television filters that Defendant sold or distributed between January 1, 2002 and the present.

17. Identify the name, address, and phone number of each individual and/or entity to whom defendant sold digital cable television filters between January 1, 2002 and the present.

18. Identify any documents that reflect any form of compensation that has been paid to the Defendant, or by the Defendant, for the sale of cable television filters.

19. Identify the name, address, and phone number of each and every supplier from whom the Defendant purchased digital cable television filters between January 1, 2002 and the present.

20. Identify name, address, number devices purchased, and phone number each and every person that received a digital cable television filter from Defendants between January 1, 2002 and the present.

21. Identify the address of each location from which the defendant coordinated the sale of digital cable television filters.

22. Identify each individual and entity that assisted the Defendants in the sale of digital cable television filters.

23. Identify the address of each location where the defendant received, stored, and shipped digital cable television filters.

## REQUESTS FOR DOCUMENT PRODUCTION

1. Copies of any and all websites or other advertisements on the Internet or other electronic media utilized by Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

2. Copies of all documents identified in response to Plaintiff's Interrogatory 6, including any and all records evidencing Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

3. Copies of all documents regarding, indicating or pertaining to the business organization of Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C., including any of the following documents: certificates of assumed names, certificate of business name filings, sales tax permits, d/b/a filings, certificates of incorporation and/or partnership agreements.

4. Copies of all documents, including balance sheets, ledgers, operating statements, financial statements (audited or unaudited) and any related worksheets, which relate, pertain to or concern or which either indicate or are representative of the revenues, profits and gains made from the operation of Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

5. Copies of all documents, including but not limited to customer invoices, purchase invoices, courier records, including but not limited to U.P.S. and/or Federal Express records, and sales invoices, regarding, indicating or pertaining to Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic

Imports, L.L.C. the transfer, trade, shipment or distribution of cable television converter-decoder devices and any related equipment from January 1, 2002 to the present.

6. Copies of all documents which relate or pertain to the revenues, profits and gains made by Defendant from the operation of Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C.

7. Copies of lease agreements, deeds, mortgage documents or other agreement(s) for Defendant's right to utilize and occupy any premises for the operation of Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. from 2002 to the present.

8. Copies of any and all documents Defendant intends to introduce as exhibits in the trial of this action.

9. Copies of any and all communications between Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. and plaintiff, its employees, agents, attorneys, and representatives.

10. Copies of any and all recordings that reflect, or relate to, any contacts and/or communication between the plaintiff, its employees, agents, attorneys, and representatives and the defendants.

Dated: Jericho, New York
April 25, 2005

**ATTORNEYS FOR PLAINTIFF**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**

By:____________________________
Shaun K. Hogan
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

**MILLER SCOTT & HOLBROOK**
Francis S. Holbrook, II
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**COXCOM, INC.**
**v. JON CHAFFEE, ET AL.**

**CERTIFICATE OF SERVICE**

I, **SUSAN A. WEINDLER**, an employee of the firm **LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.** attorneys for the Plaintiff, **Coxcom, Inc.**, in the above-entitled action, hereby certify under penalty of perjury that I caused a copy of the foregoing Plaintiff's First Request for Admissions, Interrogatories and Production of Documents, dated April 25, 2005, to be served on defendant Jon Chaffee ("defendant"), by causing a true and accurate copy thereof to be placed in a sealed envelope (Federal Express, billed to sender) and deposited in an official depository of Federal Express on April 25, 2005, addressed to the defendant's attorney at the address set forth below:

James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Susan A. Weindler