UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 107 S |

**PLAINTIFF'S SECOND REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR DOCUMENT PRODUCTION TO DEFENDANTS JON CHAFFEE, AMY CHAFFEE AND RAMALDA BOU**

**TO DEFENDANTS JON CHAFFEE, AMY CHAFFEE, and RAMALDA BOU:**

Plaintiff Coxcom, Inc. Cox Communication New England ("Cox" or "Plaintiff"), by and through undersigned counsel, hereby directs pursuant to Fed.R.Civ.P. 26, 33, 34 and 36, that Defendants Jon Chaffee, individually and/or doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C, Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports, respond to the following discovery requests:

## Definitions

1. Defendant as used in these requests shall refer to Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, and Chaffee International Electronic

Imports, L.L.C., Amy Chaffee, individually and d/b/a Electronic Imports, and Ramalda Bou, individually and d/b/a Electronic Imports.

2. The term "person" as used in these requests shall mean any individual, company, corporation, partnership, association, joint venture, business trust and any other form of legal entity.

3. The term "communication" as used in these requests shall mean and include any oral communication, electronic communication, written communication, memoranda, report, computer message, any record of any of the foregoing or any other medium by or in which information is transferred or memorialized.

4. The terms "and" and "or" as used in these requests shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and vice versa, as necessary to bring within the scope of these requests all documents and information which might otherwise be construed to be outside their scope.

5. The term "Court" as used in these requests shall mean the United States District Court for the District of Rhode Island.

6. The term "documents" means and includes, without limitation, all writings, drawings, graphs, charts, photographs, phonorecords and other data compilations from which information can be obtained or translated into reasonably usable form, which contain or constitute matters within the scope of Rule 26 (b) of the Federal Rules of Civil Procedure or Rule 1001 of the Federal Rules of Evidence. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" also includes correspondence, letters, contracts, videotapes, microfilm, computer tapes, computer discs, computer printouts and computer programs.

## Instructions

These instructions are made applicable to all of the following requests:

1. Unless otherwise specified, the time frame of these requests shall be from January 1, 2002 to the date when Defendants serve responses to these requests.

2. In responding to these requests, Defendants are requested to furnish all documents and information available to Defendants, i.e., in their possession, custody or control regardless of whether these documents are possessed directly by Defendants or their agents, employees, representatives, investigators, or by any of their attorneys or agents, employees, representatives, or investigators of their attorneys, or by any other professionals retained by or on behalf of Defendants or their attorneys, including physicians.

3. If any document responsive to Plaintiff's requests for document production cannot be produced in full, Defendants are requested to produce them to the fullest extent possible, specifying clearly the reasons for Defendants' inability to produce the remainder of responsive documents and stating whatever information, knowledge or belief Defendants have concerning the present location and/or custodian of said documents and whatever information and knowledge Defendants have concerning the non-produced portion.

4. If any response to the Plaintiff's requests is objected to on the grounds of assertion and/or claim of any privilege, then the Defendants are directed to:

(a) identify all responsive documents by their title, subject matter, author or preparer and date, and

(b) the nature of the privilege.

5. It is requested that where documents are produced to Plaintiff's attorneys for review and selection, either the documents be produced in their original folders(s) or files(s), or that the sources of the documents be set forth with specificity, including the titles of the files or folders from which the documents came, the normal custodian thereof and the person(s) who prepared the file(s) or folder(s).

6. Defendants have the duty to supplement their responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

7. These requests are propounded to each defendant individually. As such, each defendant must fully comply, and each response must, where appropriate, distinguish between the position of each defendant if those positions differ. Absent such a distinction in the response, plaintiff will assume that all defendants respond identically.

