UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**OBJECTION TO MOTION TO COMPEL**

Now come the defendants Jon Chaffee, Amy Chaffee and Ramalda Bou and object to plaintiffs' motion to compel dated August 8, 2005.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 16th day of August, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. and Shaun K. Hogan, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT**

**OF**

**OBJECTION TO MOTION TO COMPEL**

**ARGUMENT:**

In an attempt at simplicity, defendants' herein respond to the numbered paragraphs as they appear in plaintiffs motion.

6. As the Court well knows, this Distict Court has not adopted in full, the Disclosure provisions of Rule 26 (a) F.R.C.P. On April 12, 2005 there was a Pretrial conference from which emanated a Pretrial Order entered on that date. It is submitted that defendants' have complied with that order to date.

8 a. Rule 36 seems to clearly state and has been construed as meaning that any Request for Admission not responded to is "deemed" admitted. It would seem superfluous, a waste of clerical time and possibly "over lawyering" to have to make unnecessary responses. As to Request 34, defendants gratuitously corrected plaintiff's repeated incorrect naming of the LLC in question. The inclusion of 34 in the denial paragraph, obviously a clerical error, is nevertheless

negated by the aforesaid response.

8 c. Plaintiff apparently overlooked defendants' response. (Tab B)

9 b. Again, the deemed admitted construction of Rule 36 is applicable here.

9 c. Defendants have preserved their objection to Request 4 of Plaintiff's Second Set of Requests for Documents. The papers of the case referred to are public documents and available to plaintiff. Moreover, plaintiff makes no argument as to why anything pertaining to that case is discoverable in this case. As the Court well knows, discovery is not supposed to be a fishing expedition.

Defendants have also preserved their objection to Request 9 of Plaintiff's Second Set of Requests for Documents. It is ironic that plaintiff's, after seizing and apparently, downloading all the information contained in the computers used in both of defendants' businesses, make the unsupported allegation of comingling of funds. All the financial information as to the businesses is in the computers. It is also clear from the depositions taken; that plaintiff knew the identity of defendants' financial institutions long before defendants answered the interrogatories as to same.

10. Plaintiff apparently ignores the information on the computers and the testimony of those who sold the filters as to how records were kept. It apparently also overlooked the list of purchases previously produced (Tab C)

11. Plaintiff knows full well that all the information referred to was obtained as set forth in 10.

12 a. In addition to that set forth above in 10 and 11, defendant can not produce what does not exist.

b. In addition to that set forth above in 10 and 11, defendant can not produce what does not exist.

c. Ms. Bou had her sole bank account frozen which contained less than $200.00, has answered an interrogatory as to same and has testifed at deposition that she is a single mother who now relies on welfare and $46.00 per month child support to care for herself and her three children.

**CONCLUSION:**

Defendants' have responded to two sets of Interrogatories, two sets of Requests for Admissions, one set of Requests for Production of Documents and have been deposed at length. They are also in the process of responding to a second set of Requests for Production of Documents served July 6, 2005.

Moreover, by agreement of counsel, the depositions may be reconvened following review of the latter.

The motion should be denied.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

## CERTIFICATION

I hereby certify that on the 16th day of August, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. and Shaun K. Hogan, Esq.