**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | ORIGINAL |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in opposition to Defendants' Motion to Compel the deposition of a CoxCom witness designated under Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Motion").[1]

## I.

## INTRODUCTION

Defendants' request to compel the deposition of a "most knowledgeable" Rule 30(b)(6) CoxCom designee should be denied. Under Rule 30(b)(6), CoxCom is not required to produce the person "most knowledgeable" of the lawsuit or the subjects set forth in Defendants' Notice of Deposition. In fact, it is well-settled that CoxCom may choose the representative of its liking so long as that person is prepared to testify as to CoxCom's collective knowledge of the subject matter.

In a good faith attempt to resolve this issue, CoxCom agreed to produce, as its Rule 30(b)(6) designee, CoxCom security supervisor, Mark Matteo. See Affirmation of Shaun K. Hogan (hereinafter "Hogan Aff.") at ¶ 5. Defendants refused to accept the CoxCom designee, who was already deposed in his individual capacity by Defendants on July 7, 2005. See id. The transcript of Mr. Matteo's deposition reveals he is knowledgeable about CoxCom's operations and he capably and sufficiently testified concerning the subjects specified in Defendants' Notice. See id.; Exhibit A. Inexplicably however, Defendants maintain Mr. Matteo is not a satisfactory Rule 30(b)(6) witness. Such a position cannot be sustained. First, there is no rule that a party cannot designate an individual fact witness as a Rule 30(b)(6) witness for the corporation. Second, Defendants'

1 Defendants' Motion does not contain the "good faith" certification required by the District Court's Civil Justice Expense and Delay Reduction Plan (Appendix B-1) at Section II.

unexplained refusal to accept CoxCom's offer to designate Mr. Matteo as its Rule 30(b)(6) witness only further evidences their bad-faith litigation tactics.[2]

Quite simply, Defendants' refusal to accept Mr. Matteo as CoxCom's Rule 30(b)(6) witness is wholly without merit. Therefore, and for the reasons set forth herein, Defendants' Motion seeking a deposition of the "most knowledgeable" designee of their choice should be denied.

## II.

## ARGUMENT

### A.

### COXCOM'S FEDERAL RULE 30(b)(6) WITNESS NEED NOT BE "MOST KNOWLEDGEABLE," BUT PREPARED TO TESTIFY AS TO COXCOM'S COLLECTIVE KNOWLEDGE

Rule 30(b)(6) witnesses testify as to the knowledge of the corporation and its opinions of documents and events. See U.S. v. Taylor, 166 F.R.D. 356, 360 (M.D.N.C. 1996). In order to fulfill its Rule 30(b)(6) obligation, a corporation must provide at deposition a person adequately prepared to testify to the topics specified by the Defendants' Rule 30(b)(6) Notice. Specifically, as it relates to the instant action, it is well settled that CoxCom "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36 (D.Mass. 2001), quoting Mitsui & Co. v. Puerto

2. The present Motion is only the most recent example of Defendants' serial violations of the Local and Federal Rules of Civil Procedure. In fact, Defendants have filed seven, mostly baseless motions, including the instant motion, only one of which was granted in any respect. For instance, on July 14, 2005, Defendants filed a motion to release the Court-ordered asset restraint. The claim for relief in that motion was so vague CoxCom was left to surmise in its opposition papers whether Defendants sought an outright release of the assets or, merely, the transfer of the funds held in a TD Waterhouse account to a safer investment vehicle that would remain subject to the asset restraint. CoxCom agreed in its opposition to the latter relief. Defendants refused to accept CoxCom's compromise and forced the Court to hold oral arguments on August 8, 2005. However, incredibly, after appearing before the Court for oral argument, Defendants' counsel proposed the same exact relief CoxCom had originally offered in its opposition to the motion. Defendants'

Rico Water Resources Authority, 93 F.R.D. 62, 67 (D.C.P.R. 1981); see also FDIC v. Butcher, 116 F.R.D. 196, 199 (E.D.Tenn. 1986) (holding that a corporation must make a good-faith effort to designate persons having knowledge of the matter sought and to prepare those persons); Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 128 (M.D.N.C. 1989) (recognizing that Rule 30(b)(6) requires a corporation not only to produce persons to testify with respect to the designated matters, but also to prepare them so that they may give complete, knowledgeable, and binding answers on behalf of the corporation).

