**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| | ) | **NOTICE OF MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37(a)** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **ORIGINAL** |
| **Defendants.** | ) | |

**PLEASE TAKE NOTICE** that plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott and Holbrook, will move this Court on the ______ day of September 2005, at 10:00 a.m., for an Order: (1) pursuant to Rule 37(a)(2)(B) reconvening the deposition of Defendant Ramalda Bou to compel answers to questions regarding whether she made false statements under oath and/or submitted false instruments in connection with her divorce proceedings in the State of New Jersey and any reasonable follow up questions; and (2) sanction the Defendants and award CoxCom's costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and CoxCom's attorneys' fees in connection with the continued deposition and preparing the instant Motion.

Dated: Jericho, New York
August 25, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 29, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113

I hereby certify that I mailed a true and accurate copy of this Notice and memorandum to the above person on 8/29/05.

______________________
Francis S. Holbrook

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT RAMALDA BOU <u>TO ANSWER POSED DEPOSITION QUESTIONS</u>**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in support of CoxCom's Motion to Compel pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure (the "Motion"), seeking an order reconvening the deposition of Defendant Ramalda Bou to compel answers to questions regarding whether she made false statements under oath and/or submitted false instruments in connection with her divorce proceedings in the State of New Jersey and any reasonable follow up questions; sanction the Defendants and award CoxCom's costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and CoxCom's attorneys' fees incurred in connection with the continued deposition and preparing the instant Motion.

# I.

# INTRODUCTION

On August 9, 2005, CoxCom conducted the deposition of Defendant Ramalda Bou. See Affirmation of Shaun K. Hogan (hereinafter "Hogan Aff.") at ¶¶ 3-6. During the deposition, CoxCom's counsel attempted to question Bou regarding the possibility that she committed perjury in a recent court proceeding in the State of New Jersey. Bou testified, that she and her former spouse were granted a divorce through the courts of New Jersey. However, she also stated they both were residents of the State of Rhode Island and they had never lived in New Jersey. In fact, she indicated that she had only visited New Jersey and was planning to relocate there in the future. Moreover, in order to establish residency for the divorce proceeding, she used her fiancé's New Jersey residence. See Exhibit A, Tr. at 20-26. Thus, it is not clear as to what the basis of jurisdiction the courts of New Jersey had over Bou's divorce. If Bou has in fact made material

misrepresentations to the courts of New Jersey in order to establish the court's jurisdiction over her divorce, this line of questioning is particularly relevant as to her credibility, willingness to lie in a legal proceeding and to file false instruments with a court.

Despite the indisputable relevance of this line of questioning, Defendants' counsel gave inappropriate instructions to Bou that she not answer those questions and made improper general objections. The following demonstrates the impropriety of counsel's instructions not to answer:

> Mr. Hogan: But you weren't living with your fiancé in New Jersey?
>
> Ms. Bou: Stayed a couple of times.
>
> Mr. Hogan: Did you sign any paperwork in connection with that divorce in which you were represented that you were a resident in the State of New Jersey?
>
> Ms. Bou: I think so.
>
> Mr. Hogan: And staying with your fiancé a couple of times is a little different. Well, you were never a resident of the State of New Jersey, correct?
>
> Ms. Bou: No.
>
> Mr. Hogan: So, in these papers you submitted to a court you stated that you were a resident in the State of New Jersey, correct?
>
> Ms. Bou: Yes.
>
> Mr. Hogan: And those were false statements made to a court, correct?
>
> Mr. Currier: Objection. Don't answer that question.
>
> Mr. Hogan: Are you directing her to take the Fifth?
>
> Mr. Currier: I'm directing her not to answer that question.
>
> Mr. Hogan: On what grounds?
>
> Mr. Currier: On the Rules of Civil Procedure.

Mr. Hogan: Federal Rules only recognize one basis.

Mr. Currier: Well, I'm not going to argue the rules. The record is clear. Next question.

See Exhibit A, Tr. at 22-23.

