UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**OBJECTION TO MOTION TO COMPEL**

Now come the defendants Jon Chaffee, Amy Chaffee and Ramalda Bou and object to plaintiffs' motion to compel and sanctions relative to the deposition of Ramalda Bou.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 14th day of September, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. and Shaun K. Hogan, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT**

**OF**

**OBJECTION TO MOTION TO COMPEL**

**ARGUMENT:**

The deposition testimony of Ms. Bou (Tab 1, page 41, lines 8-19) and that of Christine McKenna (Tab 2, pages 12-13, lines 16-10) was that Ms. Bou was even not at the trade show in question. There would be no reason for Ms. McKenna not to tell the truth as it could only put her in Ms. Bou's shoes. Thus, if the testimony is true, it is clear that Ms. Bou should not have been sued.

Ms Bou testified that she has a fiancee in New Jersey and that her former husband was in Puerto Rico. She testified that her fiancee took her to a lawyer in New Jersey and had her sign papers.

She was asked whether she made false statements to the court in New Jersey (as to the residency requirements) and whether she understood it was a crime to submit a false affidavit to a court.

Rule 30 (d) (4) FRCP would seem to control the matter before the Court. As to whether

the instruction was proper.

Defense counsel instructed her not to answer those questions as he felt that the questions asked were in bad faith and intended to unreasonably annoy, embarrass or oppress Ms. Bou.

He felt that way, in part, because in the deposition of Amy Chaffee she was asked whether she knew her [three year old] daughter was in the car when Jon Chaffee sold filters to Defendant's investigators. (Tab 3, page 104, line 21-23) That question certainly was not intended to discover information that could lead to admissible evidence.

It should also be noted that Plaintiff, even now despite having filed this motion, does not know the basis of jurisdiction the courts of New Jersey had over the divorce of the defendant Ramalda Bou. (See Plaintiff's memorandum, last sentence of page 3 ending on page 4).

Moreover, counsel for the Plaintiff continually accuses Defendants, and has done so again in the memorandum in support of this motion, of frivolous delay of discovery. It should be noted that the Bou deposition continued for sixty (60) pages of transcript after the instruction in question.

Also, it was clear that the Bou deposition may have had to be reconvened subject to certain document production. (Tab A of Plaintiff's memorandum - deposition of Bou, page 93, lines 15-22). Real delay would would have occurred if counsel for defendants had terminated the deposition to file a motion for a protective order. Sometimes common sense should play a role in discovery proceedings.

**CONCLUSION:**

The motion should be denied.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903

CERTIFICATION

I hereby certify that on the 14th day of September, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. and Shaun K. Hogan, Esq.