UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

## MOTION TO COMPEL PRODUCTION

Now come the defendants and move to compel plaintiff to produce documents requested in Defendants' Third Request for Production.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 20th day of September, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION**

**RESPONSE TO THIRD REQUEST FOR PRODUCTION** (Tab A)

Plaintiff contends that defendants' request is vague for failure to define the term "hits." **Nothing could be more disingenuous!** That term was first defined in a deposition of plaintiff's own employee, James A. Webb, Sr., at Page 24, lines 10-17. (Tab B) It was further used numerous times in three subsequent depositions of plaintiff's employees. (Tab C ) As indicated, it refers to the electronic signal that Cox sends to a subscribers cable box.

Plaintiff also states that it is not in "receipt' of any records responsive to the request. Rule 34 (a) FRCP requires production of documents in the "...possession, custody or control..." of a party.

However, the remainder of the response not only is evasive at best but **more than disingenuous at worst.** Plaintiff had the audacity to claim ".. the manner in which filters operate on its digital cable television system prevents Cox from identifying subscribers that are using them."

The deposition of Mark Matteo, one of the Cox investigators in this case, reveals the

following:

(Tab D) Page 15, lines 17-22

Q. Okay. But there are various other reasons why the box is unable to communicate back to you.?

A. Yes, there are.

Q. Any you learned one of those ways is through the use of these filters?

A. Yes

(Tab D) Page 17, lines 9-18

Q. All right. What if you suspect a filter is being used; what would Cox's procedure be then?

A. We would attempt to communicate with the converter, and if we felt comfortable with the information that we had, depending on what it was, we would take steps to contact the customer, exchange the equipment. In the event that we were not able to exchange the equipment, we very well may proceed to disconnect the customer.

If that were not enough, one of the affidavits attached to the complaint that enabled plaintiff to obtain the ex parte order was that of Daniel J. Lefkowitz, Esq. (Tab E) Attorney Lefkowitz, at Page 3 paragraph 4 made a statement, under oath, that totally belies plaintiffs aforesaid contention.

He stated: "Access to the defendants' business records is essential to Cox in actions such as the present case so that it can prove its damages and utilize the information contained therein to seek redress from its subscribers who purchased digital filters and to prevent ongoing theft by them."

**CONCLUSION:**

The motion should be granted.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 20th day of September, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.