UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | C.A. No. CA 05 107 |
| vs. | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | **AFFIDAVIT OF DANIEL J. LEFKOWITZ IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

**DANIEL J. LEFKOWITZ,** being duly sworn, deposes and says:

**Preliminary Statement**

1. I am counsel for the plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or the "plaintiff") in the above-captioned action. My motion for admission pro hac vice is pending before the Court. I submit this affidavit in support of Cox's ex parte motion directed at the defendants seeking a temporary restraining order and preliminary injunction providing for various forms of preliminary equitable relief. This affidavit is submitted for the purposes of (i) discussing the need for the Court's grant of the relief sought herein on an ex parte basis; and (ii) placing in a context the other affidavits submitted in support of plaintiff's motion. Except as otherwise noted, the statements made herein are based upon personal knowledge and I believe them to be true.

notice are frequently ignored, holds that district court's denial of ex parte seizure request was abuse of discretion); Century Home Entertainment, Inc. v. Laser Beat, Inc., 859 F.2d 636, 638-9 (E.D.N.Y. 1994) ("Furthermore, Plaintiff need not show that a particular Defendant would not adhere to a TRO but rather only that someone like the Defendant would be likely to hide or destroy the evidence of his infringing activity").

4. Access to the defendants' business records is essential to Cox in actions such as the present case so that it can prove its damages and utilize the information contained therein to seek redress from its subscribers who purchased digital filters and to prevent ongoing theft by them. Cox submits that it must be granted ex parte and expedited access to the defendants' business records and computers to preserve its opportunity to obtain such records.

5. As an attorney who frequently practices anti-piracy litigation in the cable television field, it has been my experience that sellers of cable television theft devices, when provided with notice of actions against them, routinely take steps to transfer or secrete assets to frustrate judgments obtained against them. It has also been my experience in other cases against sellers of cable television theft devices that where ex parte orders providing for seizure of records or freezing of assets were not sought, or on the rare occasions where they were sought and not granted, the inventory and/or business records of the defendants, as well as other evidence, frequently disappear. Indeed, even when ex parte orders are sought and obtained, some defendants still attempt to take numerous steps in violation thereof. My experiences with such defendants' contumacious actions, as well as other actions manifesting their intent to destroy evidence of their illegal businesses, and actions designed to frustrate judgments obtained against them, include the following: