UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**DEFENDANTS' THIRD REQUEST FOR PRODUCTION TO PLAINTIFF**

1. Any and all records or documents which reflect "hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

2. Any and all records or documents which reflect no response to"hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

3. Any and all records or documents which reflect no response to"hits" to cable boxes of Plaintiff's customers due to the use of digital cable television filters in the two years prior to the date of this request.

4. Any and all records or documents which reflect loss of revenues from Plaintiff's customers due to the use of digital cable television filters in the two years prior to the date of this request.

5. Any and all records or documents which reflect action taken by Plaintiff where there was no response to"hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

Defendants

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 18th day of August, 2005, I faxed a true and accurate copy of the within to Shaun K. Hogan, Esq., 1 (516) 942-4705.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 05 107 S |

**RESPONSES AND OBJECTIONS TO DEFENDANTS THIRD REQUEST FOR PRODUCTION TO PLAINTIFF**

The plaintiff, CoxCom, d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller Scott & Holbrook, hereby respond and object to the Third Request for Production served by defendants as follows:

## General Objections and Statements

Plaintiff interposes the following responses and objections to each and every request for document production propounded by defendant.

1. Plaintiff's responses and objections are based upon the current state of its knowledge, understanding and belief about the positions and contentions which defendants have taken in this action and upon the information presently available to it.

2. Plaintiff objects to any and all of defendants' requests for production to the extent they seek information protected by (i) the work product doctrine; (ii) the attorney-

client privilege; and (iii) other applicable privileges and doctrines which entitle plaintiff to withhold documents and information.

3. Plaintiff does not waive: (i) any objections as to the admissibility, competency, relevancy, or materiality of any evidence; (ii) any claims of privilege attaching to any document or information produced; or (iii) the right to object to other discovery requests and undertakings involving or related to the subject matter of the requests herein.

4. Nothing contained herein should be construed as an admission relative to the existence or non-existence of any document, and none of the following responses shall constitute an admission respecting the relevance or admissibility of any document or the truth or accuracy of any statement or characterization contained therein.

## RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD REQUEST FOR PRODUCTION

**REQUEST No. 1:**

Any and all records or documents which reflect "hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

**RESPONSE:**

General Objections. In addition to its general objections, Cox objects to this request on the ground that it is vague, as the defendants have failed to define the term "hits." Plaintiff also objects to this request in the ground that it is unduly burdensome. Without waiving its objections, plaintiff responds and states that it is not in receipt of any records responsive to this request.

**REQUEST No. 2:**

Any and all records or documents which reflect no response to "hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

**RESPONSE:**

General Objections. In addition to its general objections, Cox objects to this request on the ground that it is vague, as the defendants have failed to define the term "hits." Plaintiff also objects to this request in the ground that it is unduly burdensome. Without waiving its

objections, plaintiff responds and states that it is not in receipt of any records responsive to this request.

**REQUEST No. 3:**

Any and all records or documents which reflect no response to "hits" to cable boxes of Plaintiff's customers due to the use of digital cable television filters in the two years prior to the date of this request.

**RESPONSE:**

General Objections. In addition to its general objections, Cox objects to this request on the ground that it is vague, as the defendants have failed to define the term "hits." Without waiving its objections, plaintiff responds and states that the manner in which filters operate on its digital cable television system prevents Cox from identifying subscribers that are using them. Consequently, plaintiff is not in receipt of any records responsive to this request.

**REQUEST No. 4:**

Any and all records or documents which reflect loss of revenues from Plaintiff's customer due to the use of digital cable television filters in the two years prior to the date of this request.

**RESPONSE:**

General Objections. Without waiving its objections, plaintiff responds and states that the manner in which filters operate on its digital cable television system prevents Cox from identifying subscribers that are using them. Consequently, plaintiff is not in receipt of any records responsive to this request.

**REQUEST No. 5:**

Any and all records or documents which reflect action taken by Plaintiff where there was no response to "hits" to cable boxes of Plaintiff's customers in the two years prior to the date of this request.

**RESPONSE:**

General Objections. In addition to its general objections, Cox objects to this request on the ground that it is vague, as the defendants have failed to define the term "hits." Without waiving its objections, plaintiff responds and states that it is not in receipt of any records responsive to this request.

Dated: Jericho, New York

September 12, 2005

**ATTORNEYS FOR PLAINTIFF**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**

By:______________________________
**SHAUN K. HOGAN**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

**MILLER SCOTT & HOLBROOK**
**FRANCIS S. HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**Verification**

I, Lucien Marcoux, under penalty of perjury of the laws of Rhode Island and the United States, affirm that I am the New England Security Manager for CoxCom, Inc. d/b/a Cox Communications New England and that I have read the foregoing responses to requests for production and that those responses are true and correct to the best of my knowledge.

Dated: September 12, 2005

LUCIEN MARCOUX

**COXCOM, INC. v. JON CHAFFEE, et al.**

**CERTIFICATE OF SERVICE**

I, **LAURA CHIQUES**, an employee of the firm **LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**, attorneys for the Plaintiff, CoxCom, Inc., in the above-entitled action, hereby certify under penalty of perjury that I caused a copy of the forgoing, Plaintiff's Responses and Objections to Defendants Third Request for Production to Plaintiff, to be served upon James A. Currier, Esq. (hereinafter attorney for "defendant"), by causing a true and accurate copy thereof to be placed in a sealed envelope (first class mail), and deposited in an official depository of the United States Postal Service on, September 12, 2005 addressed to the defendant's attorney at the address set forth below:

James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Laura Chiques
Laura Chiques