**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-107 S** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **ORIGINAL** |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF**
**<u>DEFENDANTS' MOTION TO COMPEL PRODUCTION</u>**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in opposition to Defendants' Motion to Compel the production of documents requested in Defendants' Third Request for Production (the "Motion").

**BRIEF STATEMENT OF RELEVANT PROCEDURAL HISTORY**

On or about August 18, 2005, Defendants served upon CoxCom their Third Request for Production. It included five requests for production of documents reflecting "hits" to cable boxes. On or about September 12, 2005, CoxCom served on Defendants its Responses and Objections to Defendants' Third Request for Production. Motion, Exhibit "A." In responding to defendants' requests, CoxCom objected to the aforementioned requests as "vague." Specifically, CoxCom's response cited Defendants' failure to define the word "hits." Nevertheless, without waiving that objection, CoxCom responded that "it is not in receipt of any records responsive to [those] request[s]." See Motion, Exhibit "A."

Without ever contacting CoxCom's counsel, Defendants filed the instant motion. Defendants' service of the Motion was improper as the exhibits thereto were not served and CoxCom was forced to search for and print them off the Court's PACER system. Moreover, Defendants' Motion does not contain the "good faith" certification required by the District Court's Civil Justice Expense and Delay Reduction Plan (Appendix B-1) at Section II. The certification is absent because, once again, defendants' counsel rashly filed a motion to compel without contacting CoxCom in an effort to resolve this discovery dispute. Defendants counsel has done this four times to date, with the last such motion yet to be responded to by Cox.

# ARGUMENT

## TO THE EXTENT DEFENDANTS' MOTION OBJECTS TO THE RESPONSES' USE OF THE TERM "IN RECEIPT OF," AND DISPUTES COXCOM'S OBJECTION TO VAGUENESS OF CERTAIN REQUESTS, COXCOM'S CLARIFICATION MOOTS THE MOTION

Defendants initially claim that CoxCom's objection as to the vagueness of defendants' requests was improper. However, an objection as to the vagueness of a request, or terms used in such a request, is entirely appropriate. Clearly, defendants' using the word "hits" without defining the term leaves it open to various interpretations, and thus an objection as to vagueness was proper.

In the Motion at 1, defendants argue that because the term "hits" was used by Defendants' counsel at the deposition of four CoxCom employees on July 7, 2005, and those employees utilized the term to varying degrees, CoxCom should not have made any objection to the requests. This is a patently frivolous argument. Defendants have absolutely no basis to assert, and CoxCom had no reason to assume, that defendants intended the identical definition of the term "hits" in discovery requests to which CoxCom timely responded over two months after the term was used in the depositions of some of its employees. Indeed, as reflected in Exhibit "C" to the Motion, when questioning CoxCom employee Mark Matteo, defendants' counsel expressly limited his definition of the word "hit" to its use that day:

> Q. And before I forget about it, **we have used the word "hit" here today** in relation, as I understand it, to Cox's ability to send a signal to a consumer's box . . .

Exhibit "C" at 3 (page 3 of the Matteo deposition transcript).

Moreover, it is the responsibility of the party seeking discovery to precisely define any unusual terms or terms of art that it utilizes. Defendants' failure to offer any definition of the generic term "hits" in their requests, coupled with their counsel's prior express limitation of his

definition of that term to the scope of the deposition in which it was used, quite properly resulted in Cox's objecting to the term.

Nevertheless, CoxCom responded in good faith to the requests by stating that, subject to its objection, it was not in receipt of any documents responsive to the requests. To the extent that CoxCom's use of term "in receipt of" caused confusion, Motion at 1, it now clarifies that it did not have, and presently does not have, any documents responsive to the requests, even given the definition utilized by defendants' counsel. Of course, had defendants' counsel consulted with CoxCom as required under the Local Rules, these issues of semantics likely could have been avoided entirely.

Rule 34 only requires a party to produce documents that are already in existence. It does not require a party to create documents. See Khyber Technologies Corp. v. Casio, No. A.-99-12468, 2003 WL 21696354 at *9 (D.Mass. 2003); citing Alexander v. Fed. Bureau of Investigation, 194 F.R.D. 305, 310 (D.D.C. 2000); see also 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2210 (2d ed. 1994) ("[A] party can not be required to permit inspection of documents or things that it does not have and does not control."). As Cox has indulged defendants by again reviewing their requests, in the light that their counsel now claims they were meant to be taken, and has confirmed that it has no documents responsive to defendants' requests, the Motion should be denied.

Defendants appear to make another vaguely-worded argument based on citations from the deposition testimony of Mark Matteo of CoxCom and the affidavit of Daniel J. Lefkowitz, its counsel, Motion at 1-2. However, it is difficult to understand defendants' argument or to determine its relevance to the issue of CoxCom's response to the document requests discussed above. CoxCom's assertion that the digital filters defendants sold prevent CoxCom from identifying

subscribers that are using them has no apparent connection to the issue of whether CoxCom has documents reflecting "hits" to cable boxes. Matteo's testimony that there are a number of reasons why an individual subscriber's converter box might not be communicating with CoxCom's head-end, cited in Motion at 2, and the measures CoxCom might take if it believed a particular subscriber might be using a digital filter, id., seem completely irrelevant to the subject of the present Motion. Similarly, Lefkowitz's statement in his affidavit in support of CoxCom's motion for a TRO that Cox's obtaining access to defendants' business records is necessary so that it can prove its damages and seek redress from and prevent ongoing theft by subscribers who purchased digital filters, id., is directed at defendants' documents and makes no reference to any CoxCom documents whatsoever. In sum, neither Matteo's nor Lefkowitz's statements make any assertions suggesting that any documents reflecting "hits" to cable boxes exist, and provide no basis for entry of an order directing CoxCom to produce documents it has represented it does not possess.

## CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court issue an order denying Defendants' Motion and award CoxCom its costs and fees associated with opposing this Motion.

Dated: Jericho, New York
October 4, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________________

Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
October 5, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________

Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 5th day of October, 2005 I did send by first class mail a true and accurate copy of the within Plaintiff's Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 20903

Francis S. Holbrook II