**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 05-107 S** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | ORIGINAL |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL A RESPONSE TO INTERROGATORY NO.5**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, objects to and opposes Defendants' Motion to Compel a Response to Interrogatory No. 5.

Respectfully submitted,

Dated: Jericho, New York
October 10, 2005

Attorneys for Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

By: ____________________
Shaun K. Hogan (SK-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
October 12, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________________

Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 12th day of October, 2005 I did send by first class mail a true and accurate copy of the within Plaintiff's Objection to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 20903

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF**
**DEFENDANTS' MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 5**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in opposition to Defendants' Motion to Compel a Response to Defendants' Interrogatory No. 5 (the "Motion").[1] The Interrogatory sought the identity and opinions of CoxCom's expert. At the time of its response, CoxCom responded it had yet to retain such an expert. However, after retaining its expert, CoxCom provided his identity and his expert report. In utter disregard of these disclosures, and two weeks after the close of discovery, Defendants filed this Motion seeking information they already have.

**BRIEF STATEMENT OF RELEVANT PROCEDURAL HISTORY**

This action was filed March 9, 2005. The Court directed the parties to complete factual discovery by August 12, 2005. On August 9, 2005, the Court extended the discovery deadline to September 12, 2005. Defendants failed to file a timely request to extend discovery and instead, have elected to file a number of belated and baseless discovery motions of which the present motion is one.

Included in Defendants' initial discovery requests was Interrogatory No. 5, that read:

> State the name and address of any person intended to be called as an expert witness at the trial of this matter, the substance of any opinion the expert will offer and the facts that form the basis of each such opinion.

See Motion, Exhibit "A."

On or about July 12, 2005, CoxCom served on Defendants its Responses and Objections to Defendants' First Request for Interrogatories. The responses were verified by CoxCom employee

1 Defendants' service of the Motion was improper as the exhibits were not served and CoxCom was forced to search for and print them off of the Court's PACER system. Moreover, Defendants' Motion does not contain the "good faith" certification required by the District Court's Civil Justice Expense and Delay Reduction Plan (Appendix B-1) at Section II. The certification is absent because, once again, defendants' counsel filed a motion to compel without speaking with CoxCom in order to resolve this discovery dispute.

Lucien Marcoux. At the time CoxCom provided these verified responses, it had not retained the services of an expert. Therefore, in its answer to Interrogatory No. 5, CoxCom stated:

> General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is premature. Without waiving its objections, plaintiff responds and states that it has yet to retain an expert in connection with this action. If Cox elects to retain the services of an expert, it will identify the expert in accordance with Fed.R.Civ.P 26.

See Hogan Aff. Exhibit "A."

On August 4, 2005, after Cox retained Stan Durey as its expert, Defendants were duly informed of Mr. Durey's identity and background when CoxCom served its Fed.R.Civ.P 26(a)(2) expert designation. See Hogan Aff., Exhibit "B." Further, on September 12, 2005, CoxCom provided its expert's report that contained his opinions and the bases thereof. See Hogan Aff., Exhibit "C." Pending Court approval, the parties have agreed to the deposition of CoxCom's expert.

Despite this, on September 26, 2005, two weeks after discovery closed, Defendants filed the instant Motion compelling CoxCom to answer Interrogatory No. 5 – that is provide the identity of its expert and his opinions. In fact, CoxCom has already provided this information and Defendants admit as much in their Motion. Specifically, prior to the Motion, CoxCom made Defendants aware of the identity of the expert nearly two months earlier and they had possession of the expert's report for two weeks prior to filing the instant Motion. However, it appears that Defendants will not be satisfied until their hypertechnical whims have been quenched and the response is provided under the banner "Response to Interrogatory." This type of bad faith Motion practice is exactly what the Federal Rules were meant to prevent.

## ARGUMENT

### DEFENDANTS' MOTION TO COMPEL DISCOVERY ALREADY PROVIDED BY COXCOM SHOULD BE DENIED

Defendants' demand that CoxCom submit a response to Interrogatory No. 5, after CoxCom has provided its Rule 26(a)(2)(A) expert designation, its Rule 26(a)(2)(B) expert report, and after the discovery period had been closed since September 12, 2005. One is hard pressed to think of a more obvious misuse of motion practice.

First, it cannot be argued that CoxCom's initial response that it had not retained the services of an expert was an improper response. CoxCom had not retained Mr. Durey at that time, and was not obligated to speculate as to its future actions. That is why the framers of the Federal Rules set forth a duty to supplement prior interrogatory responses. See FED.R.CIV.P. 26(e)(2). After retaining its expert, CoxCom did precisely that. Plainly, Defendants received a full, clear and exhaustive response to Interrogatory No. 5. Again, CoxCom is under no obligation to supplement Interrogatory No. 5, in a specific form. It would stand to reason certainly that an expert report signed by that very expert would satisfy the Federal Rules and Defendants' instant request.

Defendants' Motion also makes mention of the verification requirement of the Federal Rules. Although Defendants do not state why that rule is cited in their memorandum, CoxCom will note CoxCom employee Lucien Marcoux verified the original responses. It serves no purpose to have CoxCom verify that a non-CoxCom employee is an expert witness in the case or for that matter, verify that the expert report is from the expert. Such a requirement is certainly irrelevant to the instant action and is only designed to harass and delay the proceedings.

**CONCLUSION**

Pursuant to the foregoing, CoxCom respectfully requests the Court issue an order denying Defendants' Motion and award CoxCom its costs and fees associated with opposing this Motion.

Dated: Jericho, New York
October 10, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
October 12, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 5** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated.

2. I submit this Affirmation and the accompanying Memorandum of Law in opposition to Defendants' Motion to Compel a response to Defendants' Interrogatory No. 5 (the "Motion").

3. Annexed hereto as Exhibit "A" is Defendants its Responses and Objections to Defendants' First Request for Interrogatories with verification from CoxCom employee, Lucien Marcoux.

4. Annexed hereto as Exhibit "B" is CoxCom's Fed.R.Civ.P 26(a)(2) expert designation that was served on Defendants on August 4, 2005.

5. Annexed hereto as Exhibit "C" is CoxCom's expert report that was served on Defendants on September 12, 2005.

**WHEREFORE**, Plaintiff seeks a Court order, (1) denying Defendants' Motion compelling CoxCom to produce a response to Interrogatory No. 5; and (2) award CoxCom its reasonable costs and attorneys' fees incurred in defending this Motion.

Dated: Jericho, New York
October 10, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113