**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** <br><br> **Defendants.** | ) | **C.A. No. 05-107 S** <br><br> **ORIGINAL** |

**PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS' MOTION TO STAY A DECISION ON COXCOM'S SUMMARY JUDGMENT MOTION**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, objects to and opposes Defendants' Motion to stay a decision on CoxCom's Summary Judgment Motion.

Respectfully submitted,

Dated: Jericho, New York
October 12, 2005

Attorneys for Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

By: ______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
October 13, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________________

Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 13th day of October, 2005 I did send by first class mail a true and accurate copy of the within Plaintiff's Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO STAY A DECISION ON COXCOM'S SUMMARY JUDGMENT MOTION**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in support of its objection to Defendants' Motion to Extend their time to respond to CoxCom's Motion for Summary Judgment until such time as they complete discovery (the "Motion"). CoxCom has properly responded to Defendants' discovery demands, and their recent post-discovery period motions to compel are frivolous, amounting to yet another bad faith attempt to delay these proceedings. Thus, CoxCom respectfully requests the Court deny Defendants' Motion and order them to respond to the Summary Judgment Motion forthwith.

I.

## BRIEF SUMMARY OF PROCEDURAL HISTORY

On September 12, 2005, and after an agreed-upon month-long extension, the discovery period closed in this action. On September 26, 2005, CoxCom filed its Motion for Summary Judgment, as this was the Court ordered deadline for either party to move for summary judgment. See Affirmation of Shaun K. Hogan (hereinafter "Hogan Aff.") at ¶¶ 3-6.

Now, after reviewing CoxCom's Summary Judgment Motion, Defendants filed the instant Motion seeking to extend the discovery period that expired weeks earlier.[1] Defendants set forth three insufficient reasons why their Motion should be granted. The first two are discussed at length in CoxCom's opposition to Defendants' latest untimely motions to compel.[2]

---

1 For the third time in as many motions, Defendants' service of the Motion was improper as the Exhibits were not served and CoxCom was forced to search for and print them off the Court's PACER system.

2 In brief, Defendants' September 20, 2005, motion to compel sought the production of documents that CoxCom, in its responses to same, stated such documents do not exist. Indeed, on October 11, 2005, the Court denied this motion based on the fact the documents requested do not exist as well as Defendants' failure to comply with the "good faith" certification rule located in Fed.R.Civ.P. 37 and the Local Rules. On September 26, 2005, Defendants filed a similarly purposeless motion to compel a response to their interrogatory regarding CoxCom's expert. At the time it responded to the interrogatory on July 12, 2005, CoxCom had not yet retained the services of an expert. However, on August 4,

Lastly, Defendants seek a delay in responding to CoxCom's Summary Judgment Motion so they can re-depose CoxCom security manager Lucien Marcoux regarding taped conversations Marcoux had with a fact witness, namely Gerard Boisvert. Boisvert is Defendant Amy Chaffee's uncle. He admitted to selling digital cable filters for Defendant Jon Chaffee. As the Court may recall, this issue was previously the subject of a motion to compel. That motion was resolved on August 10, 2005, when the parties agreed to the re-deposition of Marcoux for this limited purpose. CoxCom also made the relevant recorded conversations between Marcoux and Boisvert available to Defendants by mailing them on August 25, 2005. See Hogan Aff., Exhibit A. Inexplicably, Defendants did not take advantage of this opportunity. Moreover, they ignored CoxCom's invitation to contact them to schedule the remaining depositions in this case. See Id. Nor did they ever request an extension to the discovery deadline. It was not until Defendants' September 20, 2005, letter (sent eight days after discovery closed) that Defendants' counsel intimated he would like to conduct Marcoux's re-deposition at an unspecified time in the future.[3] See Hogan Aff., Exhibit C. and Hogan Aff. ¶ 9. Defendants' failure to re-depose Marcoux prior to the end of discovery despite having over a month to do so amounts to a waiver.[4] They should not be given a reprieve for what amounted to a strategic decision or a lackadaisical defense of this case. Significantly, Marcoux did not submit an affidavit in support of CoxCom's Summary Judgment

---

2005, Defendants were duly informed of expert's identity and background when CoxCom served Defendants with its Fed.R.Civ.P. 26(a)(2) expert designation. Further, on September 12, 2005, CoxCom provided its expert's report, setting forth the expert's opinions and the basis for same. CoxCom has already agreed to post-discovery the deposition of its expert witness if the Court approves. In fact, CoxCom still awaits Defendants' suggested deposition dates. See Hogan Aff. ¶¶ 5-7. CoxCom fully and properly responded to the discovery requests that are subject to the respective motions to compel. As such, the issues raised by Defendants in these motions to compel should not be considered in resolving the instant Motion.

