LEFKOWITZ, LOUIS, SULLIVAN & HOGAN
A LIMITED LIABILITY PARTNERSHIP
350 JERICHO TURNPIKE
SUITE 300
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
E-MAIL: llshllp.com

DANIEL J. LEFKOWITZ*
WAYNE R. LOUIS
PATRICK J. SULLIVAN
SHAUN K. HOGAN+

MICHAEL D. CASSELL▪
MELINDA MAY DUS
MICHAEL G. McALVIN▪

WILLIAM B. JUNG, LLC▲
OF COUNSEL

NEW JERSEY OFFICE
744 BROAD STREET
FLOOR 16, ROOM 28
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 735-2700
TELECOPIER: (516) 942-4705

*ALSO ADMITTED IN FLORIDA
+ALSO ADMITTED IN MASSACHUSETTS
▪ALSO ADMITTED IN NEW JERSEY
▲ALSO ADMITTED IN SOUTH CAROLINA

July 12, 2005

**BY FACSIMILE & U.S. MAIL**
James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Re: CoxCom, Inc. v. Chaffee, individually and d/b/a Electronic Imports and Chaffee International, et al.
Case No.: 05 CV 107 S

Dear Mr. Currier:

This firm represents CoxCom Inc. ("Cox") in the above-referenced action.

Enclosed herein please find a copy of Plaintiff's Responses and Objections to Defendants First Request for Interrogatories with verification. Also enclosed is a copy of the Declaration of Gerard Boisvert.

Thank you for your attention to this matter.

Very truly yours,

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

Shaun K. Hogan

Encl.
cc: Francis Holbrook, Esq,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**

**Plaintiff,**

**v.**

**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**

**Defendants.**

**C.A. No.: 05-107 S**

**DECLARATION OF**
**GERARD BOISVERT**

I, **GERARD BOISVERT**, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I reside at 81 Prospect Street, Manville, Rhode Island 02833. I am not a party to this action. I believe in the sanctity of an oath. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently to the same.

2. I have known Jon Chaffee for at least four (4) years. Jon Chaffee is married to my sister's daughter, Amy Chaffee. I have known Amy Chaffee all her life.

3. From November 2003 through ~~January~~ april 2004, I worked for Jon Chaffee, owner and operator of Electronic Imports and Chaffee International. During the course of my employment relationship with Jon Chaffee, I worked as a sales representative. In this capacity, I sold various items and electronic equipment at trade shows in the State of Connecticut and Commonwealth of Massachusetts on behalf of Jon Chaffee.

4. Jon Chaffee supplied all of the merchandise that I sold on his behalf at trade shows.

5. Among the various items given to me by Jon Chaffee and thereafter sold were digital cable television signal filters.

6. When I began working for Jon Chaffee, he told me that digital cable television signal filters, once connected to a digital cable television system, could be used to enable the user to receive pay-per-view programming without the cable television provider being notified and the customer being charged.

7. Jon Chaffee repeatedly explained that regardless of how those who purchased digital cable television filters chose to use them, it was their business. Jon Chaffee made it clear to me that he knew and intended that people who purchased digital cable television filters could and would use them to view pay-per-view programming without paying for it.

8. Jon Chaffee told me he purchased the digital cable television filters for approximately $4.00 to $7.00 each and I was to sell each filter for approximately $25.00. During the course of my employment, I sold dozens of such digital cable filters.

9. My compensation was based on a percentage of my total daily sales. Specifically, I was compensated approximately 30-35% of the total daily sales for each show. John Chaffee explained to me that as long as he received his percentage of the daily sales, it was up to me to decide how much income I should report.

10. I have not been offered any form of compensation, nor given any promises in exchange for providing this declaration.

11. I declare under penalty of perjury that the foregoing is true and accurate.

Executed this 9 day of JULY, 2005.

GERARD BOISVERT