[redacted]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

## APPEAL FROM ORDER OF MAGISTRATE JUDGE

Now come the defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, pursuant to Local Rule 32 (b) (2) and appeal from the order of Magistate Judge Almond dated October 13, 2005.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

## CERTIFICATION

I hereby certify that on the 7th day of November, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM**

**TRAVEL:**

On **April 14, 2005,** defendants served interrogatories to plaintiff which included question #5 regarding expert testimony. (Tab A)

On or about May 18, 2005 defendant prepared answers to interrogatories, which were not signed under oath, indicating "If Cox elects to retain the services of an expert, it will identify the expert in accordance with Fed.R.Civ.P 26." (Tab B)

On or about July 18, 2005 an employee of plaintiff signed a "Verification" which was attached to the same answers to interrogatories which gave the same answer to #5.

On or about August 4, 2005 plaintiff made an expert witness designation. At that time, as result of a joint motion to extend the time for discovery, discovery was to end **September 12, 2005.**

Not surprisingly, the purported expert report was mailed to defendants' counsel **September 12, 2005.** On September 20, 2005 defense counsel requested answer to interrogatory #5 under oath.

As same was not received, defendants' filed a motion to compel an answer under oath to interrogatory to #5. (Tab C)

The motion was denied on October 13, 2005. (Tab D) However, apparently due to an oversight, same was not served on defense counsel until November 7, 2007. (Tab E)

As will be noted that he purported expert report is a "summary" written by plaintiff's attorney. It supposedly was signed by the expert but again not before a Notary Public. (Tab F)

**ISSUE:**

Are defendants entitled to an answer to interrogatory #5 signed under oath?

**ARGUMENT:**

DEFENDANTS ARE ENTITLED TO AN ANSWER TO INTERROGATORY #5 SIGNED UNDER OATH.

As indicated, plaintiff cited Rule 26 in its response to interrogatory #5. Rule 26 (b) (4) (B) F.R.C.P. clearly reveals that a party may obtain the information requested in interrogatory #5. Additionally, Rule 33 (b) (1) reveals that the answer must be signed under oath.

Defense counsel can not cross examine the attorney who prepared the "summary" set forth above. (Tab D) It is submitted that he can not fully and effectively cross examine the expert without first having reviewed an answer to interrogatory #5.

**CONCLUSION:**

Plaintiff should be ordered to answer interrogatory #5 under oath.

Defendants

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

**CERTIFICATION**

I hereby certify that on the 7th day of November, 2005, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.