**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**NOTICE OF AGREED MOTION FOR LEAVE TO DEPOSE NEW POTENTIAL WITNESSES <u>INDENTIFIED BY DEFENDANTS</u>**<br><br>**ORIGINAL** |

**PLEASE TAKE NOTICE** that plaintiff, CoxCom, Inc. d/b/a Cox Communications New England, by it's attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott and Holbrook, will move this Court on the ______ day of November 2005, at 10:00 a.m., for an Order: granting Plaintiff leave to depose the witnesses identified in Defendants' October 14, 2005, response to plaintiff's Interrogatory No. 14, should Plaintiff's Motion for Summary Judgment not be granted.

Dated: Jericho, New York
November 9, 2005

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 10, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

TO:

James A. Currier, Esq.
Attorney for Defendants
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903
(401) 274-3113

**CERTIFICATION**

I hereby certify that on the 10th day of November, 2005 I did send by first class mail a true and accurate copy of the within Motion to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S MOTION ON CONSENT FOR LEAVE TO DEPOSE <u>DEFENDANTS' WITNESSES</u>** |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action, the files maintained by this firm, and my discussions with defendants' counsel, unless otherwise stated. I submit this Affirmation in support of Plaintiff's Motion on Consent seeking an Order granting Plaintiff leave to depose the witnesses identified in Defendants' October 14, 2005 response to plaintiff's Interrogatory No. 14, should Plaintiff's Motion for Summary Judgment not be granted.

**Background**

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On April 12, 2005, the Fed.R.Civ.P. 16 initial conference was held before the Honorable Judge William E. Smith, U.S.D.J. In violation of Rule 26(a), the Defendants did not serve their initial disclosures, and of particular importance to the instant Motion, did not identify any potential witnesses pursuant to Fed.R.Civ.P. 26(a)(1)(A). To date, Defendants have not provided their Rule 26 disclosures.

4. Subsequent to that conference, on April 25, 2005, CoxCom served its initial discovery requests. Included in those discovery requests was Interrogatory No. 14 stating:

> Identify by full name, home address and telephone number any and all persons Defendant intends to call as a witness in the trial of this action, including experts, and describe the nature of their anticipated testimony.

5. Defendants responded to Interrogatory No. 14 as follows: "Undetermined."

6. In light of Defendants' refusal to provide a list of said witnesses, on or about August 8, 2005, CoxCom filed a motion to compel that sought, *inter alia,* an Order compelling Defendants to serve their initial disclosures and provide the witness information as required by Rule 26(a)(1)(A).

7. On September 13, 2005, one day after the close of discovery, the parties appeared before the Honorable Lincoln D. Almond, U.S.M.J. with respect to the aforementioned motion to compel. <u>See</u> excerpts of Transcript of September 13, 2005, hearing annexed hereto as Exhibit A.

The Court ordered Defendants to supplement their discovery responses and identify their potential fact witnesses. The Court also noted that if those witnesses identified had not already been deposed by CoxCom, CoxCom would likely want to depose such persons. See Exhibit A at 11, 12.[1]

8. On October 14, 2005, six months after the Rule 16 conference, Defendants served their supplemental response to CoxCom's Interrogatory No. 14. See Defendants' Further Response to Plaintiffs' Interrogatories annexed hereto as Exhibit "B." In this response, Defendants identified fifteen persons, six of which (Carnada, Porter, Szozozarz, Reuther, Cosineau, Tavares) have not been previously identified in any way in this action.

9. Given the defendants' recent disclosure of the new witnesses and the Court's September 13, 2005 ruling, CoxCom respectfully submits it should be entitled to depose those witnesses should summary judgment not be granted.[2]

10. On November 1, 2005, I called defendants' counsel's office regarding the relief sought herein. Defendants' counsel subsequently faxed a letter to me stating his consent to CoxCom's deposing the newly-identified witnesses.

---

[1] During the September 13, 2005 hearing, and in its subsequent order dated September 21, 2005, the Court also directed each defendant to provide plaintiff with an accounting by October 15, 2005 that complied with the requirements of the Temporary Restraining Order. This directive was issued after a detailed discussion during the hearing regarding what the nature of such an accounting should be, and how defendants should handle aspects of the accounting for which there might be no documents. Exhibit A at 19; September 21, 2005 Order at 1. After I contacted plaintiffs' counsel on October 25, 2005 to inquire as to why no accounting had been received by the deadline ten days earlier, he wrote on October 27, 2005 to acknowledge receipt of my voicemail, and blithely stated that he didn't know what else could be produced.

[2] In seeking this relief, CoxCom reserves its right to object to the testimony of any witness it presently seeks the right to depose, including on the ground that testimony regarding a party's truthful character (the listed subject for some defendants' testimony) is impermissible.

**WHEREFORE**, Plaintiff seeks a Court order granting it leave to depose the witnesses identified in Defendants' October 14, 2005, response to plaintiff's Interrogatory No. 14, should Plaintiff's Motion for Summary Judgment not be granted.

Dated: Jericho, New York
November 9th, 2005

Shaun K. Hogan (SH-7227)