UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**FURTHER RESPONSES TO PLAINTIFF'S INTERROGATORIES**

13. Identify the gross sales, as defined by the number of digital cable television filters, sold by Jon Chaffee, individually and doing business as Electronic Imports, Chaffee International, Chaffee International Electronic Imports, L.L.C. during the relevant time period, and identify any documents that reflect such sales.

13. For Chaffee International & Electronic Imports, LLC. approximately $10,500.00, no records kept.

14. Identify by full name, home address and telephone number any and all persons Defendant intends to call as witnesses in the trial of this action, including experts, and describe the nature of their anticipated testimony.

14. Jon Chaffee may testify: he saw filters being sold at a show and that the vendors seemed to be selling many; he was told by Mathew Camanda, an employee of Market Pro Computer Show South that as the filters were not descramblers or decoders it was permitted; he bought some and began selling them; he was asked by Paula Habber of Market Pro Computer Shows North whether the filters were legal to sell; he told her that they were not discamblers and that it was his

understanding that the filters could be used to filter out disturbance to the picture and sound of cable television programs; Ms. Habber said she would check with her legal department; Ms. Habber told him that after checking with her legal department she was advised that the filters were legal to sell; that the New England Group Services, LLC has lost business because of the distractions of this lawsuit; that the plaintiff's conduct has adversely affected his health and his marriage.

Amy Chaffee may testify as to her knowledge about the filters, what she told customers, that the plaintiff's conduct has adversely affected her and her marriage.

Ramalda Bou may testify as to her knowledge about the filters, what she told customers, that she was not at the West Warwick Show and that the plaintiff's conduct interfered with her ability to receive her child suport checks and has affected her health.

Christine McKenna may testify as to her knowledge about the filters, what she told customers and that she was at the West Warwick Show;

Miriam Rico may testify as to her knowledge about the filters and what she told customers.

Gerard Boisvert may testify as to his knowledge about the filters and what he told customers as well as what he said to Lucien Marcoux.

Lori Montville, 10 Patience Lane, Warren, RI 02885 may testify as to her knowledge about the filters and what she told customers.

Karen Dorsey, 422 Arnold's Neck Road, Warwick, RI 02886 may testify as to her knowledge about the filters and what she told customers.

Mathew Camanda, 9309 Elgin Lane, Frederick, MD 21704 1 (240) 994-7076 may testify as to what he told Jon Chaffee as set forth above.

Paula Habber (new address being obtained) may testify as to what she told Jon Chaffee as set forth above.

Robert Porter, 50 Kilsyth Street, Southeastern, MA 02375 may testify as to Jon Chaffee's truthful character.

Mary Szozozarz, 40 Garvin Street, Cumberland, RI may testify as to Jon Chaffee's truthful character.

Joanne Reuther, 129 Deer Run Road, Tiverton, RI 02878 may testify as to Jon Chaffee's truthful character.

Jeanette Cousineau, 54 Second Ave., Woonsocket, RI may testify as to Amy Chaffee's truthful character.

Nancy Tavares, 1070 Oakton Street, Woonsocket, RI may testify as to Amy Chaffee's truthful character.

15. Identify the number of digital cable television filters that Defendant purchased between January 1, 2002 and the present.

15. Chaffee International & Electronic Imports, LLC. purchased approximately 3,300.

16. Identify the number of digital cable television filters that Defendant sold or distributed distributed between January 1, 2002 and the present.

16. Chaffee International & Electronic Imports, LLC. sold approximately 2100.

18. Identify any documents that reflect any form of compensation that has been paid to the Defendant or by the Defendant, for the sale of cable television filters.

18. Due to the way the sales were made no such documents exist.

Jon Chaffee

Subscribed and sworn to this14th day of October, 2005.

Notary Public

## CERTIFICATION

I hereby certify that on the 14th day of October, 2005, I faxed and/or mailed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.