**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| | ) | **ORIGINAL** |
| **v.** | ) | |
| | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **PLAINTIFF'S OBJECTION TO DEFENDANTS' "APPEAL" OF OCTOBER 13, 2005 ORDER** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, objects to and opposes Defendants' "Appeal" of the Court's October 13, 2005 Order in the above-captioned action. Cox's Objection is based upon its accompanying Memorandum of Law, the Affirmation of Shaun K. Hogan, and the exhibits attached thereto.

Dated: Jericho, New York
November 16, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 17, 2005

MILLER, SCOTT & HOLBROOK

By:____________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17th day of November, 2005 I did send by first class mail a true and accurate copy of the within Objection to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COX, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF**
**DEFENDANTS' MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 5**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in opposition to Defendants' "Appeal from Order of Magistrate Judge" (actually a Fed.R.Civ.P. 72 Objection to the Court's October 13, 2005 Order).

## BRIEF STATEMENT OF RELEVANT PROCEDURAL HISTORY

Included in Defendants' initial discovery requests was Interrogatory No. 5, that read:

> State the name and address of any person intended to be called as an expert witness at the trial of this matter, the substance of any opinion the expert will offer and the facts that form the basis of each such opinion.

See Motion Tab "A."

On or about July 12, 2005, Cox served on Defendants its Responses and Objections to Defendants' First Request for Interrogatories with verification from Cox employee, Lucien Marcoux. At the time Cox provided its verified responses to Defendants' requests, Cox had not retained the services of an expert. Therefore, in its answer to Interrogatory No. 5, Cox stated:

> General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is premature. Without waiving its objections, plaintiff responds and states that it has yet to retain an expert in connection with this action. **If Cox elects to retain the services of an expert, it will identify the expert in accordance with Fed.R.Civ.P 26.**

See Affirmation of Shaun K. Hogan ("Hogan Aff."), Exhibit "A" (emphasis added).

However, on August 4, 2005, subsequent to retaining its expert, defendants were duly informed of the identity and background of Cox's expert, when Cox served its Fed.R.Civ.P 26(a)(2) expert designation, stating that Stan Durey would be its expert witness. See Hogan Aff. Exhibit

"B." The Expert Witness Designation identified Durey by name, address, and former employer. It also briefly described the areas upon which Durey would testify.

Further, on September 12, 2005, Cox served the Expert Report of Stan Durey by facsimile on defendants' counsel. The 10 page Expert Report set forth Durey's name and address, his former employer, his conclusions, and the factual bases for his conclusions -- including a detailed discussion of the tests he performed on digital filters obtained from the defendants. The Expert Report also commented on the defendants' deposition testimony and specifically identified such testimony by page citations to the deposition transcripts. See Hogan Aff. Exhibit "C." Pending Court approval, the parties have agreed to the deposition of Cox's expert, although defendants' counsel has repeatedly rebuffed Cox's counsel's efforts to schedule the deposition.

On September 26, 2005, Defendants filed the instant Motion compelling Cox to answer Interrogatory No. 5 – that is, to provide the identity of its expert and his opinions. Of course, by identifying the expert in its Rule 26(a)(2) disclosures and providing the Expert Report, Cox had already done both of these things. Accordingly, it opposed defendants' Motion to Compel. By order dated October 13, 2005, the Court summarily denied defendants' motion. Motion, Tab D. Defendants now "appeal" or, more properly, object to the October 13 Order (the "Order").

## ARGUMENT

### DEFENDANTS HAVE NOT ARGUED, MUCH LESS SHOWN, THAT DENIAL OF THEIR MOTION WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW

Fed.R.Civ.P. 72 (a) governs review of magistrate judges' rulings on non-dispositive matters such as defendants' motion for an order directing that an interrogatory be supplemented under oath. It provides, in pertinent part, that "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be

clearly erroneous or contrary to law." See also Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5 (1st Cir. 1999); Harvard Pilgrim Health Care of New England v. Thompson, 318 F.Supp.2d 1, 6 (D.R.I. 2004). Defendants' Motion, which was drafted as if the October 13, 2005 Order had not been entered and the relief sought was only now being sought for the first time, fails to specify why they believe Magistrate Almond's October 13, 2005 Order was erroneous.

Indeed, defendants identify their "issue on appeal" as follows: "Are defendants entitled to an answer to interrogatory #5 signed under oath?" Their argument, expressed in five sentences, Memorandum at 2, is at best difficult to understand. They appear to contend, with vague citations to Fed.R.Civ.P. 26 and 33, that in order for defendants to defend Cox's claims, or to properly depose its expert witness, Cox (as opposed to the witness himself) must identify the witness under oath by name and address, and state his conclusions and the bases therefor.

