LEFKOWITZ, LOUIS, SULLIVAN & HOGAN
A LIMITED LIABILITY PARTNERSHIP
350 JERICHO TURNPIKE
SUITE 300
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
E-MAIL: llshllp.com

DANIEL J. LEFKOWITZ*
WAYNE R. LOUIS
PATRICK J. SULLIVAN
SHAUN K. HOGAN+

MICHAEL D. CASSELL■
MELINDA MAY DUS
MICHAEL G. McALVIN■

WILLIAM B. JUNG, LLC▲
OF COUNSEL

NEW JERSEY OFFICE
744 BROAD STREET
FLOOR 16, ROOM 28
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 735-2700
TELECOPIER: (516) 942-4705

*ALSO ADMITTED IN FLORIDA
+ALSO ADMITTED IN MASSACHUSETTS
■ALSO ADMITTED IN NEW JERSEY
▲ALSO ADMITTED IN SOUTH CAROLINA

July 12, 2005

**BY FACSIMILE & U.S. MAIL**
James A. Currier, Esq.
128 Dorrance Street, Suite 400
Providence, Rhode Island 02903

Re: CoxCom, Inc. v. Chaffee, individually and d/b/a Electronic Imports and Chaffee International, et al.
Case No.: 05 CV 107 S

Dear Mr. Currier:

This firm represents CoxCom Inc. ("Cox") in the above-referenced action.

Enclosed herein please find a copy of Plaintiff's Responses and Objections to Defendants First Request for Interrogatories with verification. Also enclosed is a copy of the Declaration of Gerard Boisvert.

Thank you for your attention to this matter.

Very truly yours,

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

Shaun K. Hogan

Encl.
cc: Francis Holbrook, Esq,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | : | C.A. No. 05 107 S |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | : | |

**RESPONSES AND OBJECTIONS TO INTERROGATORRIES PROPOUNDED BY DEFENDANTS**

The plaintiff, CoxCom, d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller Scott & Holbrook, hereby respond and object to the First Requests for Interrogatories served by defendants as follows:

General Objections and Statements

Plaintiff interposes the following responses and objections to each and every interrogatory and request for document production propounded by defendant.

1. Plaintiff's responses and objections are based upon the current state of its knowledge, understanding and belief about the positions and contentions which defendants have taken in this action and upon the information presently available to it.

2. Plaintiff objects to any and all of defendant's interrogatories to the extent they seek information protected by (i) the work product doctrine; (ii) the attorney-client

privilege; and (iii) other applicable privileges and doctrines which entitle plaintiff to withhold documents and information.

3. Plaintiff does not waive: (i) any objections as to the admissibility, competency, relevancy, or materiality of any evidence; (ii) any claims of privilege attaching to any document or information produced; or (iii) the right to object to other discovery requests and undertakings involving or related to the subject matter of the requests herein.

4. Nothing contained herein should be construed as an admission relative to the existence or non-existence of any document, and none of the following responses shall constitute an admission respecting the relevance or admissibility of any document or the truth or accuracy of any statement or characterization contained therein.

## RESPONSES AND OBJECTIONS TO INTERROGATORRIES PROPOUNDED BY DEFENDANTS

**REQUEST No. 1:**
State your name, business address, and capacity with plaintiff.

**RESPONSE:**

General Objections. Without waiving its objections, plaintiff responds and states that Shaun K. Hogan, Esq., Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, prepared the instant objections and responses to defendants' interrogatories. The undersigned represents Cox in this action.

**REQUEST No.: 2**

State the substance of all conversations regarding the incident in question and the name and address of all persons who participated in or overheard such conversations.

**RESPONSE:**

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is vague, over broad and unduly burdensome. Without waiving its objections, plaintiff responds and states that the sum and substance of conversations between defendants and plaintiff are reflected in Cox's application for Temporary Restraining Order. Cox is also in receipt of certain recordings of conversations with the defendant(s). Those recordings are available for inspection and review in Cox's Lincoln, Rhode Island office.

**REQUEST No.: 3:**

State the name and address of each witness who may have any knowledge concerning the incident in question.

**RESPONSE:**

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is over broad, premature, and unduly burdensome. Without waiving its objections, plaintiff responds and states that the following witnesses have knowledge concerning Cox's investigation of the defendants:

Lucien Marcoux, Security Manager for Cox, c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Ronald Allard, Investigator for Cox, c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Mark Matteo, Investigator for Cox c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Michael Clifford, Security Investigator for Cox Communications c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Pierre Dubois, Broadband Technician for Cox Communications c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Jim Webb, Broadband Technician for Cox Communications c/o Lefkowitz, Louis, Sullivan & Hogan, L.L.P., 350 Jericho Turnpike, Suite 300, Jericho, New York 11753, (516) 942-4700;

Defendant Jon Chaffee, 206 Richard Drive, Tiverton, Rhode Island;

Defendant Amy Chaffee, 206 Richard Drive, Tiverton, Rhode Island;

Defendant Ramalda Bou, 254 Grand Street, Woosocket, Rhode Island;

Cheryl Chaffee, address unknown.

