**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

FILED
NOV 23 2005

**COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,**

**Plaintiff,**

**v.**

**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**

**Defendants.**

**C.A. No. 05-107 S**

**PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OPPOSE COXCOM'S SUMMARY JUDGMENT MOTION**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, objects to and opposes Defendants' Motion to Extend Time to Oppose CoxCom's Summary Judgment Motion.

Respectfully submitted,

Dated: Jericho, New York
November 11, 2005

Attorneys for Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

By: ______________________

Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 14, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________________

Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 14th day of November, 2005 I did send by first class mail a true and accurate copy of the within Motion to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COX, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No.: 05-107 S** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO EXTEND THEIR TIME TO OPPOSE COX'S SUMMARY JUDGMENT MOTION**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in support of its objection to Defendants' Motion to Extend Time to Serve and File Objection to Cox's Motion for Summary Judgment.

## BRIEF SUMMARY OF PROCEDURAL HISTORY

On September 12, 2005, and after an agreed-upon month-long extension, the discovery period closed in this action. On September 26, 2005, Cox filed its Motion for Summary Judgment, as this was the Court-ordered deadline for either party to move for summary judgment.

After reviewing Cox's Summary Judgment Motion, and on or about October 13, 2005, defendants filed a motion seeking to extend the discovery period that expired approximately a month earlier, and seeking an extension of their time to file an opposition to the summary judgment motion. Specifically, they sought an opportunity to redepose Lucien Marcoux of Cox. Marcoux had been deposed on May 5, 2005. On July 12, 2005, a month prior to the then-existing discovery deadline, Cox had served a copy of a declaration of Gerald Boisvert on defendants' counsel. See Affirmation of Shaun K. Hogan ("Hogan Aff."), Exhibit "A." Boisvert is Defendant Amy Chaffee's uncle. He admitted to selling digital cable filters for Defendant Jon Chaffee. Marcoux had taped his conversations with Boisvert, and defendants sought, for unspecified reasons, to redepose Marcoux on this issue. The parties agreed on August 10, 2005 that Marcoux could be redeposed on this limited issue. See Exhibit "C" to defendants' Motion. At approximately the same time, the discovery deadline was extended until September 12, 2005. Cox then sent the relevant recorded conversations between Marcoux and Boisvert to defendants' counsel on August 25, 2005. See Hogan Aff., Exhibit B. Significantly, Cox's counsel's August 25, 2005 letter

expressly reminded defendants' counsel of the need to complete discovery, stating: "Please call me to coordinate mutually convenient dates and times for the remaining depositions in this action." Hogan Aff., Exhibit B. Inexplicably, defendants did not take advantage of this opportunity to redepose Marcoux. Instead, they ignored Cox's invitation to contact them to schedule the remaining depositions in this case. Nor did they ever request an extension of the discovery deadline. Thus, defendants never sought to redepose Marcoux by the close of discovery, and he never was redeposed. It was not until defendants' September 20, 2005 letter (sent eight days after discovery closed) that plaintiffs' counsel learned that defendants' counsel still intended to conduct Marcoux's re-deposition at an unspecified time in the future.[1] See Hogan Aff., Exhibit C.

By order dated October 14, 2005, the Court granted defendants' motion in part to extend their time to oppose the summary judgment motion until November 4, 2005, some five weeks after the summary judgment motion was served on defendants' counsel. See Exhibit "A" to defendants' Motion. The Court did not grant any extension of the discovery deadline nor permit depositions or re-depositions of any fact witnesses.

On November 7, 2005, defendants filed a second motion to extend their time to oppose Cox's summary judgment motion. This time, they claim they were unaware of the Court's October 14, 2005 Order. Their 1½ page Memorandum of Law notes entry of the October 14 Order and states, in pertinent part, "Apparently due to an oversight, same was not served on defense counsel until November 7, 2007." What is also apparent is that, despite having moved three weeks earlier for an extension of time to oppose the summary judgment motion, and despite nearly 1½ months

[1] Despite the fact that Cox's counsel faxed a copy of his August 25, 2005 letter containing the recordings of the compact disks of the Marcoux/Boisvert conversations to defendants' counsel in addition to mailing it to him that day, defendants' counsel first first informed Cox they did not receive copies of the compact disks on September 20, 2005. Without conceding that the first set of compact disks had not been received, Cox nevertheless thereafter sent a second copy of the compact disks to counsel.

having passed since receiving the motion, defendants never bothered to check its status, either by calling the Court, calling opposing counsel, or checking the Court's electronic docket. Despite this, and given defendants' stated lack of notice, Cox is constrained to consent to defendants' receiving an additional ten business days, from November 7, 2005, when they received the October 14 Order, to file their opposition. This will result in a new deadline of November 22, 2005 – nearly two months after the motion was served.

