UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MOTION FOR SUMMARY JUDGMENT**

Now come the Defendants Jon Chaffee, Amy Chaffee and Ramalda Bou and move for summary judgment as to Plaintiff's complaint.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

It is respectfully submitted that the concise statement of all material facts as to which there is no genuine issue necessary to be litigated have been set forth in full in the papers filed in connection with Plaintiff's Motion for Summary Judgment and Defendants' opposition thereto.

The Plaintiff alleges Defendants violated the provisions of 47 U.S.C. § 553 and 17 U.S.C. § 1201.

**SECTION 1201**

Apparently, plaintif's agents thought they would find "black boxes" when they printed what appears to be their "boiler plate" complaint.

They did not. Moreover, there is no evidence whatsoever that the filters can "... there is

no evidence whatsoever that the filters can "... circumvent cable companies digital encrytion of their pay-per-view services." It is clear, even from plaintiff's expert's report that the filters are not descramblers. Nor do they in any way record the cable transmissions for copying and later sale or any other work in any other method apparently used by true cable pirates in violation of the copyright laws.

Defendants's motion for summary judgment as to Section 1201 should be granted.

**SECTION 553**

Section 553 is entitled "Unauthorized reception of cable service" however section (a) speaks to unauthorized interception as well as receipt. It would not appear that plaintiff suggests that the filters in question can intercept cable service. The issue then is whether the defendants distributed equipment intended by them to be used for the unauthorized reception of cable service.

The question of intent, in most if not all instances, requires findings of fact. But, before it is necessary to get to that issue it would appear that Plaintiff need prove that the filters can assist in the unauthorized reception of service.

It seems worthy of note that all the cases cited by Plaintiff relate to equipment that can de-scramble the transmissions emanating from the cable company. (eg. "black boxes") Apparently plaintiffs counsel could not, nor could defense counsel, find any cases involving filters such as in question.

It is submitted that the simple reason for same is that the filters can not assist in such reception. More importantly, the reports of both experts make it clear that the filters do not effect reception of cable service but at most delay receipt of billing information.

Section 553 is not a collection statute. The law provides many other ways to collect for services renders.

Defendants' motion for summary judgment as to Section 553 should be granted.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113 Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 19th day of December, 2005, I mailed true and accurate copies of the within to Shaun K. Hogan, Esq., 350 Jericho Turnpike, Suite 300, Jericho, NY 11753 and Francis S.Holbrook, II, Esq., 122 Touro Street, Newport, RI 02840.