UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

Now come the defendants Jon Chaffee, Amy Chaffee and Ramalda Bou and object to plaintiff's motion for summary judgment.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT OF**
**OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

**SECTION 553**

The very first page of Plaintiff's Memorandum of Law calls to mind what has occurred numerous times in this case. It is regretably submitted that plaintiff's counsel has put a so-called "spin" on facts or occurences, particularly conversations with defendants' counsel.

To defendants' knowledge, there is no legal entity known as Electronic Imports, LLC. as suggested in Footnote 1. That is why an answer was filed on behalf of the three individuals only.

Chaffee's corporation is named *Chaffee International & Electronic Imports, LLC.* That was revealed in defendants' answers to interrogatories 1, 2, 5, 7, 12, 13, 15, 16, 18, 19 and further answers 13, 15 and 16. (Exhibit 1) Again in defendants' response to plaintiff's first

request for admissions. (Exhibit 2) Again in defendants' response to plaintiff's first request for production wherein a copy of the actual Certificate of Formation was produced. (Exhibit 3) Again in Chaffee's deposition testimony. (Exhibit 4, page 28, line 13)

The reason defendants point this out to the court is because there exists an even more egregious and disturbing spin; if not a fraud upon the court. Plaintiff has attached to its motion a "Declaration of Gerard Boisvert." ***(Exhibit H)*** Same was prepared following a recorded conversation between Mr. Boisvert and plaintiff's employee Lucien Marcoux.

Plaintiff is obviously cognizent that it must prove intent to prevail under Section 553. The second sentence in paragraph 7 of that document is what is so troubling. Not only is the sentence ambigous, it is **not** what Boisvert said in the recorded interview with Mr. Marcoux. Mr. Boisvert at no time said that Chaffee made it clear that he (Chaffee) **intended** that customers **would** use the filters to view pay-per-view programing without paying for it.

The attached affidavit of Mr. Boisvert is in his own words! ***(Exhibit 5)*** The recordings are clear as to Boivert's actual words. It is submitted that the court must listen to same before ruling on this motion.

For this reason alone, there is a genuine, if not sanctionable question of fact for the court to resolve.

Further facts which create genuine issues may be found in the answers to interrogatories of Defendant Jon Chaffee (Exhibit 1) which set forth the following:

The filters were sold openly and in public and were a minor portion of the goods sold by defendants at the shows.

Jon's real name and e-mail address were readily available.

Numerous products were sold by Jon and for him on consignment at the trade shows. At one show he saw the "filters" being sold and the vendors seemed to be selling many.

Jon learned that the filters could filter out interference that affected the sound and/or the picture of cable television programs. It was his understanding that such interference could be caused by such things as ham radios and airplanes. That was coroborated by the deposition testimony of Pierre Dubois a Master Telecommunciations Center technician for Cox. (Exhibit 6, pages 3, 4 and 9)

Jon was told by Mathew Camanda, an employee of Market Pro Computer Show North, the producer of the show; that as the filters were not descramblers nor decoders it was permitted to sell them.

Jon therefore bought some and began selling them. At the very first show that he had the filters for sale, he was asked by Paula Habber of Market Pro Computer Shows South, the producer of the show; whether the filters were legal to sell. Jon told her what he had learned from Mr. Camanda.

Ms. Habber said she would check with her legal department. Thereafter, Ms. Habber told him that after checking with her legal department, she was advised that the filters were legal to sell as long as there was a disclaimer visible.

Jon also had a full time job and another business which he helped Amy run. It is submitted that he stretched himself so thin that he did not pay as close attention to the business as he should have to the point that he did not even read the controversial web sites to which the customers were directed.

Jon knew there were some who may attempt to use the filters to get free pay-per-view programs. However, he also knew it was not possible to get free pay-per-view programs because of the nature of the computer chip in the cable boxes.

As set forth in the report of Girard Consulting Partners, the filters in question have a multitude of legitimate uses including filtering out interference from FM broadcast towers, amateur radio users, etc. (Exhibit 7)

Thus, there are a multitude of genuine issues of material fact.

Plaintiff's motion for summary judgment pursuant to Section 553 should be denied.

**SECTION 1201**

Apparently, plaintif's agents thought they would find "black boxes" when they printed what appears to be their "boiler plate" complaint.

They did not. Moreover, there is no evidence whatsoever that the filters can "... circumvent cable companies digital encrytion of their pay-per-view services." It is clear, even from plaintiff's expert's report that the filters are not descramblers. Nor do they in any way record the cable transmissions for copying and later sale or work in any other method apparently used by true cable pirates in violation of the copyright laws.

Plaintiff's motion for summary judgment pursuant to Section 1201 should be denied.

**DAMAGES**

In as much as Plaintiff addressed damages, defendants feel compelled to respond to same despite their strong belief that there is no liability. As Plaintiff has indicated, its territory includes Rhode Island and parts of Connecticut.

Discovery in this case has revealed that the majority of the sales of the filters occcurred in

other states. Therefore any consideration as to damages will require an evidentiary hearing.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113 Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 19th day of December, 2005, I mailed true and accurate copies of the within to Shaun K. Hogan, Esq., 350 Jericho Turnpike, Suite 300, Jericho, NY 11753 and Francis S.Holbrook, II, Esq., 122 Touro Street, Newport, RI 02840.