UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | ) | C.A. No. 05-107 S |

ORIGINAL

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, hereby objects to and opposes Defendants' Motion to for Leave to File Amended Counterclaims.

Respectfully submitted,

Dated: Jericho, New York
December 30, 2006

Attorneys for Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

By: ______________________________
Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
December 31, 2005

MILLER, SCOTT & HOLBROOK

By: ______________________________

Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 3rd day of January, 2006 I did send by first class mail a true and accurate copy of the within Objection to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903.

Francis S. Holbrook II

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE <u>AMENDED COUNTERCLAIMS</u>** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff"), in the above-captioned action. I submit this Affirmation in support of Plaintiff's Objections to Defendants' Motion for Leave to File Amended Counterclaims.

2. CoxCom commenced this action against Defendants on March 8, 2005. In the suit, CoxCom alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of CoxCom's cable television programming services without CoxCom's authorization in violation of the Communications Act 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On or about March 30, 2005 the Defendants served their Answer and Counterclaims for intentional infliction of emotional distress, and what appeared to be claims of trespass to chattels

and abuse of process (annexed hereto as Exhibit A is a copy of the March 30, 2005 Answer and Counterclaims).

4. On or about April 4, 2005, CoxCom's counsel sent a letter to Defendants apprising them of the insufficiency of those claims and requesting that they be withdrawn (annexed hereto as Exhibit B is a copy of the April 4, 2005 letter).

5. Subsequently, on or about April 8, 2005, before CoxCom was required to respond to the counterclaims, the Defendants, apparently embracing CoxCom's arguments, served a Motion for Leave to Amend Counterclaims and Proposed Amended Counterclaims. At that time, Defendants limited their counterclaims to the following: (1) intentional infliction of emotional distress and (2) what appeared to be trespass to chattels (annexed hereto as Exhibit C is a copy of the April 8, 2005 Answer and Counterclaims).

9. Thereafter, in response to Defendants' Amended Counterclaims, on April 27, 2005, CoxCom filed its Answer and a Motion to Dismiss the counterclaim of intentional infliction of emotional distress pursuant to Rule 12(b)(6).

10. On May 5, 2005, in response to the Motion to Dismiss, and again seemingly agreeing with CoxCom's legal arguments made in their memorandum of law, Defendants filed an Objection to the Motion to Dismiss Counterclaim, a second Motion to Amend Counterclaim with an unsigned proposed Second Amended Counterclaim (annexed hereto as Exhibit D is a copy of Defendants' Second Amended Counterclaim).

11. On May 10, 2005 the parties appeared before the Court, at that time Defendants were informed that, based upon their failure to submit their April 8, 2005 Amended Counterclaims with a signature by an attorney as required by Rule 11, the Court would not consider the Amended Counterclaims as filed with the Court.

12. On July 19, 2005, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation that provided that "defendants were granted leave to amend their counterclaim to include a claim for damage to their laptop, but not granted leave to include counterclaims for intentional infliction of emotional, negligent infliction of emotional distress or violations of 42 USC 1983." On July 20, 2005, defendants filed an objection to Magistrate Judge Almond's Report and Recommendation. On August 10, 2005, this Court adopted the Report and Recommendation.

13. On December 20, 2005, more than three months after the close of discovery in this case the defendants filed the present motion in which they seek leave to file counterclaims for intentional infliction of emotional distress and a claim for property damage to a lap top computer. The proposed Counterclaim is identical to that dismissed by the Court except for paragraph 11.

14. As set forth above, and in more detail in the accompanying memorandum of law, the Defendants' Motion to Amend should be denied.

Dated: Jericho, New York
December 30, 2005

SHAUN K. HOGAN (SH 7227)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, : C.A. No. 05 107 S

Plaintiff,

vs.

JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,

Defendants.

ORIGINAL

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION**
**<u>TO DEFENDANTS' MOTION TO FILE SECOND AMENDED COUNTERCLAIM</u>**

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in support of its Objection to Defendants' Motion to File "Second" Amended Counterclaim.

