LEFKOWITZ, LOUIS, SULLIVAN & HOGAN
A LIMITED LIABILITY PARTNERSHIP
350 JERICHO TURNPIKE
SUITE 300
JERICHO, NEW YORK 11753

TELEPHONE: (516) 942-4700
TELECOPIER: (516) 942-4705
E-MAIL: llshllp.com

DANIEL J. LEFKOWITZ*
WAYNE R. LOUIS
PATRICK J. SULLIVAN
SHAUN K. HOGAN+

MICHAEL D. CASSELL■
MELINDA MAY DUS

WILLIAM B. JUNG, LLC▲
OF COUNSEL

NEW JERSEY OFFICE
744 BROAD STREET
FLOOR 16, ROOM 28
NEWARK, NEW JERSEY 07102
TELEPHONE: (973) 735-2700
TELECOPIER: (516) 942-4705

*ALSO ADMITTED IN FLORIDA
+ALSO ADMITTED IN MASSACHUSETTS
■ALSO ADMITTED IN NEW JERSEY
▲ALSO ADMITTED IN SOUTH CAROLINA

April 4, 2005

VIA FAX (401) 274-3113 &
FIRST-CLASS MAIL

James A. Currier, Esq.
128 Borrance Street, Suite 400
Providence, RI 02903

Re: **CoxCom, Inc. d/b/a Cox Communications New England v. Jon Chaffee**
**C.A. No.: 05-107-S**

Dear Mr. Currier:

This firm represents the plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter "Cox"), in the above-referenced action. Cox is in receipt of defendant's Answer and Counterclaim. Most significantly, in reviewing the counterclaim, it appears that it is fatally deficient in both law and fact and possibly was asserted without a "reasonable inquiry" as required by Fed. R. Civ. P. 11. Thus, this letter is being sent to provide you with an opportunity to amicably withdraw defendant's counterclaim before the parties have to needlessly incur time and costs associated with Cox's moving to dismiss, or possibly even seeking Rule 11 sanctions.

Chaffee's Answer appears to contain a counterclaim for the intentional infliction of emotional distress. The claim is insufficiently plead, being both wrong on the law and wrong on the facts. Specifically, Chaffee asserts that Cox caused him harm in allegedly damaging his laptop computer and in filing the instant lawsuit. In order to sufficiently plead a claim for the intentional infliction of emotional distress, the claimant must allege, with specific facts: (1) the conduct was intentional and reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the distress was severe. See Wright v. Zielinski, 824 A.2d 494 (R.I. 2003). The Supreme Court of Rhode Island has adopted a very high standard with respect to what type of conduct will be considered extreme and outrageous: "conduct . . .so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hoffman v. Davenport-Metcalf, 851 A.2d 1083, 1090 (R.I. 2004). The conduct alleged in Chafee's counterclaim, which fails to allege any intent or other culpable mental state, does not even come close. Without conceding that Cox's conduct was at all wrongful or that it caused any damage to defendant or his property, a computer allegedly damaged in an unspecified way and Cox's bringing a lawsuit based upon sufficient facts, simply do not meet the definition of extreme and outrageous conduct.

Even an amendment to the counterclaim would not suffice because the entire basis for the counterclaim, which is manifestly a strike suit, is meritless. Defending a lawsuit does not cause distress of a nature that no reasonable person could be expected to endure. See Hoffman, 851 A.2d at 1090 (allegation of the filing of "false and malicious allegations of criminal conduct" does not rise to the level necessary to satisfy the pleading requirements for intentional infliction of emotional distress).

Furthermore, defendants' vaguely stated claim for abuse of process also is not supported by the facts and the law. Abuse of process arises when (1) a legal proceeding is instituted against a party; and (2) the proceeding is perverted to accomplish an ulterior or wrongful purpose for which it was not designed to accomplish. See Butera v. Boucher, 798 A.2d 340, 353 (R.I. 2002). Other than the filing of the instant lawsuit, which on its face is directed toward the legitimate goal of combating theft of Cox's programming services, defendant fails to allege any fact(s) that show a perversion of the action in order to serve some wrongful purpose. As in the Complaint, Cox filed this action as against Chaffee based upon his violations of 47 U.S.C. § 553(a)(1). Cox chiefly seeks monetary damages and injunctive relief, which remedies are specifically prescribed by statute. Therefore, it seems inconceivable that any court would ever conclude that Cox sued Chaffee for some ulterior motive. This especially true in this case, in light of the fact, that Judge Smith signed the Temporary Restraining Order which authorized the plaintiff to seize evidence of the defendants' sales of digital cable television filters.

Accordingly, defendant's counterclaim(s) is/are wholly unsupported by law and frivolous. In light of the above, please be advised that if Chaffee does not withdraw his counterclaim(s) by April 7, 2005, Cox will serve a Rule 11 Motion along with its motion to dismiss. Please feel free to contact me to discuss.

Very truly yours,

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

Shaun K. Hogan