**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO REVOKE LEAD COUNSEL'S <u>PRO HAC VICE STATUS</u>** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, objects to and opposes Defendants' Motion to Revoke its Lead Counsel's Pro Hac Vice Status in the above-captioned action. Cox's Objection is based upon its accompanying Memorandum of Law, the Affirmation of Shaun K. Hogan, the Affidavit of Lucien Marcoux, and the exhibits attached thereto.

Dated: Jericho, New York
December 30, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 2, 2006

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 3rd day of January, 2006 I did send by first class mail a true and accurate copy of the within Objection to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903.

Francis S. Holbrook II

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S LEAD COUNSEL'S PRO HACE VICE STATUS** |
| **Defendants.** | ) | |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Louis, Sullivan & Hogan, L.L.P., attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action and the files maintained by this firm, unless otherwise stated.

2. I submit this Affirmation for the limited purpose of introducing one exhibit to Plaintiff's Objection to Defendants' Motion to Revoke Plaintiff's Lead Counsel's Pro Hac Vice Status.

3. Annexed hereto as Exhibit "A" is a copy of my July 12, 2005 cover letter to defendants' counsel enclosing a copy of the Declaration of Gerald Boisvert.

4. Annexed hereto as Exhibit "B" is a copy of the Declaration of Gerald Boisvert.

Dated: Jericho, New York
December 30, 2005

Shaun K. Hogan (SH-7227)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 05 107 S<br><br>ORIGINAL |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO REVOKE PRO HAC VICE <u>STATUS OF PLAINTIFF'S LEAD COUNSEL</u>**

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in support of its Objection to Defendants' Motion to Revoke Pro Hac Vice Privileges of Shaun K. Hogan and Lefkowitz, Louis, Sullivan & Hogan, L.L.P.

**<u>SUMMARY OF MOTION</u>**

Defendants' one-page, eleven-sentence motion seeking the extraordinary relief of having their adversary's lead counsel's pro hac vice status revoked is simply stunning in its frivolity. It focuses on the Declaration of Gerald Boisvert that Cox submitted in support of its Summary Judgment motion ("First Declaration") and concludes that, based on a comparison of the First Declaration and a newly-submitted declaration of Boisvert, Cox's counsel violated Fed.R.Civ.P. 11

("Rule 11"). Noticeably absent from the Motion, however, is any specific explanation of what Cox's counsel's allegedly offending conduct was, or how Rule 11 was violated. Moreover, defendants have made no Rule 11 motion, nor has the Court suggested, much less determined, that Cox or its counsel acted improperly. Accordingly, defendants' assertion that the Court should revoke Cox's lead counsel's pro hac vice status because there allegedly was a Rule 11 violation should be rejected.

**PROCEDURAL HISTORY**

On or around July 9, 2005, and at the request of Lucien Marcoux of Cox, non-party witness Gerald Boisvert, who formerly had served as an employee or sales agent for defendant Chaffee, signed a Declaration to be filed in this action. In his two-page declaration (the "First Declaration"), Boisvert states, inter alia, that he sold digital cable filters for Chaffee that Chaffee supplied to him (¶¶ 4-5), that Chaffee knew and had told Boisvert that these devices could be used to receive pay-per-view programming without the customer being charged (¶ 6); and that Chaffee knew and intended that people who purchased the filters could and would use them to view pay-per-view programming without paying for it (¶ 7). Cox's counsel provided a copy of the First Declaration to defendants' counsel on July 12, 2005, see copy of Cox's counsel's cover letter to defendants' counsel attached as Exhibit "A" to the Affirmation of Shaun K. Hogan, and included the First Declaration as part of its Summary Judgment Motion filed on September 26, 2005.

Despite Boisvert's having signed the First Declaration, and having reviewed it carefully enough to make a revision to it on page 1, and 5½ months after their counsel first received it and nearly 3 months after it was served as part of Cox's summary judgment motion, defendants now claim, for the first time, that ¶ 7 of the First Declaration does not reflect what Boisvert told Marcoux

during one of their prior conversations. They have filed a second declaration of Boisvert ("Second Declaration"), in which he amends his statements made in ¶ 7 of the First Declaration. On the basis of this, defendants argue that Cox's lead counsel has somehow violated Rule 11 and that its pro hac vice privileges should be revoked.

