UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 05-107S |
| | : | |
| JON CHAFFEE, et al. | : | |

**ORDER**

Before the Court for determination are Defendants' Motion to Revoke (Document No. 104) and Motion to Amend (Document No. 105). 28 U.S.C. § 636(b)(1)(A); L.R. CV 72(a). In the Motion to Revoke the Pro Hac Vice privileges of Plaintiff's out-of-state counsel, Defendants allege a violation of Fed. R. Civ. P. 11(b) in connection with the Declaration of Gerard Boisvert submitted in support of Plaintiff's pending Motion for Summary Judgment. Further, in their Memorandum in Support of Objection to Motion for Summary Judgment, Defendants describe Boisvert's Declaration as "a fraud upon the court." (Document No. 102).

This is a very serious allegation, and both the allegation and the basis for making this serious allegation will be examined accordingly. By invoking Fed. R. Civ. P. 11(b) and making an allegation of fraud, Defendants appear to be claiming that Plaintiff has knowingly and intentionally submitted a false affidavit to the Court. This Court intends to get to the bottom of whether or not this allegation is true and, at the same time, whether or not Defendants have a good faith basis in fact and law for making the allegation.

In connection with the Motion to Revoke, the parties have submitted the Declaration of Gerard Boisvert dated July 9, 2005 obtained by Plaintiff's investigator, Mr. Lucien Marcoux, and a subsequent Affidavit of Gerard Boisvert dated November 2, 2005 obtained by Defendants. In their

Motion, Defendants refer to a recorded interview of Mr. Boisvert by Mr. Marcoux and assert that "[t]he recordings are clear as to Boivert's [sic] actual words." On December 8, 2005, this Court granted Defendants leave to reconvene Mr. Marcoux's deposition for one hour regarding the interview and statement of Mr. Boisvert. This deposition was to be conducted by December 31, 2005. This Court ORDERS Defendants to produce the referenced "recordings" to it by January 13, 2006. Further, if Defendants reconvened the Marcoux deposition as permitted, this Court ORDERS Defendants to produce the transcript to it also by January 13, 2006. After receiving Defendants' submissions, this Court will take the matter under advisement and determine what further proceedings are warranted.

LINCOLN D. ALMOND
United States Magistrate Judge
January 6, 2006