ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **PLAINTIFF'S REPLY REGARDING ITS MOTION FOR <u>SUMMARY JUDGMENT</u>** |
| **Defendants.** | ) | |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, submits this Reply regarding its pending Motion for Summary Judgment. Cox's Reply is based upon its accompanying Memorandum of Law, the Affidavit of Mark Matteo of Cox, and the documents and exhibits referred to therein that previously were filed with the Court.

Dated: Jericho, New York
January 5, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: Shaun K. Hogan (by FSH)
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 6, 2006

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 6th day of January, 2006 I did send by first class mail a true and accurate copy of the within Reply to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | C.A. No. 05 107 S |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Attorneys for the Plaintiff

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "Plaintiff"), by its attorneys, respectfully submits this Reply Memorandum of Law in Further Support of its Motion for Summary Judgment.

## SUMMARY OF OPPOSITION

Initially, it should be noted that a review of the defendants' Statement of Material Facts to be Litigated, together with Cox's Local Rule 12.1 (a)(1) Statement ("St."), reveals that the following facts are not disputed:

> Digital filters have no legitimate use on a digital cable system, and they cannot improve picture quality. They also have no ability to improve internet modem function. Used by cable customers in the manner described by defendants, the digital filters can have only one purpose – the unauthorized reception of pay-per-view events offered by Cox. St. ¶ 9.
>
> On December 12, 2004, Cox investigators purchased a digital filter from defendants Amy Chaffee and Ramalda Bou at a computer fair in Connecticut for $20.00. Cox tested the digital filter on December 14, 2004 and verified that it removed all cable-borne signals below 50mhz, including 8.096mhz, which is the frequency used by Cox's digital cable converters to communicate with Cox's head-end billing system. Thus, its use would prevent billing information from being transmitted from a digital cable converter located in a customer's home to Cox's central computers via Cox's cable system. St. ¶¶ 12-13.
>
> On December 18, 2004, Cox investigators purchased directly from Jon Chaffee two more digital filters, at a computer fair in Southington, Connecticut, a Cox service area. When tested, they functioned in the identical manner as the first filter, enabling free viewing of Cox's pay-per-view services. Id. ¶¶ 20-23.
>
> On January 16, 2005, Cox investigators purchased ten filters from Amy Chaffee and Ramalda Bou at a computer fair in West Warwick, Rhode Island, a town serviced by Cox, for $100. Id. ¶¶ 24-25. They were tested and found to function as the other filters purchased from the defendants had. Id. ¶ 26.
>
> On February 17, 2005, Chaffee sold five digital cable filters to a Cox investigator for $50.00. Id. ¶ 28. These were tested and found to function as the other filters purchased from the defendants had. Id. ¶ 29.
>
> Each defendant admits selling or assisting in sales of digital filters. Id. ¶¶ 30-31.

Chaffee received numerous e-mails from customers stating that the filters he sold to them were being used for free viewing of pay-per-view services. Id. ¶ 35.

Chaffee authored several e-mails regarding the use of the digital filters to obtain pay-per-view services, including one warning a customer that the digital cable box must be reset before removing the filter to avoid charges. Id. ¶¶ 36, 38.

Defendants displayed the Instruction Sheet (Exhibit "L" to Summary Judgment Motion) at the computer shows at which they worked. Id. ¶ 39.

Amy Chaffee initially stated in an affidavit that she never told customers that their digital cable boxes needed to be reset to avoid receiving bills that the filters otherwise blocked. When confronted with a recording of her making such statements, she admitted the voice was hers, and asserted her privilege against self-incrimination the prior affidavit. She then recanted the affidavit's statements. Id. ¶¶ 41-43.

Given that (i) defendants' sales of digital signal filters; (ii) the ability of the filters to enable free viewing of pay-per-view, and (iii) the absence of any legitimate use for them on a digital cable system such as Cox's, are not disputed, intent is the only remaining important issue.

## ARGUMENT

### I. LIABILITY UNDER 47 U.S.C. § 553

Defendants' four-page memorandum in opposition to Cox's Motion ("Opp.") offers little to dispel the overwhelming evidence of their intent to assist in unauthorized viewing of Cox's pay-per-view services.

Defendants argue speciously that the facts that they sold digital filters openly and in public, and used their real names, support an unspecified defense. Opp. at 2. However, extensive caselaw demonstrates otherwise. See e.g. Time Warner Cable of New York City v. Cable Box Wholesalers, Inc., 920 F.Supp. 1048, 1053 (D.Ariz. 1996) (granting summary judgment against seller of pirate decoders that advertised in numerous magazines with nationwide circulation); TKR Cable Co. v. Cable City Corp., No. 96-2877, 1998 WL 34028782 (D.N.J. Jan. 27, 1998), aff'd in part and rev'd in part on other grounds, 267 F.3d 196 (3d Cir.

