**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

ORIGINAL

**COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**

**Plaintiff,**

**v.**

**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**

**Defendants.**

**C.A. No.: 05-107 S**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' COUNSEL'S JANUARY 6, 2006 LETTER TO THE COURT**

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, submits this Response to Defendant's Counsel's January 6, 2006 Letter to the Court. Cox's Response is based upon its accompanying Memorandum of Law.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 17, 2006

MILLER, SCOTT & HOLBROOK

By:______________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17th day of January, 2006 I did send by first class mail a true and accurate copy of the within Response to Defendants' Counsel's January 6, 2006 Letter to the Court to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ORIGINAL

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, | : | C.A. No. 05 107 S |
| Plaintiff, | : | |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JANUARY 6, 2006 LETTER REGARDING MOTION TO REVOKE PRO HAC VICE STATUS OF LEAD COUNSEL**

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Response to Defendants' Counsel's January 6, 2006 letter ("Letter") submitted with respect to Defendants' pending Motion to Revoke Pro Hac Vice Status of Cox's lead counsel herein ("Motion to Revoke").

**SUMMARY OF LETTER**

Defendants' counsel's Letter appears to amount to a reply regarding their Motion to Revoke. It references a number of attached documents, but doesn't assert a conclusion or request relief. It asserts that the Expert Report of Cox's expert, Stan Durey, filed in connection with its pending motion for summary judgment, fails to reveal that Durey is the Senior Vice President of Client Services for Secure Signals International, which entity may be affiliated with McGinnis Group

International, LLC. The Letter states that "both entities" (Secure Signals International and McGinnis Group International LLC) were named in civil actions in California. Having made these statements in what seems to be a primitive stab at a guilt by association attack, defendants' Letter offers no conclusion, nor does it even suggest the relevance of these facts to the pending Motion to Revoke.

In an effort to bring some lucidity to the facts asserted, and to foreclose defendants' apparent efforts to distract, if not mislead, the Court (and without conceding that the Letter has any bearing on the issue of the Motion to Revoke Pro Hac Vice Status), Cox submits this brief response to the Letter:

## DISCUSSION

Cox initially notes that Stan H. Durey acknowledges that he was a nominal vice president of Secure Signals International as of 2004, but was never an employee or owner of it. Simply put, Durey did not list Secure Signals International on his curriculum vitae because the services he performed for it were done as an independent contractor, and were de minimis. Indeed, Durey's declaration states that he has performed less than 30 hours of services for Secure Signals International, and has received less than $550.00 for those services. All of those services were provided by Durey in his capacity as S H Durey Consulting, Durey's own consulting business that he operated during that time, and the amounts received for such services were not even paid to Durey in his individual capacity, but rather to S H Durey Consulting. See Declaration of Stan H. Durey attached hereto ¶¶ 3-4.

With respect to the lawsuits referenced in the Letter, Cox initially notes that defendants offer no support for their novel "suggestion" that a person who is affiliated with a company that is named as a defendant in a civil lawsuit is somehow unable to serve as an expert in an unrelated case in

which the employer is not a party. The mere fact that a party has been named as a defendant in a lawsuit is, of course, not proof of anything. As reflected in the Durey Declaration ¶ 4, and in the captions of the two complaints included with the Letter, Durey was not a named defendant in those actions.

Moreover, although defendants are quick to note in the Letter that Secure Signals International was a defendant in two actions, they (arguably sanctionably) fail to apprise the Court of the current status of those actions. Their status is that at least one has been dismissed in its entirety. The federal case, Sosa v. DirecTV, Inc., No. CV 03-5972 (C.D.Cal.), was dismissed by Order dated December 3, 2003.[1] A copy of the Order in Sosa is attached as Exhibit "B" to the Hogan Aff. In the state case, Blanchard v. DirecTV, No. BC284166 (Sup.Ct.L.A.Co.), the court granted a motion to dismiss made solely by DirecTV by order dated April 1, 2003. That decision was affirmed on appeal to the California Court of Appeals, Second Appellate District, which issued a decision filed October 29, 2004. The Supreme Court of California denied review of the case by Order filed on January 26, 2005.[2] Copies of all of the orders in the Blanchard action are attached as Exhibit "A" to the Affirmation of Shaun K. Hogan ("Hogan Aff."). Thus, whatever significance the fact that Secure Signals International had been named as a defendant in two lawsuits could conceivably have, at least with respect to Sosa, it is nullified by the dismissal of that action.

To address defendants' remaining "point," the firm of Lefkowitz & Tasolides is, in part, a predecessor firm to Cox's lead counsel in this case (Lefkowitz, Louis, Sullivan & Hogan, L.L.P.).3 As reflected in "Tab C" to the Letter, Lefkowitz & Tasolides did incorporate in New York State in

---

[1] The Sosa action was appealed to the U.S. Court of Appeals for the Ninth Circuit. That appeal is pending.

[2] While preparing this document, Cox's counsel endeavored to ascertain the status of the Blanchard action with respect to the defendants other than DirecTV. However, the lower court's website was temporarily inaccessible. Cox's counsel will endeavor to determine the status of the action and report it to the Court.

1990 an entity known as Secure Signals, Inc. Significantly, this is a different company than Secure Signals International. A review of the Secure Signals International website, see copy of Secure Signals International homepage attached as Exhibit "C" to Sullivan Aff., reflects that it purports to be "established since 1987." Moreover, its listed telephone number of (303) 329-8800 is a Colorado number. As reflected in Tab C to the Letter, Secure Signals, Inc. is now defunct, while Secure Signals International is a viable business with an active website. Durey's Declaration states that he is unaware of any relationship between the two entities. Cox also knows of no relationship between them. As stated in the Affirmation of Shaun K. Hogan, neither Lefkowitz & Tasolides nor Lefkowitz, Louis, Sullivan & Hogan, L.L.P., nor any intermediate firms having Daniel J. Lefkowitz as a member have represented Secure Signals International. Moreover, it is Cox's counsel's understanding that Secure Signals, Inc. and Secure Signals International are separate and unrelated entities.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court issue an order denying Defendants' Motion to Revoke its Counsel's Pro Hac Vice status.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

[3] Daniel J. Lefkowitz was a member of both firms.

Dated: Newport, Rhode Island
January 17, 2006

MILLER, SCOTT & HOLBROOK

By:____________________________

Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17th day of January, 2006 I did send by first class mail a true and accurate copy of the within Response to Defendants' Counsel's January 6, 2006 Letter Regarding Motion to Revoke Pro Hac Vice Status of Lead Counsel to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II