Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 03-5972 AHM (RZx) Dated: December 3, 2003

Title: ROD SOSA, et al., v. DIRECTV, INC., et al.

=========================================================================

DOCKET ENTRY

=========================================================================

PRESENT: THE HONORABLE A. HOWARD MATZ, JUDGE

Stephen Montes — Courtroom Clerk

NONE — Court Reporter

ENTERED
CLERK, U.S. DISTRICT COURT
DEC - 4 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

No Appearance

PROCEEDINGS: In Chambers

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

The Court GRANTS Defendants' Motion to Dismiss. This case appears to be grossly overblown. Plaintiffs bemoan Defendants' demand letters as extortionate, but to this Court, what appears to be the only egregious vice in the letter(s) that Plaintiffs' counsel filed pursuant to the Court's directive at the November 10, 2003 hearing is that it contains the following all-too-common assault on English grammar and punctuation:

> "Satellite piracy is illegal and results in unfair expense to DIRECTV and it's [sic] paying subscribers."

The ostensible writer of that letter, one B. Eichorn (or his/her counsel), are guilty of poor proofreading. But are Defendants subject to civil liability? Not under the *Noerr-Pennington* doctrine.

**DISCUSSION**

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 208 F.3d 885 (10th Cir. 2000), on which Plaintiffs rely, did hold that "Because



22

purely private threats do not constitute a petition to the government...they are not constitutionally protected." *Id.* at 886. In reaching that conclusion, the Tenth Circuit stated,

> While we do not question the application of the right to petition outside of antitrust, it is a bit of a misnomer to refer to it as the *Noerr-Pennington* doctrine...[I]t is more appropriate to refer to immunity as *Noerr-Pennington* immunity only when applied to antitrust claims. In all other contexts, including the present one, such immunity derives from the right to petition.

*Id.* at 889. The Tenth Circuit went on to hold that threats communicated solely between private parties are not afforded immunity from suit by the right to petition guaranteed by the First Amendment. *Id.* at 891. The court reached that conclusion because in its view, "The plain language of the First Amendment protects only those petitions which are made to 'the government.'" *Id.* at 892. This Court does not believe *Cardtoons* is controlling.

First, as to whether *Noerr-Pennington* applies outside antitrust, many courts, have held that it does. *E.g.*, *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092 (9th Cir. 2000) (applying *Noerr-Pennington* to § 1983 claims); *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 159 (3d Cir. 2001); *Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 249 F.Supp.2d 463, 493 (M.D. Pa. 2003); *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F.Supp. 1516, 1522 (D. Colo. 1993) (citing cases). In *Oregon Natural Res. Council v. Mohla*, 944 F.2d 531 (9th Cir. 1991) ("*ONRC*"), applying principles of *Noerr-Pennington* immunity outside the context of antitrust, the Ninth Circuit Court of Appeals upheld the dismissal of a counterclaim alleging abuse of administrative and judicial process as well as



SCANNED

related torts. In doing so, the court noted that "where a claim involves the right to petition governmental bodies under *Noerr-Pennington*...[a] heightened level of protection accorded petitioning activity is necessary to avoid 'a chilling effect on the exercise of this fundamental First Amendment right.'" *Id.* at 533 (citation omitted). In *ONRC*, it is true, an actual lawsuit, not a threatened one, was involved. But that distinction lacks relevance. This Court agrees with the view of the Fifth Circuit in *Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983):

> Given that petitioning immunity protects joint litigation, it would be absurd to hold that it does not protect those acts reasonably and normally attendant upon effective litigation.... If litigation is in good faith,[1] a token of that sincerity is a warning that it will be commenced and a possible effort to compromise the dispute. This is the position taken by most of the courts that have considered the question.

*See also Primetime 24 Joint Venture v. Nat'l Broad. Co., Inc.*, 219 F.3d 92, 100 (2d Cir. 2000) (citing cases extending *Noerr-Pennington* to pre-litigation demand letters).

