ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**PLAINTIFF'S REPLY REGARDING ITS MOTION TO STRIKE EXPERT REPORT OF GIRARD CONSULTING PARTNERS** |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, submits this Reply regarding its pending Motion to Strike Expert Report of Girard Consulting Partners. Cox's Reply is based upon its accompanying Memorandum of Law, and the documents and exhibits referred to therein that previously were filed with the Court.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By: ______________________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 17, 2006

MILLER, SCOTT & HOLBROOK

By: ______________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

## CERTIFICATION

I hereby certify that on the 17th day of January, 2006 I did send by first class mail a true and accurate copy of the within Reply to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | C.A. No. 05 107 S |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE EXPERT REPORT OF GIRARD CONSULTING PARTNERS**

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "Plaintiff"), by its attorneys, respectfully submits this Reply Memorandum of Law in further support of its Motion to Strike Expert Report of Girard Consulting Partners (the "Report").

**SUMMARY OF DEFENDANTS' OPPOSITION**

Defendants' Opposition to Cox's motion to strike the Report contains no substantive arguments. It does not respond to any of the issues Cox raised regarding the qualifications of Gregory D. Girard ("Girard") to serve as an expert herein. It also fails to address, much less rebut, Cox's argument that Girard's opinions, rendered without any testing of digital filters and with no personal familiarity with the transmission, security and billing aspects of Cox's cable system, are not reliable. The Opposition also fails to discuss the fact that the materials upon which the Report's opinions are based, i.e., advertisements and an FCC publication more than 10 years old (so obsolete it is no longer available on the FCC's own website), are of the type generally relied upon by experts in the field. Instead, defendants' Opposition is limited solely to the issue of whether it was proper for defendants to first disclose the identity of their "expert," and the Report, by submitting it as part of their Opposition to Cox's summary judgment motion and in support of their own motion.

For the reasons stated below, Cox submits that defendants' procedural arguments regarding the late disclosure of Girard and the Report are unconvincing and insufficient to prevent the Report from being stricken as untimely. Cox further submits that defendants' Opposition, which declines to discuss any substantive issues regarding the Motion, should be deemed a waiver of any objections to Cox's substantive arguments.

## ARGUMENT

## I. DEFENDANTS' JUSTIFICATION FOR LATE DISCLOSURE OF THE REPORT IS FACTUALLY UNCONVINCING AND LEGALLY INSUFFICIENT

Rather than focusing on the Pretrial Order's discovery deadline, their responses to Cox's discovery requests, and their failure to supplement such responses as required by Fed.R.Civ.P. 26 and Cox's requests themselves, defendants have instead based their position on a strained interpretation of an inapplicable provision of the Court's Pretrial Order. They note that the Pretrial Order requires that pre-trial memoranda shall be filed 30 days after a decision on any dispositive motions, and that such pre-trial memoranda must include, inter alia, identification of each witness who will testify, a summary of their testimony, and a statement regarding whether the witness is an expert. Opp. at 1. Based on this, they vaguely and unconvincingly argue that they had no obligation to disclose Girard's identity prior to serving the Report. Id. In other words, defendants claim they were not required to truthfully respond to Cox's discovery requests, or to supplement those responses, because that obligation was somehow trumped by the Pretrial Order. Under this twisted logic, defendants, in opposing Cox's summary judgment motion, could have submitted an affidavit from any previously undisclosed person, so long as that person was subsequently identified in defendants' pre-trial Memorandum to be filed after the Court rendered a decision on the summary judgment motion.

Moreover, defendants' argument ignores Fed.R.Civ.P. 26 (a)(2)(C), which governs this precise situation and provides that if a party intends to offer expert testimony solely to contradict other expert testimony on the same subject matter identified by the first party pursuant to Rule 26 (a)(2)(B), the second expert's identity and report must be disclosed within 30 days after the first party's disclosure. As Cox served its expert report on September 12, 2005, the defendants' service of the Report on December 19, 2005 unquestionably violated Rule 26 (a)(2)(C).

