ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** <br> **Plaintiff,** <br> **v.** <br> **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** <br> **Defendants.** | ) | **C.A. No.: 05-107 S** <br><br> **PLAINTIFF'S OBJECTION TO DEFENDANTS' SECOND MOTION TO RELEASE <u>ATTACHMENT</u>** |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, submits this Objection regarding defendants' Second Motion to Release Attachment. Cox's Objection is based upon its accompanying Memorandum of Law.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________________

Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 17, 2006

MILLER, SCOTT & HOLBROOK

By:____________________________

Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17th day of January, 2006 I did send by first class mail a true and accurate copy of the within Objection to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ORIGINAL

COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, : C.A. No. 05 107 S

Plaintiff,

vs.

JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' SECOND MOTION TO RELEASE ATTACHMENT

The plaintiff CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "plaintiff"), by its attorneys, respectfully submits this Memorandum of Law in Support of its Objection to defendant Jon Chaffee's Second Motion to Release Attachment (the "Motion").[1] For the reasons stated herein, the defendants' Motion should be denied.

## BRIEF SUMMARY OF RELEVANT PROCEDURAL HISTORY

Cox commenced this action on March 8, 2005. At that time, it sought, and the Court granted, an ex parte Temporary Restraining Order that, inter alia, restrained transfers of defendants' assets. The parties ultimately agreed to the form of a Preliminary Injunction, which was entered by

[1] The defendants' first motion to release attachment, filed on July 21, 2005, sought the release of funds held by them in an account at TD Waterhouse. On August 8, 2005, the Court denied the defendants' motion for unfettered access to the funds. However, given Cox's consent to the funds' being transferred to another institution but still frozen, the Court directed the defendants to provide the names of financial institutions to which defendants would like the funds transferred (although the Court made clear that the transferred funds would remain subject to the asset restraint). Despite Cox's counsel's having since repeatedly requested defendants' counsel to provide the names of such financial institutions, they have failed to respond, and seemingly have abandoned even this limited relief previously sought.

the Court on April 12, 2005. The Preliminary Injunction provides, inter alia, that the defendants are restrained from transferring any of their assets pending the final disposition of this action. Defendant Jon Chaffee has now filed the present Motion seeking a release of the "attachment" so that he can sell his residence.

**ARGUMENT**

Chaffee's motion provides no support for his request to release the restraint on transfers of defendants' assets. The entire Motion is based solely on his affidavit, which states that his wife and child have moved out of their residence, he is unable to pay Gregory D. Girard, who prepared what defendants have propounded as an expert report, any additional fees, and that he owes his attorney legal fees. He also candidly states that his attorney recommended against his filing the Motion and stated that he would continue to represent Chaffee. Chaffee concludes by stating that, in light of these facts, he no longer wishes to reside in his house and wants to sell it.

Significantly, the Motion is devoid of any legal support, such as citations to any caselaw or statutes, or even a legal memorandum bereft of such support. It is unclear whether he simply wants to sell his home because he doesn't want to live there anymore, and consents to the continuing restraint on transfers of his assets, including the proceeds of the sale of the house, or if he wants to sell the house to use the proceeds to fund his defense.

If Chaffee seeks only the former, Cox would consider agreeing to the proposed sale, if he agrees that the proceeds of the sale are subject to the asset transfer restraint. Such agreement would be conditioned upon the proceeds being placed into a money market or similar account which would remain frozen.

If defendants seek the latter relief, Cox does not consent. Defendants have offered no factual or legal basis for undoing the asset freeze ordered by the Court and previously consented

to by them. The facts to date have demonstrated beyond peradventure that defendants were engaged in the illegal sale of digital cable filters in violation of two separate federal statutes, i.e., 47 U.S.C. § 553(a)(1) and 17 U.S.C. § 1203. Both of those statutes expressly provide for a defendant's duty to provide an accounting of, and a plaintiff's ability to receive as part of a damages award, the profits of such illegal activity. See 47 U.S.C. § 553(c)(3)(A)(i) and 17 U.S.C. § 1203(c)(2).