## INTERROGATORIES

1. Identify with specificity (name, address, phone number, title [if any]) all witnesses to all facts alleged in Defendants' Second Amended Counterclaim, including with respect to all witnesses regarding the events of March 11, 2005 (whether occurring at the Chaffee residence, or at 1360 Mineral Spring Avenue in North Providence), the conversations between defendant Jon Chaffee and Lou Marcoux on March 13, 2005 and March 18, 2005, and the subsequent conversation between Chaffee and Marcoux identified in ¶ 5 of the Second Amended Counterclaim as having taken place "A few days before the hearing scheduled for March 22, 2005," as well as specifying which persons are witnesses to which particular events, conversations, or other events comprising defendants' damages claims, as alleged in the Second Amended Complaint.

2. Identify all physicians, nurses, physicians' assistants, physical or occupational therapists, psychologists, counselors, social workers, other therapists, and any and all hospitals, clinics, facilities, nursing homes, rehabilitative facilities, or other entities or locations regarding the alleged injuries suffered by the defendants, as well as all physicians, nurses, physicians' assistants, physical or occupational therapists, psychologists, counselors, social workers, other therapists, and any and all hospitals, clinics, facilities, nursing homes, rehabilitative facilities, or other entities or locations that had provided treatment to any of the Defendants during the three year period up to and including March 11, 2005, and the dates of, and nature of, all diagnoses, examinations, tests, procedures, therapies, prescriptions, medicines, or other treatments.

3. Identify all neighbors, employees or employers whom defendants have alleged are aware of the events of March 11, 2005 and/or of the existence of Cox's claims against the defendants, and those whom defendants believe are aware of the events of March 11, 2005 and/or the existence of Cox's claims against the defendants, as alleged in ¶¶ 6, 7, and 9 of the Second Amended Counterclaim.

**REQUESTS FOR DOCUMENT PRODUCTION**

1. Copies of any and all documents or communications, including audio or video tapes, CDs, DVDs, cassette tapes or other recording media pertaining to the events alleged in the Second Amended Counterclaim.

2. Copies of all medical records and all records regarding consultation by any Defendant, and for the child of defendants Jon Chaffee and Amy Chaffee, as well as for with mental health professionals such as psychologists, counselors, social workers, other therapists, and any and all hospitals, clinics, facilities, nursing homes, rehabilitative facilities, or other entities or

locations, regarding any diagnoses, examinations, tests, treatments, procedures, therapies, prescriptions, medicines, or other treatments, and results, for the period from March 11, 2002 to the present. These documents must include, but should not be limited to those of St. Ann's Hospital and Dr. Geoffrey Hamilton, M.D., with respect to defendant Jon Chaffee, from March of 2005, as well as all results of the stress test referred to in ¶ 6 of the Second Amended Counterclaim.

3. All personnel records, work files, pay information, job history documents, employment evaluations, performance reviews, productivity assessments, and related items pertaining to each of the Defendants from March 11, 2002 to the present, including documents identifying by name, address, and telephone number those persons responsible for supervising or otherwise conducting evaluations or reviews of Defendants.

4. All documents pertaining to the claims asserted in the civil suit between defendant Jon Chaffee and the "two girls" identified in ¶ 1 of the Second Amended Counterclaim.

5. All documents, including but not limited to personnel records, work files, pay information, job history documents, employment evaluations, performance reviews, productivity assessments, and related items pertaining to defendant Jon Chaffee's alleged increases in mistakes made at work as alleged in ¶ 6 of the Second Amended Counterclaim, including documents identifying by name, address, and telephone number those persons responsible for supervising or otherwise conducting evaluations or reviews of Defendants.

6. All documents, including but not limited to, personnel records, work files, pay information, job history documents, employment evaluations, performance reviews, productivity assessments, and related items pertaining to defendant Jon Chaffee's alleged decreases in work production and efficiency as alleged in ¶ 6 of the Second Amended

Counterclaim, including documents identifying by name, address, and telephone number those persons responsible for supervising or otherwise conducting evaluations or reviews of Defendants.