Significantly, there is no requirement that CoxCom provide the "most knowledgeable" person to testify on behalf of the corporation. See Rodriguez v. Pataki, 293 F. Supp.2d 305, 310-311 (S.D.N.Y. 2003) (notwithstanding the wording of the Rule 30(b)(6) notice demanding the person "most knowledgeable", "it is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party"); see also Gucci Am., Inc. v. Exclusive Imports Int'l., No. 99 Civ. 11490, 2002 WL 1870293, at *8-*9 (S.D.N.Y. Aug. 13, 2002) (Rule 30(b)(6) witness need not be the most knowledgeable); Cruz v. Coach Stores, Inc., No. 96 Civ. 8099, 1998 WL 812045, at *6 (S.D.N.Y. Nov. 18, 1998) ("Rule 30(b)(6) does not require a party to produce someone who is 'most knowledgeable' but only someone whose testimony is binding on the party."), aff'd in part, vacated in part on other grounds, 202 F.3d 560 (2d Cir. 2000); Cummings v. General Motors Corp., No. 00-1562-W, 2002 WL 32713320, at *2-3 (W.D.Okla. June 18, 2002).

Nor are Defendants permitted, if displeased with the CoxCom's designee, to identify the Rule 30(b)(6) witness they wish to depose. See In re Air Crash Disaster at Detroit Metropolitan

conduct in this regard needlessly and unnecessarily increased the cost of this litigation.

Airport on August 16, 1987, 130 F.R.D. 627 (E.D.Mich. 1989) (noting the burden is upon the deponent corporation to identify and produce a deponent qualified to testify under Rule 30(b)(6)). Binding a corporation by the testimony of a person whom the Defendants deem "most knowledgeable," but who is not the corporation's chosen selection as its representative, has serious liability implications and therefore must not be permitted. In order to comply with Rule 30(b)(6), CoxCom need only adhere to the witness requirements therein.

Thus, as CoxCom intends to provide a Rule 30(b)(6) witness, sufficiently prepared to testify about the items contained in Defendants' Notice, it is not required to provide a person whom Defendants determine to be "most knowledgeable."

## B.

## COXCOM MAY DESIGNATE A FACT WITNESS AS ITS FEDERAL RULE 30(b)(6) WITNESS

While a Rule 30(b)(6) witness' testimony binds a corporation by its answers, a fact witness binds only himself. However, there is no authority that precludes a corporation from designating a previously deposed fact witness as its Rule 30(b)(6) witness. See Hilton Hotels Corp. v. Dunnet, No. 00-2852-GV, 2002 WL 1482543 at *2 (W.D.Tenn. Mar. 15, 2002) (court holds "a person can be both a fact witness and a 30(b)(6) witness"). In fact, CoxCom could request the Court deem Mr. Matteo's fact witness testimony as CoxCom's Rule 30(b)(6) testimony as well. In Novartis Pharmaceuticals Corp. v. Abbott Laboratories, 203 F.R.D. 159 (D.Del. 2001) the court did not compel a deposition of a witness as defendant's corporate designee where the witness had already been deposed in an individual capacity, and the defendant offered to be bound by the prior testimony of the witness. Moreover, the plaintiff had obtained over 80 pages of testimony from witness and another deposition would have been cumulative. See id. In the present case, Defendants obtained over fifty (50) pages of testimony from Mr. Matteo. However, in the interest

of good-faith discovery practice and judicial economy, CoxCom has agreed to the limited re-deposition of Mr. Matteo as a Rule 30(b)(6) designee.

Defendants' Notice seeks testimony from CoxCom about: (1) CoxCom's billing practices as to pay-per-view programming; (2) CoxCom's ability to monitor pay-per-view purchases and billing accuracy; (3) what occurs if CoxCom suspects the pay-per-view purchases and customers' billing accounts are inconsistent; (4) the manner in which CoxCom monitors customer's "cable-boxes" to determine pay-per-view purchases; and (5) the manner, purpose and results in which "filters" are used. See Defendants' Notice of Rule 30(b)(6) Deposition.