Mr. Hogan: Do you understand that it is a crime to submit a false affidavit to a court?

Mr. Currier: Objection. Don't answer that question.

See Exhibit A, Tr. at 25.

Mr. Hogan: Okay. I believe I've completed the questions. We've got an outstanding issue regarding a motion to compel on whether or not she [Bou] should be required to answer the questions as to whether she submitted a false affidavit in connection with the New Jersey divorce proceeding. Similar question along the same vein which was, did she make false statements. Let me ask this on the record. Did you make any false statements under oath in connection with the New Jersey divorce proceeding that you previously referenced?

Mr. Currier: I would instruct you not to answer.

Mr. Hogan: And you are not citing any privileges, you're just directing her not to answer?

Mr. Currier: I'm citing the Federal Rules of Procedure. I'm referring to the Federal Rules.

See Exhibit A, Tr. at 92-93.

Defendants' counsel did not identify any permissible privilege that would support her refusal to answer, even when given the opportunity to assert the Fifth Amendment privilege. Moreover, Defendants' counsel provided absolutely no specific basis for objecting, other than to arbitrarily state they were somehow based upon the "Federal Rules." Finally, even if Defendants now attempt to specify an objection (of course an objection they never brought forth at the deposition) that the instruction was to avoid the harassment of his client, the proper procedure was

to adjourn the deposition and file a motion. Defendants have never filed such a motion for a protective order.

Thus, it is respectfully submitted that the Court should issue an order reconvening the deposition of Ramalda Bou to compel her to answer to questions regarding her divorce proceedings, and grant sanctions, costs and fees in having to make this Motion and depose Bou.

## II.

## ARGUMENT

### A.

### DIRECTIONS TO WITNESS NOT TO ANSWER DEPOSITION QUESTIONS IS IMPROPER

In order to limit the nuisance caused by an attorney intent on disrupting a deposition, the framers of Federal Rules very simply and very specifically, limited the ability of attorneys to frequently interrupt and even halt the depositions with directions not to answer or objections. Such improper conduct can only "obscure or alter the facts of the case and consequently frustrate the entire civil justice system's attempt to find the truth." United States v. Kattar, 191 F.R.D. 33, 38 (D.N.H. 1999), quoting Damaj v. Farmers Inc. Co., 164 F.R.D. 559, 560 (N.D.Okl. 1995). During the deposition of Ramalda Bou, Defendants' counsel gave wholly improper instructions for her not to answer questions about her divorce proceedings and buttressed those directions with prohibited objections. It is well settled law with regard to what objections and directions may be given during the course of a deposition. A deponent may be instructed not to answer "only when necessary to preserve a privilege," or to enforce a limitation on evidence directed by the court. FED.R.CIV.P 30(d)(1). If a party withholds testimony based upon a privilege, "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in an manner that, without revealing the information itself privileged or protected, will

enable the other parties to assess the applicability of the privilege or protection." FED.R.CIV.P. 26(b)(5).

Moreover, under Rule 30(c), all objections made at the time of the deposition should be noticed, but the "examination shall proceed, with the testimony being taken subject to the objections." FED.R.CIV.P 30(c). If there is an objection to be made, it is to be "stated concisely and in a non-argumentative and non-suggestive manner." FED.R.CIV.P 30(d)(1).

If in the alternative, the witness is seeking protection from an examination "being conducted in bad faith or in such manner as to annoy, embarrass, or oppress the deponent or party," it is required counsel suspend the deposition and the file of a motion under Rule 30(d)(3). FED.R.CIV.P 30(d)(4).