3 On September 20, 2005, Defendants' counsel first informed CoxCom they did not receive copies of the compact disks that were sent on August 25, 2005. Thereafter, CoxCom sent a second copy of the compact disks to counsel.

4 On October 12, 2005, Defendants served a deposition subpoena on Marcoux that undoubtedly will become the subject of a motion to quash.

Motion, so there is no apparent need to depose Marcoux. Notably, Defendants did not choose to depose Boisvert whose declaration was first sent to Defendants on July 12, 2005.

In addition to the baseless discovery requested, Defendants' Motion does not identify the specific legal basis under which the Court would have the authority to grant the relief requested. Thus, both the Court and CoxCom are left to guess. At best, it would appear Defendants seek relief under the stay provisions of Rule 56(f). The Court should deny this Motion as: (1) it is in improper form; (2) Defendants have not demonstrated "good cause" for its failure to discover facts essential to the opposition of the Summary Judgment Motion sooner; (3) Defendants have failed to show specific evidence can be obtained with additional time; and (4) the facts that Defendants seek to discover are not foreseeably capable of sustaining their defense of the Summary Judgment Motion.

Thus, it is respectfully submitted that the Court should issue an order denying Defendants' Motion and order them to respond to the Summary Judgment Motion forthwith.

## ARGUMENT

### A.

### DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT IS IMPROPER AND FAILS TO MEET FED.R.CIV.P. 56 (f) STANDARDS

Defendants' Motion to stay the decision on CoxCom's Motion for Summary Judgment pending the resolution of their continued fabricated discovery issues, is not only meritless, but it is manifestly intended to only delay these proceedings. In fact, while Defendants continue to file frivolous motion after motion, they are undoubtedly benefiting from the ongoing opportunity to prepare their opposition to the pending Summary Judgment Motion. Again, Defendants' Motion at best seeks to apply the protective provisions of Rule 56(f).

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED.R.CIV.P. 56(f).

**1. Defendants' Motion is Not in Proper Form**

While the courts of this circuit have been reluctant to hold a moving party to the standard that the Rule 56(f) motion must be in affidavit form, the moving party must set forth their request in some functional equivalent. See Velez v. Awning Windows Inc., 375 F.3d 35, 40 (1st Cir. 2004). A detailed review of the Motion indicates Defendants "neither invoked nor substantially, complied with Rule 56(f)." Id. Undeniably, Defendants' Motion does not mention Rule 56(f). Also, the relief they seek is ambiguous. In what appears to be their notice of the Motion, they request the Court grant additional time to oppose the Summary Judgment Motion. However, in their memorandum in support, they request an extension, or in this case a re-opening, of the discovery period. Defendants' lack of specificity as to what relief they are seeking and under what authority such relief is sought, warrants a denial of the Motion. See C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 44 (1st Cir. 1998) (in invoking Rule 56(f) relief, movant "at a minimum must ask the court to refrain from acting on the summary judgment request until additional discovery can be requested").

**2. Defendants' Motion Fails to set Forth Facts and Issues With Respect to Which They are Entitled to Further Discovery**

In, Resolution Trust Corp. v. North Bridge Associates, Inc., 744 F.3d 1198 (1st Cir. 1994), the seminal case on Rule 56(f) in the First Circuit, the court forewarned would-be applicants for a Rule 56(f) stay that the Rule was "designed to minister to the vigilant, not to those who slumber upon perceptible rights." Id. at 1203.

North Bridge Associates also sets forth what has become the standard that an applicant must meet in seeking a Rule 56(f)-type stay. It enumerated five factors to guide district courts in exercising their discretion when considering a motion that invokes Rule 56(f) in an effort to conduct further discovery. These factors are: 1) the authoritativeness of the affidavit; 2) the timeliness of the affidavit; 3) whether the party opposing summary judgment has demonstrated good cause for its failure to discover facts essential to its opposition; 4) the utility of granting the continuance or denying summary judgment to allow the non-movant more time; and 5) the materiality of the facts sought by the non-moving party. See id. at 1203-08; see also Flanders + Medeiros, Inc. v. Bogosian, 868 F. Supp. 412, 423 (D.R.I. 1994), aff'd. in relevant part, 65 F.3d 198, 206 n. 16 (1st Cir. 1995) (citing North Bridge Associates, 22 F.3d at 1203-1208).