What is readily understandable, and not disputed, is that on May 18, 2005, Cox responded to defendants' Interrogatory No. 5 by stating that it had not retained an expert, but that if it elected to do so in the future, it would identify the expert in accordance with Fed.R.Civ.P. 26. Defendants' Tab B at 4. This entirely appropriate response was subsequently verified by Cox. Defendants' Tab B at 7 (verification of Lucien Marcoux).

On August 4, 2005, Cox designed its expert pursuant to Fed.R.Civ.P. 26. See Hogan Aff., Exhibit B. The designation stated that the expert witness would be Stan Durey. Id. This designation was not made under oath, nor is this required under Rule 26. Cox's Expert Witness designation supplemented its response to Interrogatory No. 5, precisely as Cox had promised to do when it served its initial response. There is no rule requiring that an interrogatory response be supplemented in a particular fashion, nor can defendants claim that they are in any way prejudiced by the means by which Cox elected to supplement.

On September 12, 2005, Cox faxed the Expert Report of Stan Durey, the same witness previously designated as its expert, to defendants' counsel. The Expert Report, which Durey prepared, is signed by him. See Hogan Aff., Exhibit "C." To the extent that defendants contend that an expert report be signed under oath, Memorandum at 2, that argument finds no support in either Rule 26 or Rule 33.

Moreover, defendants fail to offer any support for their characterization of the Expert Report as "a 'summary' written by plaintiffs' counsel." Memorandum at 2. A review of the ten-page Expert Report clearly manifests that it is not a summary, but rather a detailed discussion of facts and conclusions derived therefrom. As set forth in the Hogan Affirmation at ¶ 6, Mr. Durey prepared the Expert Report, although he did speak with Cox's counsel while he prepared it. Thus, contrary to defendants' conclusory argument, there is no reason to cross-examine any of Cox's attorneys regarding preparation of the Expert Report, because it was Durey who prepared it. Significantly, defendants do not argue that the Expert Report is a forgery, or that there are issues regarding the identity of Mr. Durey, the only other conceivable reasons for their bringing the Motion in the first place.

Defendants inexplicably argue that "It is submitted that [defendants' counsel] can not fully and effectively cross-examine the expert without first having reviewed an answer to Interrogatory #5." Memorandum at 2. As the interrogatory sought only the (i) expert's name and address, (ii) his opinions and (iii) the facts upon which they are based, and all of those items are set forth in detail in the Expert Report, which defendants' counsel has possessed for two full months, his argument that he needs the interrogatory answered to provide him with the identical (and, if anything, less comprehensive) information is nothing short of nonsensical. The Motion, and defendants' present "appeal" demonstrate only that defendants will not be satisfied until their hypertechnical and legally

baseless whims have been quenched. Indeed, defendants' Motion, and their present "appeal" of the Court's decision, arguably violate 28 U.S.C. § 1927, which prohibits attorneys from unreasonably and vexatiously multiplying proceedings and driving up costs for an adversary.

In sum, defendants' motion fails to allege any facts demonstrating why the information they seek cannot be derived from the Expert Report. There is no showing that the Expert Report is somehow incomplete or unreliable. It serves no purpose to have Cox supplement its interrogatory response to verify that Stan Durey is its expert witness after Cox's attorneys, acting on Cox's behalf, have already served his Expert Report. Nor does it make sense that Cox would have to somehow verify that the Expert Report is indeed from Mr. Durey, when he can be asked to authenticate it at his deposition. Defendants' requests are patently frivolous and nonsensical, and seemingly designed only to harass Cox and delay the proceedings. Defendants' challenge to the October 13, 2005 Order should be rejected.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court to issue an order denying Defendants' Motion and award Cox its costs and fees associated with opposing this Motion.

Dated: Jericho, New York
November 16, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 17, 2005

MILLER, SCOTT & HOLBROOK

By:______________________________

Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN OPPOSITION TO DEFENDANTS' "APPEAL" OF OCTOBER 13, 2005 ORDER** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of and participation in this action and the files maintained by this firm, unless otherwise stated.

2. I submit this Affirmation and the accompanying Memorandum of Law in opposition to Defendants' "Appeal" of the Court's (Almond, M.J.) October 13, 2005 Order denying their Motion to Compel a Response to Interrogatory No. 5 under oath.

3. Annexed hereto as Exhibit "A" is Defendants its Responses and Objections to Defendants' First Request for Interrogatories with verification from Cox employee, Lucien Marcoux.

4. Annexed hereto as Exhibit "B" is Cox's Fed.R.Civ.P 26(a)(2) expert designation that was served on Defendants on August 4, 2005.

5. Annexed hereto as Exhibit "C" is Cox's expert report that was served on Defendants on September 12, 2005.

6. The Expert Report was prepared, and typed up, by Stan Durey, and not by my firm. Mr. Durey did speak to attorneys at this firm about the Expert Report during the process of preparing it.

Dated: Jericho, New York
November 16, 2005

Shaun K. Hogan (SH-7227)