Electronic Imports, 206 Richard Drive, Tiverton, Rhode Island;

Chaffee International, Richard Drive, Tiverton, Rhode Island.

**REQUEST No.: 4:**

Identify any statement, photograph, surveillance or investigation report, audio or videotape or any other recording in any way pertaining to the matters alleged in the complaint.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is vague, over broad, premature, and unduly burdensome. Without waiving its objections, plaintiff responds and states that it is in receipt of certain photographs, reports, and recordings which are available for inspection and review in Cox's Lincoln, Rhode Island office.

**REQUEST No.: 5:**

State the name and address of any person intended to be called as an expert witness at the trial of this matter, the substance of any opinion the expert will offer and the facts that form the basis of each such opinion.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is premature. Without waiving its objections, plaintiff responds and states that it has yet to retain an expert in connection with this action. If Cox elects to retain the services of an expert, it will identify the expert in accordance with Fed.R.Civ.P. 26.

**REQUEST No.: 6:**

State whether there was any insurance coverage in full force and effect and applicable to the counterclaim. If so, state the name and address of the insurance carrier and the limits of said insurance policy as well as any umbrella or excess policies.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is vague, over broad, premature, and unduly burdensome. Without waiving its objections, plaintiff responds and states that it is self insured.

**REQUEST No.: 7:**

Identify the name(s) and address(es) of those who gave the "tip" as referred to in the affidavit filed in this case and indicate whether same was recorded in writing, by voice recording or any other means and identify the possessor of same.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is vague. Without waiving its objections, plaintiff responds and states that the tip referred to in the Affidavit of Ron Allard was made by Jeffery Burdsall of 87 Gypsy Lane, Meridan, Connecticut. Cox's conversation(s) with Jeffery Burdsall were not recorded.

**REQUEST No.: 8:**

List all items taken from the Chaffee home at any time and identify all writings or other means by which same were recorded and identify the possessor of same.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is vague, over broad, and unduly burdensome. Without waiving its objections, plaintiff responds and states that items seized from defendants are set forth in Cox's inventory reports that will be provided under separate cover.

**REQUEST No.: 9:**

State in detail the dates, nature and information learned from all surveillance, searches or any other means related to the investigation of this matter.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the grounds that it is vague, over broad, premature, and unduly burdensome. Without waiving its objections, plaintiff responds and states that the dates and nature of information learned from surveillance, searches or any other means related to this investigation are set forth in the plaintiff's applications for a Temporary Restraining Order.

**REQUEST No.: 10:**

Identify the name(s) and address(es) of those who gained access of the home of Jon Chaffee's mother and identify how access was gained, what was done and all item's inspected or taken.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is vague, as defendant has failed to identify defendant's mother or her address. Without waiving its objections, plaintiff responds and states that, in accordance with the Temporary Restraining Order, the only home that Cox gained access to in this action was the home of John and Amy Chaffee which is located in Tiverton, Rhode Island.

**REQUEST No.: 11:**

Identify all "taps" or other means of listening to conversations on the telephones of the defendants as well as that of Jon Chaffee's mother.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is vague, as defendants have failed to identify defendant's mother or her address. Without waiving its objections, plaintiff responds and states that it did not utilize a telephone tap in connection with its investigation of defendants. Plaintiff did record certain conversations with the defendant(s). Those recordings are available for inspection and review at Cox's Lincoln, Rhode Island office.

**REQUEST No.: 12:**

Identify the name(s) and address(es) of those who gained access to the mail delivered to the home of Jon Chaffee's mother and identify how access was gained, what was done and all items inspected or taken.

**RESPONSE**:

General Objections. In addition to its general objections, the plaintiff specifically objects to this interrogatory on the ground that it is vague, as defendants have failed to identify defendant's mother or her address. Without waiving its objections, plaintiff did not gain access to mail at the home of John Chaffee's mother.

Dated: Jericho, New York
May 18th, 2005

**ATTORNEYS FOR PLAINTIFF**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**

By: ______________________
**SHAUN K. HOGAN**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

**MILLER SCOTT & HOLBROOK**
**FRANCIS S. HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**Verification**

I, Lucien Marcoux, under penalty of perjury of the laws of Rhode Island and the United States, affirm that I am the New England Security Manager for CoxCom, Inc. d/b/a Cox Communications New England and that I have read the foregoing responses to above interrogatories and that those responses are true and correct to the best of my knowledge.

Dated: July 13, 2005

LUCIEN MARCOUX