## I. DEFENDANTS HAVE NO BASIS FOR SEEKING TO REDEPOSE LUCIEN MARCOUX AFTER THE CLOSE OF DISCOVERY

Aside from their claiming to have not received notice of the October 14 Order, defendants seek a delay in responding to Cox's Summary Judgment Motion so they can re-depose Cox security manager Lucien Marcoux regarding taped conversations Marcoux had with fact witness Gerard Boisvert. This relief was requested in defendants' prior motion for an extension of time, and was properly not granted. Given that no intervening facts have occurred, the Court should reach the same result now.[2]

As previously stated, on August 10, 2003, the parties agreed to the re-deposition of Marcoux for this limited purpose. Defendants, however, ignored Cox's invitation to contact them to schedule the remaining depositions in this case, and did not request an extension of the discovery deadline. Defendants' failure to even attempt to re-depose Marcoux prior to the end of discovery despite having over a month to do so unquestionably amounts to a waiver. They should not be given a reprieve for what amounted to either a strategic decision or a lackadaisical defense of this case. Significantly, Marcoux did not submit an affidavit in support of Cox's Summary Judgment Motion,

[2] As defendants have asked for the identical relief as in their first motion for an extension, for ease of reference, Cox sets forth herein a substantially similar but updated response.

so there is no apparent present need to depose Marcoux. Notably, defendants did not choose to depose Boisvert, whose declaration was first sent to defendants on July 12, 2005.

In addition to this baseless request for a re-deposition, defendants' Motion does not identify the specific legal basis under which the relief is sought. At best, it would appear that defendants seek relief under the stay provisions of Rule 56(f). The Court should deny this Motion as: (1) it is in improper form; (2) defendants have not demonstrated "good cause" for its failure to discover facts essential to the opposition of the Summary Judgment Motion sooner; (3) defendants have failed to show specific evidence can be obtained with additional time; and (4) the facts that defendants seek to discover are not foreseeably capable of sustaining their defense of the Summary Judgment Motion.

## II. DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT IS IMPROPER AND FAILS TO MEET FED.R.CIV.P. 56 (f) STANDARDS

Defendants' Motion to stay its opposition to Cox's summary judgment motion pending the Marcoux deposition, is not only meritless, but manifestly intended to only delay these proceedings. In fact, while defendants continue to file frivolous motion after motion, they are undoubtedly benefiting from the ongoing opportunity to prepare their opposition to the pending Summary Judgment Motion. Assuming *arguendo* that defendants' Motion is brought under Rule 56(f), it provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**A. Defendants' Motion is Not in Proper Form**

While the courts of this circuit have been reluctant to hold a moving party to the standard that the Rule 56(f) motion must be in affidavit form, the moving party must set forth their request in some functional equivalent. See Velez v. Awning Windows Inc., 375 F.3d 35, 40 (1st Cir. 2004). A detailed review of the Motion indicates defendants "neither invoked nor substantially, complied with Rule 56(f)." Id. Undeniably, defendants' Motion does not mention Rule 56(f). Also, the relief they seek is ambiguous. Defendants' lack of specificity as to what relief they are seeking and under what authority such relief is sought, warrants a denial of the Motion. See C.B. Trucking, Inc. v. Waste Mgt. Inc., 137 F.3d 41, 44 (1st Cir. 1998) (in invoking Rule 56(f) relief, movant "at a minimum must ask the court to refrain from acting on the summary judgment request until additional discovery can be requested").

**B. Defendants' Motion Fails to set Forth Facts and Issues With Respect to Which They are Entitled to Further Discovery**

In Resolution Trust Corp. v. North Bridge Associates, Inc., 744 F.3d 1198 (1st Cir. 1994), the seminal case on Rule 56(f) in the First Circuit, the court forewarned would-be applicants for a Rule 56(f) stay that the Rule was "designed to minister to the vigilant, not to those who slumber upon perceptible rights." Id. at 1203.

North Bridge Associates also sets forth what has become the standard that an applicant must meet in seeking a Rule 56(f)-type stay. It enumerated five factors to guide district courts in exercising their discretion when considering a motion that invokes Rule 56(f) in an effort to conduct further discovery. These factors are: 1) the authoritativeness of the affidavit; 2) the timeliness of the motion; 3) whether the party opposing summary judgment has demonstrated good cause for its failure to discover facts essential to its opposition; 4) the utility of granting the continuance or

denying summary judgment to allow the non-movant more time; and 5) the materiality of the facts sought by the non-moving party. See id. at 1203-08; see also Flanders + Medeiros, Inc. v. Bogosian, 868 F. Supp. 412, 423 (D.R.I. 1994), aff'd. in relevant part, 65 F.3d 198, 206 n. 16 (1st Cir. 1995) (citing North Bridge Associates, 22 F.3d at 1203-1208).

In this case, application of four of the North Bridge Associates factors proves fatal to defendants' purported effort to invoke the Rule 56(f) protections.[3]

### i. Defendants' Motion is Not Timely

Defendants' Motion fails to demonstrate, as it cannot, that it was timely sought. The right to redepose Marcoux was already sought in mid-October and thereafter denied by the Court's October 14, 2005 Order. That Order granted defendants' motion only to the extent of allowing them more time to oppose summary judgment, but it was silent with respect to allowing either a re-deposition of Marcoux or a further extension of the discovery deadline. Defendants' filing the identical motion nearly a month after filing the prior one, which was subsequently denied, and 1½ months after Cox moved for summary judgment simply is not timely.