## PROCEDURAL HISTORY

On March 8, 2005, CoxCom filed the instant complaint wherein it claimed, in part, that the Defendants, through their sale and use of digital cable television filters, intercepted and assisted others in the interception of CoxCom's cable television programming services without CoxCom's authorization in violation of the Communications Act 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

On March 11, 2005, The Honorable William E. Smith signed an "*Ex Parte* Order to Show Cause with Temporary Restraining Order" (hereinafter referred to as "*ex parte* Order"). Most relevant to the Defendants' counterclaims, the *ex parte* Order directed the inspection of Defendants' premises and the seizure of items related to Defendants' use/sale of digital cable television filters. Specifically, the *ex parte* Order directed members of the United States Marshals Service for the District of Rhode Island, with the assistance of representatives of CoxCom, to (a) enter 206 Richard Drive, Tiverton, Rhode Island – i.e., the home of Defendants Jon and Amy Chaffee; (b) enter any other of Defendants' locations identified by them where digital cable television filters were kept/used/sold; (c) seize items related to the use/sale of digital cable television filters; and (d) "take all steps necessary to proceed in a lawful manner, including the reasonable use of force." Id. The Order also ordered the assets of the Defendants to be "frozen."

**Defendants' Original Counterclaims**

On or about March 30, 2005, the Defendants served their Answer, which contained Counterclaims for intentional infliction of emotional distress, and what appeared to be claims for trespass to chattels and abuse of process. See Exhibit "A" to Affirmation of Shaun K. Hogan ("Hogan Aff."). Defendants' counterclaims were, and have continued to be focused on the March 11, 2005, Court-ordered inspection and seizure of the business records, computer(s) and inventory of digital cable television filters as well as the "freezing" of Defendants' assets. In response to the insufficiency of those claims, CoxCom's counsel sent a letter to Defendants requesting that they be withdrawn. See Hogan Aff., Exhibit "B."

**Defendants' First Motion to Amend Counterclaims and Cox's Dismissal Motion**

Subsequently, on or about April 8, 2005, before CoxCom was required to respond to the counterclaims, the Defendants served their Motion to Amend and proposed Amended Counterclaims, which the court indicated was submitted unsigned. In this instance, Defendants limited their counterclaims to: (1) intentional infliction of emotional distress; and (2) what appeared to be a claim of trespass to chattels. See Hogan Aff., Exhibit "C." In response to the Amended Counterclaims, on April 27, 2005, CoxCom filed its Answer and a Motion to Dismiss the counterclaim of intentional infliction of emotional distress pursuant to Rule 12(b)(6). See Hogan Aff. 7.

**Defendants' Second Motion to Amend Counterclaims**

On May 5, 2005, in response to Cox's Motion to Dismiss, Defendants filed an Objection to the Motion to Dismiss Counterclaim and a Second Motion to Amend Counterclaims. See Hogan Aff. ¶ 7. In the Second Motion to Amend, Defendants: (1) sought to extrapolate on their claim of intentional infliction of emotional distress by adding additional factual allegations [Count 1]; (2) maintained its claim for trespass to chattels [Count 4]; and added claims of (3) negligent infliction of emotional distress [Count 2]; and (4) a claim under 42 U.S.C. § 1983, based upon alleged constitutional violations of the First and Fourth Amendments to the U.S. Constitution [Count 3]. A copy of defendants' Second Amended Counterclaim is attached as Exhibit "D" to the Hogan Aff.

On May 10, 2005 the parties appeared before the Hon. Lincoln B. Almond, wherein Defendants were informed that based upon their failure to submit their April 8, 2005 Amended Counterclaims with a signature by an attorney as required by Rule 11, the Court would not consider

the Amended Counterclaims as filed with the Court.[1] Thus, the only motion properly before the Court was Defendants' May 5, 2005, Motion to Amend the original March 30, 2005 Answer and Counterclaims pursuant to Rule 15(a). Cox subsequently filed an objection to the defendants' Motion to Amend.

**Denial of Defendants' Prior Motion to Amend Counterclaim**

On July 19, 2005, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation that provided that "defendants were granted leave to amend their counterclaim to include a claim for damage to their laptop, but not granted leave to include counterclaims for intentional infliction of emotional, negligent infliction of emotional distress or violations of 42 USC 1983." The Court found that defendants' request to amend their counterclaims to include these claims would be futile, because each failed to state a claim upon which relief could be granted. Id. at 6-8. The Court specifically examined each of these claims in detail, correctly applying to them the standard of inquiry applicable to dismissal of claims under Fed.R.Civ.P. 12(b)(6). Id. at 6-8.