**ARGUMENT**

In Obert v. Republic Western Ins. Co., 190 F.Supp.2d 279 (D.R.I. 2002), this Court stated that pro hac vice counsel, once admitted, may be disqualified upon a motion of the Court or other parties if counsel failed to fulfill the requirements of Local Rule 5(c)(3) or when the proper administration of justice so requires. Simply put, defendants have offered no evidence to support their assertion that Cox or its counsel did anything that conflicts with the administration of justice, or that they failed to adhere to Local Rule 5(c)(3) in any way, such as failing to comply with any Local Rule of this Court. Thus, defendants' Motion should be denied.

Most significantly, neither defendants' Motion to Revoke nor the Second Declaration make any claim that the First Declaration was forged, or that Boisvert didn't read it when he signed it, or that Cox or its attorneys somehow tricked him into signing it, misrepresented its contents, compelled Boisvert to sign it by physical force or threats, or altered it after Boisvert signed it Indeed, Boisvert expressly admits in the Second Declaration that he read the First Declaration prior to signing it and giving it to Lucien Marcoux of Cox. See Second Boisvert Decl. ¶ 8 ("On July 9, 2005, we met in Warner, NH. Lou handed me a paper called a Declaration. I **read it**, signed it, and handed it back to Lou. He gave me a copy.") (emphasis added). Also, both pages of the First Declaration are either initialed or signed by Boisvert, and the first page contains a handwritten

change evidencing that Boisvert reviewed the document closely enough to notice that the typed dates of his tenure working for defendant Chaffee were incorrect.[1]

Moreover, the Second Declaration neglects to mention that prior to Marcoux's giving Boisvert the First Declaration on July 9, 2005 for signature, he and Marcoux had a telephone conversation on  days before their in-person meeting during which Marcoux read the affidavit to him. See Affidavit of Lucien Marcoux submitted herewith ¶¶ 4-5. Thus, far from simply signing a Declaration presented to him, Boisvert had been read its contents via telephone on a prior day (and thus had some time to consider its contents), and he admits reading the affidavit himself at the time he signed it.

Finally, it is important to note that Boisvert's desire to submit the Second Declaration was not a result of Boisvert simply re-thinking the contents of Declaration on his own. Instead, Boisvert admits that his desire to change his statements arose only after Chaffee called him after he (Chaffee) had read the First Declaration. Second Declaration ¶ 9. If anything, Boisvert's change in affidavit testimony may be primarily attributed to pressure he received from Chaffee, his relative by marriage. The Marcoux Affidavit confirms that Boisvert contacted him on July 14, 2005, two days after the First Declaration was faxed to defendants' counsel, and the same day that Chaffee called Boisvert. Marcoux's affidavit further states that Boisvert told him that Chaffee and other members of his family contacted him after learning about the First Declaration. They attempted to make Boisvert feel guilty for what he had done, and Chaffee specifically tried to persuade him that paragraph 7 of the First Declaration was inaccurate. Id. ¶ 6. Given these facts, there is no basis for concluding that Cox or its attorneys did anything wrong.

[1] Just as significant, the First Declaration does not purport to be a transcript or verbatim recitation of a specific conversation between Boisvert and Marcoux. It doesn't even mention any conversation. Rather, it is simply a series of statements ascribed to by Boisvert, under oath, regarding the subject matter that he and Marcoux had previously discussed.

In sum, there is no basis either in defendants' Motion or in the events that actually occurred to support any relief with respect to either Rule 11 or plaintiffs' pro hac vice status. Consequently, defendants' Motion should be denied.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court issue an order denying Defendants' Motion to Revoke its Counsel's Pro Hac Vice status.

Dated: Jericho, New York
December 30, 2005

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 3, 2006

MILLER, SCOTT & HOLBROOK

By:____________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 3rd day of January, 2006 I did send by first class mail a true and accurate copy of the within Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903.

Francis S. Holbrook II