2001) (granting summary judgment against descrambler sellers who advertised via circulars mailed to residents and who occupied a store location where they sold devices over the counter).[1]

Defendants also cite John Chaffee's conversations with Mathew Camanda and Paula Habber, who allegedly consulted an unnamed member of her company's legal department, regarding the legality of selling digital cable filters. Opp. at 3. These alleged conversations, if they occurred, are all obviously hearsay and are inadmissible under FRE 803.[2]

Defendants' submission of a second affidavit of witness Gerald Boisvert is woefully inadequate to defeat summary judgment. First, Cox's use of Boisvert's original affidavit was but one of numerous pieces of collectively overwhelming evidence establishing defendants' intent to engage in conduct violating 47 U.S.C. § 553 and 17 U.S.C. § 1201; the remaining evidence, including defendants' e-mail correspondence, documents they displayed or to which they referred customers, and Amy Chaffee's assertion of her self-incrimination privilege, is more than sufficient to achieve the same end. Second, as discussed in detail in Cox's Opposition to Defendants' Motion to Revoke Pro Hac Vice Status of Cox's lead counsel, Boisvert's second affidavit is almost certainly a direct result of pressure that Chaffee and other members of their mutual family exerted on Boisvert after Chaffee saw the original affidavit. In Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1 (1st Cir. 1994), the First Circuit upheld summary judgment despite a party's submission of an affidavit contradicting his prior testimony. It cited its established rule that "When an interested witness has given clear answers to unambiguous

---

[1] As noted in the decision at *1, the underlying facts are set forth in the court's prior decision in TKR Cable Co. v. Cable City Corp., No. 96-2877, 1996 WL 465508 (D.N.J. July 29, 1996). See especially *3-*4.

[2] Moreover, the conversations are mentioned only in defendants' legal memorandum, and thus the references to them arguably are not facts (as opposed to argument of counsel) that the court may properly consider on this motion. Chaffee does purport to authenticate them in his "Affidavit," but defendants' inability to submit an affidavit of Chaffee directly attesting to the facts, not to mention one from either or both of these witnesses, is telling.

questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony changed." Id. at 4-5.[3] Here, Boisvert's second affidavit offers no credible explanation of why he changed his mind, particularly since he had a few days to consider the content of the first affidavit before signing it and he reviewed it carefully enough to correct it. He also doesn't claim that he didn't understand its wording, or that Cox in any way pressured him to sign it.

Defendants also rely in largely unstated ways on the previously undisclosed Report of Girard Consulting ("Report"). Even assuming, arguendo, the Court denies Cox's Motion to Strike the Report, it does not create factual issues warranting denial of summary judgment. First, as noted, defendants don't dispute that each of the 18 filters Cox's investigators purchased, when tested, permitted free viewing of pay-per-view services without billing information transmittal (precisely as the Complaint alleges), nor did defendants ever test these devices. Second, Girard himself never tested any digital filters anywhere, much less on Cox's system. Third, while the Report cites numerous uses for digital filters on analog cable systems, id. ¶¶ 22-25, it tellingly fails to cite even one example of how they can be used legitimately on a digital system. Fourth, defendants' own sign, admittedly displayed at their vending table, see Exhibit "L," manifests their belief -- and their representation to customers – that the digital filters can and are intended to be used to circumvent cable companies' billing. It serves as a party admission under FRE 801 (d)(2) as to both of these facts. Finally, the Report's conclusion that permanent concealment of billing data is not possible (made without the "expert's" having tested any filters or having any experience with Cox's system), id. ¶¶ 34-35, is negated by additional facts in the Affidavit of Mark Matteo of Cox. Noting the Report's concession that that the filters can block billing

[3] The Colantuoni court also noted that (as is true in the present case), the fact that the affidavit was offered only after defendants had filed motions for summary judgment was significant.

information until removed, Report ¶¶ 33, 34, Matteo explains that Cox's system presently is designed to reject billing data for events bought more than 60 days before. Matteo Aff. ¶¶ 5-6. Thus, if a filter is used for more than 60 days after a pay-per-view event ordered, the stale billing data pertaining thereto can then be released with impunity. Id. ¶ 7. Also, the untransmitted billing threshold for Cox's set top devices, even without resort to this "data orphaning" process, is several hundred dollars, id. ¶ 4 - not a "modest bill" as the Report states. Report ¶ 37.

## II. LIABILITY UNDER 17 U.S.C. § 1201

Defendants' six-sentence argument that they are not liable under 17 U.S.C. § 1201 is identical to that stated in their own summary judgment motion at 1-2. Given Cox's space limitations in the present submission, it respectfully refers the Court to the section of its opposition to defendants' summary judgment motion pertaining to 17 U.S.C. § 1201, and in particular the holding in Universal City Studios, Inc. v. Reimerdes, 111 F.Supp.2d 294 (S.D.N.Y. 2002) that violations of 17 U.S.C. § 1201 need not be accomplished by a black box descrambler or any other specific device, as argued by defendants. Id. at 317 n. 135.

## CONCLUSION

In sum, Cox respectfully requests the Court's grant of its motion for summary judgment.

Dated: Jericho, New York
January __, 2006

Attorneys for the Plaintiff

MILLER, SCOTT & HOLBROOK

By: [signature] 1/6/06
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: [signature] (by FSH)
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

**CERTIFICATION**

I hereby certify that on the 6th day of January, 2006 I did send by first class mail a true and accurate copy of the within Reply Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II