As to whether private party-to-private party communications are entitled to immunity, in *Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1059 n3 (9th Cir. 1998), the Ninth Circuit noted that the Petition Clause applies to petitions to the government and does not protect lobbying efforts directed at private organizations, but that

---

[1] Here, the B. Eichorn letter, on its face, dispels any concerns that DIRECTV's contemplated litigation would have been an abuse of the judicial process. Since that is the case, the threatened litigation was not "sham" litigation. *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (citing *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972)).

dictum is not controlling here. Moreover, the Ninth Circuit upheld the dismissal of Kottle's complaint. Furthermore, in *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525 (9th Cir. 1991), the counter-claimant alleged antitrust violations consisting of, or arising out of, *inter alia*, counter-defendants' refusals to consent to counter-claimants' license proposals and threats to file additional copyright suits to intimidate counter-claimants. The court applied *Noerr-Pennington* and First Amendment principles to uphold the district court's grant of summary judgment, noting at one point that "[a] decision to accept or reject an offer of settlement is conduct incidental to the prosecution of [a] suit...." *Id.* at 1528. *See also Theofel v. Farey-Jones*, 341 F.3d 978, 986-87 (9th Cir. 2003) (citing *Columbia Pictures* for the proposition that conduct "'incidental to the prosecution of the suit'" is covered by the *Noerr-Pennington* doctrine, but declining to extend *Noerr-Pennington* immunity to a bad faith subpoena).

In *Cardizem CD Antitrust Litigation*, 105 F.Supp.2d 618, 639-40 (E.D. Mich. 2000), the Eastern District of Michigan discussed at length *Columbia Pictures* and other cases such as *Primetime 24 Joint Venture*, which hold that conduct incidental to the prosecution of litigation is immunized by *Noerr-Pennington*. While the cases immunizing pre-litigation activity all arise in the antitrust context, the Court has little difficulty applying the same reasoning to the case at hand because *Noerr-Pennington* is not confined to antitrust, as discussed above. The *Cardizem CD* court explained that conduct is "incidental to" litigation if it could render the underlying prosecution moot. *Id.* at 640. As distinguished from conduct

SCANNED

"incidental to" litigation, conduct is purely "private" if it "is separate and distinct from prosecution." *Id.* The DIRECTV demand letters at issue in this case are clearly "incidental to" litigation because if a recipient were to comply with the letter, the possibility of prosecution would become moot.

The Court also notes that in several recent unpublished decisions, district courts in Michigan have concluded that similar demand letters from DIRECTV are immunized by the *Noerr-Pennington* doctrine. *See DIRECTV, Inc. v. Milliman*, Case No. 02-74829 (E.D. Mich., Aug. 26, 2003); *DIRECTV, Inc. v. Personette*, Case No. 5:03-CV-66 (W.D. Mich., Oct. 20, 2003); *DIRECTV, Inc. v. Taylor*, Case No. 03-CV-71023-DT (E.D. Mich., Oct. 17, 2003); *DIRECTV, Inc. v. Wyman*, Case No. 03-CV-70889-DT (E.D. Mich., Oct. 17, 2003).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss.[2] This Order is not intended for publication.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL - GEN

Initials of Deputy Clerk smo

---

[2] Docket No. 9.

(RZx), APPEAL, CLOSED

**U.S. District Court**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:03-cv-05972-AHM-RZ**

Rod Sosa, et al v. Directv Inc, et al
Assigned to: Judge A. Howard Matz
Referred to: Discovery Ralph Zarefsky
Demand: $0
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 08/21/2003
Jury Demand: None
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