In support of their position, defendants claim that "No defendant in any civil case can know whether an expert is needed until sufficient information is obtained to determine what type of expert is needed, what information need be addressed and the like." Opp. at 1. This is unconvincing to say the least, considering that Cox's position throughout this action, from the time it filed the Complaint and moved for a temporary restraining order through its moving for summary judgment, has remained unchanged. Cox's specific legal claims for relief, the caselaw relied upon, the facts cited, etc. all are exactly as they were when this case was commenced in March of 2005. This is confirmed by the Report's relying upon Cox's complaint, the affidavits filed in support of its motions for temporary restraining order and for summary judgment, and the deposition transcripts of its witnesses, all of which were taken by July 7, 2005. Assuming that defendants were taking this action and their defenses with respect thereto seriously, there was no reason for them not to retain an expert and have a report prepared many months ago, and they have tellingly offered no clue as to when Girard was first consulted or retained.

Defendants' self-serving interpretation of the Federal Rules and the Court's Pretrial Order is clearly baseless. Cox specifically requested information about any experts that defendants intended to utilize in its discovery request dated April 25, 2005. Even then, Cox intended to move for summary judgment, and needed to review any expert report and depose any potential expert in order that any putative factual issues could be dispelled. As noted in Cox's initial memorandum, the First Circuit in Thibeault v. Square D Co., 960 F.2d 239 (1st Cir. 1992), upheld a lower court's preclusion of expert testimony in a very similar context. There, a defendant's interrogatory specifically asked for information about experts. The plaintiff responded by stating that none had been retained. Only after defendants had filed their summary judgment motion did plaintiffs supplement their interrogatory response. Id. at 241-42. The First

Circuit stated, "It is simply inexcusable for a party, already late in responding, not to supplement his interrogatory answers, as required by Rule 26(e), as soon as practicable after retaining a new expert." Id. at 247. Notably, the court did not say that, as defendants' position suggests, an interrogatory inquiring about experts should only be supplemented when an expert report was completed. Instead, it said that the supplemental responses should be provided "as soon as practicable after **retaining** a new expert." Id. (emphasis added). In this case, as discussed in Cox's moving papers, Girard apparently had begun his work no later than September 27, 2005. Common sense suggests that if Girard's efforts had progressed to the point where he was contacting third parties regarding very specific issues, those efforts likely began significantly earlier. Accordingly, the Report should be stricken as untimely, and as a sanction for defendants' failure to comply with Fed.R.Civ.P. 26 (a)(2)(C) and to truthfully respond to and/or to supplement Cox's discovery request directed at expert witnesses.

## II. DEFENDANTS HAVE NOT SUSTAINED THEIR BURDEN OF DEMONSTRATING THAT THE REPORT IS ADMISSIBLE

As Cox explained in its moving papers, the party seeking introduction of an expert report has the burden of demonstrating that the report is admissible. Significantly, in their Opposition, defendants do not include any factual or legal presentation supporting their position that the Report is admissible. Rather, defendants blithely assert that issues regarding Report's admissibility can be addressed at a Daubert hearing. Contrary to defendants' assertion, however, courts readily recognize that the admissibility of an expert report can be decided without a Daubert hearing. See, e.g., Thorndike v. Daimlerchrysler Corp., 266 F. Supp. 2d 172, 175-76 (D. Me. 2003) (even though court did not hold a hearing, it determined that a portion of the expert's testimony should be excluded); Neibauer v. Shimano American Corp., No. 98-341-P-H, 1999 WL 33117103, at *2 n.3 (D. Me. June 28, 1999) ("Neither party is entitled to a hearing on a

Daubert motion as a matter of course."). Thus, as the court explained in Thorndike, "it is incumbent on the proponent to ensure" that the record contains sufficient evidence to demonstrate that the expert report is admissible. 266 F. Supp. 2d at 175.

Here, defendants had their opportunity to ensure that the record before this Court contained sufficient evidence to demonstrate that the Report is admissible. Instead, defendants did not, likely because they cannot, provide any evidence or legal argument to the Court to support the Report's admissibility. Cox respectfully submits that defendants have waived their right to put forth any additional evidence and thus, the Court should reject their invitation to hold a Daubert hearing and find that, based upon the record before it, the Report is not admissible.

## CONCLUSION

Pursuant to the foregoing, Cox respectfully requests the Court to issue an order striking and precluding Defendants' "Expert Report" from consideration.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:__________________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 17, 2006

MILLER, SCOTT & HOLBROOK

By:__________________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17th day of January, 2006 I did send by first class mail a true and accurate copy of the within Reply Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II