Consequently, the Third, Seventh and Eleventh Circuits have explicitly held in cable piracy cases that restraint on transfers of a defendant's assets is appropriate. See AT&T Broadband v. Tech Communications, Inc., 381 F.3d 1309, 1315-17 (11th Cir. 2004); CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002) (upholding restraint on a cable pirate's transfer of its assets, noting that the injunctive relief would help stop cable piracy, and would preserve the cable company's statutory equitable remedy of recovery of profits); TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 208, fn. 4 (3d Cir. 2001) (asset freeze or similar relief is appropriate where it will assist in preventing defendant from further violations of the Communications Act). District courts throughout the country, including in Rhode Island and elsewhere in the First Circuit, in reported and unreported orders and decisions, have followed their lead. See e.g., (Suppressed) v. (Suppressed), 109 F.Supp.2d 902, 904, n. 2 (N.D.Ill. 2000); CSC Holdings, Inc. v. New Information Tech., Inc., 2001 WL 276941 (N.D.Tex. Mar. 14, 2001); CSC Holdings, Inc. v. KDE Electr. Corp., 2000 WL 284005 at *2 (N.D.Ill. Mar. 13, 2000) (acknowledging distinction between pre-judgment asset freezes designed to preserve funds to satisfy money damages claims and asset freezes designed to preserve the status quo until a plaintiff can avail itself of equitable remedies); see also Temporary Restraining Order granting similar relief in CSC Holdings, Inc. v. Oresman d/b/a American Sales, No. 04-184S (D.R.I. May 25, 2004) (Smith, J.), attached as Exhibit "M" to Motion for TRO; CSC Holdings, Inc. v. LaScola d/b/a Lextronics, No. 04-10770 (D.Mass. Apr. 19, 2004) (O'Toole, J.), attached as Exhibit

"N" to Motion for TRO; Charter Communications Entertainment I, L.P. v. Farland, No. 397CV01590 (D.Conn. Aug. 7, 1997) (Burns, J.), attached as Exhibit "O" to Motion for TRO.[2]

For the reasons set forth in these decisions, Cox submits that a freeze of defendants' assets is appropriate in this action to help prevent future violations of the Communications Act. Moreover, the only thing that has changed since entry of the TRO or preliminary injunction is Chaffee's continuing to litigate this case in a manner that has caused him to incur large attorneys' fees, i.e., by filing meritless counterclaims, by making discovery motions seeking no substantive relief and based on nothing more than semantics, and by repeatedly moving for the same relief even after its being denied.

However, Chaffee's citations of amounts owed to his attorney and to Mr. Girard incurred in the course of defending this action, even if more justifiably spent, do not compel a different result. It is well established that a party in a civil case has no legal right to spend the proceeds of illegal activity in order to defend against claims based on that illegal activity. As the Supreme Court held in Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 109 S.Ct. 2646 (1989), "A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice ... The money, though in his possession, is not rightfully his"). See also S.E.C. v. Grossman, 887 F. Supp. 649, 661 (S.D.N.Y. 1995) (on motion to modify asset freeze in order to pay legal fees, court stated, "Moreover, with respect to attorneys' fees, it is well-established that there is no right to use the money of others for legal services"); In re Moffitt, Zwerling & Kemler, P.C., 875 F. Supp. 1152, 1159 (E.D.Va. 1995) (court discusses "public interest in stripping criminals of undeserved economic power, including ability to hire expensive lawyers").

[2] Cox incorporates by reference pages 19-26 of its Memorandum of Law in Support of Motion for TRO.

The fact that the present case is a civil case is irrelevant. S.E.C. v. Cherif, 933 F. 2d 403, 416-7 (7th Cir. 1991) cert. denied. 502 U.S. 1071 (1992) ("It would be anomalous to hold that a civil litigant has any superior right to counsel than one who stands accused of a crime"); S.E.C. v. Current Financial Servs., Inc., 62 F.Supp.2d 66, 67 (D.D.C. 1999) (same); United States v. One Residential Property Located at 501 Rimini Road, Del Mar, California, 733 F.Supp. 1382, 1386 (S.D.Cal. 1990) (no constitutional right to use assets adjudged to be civilly forfeitable to pay defendant's legal fees).

**Conclusion**

Pursuant to the foregoing, Cox respectfully requests the Court's entry of an order denying defendants' Motion, or granting it only to the extent consented to by Cox.

Dated: Jericho, New York
January 13, 2006

Respectfully submitted for the Plaintiff CoxCom, Inc.
d/b/a Cox Communications New England
By Its Attorneys,

Shaun K. Hogan (SH 7227)
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
January 17, 2006

Francis S. Holbrook II
**MILLER SCOTT & HOLBROOK**
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 17 day of January, 2006 I did send by first class mail a true and accurate copy of the within Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II