7. All documents, including but not limited to, personnel records, work files, pay information, job history documents, employment evaluations, performance reviews, productivity assessments, and related items, as well as any documents of the type identified in Document Request No. 2, pertaining to defendant Jon Chaffee's alleged inability to travel and visit accounts since March 11, 2005 as alleged in ¶ 6 of the Second Amended Counterclaim, including documents identifying by name, address, and telephone number those persons responsible for supervising or otherwise conducting evaluations or reviews of Defendants. These documents should also include any letters, e-mails, memoranda and other documents reflecting that Jon Chaffee refused to take business trips as directed by his employer.

8. All documents pertaining to defendant Jon Chaffee's alleged perfect credit until March 11, 2005 as alleged in ¶ 6 of the Second Amended Counterclaim

9. All documents pertaining to defendant Amy Chaffee's maid service business, including those such as invoices, payment records, income statements, banking records, and federal and state tax returns reflecting its revenues for the year prior to and all times subsequent to March 11, 2005.

10. All documents reflecting defendants Jon and Amy Chaffee's inability to borrow against their stock accounts, margin calls with respect to the account, and losses resulting therefrom as alleged in ¶ 8 of the Second Amended Counterclaim.

11. All documents reflecting defendants Jon and Amy Chaffee's inability to obtain statements from Price Waterhouse regarding the value of their stock accounts, as alleged in ¶ 8 of the Second Amended Counterclaim.

12. All documents reflecting defendant Ramalda Bou's inability to receive payment with respect to the child support checks she has received since March of 2005, copies of all such checks, and all documents reflecting that those checks remain unpaid, as alleged in ¶ 9 of the Second Amended Counterclaim.

13. All documents reflecting that defendants have suffered severe emotional distress as a result of the events alleged in the Second Amended Counterclaim ¶ 11.

14. All documents reflecting that defendants have suffered lost earnings and earning capacity as a result of the events alleged in the Second Amended Counterclaim ¶ 11.

15. All documents reflecting that defendants have suffered other recoverable damages as a result of the events alleged in the Second Amended Counterclaim ¶ 11.

## REQUESTS FOR ADMISSION

1. Admit that, apart from amounts received from Electronic Imports Inc. and/or Chaffee International directly or indirectly from the sale of digital cable television filters, defendants have not suffered any loss of income from other sources since March 11, 2005.

2. Admit that, apart from amounts received from Electronic Imports Inc. and/or Chaffee International directly or indirectly from the sale of digital cable television filters, defendants have not suffered any loss of income from other sources since March 11, 2005 than

can be attributed to Cox's assertion of claims against them, including the events of March 11, 2005.

3. Admit that defendant Bou performed services for defendants Jon Chaffee, Amy Chaffee, Electronic Imports Inc. and/or Chaffee Internations with respect to the sale of digital cable television filters.

4. Admit that Defendants have not requested a modification of the asset freeze portion of the Temporary Restraining Order entered in this action.

5. Admit that Defendants have not requested a modification of the asset freeze portion of the Preliminary Injunction entered in this action.

Dated: Jericho, New York
July 6, 2005

**ATTORNEYS FOR PLAINTIFF**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**

By: ______________________
Shaun K. Hogan
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

**MILLER SCOTT & HOLBROOK**
Francis S. Holbrook, II
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**COXCOM, INC d/b/a COX COMMUNICATIONS NEW ENGLAND v. JON CHAFFEE individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS**

**CERTIFICATE OF SERVICE**

I, **LAURA CHIQUES**, an employee of the firm **LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**, attorneys for the Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, in the above-entitled action, hereby certify under penalty of perjury that I caused a copy of the foregoing Plaintiff's Second Request for Admissions, Interrogatories and Requests for Documents Production to Defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, to be served upon James A. Currier (hereinafter attorney for defendant), by causing a true and accurate copy thereof to be sent via fax (401-274-3115), and then placed in a sealed envelope, (first class mail) and deposited in an official depository for the United States Postal Service on, July 6, 2005 addressed to the defendants attorney at the address set forth below:

James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Laura Chiques
Laura Chiques