In fact, Mr. Matteo has already addressed and demonstrated a depth of knowledge of the subject matter identified in Defendants' Notice. Mr. Matteo has been employed in the cable industry for ten (10) years, the last five as a supervisor in the security department of CoxCom. See Exhibit B, p. 5. During those years, he has been involved in a dozen investigations regarding digital cable filters. Id. at 8. He testified about the emergence of digital filters in the marketplace and how they are used and the result of such use. Id. 10-13. Mr. Matteo also answered with clarity, questions about the capabilities of "converters" or "cable-boxes." Id. 13-19. Finally, Mr. Matteo testified about digital filters and their ability to circumvent CoxCom's security and billing protocols in relation to pay-per-view programs and CoxCom's inability to monitor the use of such equipment. Id. 52-54.

It is clear Mr. Matteo is qualified to testify as CoxCom's Rule 30(b)(6) representative. Moreover, there is no indication from his testimony that Mr. Matteo could not sufficiently answer all matters set forth in Defendants' Notice, nor have the Defendants identified any basis for so asserting. In fact, if Defendants' counsel had even bothered to ask Mr. Matteo these questions; or he had previously noticed a Rule 30(b)(6) witness before conducting the depositions of six CoxCom

employees, this entire issue and motion could have been avoided. There is no rule or case-law cited in Defendants' Motion that supports their position that they can object to a Rule 30(b)(6) designee prior to that person being deposed. See FED.R.CIV.P. 30(b)(6) (corporation named in a Rule 30(b)(6) notice "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf"). Consequently, as discussed *infra*, this is simply another in a long line of baseless motions made by Defendants.

III.

## CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court deny Defendants' Motion compelling the deposition of a Rule 30(b)(6) witness with the "most knowledge." In the alternative, the Court should permit the deposition of Mr. Matteo as a Rule 30(b)(6) representative of CoxCom. Additionally CoxCom respectfully requests that the Court issue a Rule 26(c) order that would limit the scope of the deposition to only questions regarding the areas of inquiry identified in Defendants' Notice. Finally, CoxCom respectfully requests that the Court award its reasonable attorneys' fees and costs incurred in defending this Motion.

Dated: Jericho, New York
August 12, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: [signature]

Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 16, 2005

MILLER, SCOTT & HOLBROOK

By: [signature]

Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN OPPOSITION TO DEFENDANTS' <u>MOTION TO COMPEL</u>** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated. I submit this Affirmation in opposition to Defendants' Motion to Compel the deposition of a CoxCom witness designated under Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Motion").

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On or about August 4, 2005, Defendants served a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of a CoxCom representative "most knowledgeable" with: (1) CoxCom's billing practices as to pay-per-view programming; (2) CoxCom's ability to monitor pay-per-view purchases and the billing accuracy; (3) what occurs if CoxCom suspects the pay-per-view purchases and customers' billing accounts are inconsistent; (4) manner in which CoxCom monitors customer's "cable-boxes" to determine pay-per-view purchases; and (5) the manner, purpose and results in which "filters" are used. See Defendants' Notice of Rule 30(b)(6) Deposition.

4. In response to Defendants Notice, CoxCom served on Defendants a letter which set forth its initial objections to the Notice (letter dated August 4, 2005, annexed hereto as Exhibit A).

5. In accordance with the District Court's Civil Justice Expense and Delay Reduction Plan (Appendix B-1) at Section II, Plaintiff's counsel conferred with Defendants' counsel in a good-faith attempt to resolve this matter without having to respond to another of the Defendants' seven (7) motions. CoxCom agreed to provide for deposition, as a Rule 30(b)(6) designee, CoxCom security supervisor, Mark Matteo, who was previously deposed on July 7, 2005 (copy of deposition transcript of Mr. Matteo annexed hereto as Exhibit B). However, without legal authority to do so, Defendants stated they would not accept Mr. Matteo as a Rule 30(b)(6) witness.

**WHEREFORE,** Plaintiff seeks a Court order, (1) denying Defendants' Motion compelling the deposition of a Rule 30(b)(6) witness with the "most knowledge"; (2) in the alternative, the Court permit the deposition of Mr. Matteo as a Rule 30(b)(6) representative of CoxCom.; (3) Court issue a Rule 26(c) order which would limit the scope of the deposition to only questions regarding the areas of inquiry identified in Defendants' Notice; and (4) award CoxCom its reasonable costs and attorneys' fees incurred in defending this Motion.

Dated: Jericho, New York
August 2, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 16, 2005

MILLER, SCOTT & HOLBROOK

By:______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113