A review of the transcript of Bou's deposition, along with the circumstances surrounding CoxCom's line of questioning about her divorce (i.e., the credibility of the witness who it appears may have given fictitious testimony and filed false instruments with a court) reveals the relevance of the questions and the serious implications of defense counsel's directions to Bou not to answer. Inquiries concerning Bou's divorce proceeding is directly linked to her credibility as a witness. There can be no dispute that the credibility of a witness is of paramount relevance in any legal proceeding. See Forbes v. Rhode Island Broth. of Correctional Officers, 923 F. Supp. 315, 324 (D.R.I. 1996), quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 928 (1st Cir. 1983) ("jury judgments about credibility are typically thought to be of special importance."). The relevance of the nature of Bou's divorce proceeding is not diminished by the fact that it is not the crux of the subject matter in the instant action. Instead, it is well settled that information about the credibility of a witness is relevant "even if the information sought is not directly related to the subject matter of the underlying litigation." Cabana v. Forcier, 200 F.R.D. 9, 17 (D.Mass. 2001).

Counsel's ultimate instructions not to answer and non-detailed objections are completely improper and unnecessarily prolonged the deposition.[1] See Id. (instruction to witness not to answer questions about prior litigation testimony improper as they were "clearly relevant to the [ ] suit and therefore discoverable"); see also Kattar, 191 F.R.D. at 38 (D.N.H. 1999) (court orders the depositions to be reconvened because counsel repeatedly told witnesses not to answer questions on grounds not appropriate under Rule 30); McDonough v. Keniston, 188 F.R.D. 22 (D.N.H. 1998); Morales v. Zondo, 204 F.R.D. 50 (S.D.N.Y. 2001). Defendants' counsel's limitations on CoxCom's examination of Bou essentially excluded relevant and important evidence showing her lack of credibility. Thus, CoxCom should be given the opportunity to reexamine Bou on the subject.

**1. Defendants' Behavior Constitutes the Type of Frivolous Delay of Discovery the Federal Rules were Designed to Prevent, Thus is Sanctionable**

Defendants' have continually engaged in textbook examples of bad faith discovery practices including, but certainly not limited to, their failure to provide their Rule 26(a) initial disclosures; refusing to accept CoxCom's Rule 30(b)(6) designee; and failure to respond to Plaintiff's Rule 36 Requests for Admissions. Their latest transgression should not go without notice or sanction. Under Rule 30, a court may award sanctions, costs and attorneys' fees for conduct that the court determines has "frustrated the fair examination of the deponent." FED.R.CIV.P 30(d)(3); see also FED.R.CIV.P 37(a) (permitting granting of fees and costs to prevailing party in making a motion to compel).[2] In addition, to granting a continued deposition of Bou, CoxCom respectfully requests

1 Moreover, in the present case, Defendants' counsel's failure to state a proper privilege or objection is even more egregious in light of the fact under similar questioning of one of Bou's co-Defendants, he had his client assert her Fifth Amendment privilege. Specifically, during Amy Chaffee's deposition, she was asked whether she submitted a false affidavit to this Court. Counsel directed Amy Chaffee not to answer based upon her Fifth Amendment privilege rights. See Exhibit B, Tr. at 67-68. Undeniably, it appears Defendants' counsel's direction to Bou not to answer questions about similar conduct was meant to frustrate CoxCom's ability to conduct an effective deposition.

2. Courts also have at their disposal, two other powers to sanction. First, under 28 U.S.C. § 1927, sanctions may be

that the Court sanction Defendants and award CoxCom its costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and their attorneys' fees incurred in connection with the continued deposition and preparing this Motion. See McDonough v. Keniston, 188 F.R.D. 22 (D.N.H. 1998), see also Cabana, 200 F.R.D. at 17-18, 25-26 (court awards fees and costs wherein counsel instructed witness not to answer questions about involvement in other litigation because it "constitut[ed] the kind of frivolous delay of discovery that Rule 37 was designed to prevent"); see also Kattar, 191 F.R.D. at 39 (court concluded attorney's conduct, including directing witness not to answer questions at deposition, had frustrated the fair examination such that it granted reasonable costs and attorney's fees incurred in re-deposing any witnesses and those costs and fees are to be borne by the attorney personally).

Therefore, in light of Defendants' conduct, Defendants should be sanctioned and CoxCom respectfully requests the Court award its costs and attorneys' fees.