In this case, application of three of the North Bridge Associates factors proves fatal to Defendants' purported effort to invoke the Rule 56(f) protections.[5]

**a. Defendants Do Not Demonstrate Good Cause for their Failure to Discover Facts Essential to their Opposition of Summary Judgment Prior to the Filing of CoxCom's Motion**

Defendants' Motion fails to demonstrate that they were diligent in pursuing the three areas in which they presently seek discovery before CoxCom filed its Summary Judgment Motion. In fact, Defendants filed indisputably untimely motions to compel. First, CoxCom has provided all discoverable material relative to their expert, and has agreed (subject to the Court's approval) to an extension of the discovery deadline for his deposition. Second, CoxCom has already responded to the third request for document production inasmuch as no documents relative to Defendants' requests exist. Finally, Defendants never sought an extension of the discovery deadline to re-

5 CoxCom concedes Defendants' Rule 56(f) meets two of the five factors. First, it is authoritative (i.e., made be attorney with first hand knowledge). Second, it is timely (i.e., made within a reasonable time following receipt of the motion for summary judgment). However, CoxCom does not concede that Defendants' request for additional discovery, as set forth in their motions to compel, should be granted. In fact, as set forth in CoxCom's respective

depose Marcoux, nor did they ever give CoxCom dates in which they would like him re-deposed. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92-93 (1st Cir. 1996) (court affirms denial of Rule 56(f) relief where party failed to engage in substantive discovery even after being given two extensions to the discovery period); see also C.B. Trucking Inc., 137 F.3d 45 (court denies Rule 56(f) relief in part because movant failed to conduct proper discovery).

Thus, Defendants cannot show good cause why they failed to discover the evidence they now seek prior to the close of discovery.

**b. Defendants Fail to Show Specific Evidence will be Obtained with Additional Time**

Defendants also wholly fail to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist." North Bridge Associates, 22 F.3d at 1203; see also Velez v. Awning Windows, Inc., 375 F. Supp. 35, 40 (1st Cir. 2004) (movants failed to show the desired information could be gathered within a reasonable period). Defendants have not identified any facts that they reasonably anticipate will be obtained via the additional discovery sought. See Briggs v. United States, 617 F. Supp. 1399, 1405 at n. 4 (D.R.I. 1985) (in denying a Rule 56(f) request court notes "protesting party has not identified specific material facts which could conceivably be revealed by means of such incremental investigation"). As noted earlier, Defendants have all the discovery that is subject to their motions to compel and they seek to re-depose Marcoux even though he did not submit an affidavit with respect to the Summary Judgment Motion.

Further, Defendants are to blame for not timely seeking to re-depose Marcoux. Moreover, as an alternative to re-deposing Marcoux, Defendants could have just as easily gone to the other source of the conversation at issue - Gerard Boisvert, whose declaration was submitted in support of

---

oppositions to those motions, it is clear, that the requested discovery was provided and those motions are frivolous.

CoxCom's Summary Judgment Motion. That declaration, dated July 9, 2005, was first presented to Defendants' counsel on July 12, 2005. See Hogan Aff., Exhibit B and ¶ 8. Not surprisingly, Defendants make no mention of any efforts to have him deposed.

As Defendants cannot show what specific evidence would be obtained by additional discovery, their Motion should be denied.

**c. The Discovery Sought is not Capable of Sustaining a Defense to Summary Judgment**

Finally, Defendants do not, and cannot, "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." North Bridge Associates, 22 F.3d at 1203; see also Velez, 375 F.3d at 40. In other words, the evidence sought by Defendants would not raise a genuine issue of material fact. See Ortiz Cameron v. Drug Enforcement Admin., 959 F. Supp. 92, 94 (D.P.R. 1997), aff'd., 139 F.3d 4 (1st Cir. 1998). Defendants merely arguably identify three areas in which they either did not pursue discovery or were dissatisfied with CoxCom's responses to discovery. Defendants provide no information regarding the nature of any of their anticipated defenses, or what facts they expect to adduce. See Motion 1-2. The Court cannot be left to infer as to how the requested discovery would influence summary judgment. Rather, Defendants have the obligation to demonstrate to the satisfaction of the Court that this specific discovery would alter the outcome of the summary judgment, and they have utterly failed to do so. See e.g. C.B. Trucking, Inc, 137 F.3d at 45 ("speculative assertions that [party moving for summary judgment] has unspecified facts in its possession necessary [ ] to develop [movants] legal theories" is completely inadequate to invoke Rule 56(f)).