### ii. Defendants Do Not Demonstrate Good Cause for their Failure to Discover Facts Essential to their Opposition of Summary Judgment Prior to the Filing of Cox's Motion

Defendants' Motion fails to demonstrate that they were diligent in pursuing Marcoux's deposition before Cox filed its summary judgment motion. After the discovery deadline was extended for a month and the parties agreed to the re-deposition of Marcoux, defendants never formally re-noticed his deposition, nor did they ever give Cox dates on which they would like him re-deposed, nor did they make any other attempt to redepose him. See Ayala-Gerena v. Bristol

Myers-Squibb Co., 95 F.3d 86, 92-93 (1st Cir. 1996) (court affirms denial of Rule 56(f) relief where party failed to engage in substantive discovery even after being given two extensions to the discovery period); see also C.B. Trucking Inc., 137 F.3d 45 (court denies Rule 56(f) relief in part because movant failed to conduct proper discovery).

Thus, defendants cannot show good cause why they failed to discover the evidence they now seek prior to the close of discovery.

### iii. Defendants Fail to Show Specific Evidence will be Obtained with Additional Time

Defendants also wholly fail to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist." North Bridge Associates, 22 F.3d at 1203; see also Velez v. Awning Windows, Inc., 375 F. Supp. 35, 40 (1st Cir. 2004) (movants failed to show the desired information could be gathered within a reasonable period). Defendants have not identified any facts that they reasonably anticipate will be obtained via the additional discovery sought. See Briggs v. United States, 617 F. Supp. 1399, 1405 at n. 4 (D.R.I. 1985) (in denying a Rule 56(f) request court notes "protesting party has not identified specific material facts which could conceivably be revealed by means of such incremental investigation"). As noted earlier, defendants they seek to re-depose Marcoux even though he did not submit an affidavit with respect to the Summary Judgment Motion.

As previously discussed, defendants are solely to blame for not timely seeking to re-depose Marcoux because they failed to even attempt to schedule a further deposition despite Cox's counsel's invitation to do so. Moreover, as an alternative to re-deposing Marcoux, defendants could have just as easily gone to the other source of the conversation at issue - Gerard Boisvert, whose

---

[3] Cox concedes Defendants' Rule 56(f) request meets one of the five factors. It is authoritative (i.e., made be attorney with first hand knowledge).

declaration was submitted in support of Cox's Summary Judgment Motion. That declaration, dated July 9, 2005, was first presented to defendants' counsel on July 12, 2005. Hogan Aff., Exhibit A. Not surprisingly, defendants make no mention of any efforts to have him deposed.

As defendants cannot show what specific evidence would be obtained by additional discovery, their Motion should be denied.

**iv. The Discovery Sought is not Capable of Sustaining a Defense to Summary Judgment**

Finally, defendants do not, and cannot, "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." North Bridge Associates, 22 F.3d at 1203; see also Velez, 375 F.3d at 40. In other words, the evidence sought by defendants would not raise a genuine issue of material fact. See Ortiz Cameron v. Drug Enforcement Admin., 959 F. Supp. 92, 94 (D.P.R. 1997), aff'd., 139 F.3d 4 (1st Cir. 1998). Defendants' motion provides no information regarding the nature of any of their anticipated defenses, or what facts they expect to adduce. The Court cannot be left to infer as to how the requested discovery would influence summary judgment. Rather, defendants have the obligation to demonstrate to the satisfaction of the Court that this specific discovery would alter the outcome of the summary judgment, and they have utterly failed to do so. See e.g. C.B. Trucking, Inc, 137 F.3d at 45 ("speculative assertions that [party moving for summary judgment] has unspecified facts in its possession necessary [ ] to develop [movants] legal theories" is completely inadequate to invoke Rule 56(f)).

In C.B. Trucking, Inc., the First Circuit, in affirming a denial of Rule 56(f) relief, was heavily influenced by the movant's "failure to identify any material evidence that it was likely to uncover if it was given additional time to conduct discovery." 137 F.3d at 45. Similarly, in the instant matter, the defendants merely state that they want to re-depose Marcoux prior to opposing

the Summary Judgment Motion. Indeed, despite having the summary judgment motion for 1½ months, they fail to cite to even one factual point or legal argument in that motion with respect to which the discovery sought is relevant.

Finally, it must be remembered that defendants wish to re-depose Marcoux regarding taped conversations he had with Boisvert. Defendants have been provided audio copies of said conversations (which have not themselves been submitted in support of the summary judgment motion) and it is submitted they speak for themselves. There is no reason to believe, and importantly, none have been presented by the defendants, that further post-discovery deposition testimony from Marcoux would shed any further light on the case, or even the tapes themselves, or somehow affect the Summary Judgment motion. Thus, defendants' Motion should be denied.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court issue an order denying defendants' Motion and order them to respond to the Summary Judgment Motion forthwith.

Dated: Jericho, New York
November 11, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ____________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 14, 2005

MILLER, SCOTT & HOLBROOK

By:____________________

Francis S. Holbrook, II (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500