On July 20, 2005, defendants filed an objection to Magistrate Judge Almond's Report and Recommendation. By Decision and Order dated August 10, 2005, this Court adopted in full the Report and Recommendation and dismissed that counterclaim.

**The Present (Third) Motion to Amend**

On December 20, 2005, more than three months after the close of discovery, the defendants filed the present motion in which they again seek leave to file a Second Amended Counterclaim (the "Counterclaim") for intentional infliction of emotional distress and a claim for property damage to a

[1] As a result, CoxCom's Motion to Dismiss was considered moot.

lap top computer.[2] The seven-page Counterclaim is identical to the ones previously dismissed by the Court with the exception of new paragraph 11. This three-sentence paragraph states that Cox submitted as part of its motion for summary judgment a declaration of Gerald Boisvert (a former employee or sales agent of defendant Jon Chaffee). It further states that Cox knew or should have known that the affidavit would be shown to defendants, and that one paragraph of the affidavit allegedly misrepresents an aspect of a conversation between Boisvert and Lucien Marcoux of Cox.

Cox opposes Defendants' Second Motion to Amend and requests the Court deny leave to amend because allowing such an amendment would be inconsistent with the law of the case, and futile.

## ARGUMENT

### I. DEFENDANTS CANNOT REPLEAD THE IDENTICAL ALLEGATIONS DISMISSED BY THE COURT

It is well-established that a court's determination under Fed.R.Civ.P. 15 that a party cannot amend a pleading to assert a claim amounts to a dismissal of that claim with res judicata effect. See e.g. Integrated Technologies Ltd. v. Biochem Immunosystems, Inc., 2 F.Supp.2d 97, 103 (D.Mass. 1998) ("If the denial of the motion for leave to amend is based on and thus constitutes an adjudication on the merits of the proposed new claim, plaintiff may appeal such denial, but he may not assert such claim in a second lawsuit."); see also Trimless-Flashless Design, Inc. v. Augat, Inc., No. 02-11375, 2002 WL 31640533, *2 (D.Mass. Nov. 21, 2002) (citing Integrated Technologies); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 400 F.3d 139, 142 n. 2 (2d Cir.

[2] Defendants' counterclaim for damage to Chaffee's laptop computer, the sole counterclaim which the Court did permit to be filed, Report at 9, should have been by defendants, but never was. Given defendants' failure to refile this de minimis claim, Cox was understandably under the impression that defendants had waived it and it was not the subject of discovery by either party after the Report was entered. If the Court chooses to permit this claim to stand, it should direct defendants to file a counterclaim limited solely to the previously ruled-upon allegations regarding the laptop and permit limited discovery with respect thereto.

2005) ("We have indicated that claim preclusion may apply where 'the denial of leave to amend is itself based on … the merits'") (citations omitted).

The present case is somewhat different from the precedents discussed above in that defendants are asserting the same claims in the **same action** in which such claims have already been dismissed. However, in NBC Broadcasting, Inc. v. Sheridan Broadcasting Networks, Inc., No. 95 Civ. 10395, 1997 WL525390 (S.D.N.Y. Aug. 22, 1997), the court faced the same issue. After it dismissed certain claims, all but one of which was affirmed by the Second Circuit, the plaintiff filed another amended complaint which alleged many of the same improprieties that had previously been dismissed by the court. The defendants then moved for summary judgment with respect to such claims, arguing that the previously dismissed and now repleaded claims were barred by the law of the case doctrine. The Southern District concluded that "Defendants are correct that any allegations contained in the Amended Complaint and repleaded in the Second Amended Complaint, other than those relating to the New York office relocation [with respect to which the Second Circuit reversed dismissal] must be dismissed on the basis of my earlier ruling and the Second Circuit's opinion." Id. at *4 (bracketed material added).