**Rod Sosa** represented by **Dean Browning**
Dean Browning Webb Law Offices
8002 N E Highway 99, Ste B
Vancouver, WA 98665-8833
503-629-2176
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dean Browning Webb**
Dean Browning Webb Law Offices
8002 NE Hwy 99, Ste B
Vancouver, WA 98665-8833
503-629-2176
Fax: 503-629-9527
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Wilens**
Lakeshore Law Center
17476 Yorba Linda Blvd, Ste 221
Yorba Linda, CA 92886
714-854-7205
Email: jeff@lakeshorelaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary Whittaker** represented by **Dean Browning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dean Browning Webb**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Wilens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rodney Bylsma**
*on behalf of themselves and all persons similarly situated* represented by **Dean Browning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dean Browning Webb**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey N Wilens**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Directv Inc** represented by **A Eric Bjorgum**
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543
213-624-7707
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543
213-624-7707
Fax: 213-624-0643
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543
213-624-7707
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hughes Electronics Corporation** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corporation** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yarmuth Wilsdon Calfo PLLC** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Greer Herz & Adams LLP** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stump Storey Callahan & Dietrich PA** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Directv End User Development Group** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Directv End User Recovery Project LLC** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Secure Signals International** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**McGinnis Group International LLC** represented by **A Eric Bjorgum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dale H Oliver**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 08/21/2003 | 1 | COMPLAINT filed Summons(es) 20 days issued referred to Discovery Ralph Zarefsky (rrey) (Entered: 08/25/2003) |
| 08/21/2003 | 2 | NOTICE OF INTERESTED PARTIES filed by plaintiffs Rod Sosa, Gary Whittaker, Rodney Bylsma (rrey) (Entered: 08/25/2003) |
| 08/21/2003 | 3 | APPLICATION AND ORDER of Non-Resident Attorney to Appear in a Specific Case filed for plaintiff Rod Sosa, plaintiff Gary Whittaker, plaintiff Rodney Bylsma by Dean Browning Webb. Designating Jeffrey Wilens as local counsel. Approved by Judge A. H. Matz . (Fee pd) (lc) (Entered: 08/25/2003) |
| 08/25/2003 | 4 | INITIAL ORDER following filing of complaint (See document for further details) by Judge A. H. Matz (ir) (Entered: 08/26/2003) |
| 08/25/2003 | 5 | ORDER REGARDING RICO CASE STATEMENT by Judge A. H. Matz; Plaintiffs shall file by not later than 9/15/03 a RICO case statement (See document for further details) (ir) (Entered: 08/26/2003) |
| 09/12/2003 | 6 | RICO CASE STATEMENT by plaintiffs Rod Sosa, Gary Whittaker, Rodney Bylsma pursuant to Order entered 8/26/03 [5-1] regarding RICO Primary Liability RICO Secondary Liability RICO Respondeat Superior (ir) (Entered: 09/15/2003) |
| 09/12/2003 | 7 | CERTIFICATE OF SERVICE by plaintiffs on 9/15/03 of RICO Case Statement regarding Pursuant to RICO Statement Order entered 8/26/03 (ir) (Entered: 09/15/2003) |
| 09/17/2003 | 8 | STIPULATION and ORDER by Judge A. H. Matz extending time to answer complaint [1-1] up to and including 10/13/03 as to defendants (ir) (Entered: 09/17/2003) |
| 10/14/2003 | 9 | NOTICE OF MOTION AND MOTION by defendant Directv Inc, defendant Hughes Electronics, defendant General Motors Corp, defendant Yarmuth Wilsdon, defendant Greer Herz & Adams, defendant Stump Storey, defendant Directv End User, defendant Directv End User Rec, defendant Secure Signals Intl, defendant McGinnis Group Intl to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) , or alternative for order staying this matter ; motion hearing set for 10:00 11/3/03 Lodged proposed order (bg) (Entered: 10/15/2003) |
| 10/14/2003 | 10 | REQUEST by defendant for Judicial Notice re motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], re motion for order staying this matter [9-2] (bg) (Entered: 10/15/2003) |
| 10/14/2003 | 11 | DECLARATION of Michael E Williams in support by defendant re motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], motion for order staying this matter [9-2] (bg) (Entered: 10/15/2003) |
| 10/14/2003 | 12 | NOTICE OF INTERESTED PARTIES filed by defendant Directv Inc, defendant Hughes Electronics, defendant General Motors Corp, defendant Yarmuth Wilsdon, defendant Greer Herz & Adams, defendant Stump Storey, defendant Directv End User, defendant Directv End User Rec, defendant Secure Signals Intl, defendant McGinnis Group Intl (bg) (Entered: 10/15/2003) |
| 10/20/2003 | 13 | NOTICE OF CHANGE Of Address filed by atty Jeffrey N Wilens for plaintiff Rodney Bylsma (Effective immediately the address and telephone number of Jeffrey Wilens and the Lakeshore Law Center have been changed to 17476 Yorba Linda Blvd, Ste 221 Yorba Linda, CA 92886; 714-854-7205; Fax 714-854-7206; jeff@lakeshorelaw.org) (ir) (Entered: 10/21/2003) |
| 10/20/2003 | 14 | OPPOSITION by plaintiffs to Defendants' motion to dismiss [9-1], or staying this matter [9-2]; Points and Authorities, Declaration in support thereof (ir) (Entered: 10/21/2003) |
| 10/20/2003 | 15 | REQUEST by plaintiffs for Judicial Notice, Exhibit 1 to opposition to motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], or staying this matter [9-2] (ir) (Entered: 10/21/2003) |
| 10/24/2003 | 16 | STIPULATION and ORDER by Judge A. H. Matz hearing on defendants' motion to dismiss [9-1], [9-2] shall be continued until 10:00 11/10/03 (ir) (Entered: 10/27/2003) |
| 10/27/2003 | 17 | REPLY brief by defendants in support of their motion to dismiss [9-1], [9-2] (ir) (Entered: 10/28/2003) |
| 10/27/2003 | 18 | SUPPLEMENTAL REQUEST by defendants for Judicial Notice in support of motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], or in the alternative for order staying this |