---

imposed on any attorney "who so multiplies the proceedings in any case to increase costs unreasonably and vexatiously." 28 U.S.C. § 1927. The Court also has inherent power to sanction an attorney, "a power born of the practical necessity that courts be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Revson v. Cinque & Cinque, 221 F.3d 71, 78 (2d Cir. 2000) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed.2d 27 (1991)). "Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id.; see also Morales v. Zondo, 204 F.R.D. 50, 54-58 (S.D.N.Y. 2001).

**III.**

**CONCLUSION**

Pursuant to the foregoing, CoxCom respectfully requests the Court issue an order reconvening the deposition of Ramalda Bou to compel answers to questions regarding whether she made false statements under oath and/or submitted false instruments in connection with her divorce proceedings in the State of New Jersey and any reasonable follow up questions; and that sanctions Defendants and awards costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and CoxCom's attorneys' fees incurred in connection with the continued deposition and preparing the instant Motion.

Dated: Jericho, New York
August 25, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
August 29, 2005

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S <u>MOTION TO COMPEL</u>** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated. I submit this Affirmation in support of Plaintiff's Motion seeking an Order: (1) pursuant to Rule 37(a)(2)(B) reconvening the deposition of Defendant Ramalda Bou to compel answers to questions regarding whether she made false statements under oath and/or submitted false instruments in connection with her divorce proceedings in the State of New Jersey and any reasonable follow up questions; and (2) sanction the Defendants and award CoxCom's costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and CoxCom's attorneys' fees in connection with the continued deposition and preparing the instant Motion.

## Background

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

## Deposition of Ramalda Bou

3. On August 9, 2005, CoxCom conducted the deposition of Defendant Ramalda Bou. During the deposition, Bou gave testimony about her marriage that was dissolved in a divorce proceeding in the State of New Jersey. Interestingly, Bou had testified, she and her former spouse were residents of the State of Rhode Island and had never lived in New Jersey. Thus, it is not clear as to how Bou could avail herself of the services of New Jersey courts and CoxCom sought an explanation from Bou (annexed hereto as Exhibit A are relevant portions of Ramalda Bou's deposition).

4. Despite the indisputable relevance of this line of questioning, Defendants' counsel gave inappropriate instructions to Bou that she not answer those questions. See Exhibit A, Tr. at 20-26, 92-94.

5. Further defense counsel failed to cite any privilege that would have arguably granted her the right not to answer such questions. See Id. The use of privilege is not new to Defendants, in that, Defendant Amy Chaffee invoked her Fifth Amendment privilege against self-incrimination at her own deposition when she was asked whether she had signed a false affidavit in connection with this action (annexed hereto as Exhibit B are relevant portions of Amy Chaffee's deposition). Thus, it is inexplicable why no privilege was sought by Bou.

6. Prior to completing Bou's deposition, CoxCom attempted to seek judicial intervention by way of an oral application for a motion to compel. CoxCom was instructed by the Honorable Lincoln Almond, U.S.M.J. to file its motion to compel in writing. At that point, I suspended the deposition, pending a decision on the instant motion.

7. I certify that during the deposition, I met and conferred in good faith with Defendant's counsel to obtain their compliance with the relief sought herein. Despite Plaintiff's best efforts, Defendant's counsel improperly directed Bou not to answer clearly relevant questions and cited no specific objection or privilege to support his action.

**WHEREFORE**, Plaintiff seeks a Court order: (1) pursuant to Rule 37(a)(2)(B) reconvening the deposition of Defendant Ramalda Bou to compel answers to questions regarding whether she made false statements under oath and/or submitted false instruments in connection with her divorce proceedings in the State of New Jersey and any reasonable follow up questions; and (2) sanction the Defendants and award CoxCom's costs incurred to take the continued deposition of Bou including the court reporter's fee, transcription fees and CoxCom's attorneys' fees in connection with the continued deposition and preparing the instant Motion.

Dated: Jericho, New York
August 26, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________________

Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700