In C.B. Trucking, Inc., the First Circuit, in affirming a denial of Rule 56(f) relief, was heavily influenced by the movant's "failure to identify any material evidence that it was likely to uncover if it was given additional time to conduct discovery." 137 F.3d at 45. Similarly, in the

instant matter, the Defendants merely recite the fact they are dissatisfied with the discovery provided and want that discovery, whether it exists or not, prior to answering the Summary Judgment Motion. Defendants do not mention the materiality of the evidence sought previously because the materials sought by Defendants lack the ability to raise a genuine issue of material fact.

Even assuming *arguendo* if the Court found that the Defendants seek discovery that they believe would reveal material evidence that would influence summary judgment, in two of the instances, the discovery has been already been provided, i.e., (1) Defendants are fully aware of CoxCom's expert, possess his report, and the parties agreed to depose him; and (2) there are no documents responsive to Defendants' third request for production. As such, all that remains is the re-deposition of Lucien Marcoux. Defendants wish to re-depose Marcoux regarding taped conversations he had with a witness, Gerard Boisvert. Defendants have been provided audio copies of said conversations and it is submitted they speak for themselves. There is no reason to believe, and importantly, none have been presented by the Defendants, that further post-discovery deposition testimony from Marcoux would shed any further light on the case, or somehow influence the outcome of Summary Judgment.

Thus, Defendants' Motion should be denied.

## III.

## CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court issue an order denying Defendants' Motion and order them to respond to the Summary Judgment Motion forthwith.

Dated: Jericho, New York
October 12th, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
October 13, 2005

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No. 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN OPPOSITION TO DEFENDANTS' MOTION TO STAY A DECISION ON COXCOM'S SUMMARY <u>JUDGMENT MOTION</u>** |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated.

2. I submit this Affirmation and accompanying Memorandum of Law in opposition to Defendants' Motion to Stay a Decision on CoxCom's Summary Judgment Motion (the "Motion").

3. On August 25, 2005, three weeks prior to the close of discovery, CoxCom wrote to Defendants and asked them to contact CoxCom to schedule the remaining depositions in this case. <u>See</u> Exhibit A. Defense counsel failed to respond to that letter.

4. The parties were originally ordered by the Court to complete discovery by August 12, 2005. The parties were granted a thirty-day extension of the discovery deadline to September 12, 2005.

5. On September 26, 2005, CoxCom filed its Motion for Summary Judgment as this was the Court ordered deadline for either party to move for summary judgment.

6. On September 20, 2005, Defendants served on CoxCom a Motion to Compel the production of documents requested in Defendants' Third Request for Production. On October 11, 2005, the Court denied Defendants' motion because of CoxCom's certification that the documents do not exist and Defendants' failure to comply with the Rule 37(a)(2)(B) "good faith" certification requirement.

7. On September 26, 2005, Defendants filed a second Motion to Compel seeking a response to an interrogatory to identify CoxCom's expert. Again, CoxCom filed opposition to the motion because on August 4, 2005, CoxCom had served on Defendants its expert designation pursuant to Fed.R.Civ.P. 26(a)(2), and on September 12, 2005, the expert's report.

8. Defendants also seek to re-depose CoxCom security manager Lucien Marcoux regarding taped conversations Marcoux had with a fact witness, namely Gerard Boisvert. Boisvert is Defendant Amy Chaffee's uncle and admitted to selling digital cable filters for Defendant Jon Chaffee. On July 9, 2005, Boisvert gave a declaration to CoxCom. Thereafter, on July 12, 2005, CoxCom served the declaration on Defendants. See Exhibit B. As the Court may recall, this issue was previously the subject of a motion to compel. That motion was resolved on August 10, 2005, when the parties agreed to the re-deposition Marcoux for the above-mentioned limited purpose. CoxCom also made the

relevant recorded conversations available to Defendants by mailing said copies on August 25, 2005.[1] See Exhibit A. Inexplicably, Defendants did not take advantage of this opportunity. Defendants never contacted CoxCom in order to schedule Marcoux's re-deposition. In fact, they ignored CoxCom's invitation to schedule the remaining depositions in this case. Defendants' counsel did not respond to my telephone call seeking to schedule the deposition. Nor did Defendants ever request an extension of the discovery deadline. It was not until Defendants' September 20, 2005, letter (sent eight days after discovery closed) that Defendants' counsel intimated he would like to conduct Marcoux's re-deposition at an unspecified time in the future. See Exhibit C.

Respectfully submitted,

Dated: Jericho, New York
October 12, 2005

Attorneys for Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

By: ______________________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

---

1 On September 20, 2005, Defendants' counsel informed CoxCom they did not receive copies of the CDs that were enclosed in the August 25, 2005, letter. Thereafter, CoxCom sent a second copy of the CDs to counsel.