In sum, whether the basis for refusing such repleading is law of the case or something more akin to res judicata, the result must be that defendants cannot replead the allegations previously dismissed.[3]

## II. DEFENDANTS' NEW ALLEGATIONS DO NOT STATE A CLAIM FOR RELIEF

While it may be permissible for defendants to seek the Court's leave to plead their new allegations, i.e., the three sentences in ¶ 11 of the Counterclaim, those allegations are not sufficient

[3] Given the Court's denial of defendants' prior Motion to Amend, Cox will not set forth at length herein the substance of its opposition to that motion, but incorporates it by reference.

to state a claim for relief for two reasons. First, as noted in the Report at 5-6, a party's actions undertaken in an attempt to pursue its legal rights in a permissible way usually are insufficient to give rise to a claim for intentional infliction of emotional distress. As noted therein, a party normally "will not be held liable when he has done no more than insist on his legal rights in a permissible way, even though such insistence is likely or even certain to annoy, disturb, or inconvenience the debtor or even cause him some emotional distress." Id. at 6, citing Champlin v. Washington Trust Co., 478 A.2d 985, 989 (R.I. 1984). The Supreme Court of Rhode Island restated this rule in Swerdlick v. Koch, 721 A.2d 849, 863 (R.I. 1998). Here, the only new allegations are that (i) Cox caused a Declaration of Boisvert to be served which it knew or should have known would be shown to defendants; (ii) the Declaration was prepared following a conversation between Boisvert and Lucien Marcoux of Cox; and (iii) Paragraph 7 of the Declaration misrepresented the conversation.

These allegations are clearly are not actionable (and largely untrue). There is certainly nothing wrong with serving a declaration in the context of a lawsuit, even knowing that the adversaries will see it and not like it. There is also nothing wrong with preparing a declaration based on a prior recorded conversation.[4] As for the alleged misrepresentation (which Cox denies), defendants' sole remedy would seem to be a Rule 11 motion filed herein. Given the contentious nature of lawsuits and the factual disputes between parties that give rise to lawsuits, any other result would mean that every lawsuit would generate intentional infliction of emotional distress claims every time a party made a submission or gave testimony that the other party believed to be false and which was upsetting to that party. This principle underlies the rule set forth in Champlin and Swerdlick.

---

[4] Cox did not prepare the Declaration to be a summary of the recorded conversation. It was simply a declaration that pertained to the same subject matter as was discussed during the conversation.

The same principle is also stated more explicitly in those decisions recognizing that statements made during the course of a lawsuit, such as the allegedly false (and presumably allegedly defamatory) statement made by Boisvert herein, are absolutely privileged. The privilege was recognized by this Court in Kissell v. Dunn, 793 F.Supp. 389, 391 n. 1 (D.R.I. 1992), in which the Court cited the seminal Rhode Island case of Viera v. Meredith, 123 A.2d 743 (R.I. 1956), and noted its holding that "libelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues thereon." Kissell, 793 F.Supp. at 392, citing Viera, 123 A.2d at 744. The First Circuit has also acknowledged that a statement or submission made during the course of a lawsuit is absolutely privileged not only against defamation claims, but all causes of action. See Creamer v. Danks, 863 F.2d 1037 (1st Cir. 1988).

Second, as noted in the Report, defendants' prior claim for intentional infliction of emotional distress failed to prove physical symptomatology resulting from the alleged improper conduct. Id. at 4-5, citing Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1089 (R.I. 2004); Vallinoto v. DiSandro, 688 A.2d 830, 838 (R.I. 1997). A review of ¶ 11 of defendants' proposed Counterclaim, the only new portion of their pleading, does not include any allegations of physical suffering resulting from the alleged wrongful acts and thus cannot state a claim for intentional infliction of emotional distress. Thus, the Motion to Amend should be denied for this reason as well. Given defendants' numerous prior unsuccessful efforts to plead counterclaims, the Motion should be denied with prejudice.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court issue an order denying Defendants' Motion to File a "Second" (actually, Third) Amended Counterclaim.

Dated: Jericho, New York
December 30, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
~~January __, 2006~~
12/31/05

MILLER, SCOTT & HOLBROOK

By:______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 3rd day of January, 2006 I did send by first class mail a true and accurate copy of the within Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903.

Francis S. Holbrook II