| | | |
|---|---|---|
| | | matter [9-2] (ir) (Entered: 10/28/2003) |
| 10/27/2003 | 19 | NOTICE by defendants of Lodging Non-Federal Authorities in support of motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], or in the alternative for order staying this matter [9-2] (ir) (Entered: 10/28/2003) |
| 11/10/2003 | 20 | MINUTES: Hearing on Defendant's motion to dismiss plaintiffs' complaint pursuant to FRCP 12 (B)(6) [9-1], or in the alternative for order staying this matter [9-2] (Filed 10/14/03); Cause called; appearances made; Court and counsel confer; Court directs counsel to lodge referenced letter no later than Wednesday 11/12/03; Furthermore, Court advises counsel that the above-referenced proceeding is hereby taken under submission and that an order shall be forthcoming by Judge A. H. Matz CR: Debra Morin (ir) (Entered: 11/12/2003) |
| 11/12/2003 | 21 | NOTICE of Lodging of Letter Sent to Rodney Sosa by plaintiffs (ir) (Entered: 11/13/2003) |
| 12/03/2003 | 22 | MINUTES: In Chambers; Court hereby GRANTS Defendants' motion to dismiss [9-1], [9-2]; This Order is not intended for publication by Judge A. H. Matz CR: NONE terminating case (MD JS-6) (ir) (Entered: 12/04/2003) |
| 12/03/2003 | | PLACED IN FILE - NOT USED; Proposed Order regarding motion to dismiss pursuant to FRCP 12(B)(6) or in the alternative for an order staying this matter; lodged 10/14/03 (ir) (Entered: 12/04/2003) |
| 12/29/2003 | 23 | NOTICE OF APPEAL by plaintiffs Rod Sosa, Gary Whittaker and Rodney Bylsma to 9th C/A from Dist. Court Minute Order filed 12/3/03 and entered 12/4/03 [22-2] (cc: Jeffrey Wilens; Dale Oliver) Fee: Paid $255.00 (Receipt #55562) (pjap) (Entered: 12/29/2003) |
| 12/29/2003 | 24 | TRANSCRIPT DESIGNATION and ordering form for dates: None requested. (pjap) (Entered: 12/29/2003) |
| 12/29/2003 | | Civil Appeals Docketing Statement forwarded to 9th CCA. (pjap) (Entered: 12/29/2003) |
| 12/30/2003 | 25 | JUDGMENT AND ORDER: by Judge A. H. Matz against plaintiff Rod Sosa, plaintiff Gary Whittaker, plaintiff Rodney Bylsma on all causes of action, that plaintiffs shall recover nothing, that plaintiffs' complaint be DISMISSED with prejudice, and that defendants shall recover their costs of suit. (shb) (Entered: 12/31/2003) |
| 01/06/2004 | 26 | CERTIFICATE OF RECORD Transmitted to USCA re [23] Appeal to Circuit Court filed by Rod Sosa, Gary Whittaker, Rodney Bylsma. (cbr) (Entered: 01/06/2004) |
| 01/06/2004 | 27 | AMENDED NOTICE OF APPEAL to 9th CCA filed by plaintiffs Rodney Bylsma, Rod Sosa and Gary Whittaker. Appeal of Judgment, 25 Filed On: 12/30/03; Entered On: 12/31/03; Fee: Waived. (cc: Lakeshore Law Center; Quinn Emanuel Urquhart Oliver & Hedges LLP) (pjap, ) (Entered: 01/06/2004) |
| 01/14/2004 | 28 | NOTIFICATION by Circuit Court of Appellate Docket Number 04-55036, 9th CCA regarding Appeal to Circuit Court[23] filed by Rod Sosa, Gary Whittaker, Rodney Bylsma. (weap, ) (Entered: 01/14/2004) |
| 10/11/2005 | 29 | RECORD ON APPEAL sent to Circuit Court re: Appeal number, 04-55036 Record consists of 2 volumes (mo, ) (Entered: 10/11/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/13/2006 11:32:09 | | | |
| **PACER Login:** | ll0412 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:03-cv-05972-AHM-RZ |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |