UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

MEMORANDUM IN SUPPORT OF MOTION FOR

LEAVE TO FILE A COUNTERCLAIM

Defendants are fully cognizent of the reasons for the Court's dismissal of its original counterclaim. However additional facts have occurred, coupled with the facts previously cited as a basis for the counterclaim, to warrant the granting of this motion.

Those facts are:

Plaintiff caused to be served a "Declaration of Gerard Boisvert." ***(Exhibit 1)*** which it knew or should have known would be shown to defendants Same was prepared by Plaintiff's counsel following a recorded conversation between Mr. Boisvert and plaintiff's employee Lucien Marcoux. Paragraph seven of same is a misrepresentation of such conversation.

Plaintiff is obviously cognizent that it must prove intent to prevail under 47 U.S.C. Section 553. The second sentence in paragraph 7 of that document is what is so troubling. Not only is the sentence ambigous, it is **not** what Boisvert said in the recorded interview with Mr. Marcoux. Mr. Boisvert at no time said that Chaffee made it clear that he (Chaffee) **intended**

that customers **would** use the filters to view pay-per-view programing without paying for it.

The attached affidavit of Mr. Boisvert is in his own words! ***(Exhibit 2)***

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

CERTIFICATION

I hereby certify that on the 19th day of December, 2005, I mailed true and accurate copies of the within to Shaun K. Hogan, Esq., 350 Jericho Turnpike, Suite 300, Jericho, NY 11753 and Francis S.Holbrook, II, Esq., 122 Touro Street, Newport, RI 02840.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, IMPORTS individually and d/b/a, ELECTRONIC RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | ) | **C.A. No.: 05-107 S**<br><br>**DECLARATION OF <u>GERARD BOISVERT</u>** |

I, **GERARD BOISVERT**, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I reside at 81 Prospect Street, Manville, Rhode Island 02833. I am not a party to this action. I believe in the sanctity of an oath. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently to the same.

2. I have known Jon Chaffee for at least four (4) years. Jon Chaffee is married to my sister's daughter, Amy Chaffee. I have known Amy Chaffee all her life.

3. From November 2003 through ~~January~~ april GB 2004, I worked for Jon Chaffee, owner and operator of Electronic Imports and Chaffee International. During the course of my employment relationship with Jon Chaffee, I worked as a sales representative. In this capacity, I sold various items and electronic equipment at trade shows in the State of Connecticut and Commonwealth of Massachusetts on behalf of Jon Chaffee.

4. Jon Chaffee supplied all of the merchandise that I sold on his behalf at trade shows.

GB JM

5. Among the various items given to me by Jon Chaffee and thereafter sold were digital cable television signal filters.

6. When I began working for Jon Chaffee, he told me that digital cable television signal filters, once connected to a digital cable television system, could be used to enable the user to receive pay-per-view programming without the cable television provider being notified and the customer being charged.

7. Jon Chaffee repeatedly explained that regardless of how those who purchased digital cable television filters chose to use them, it was their business. Jon Chaffee made it clear to me that he knew and intended that people who purchased digital cable television filters could and would use them to view pay-per-view programming without paying for it.

8. Jon Chaffee told me he purchased the digital cable television filters for approximately $4.00 to $7.00 each and I was to sell each filter for approximately $25.00. During the course of my employment, I sold dozens of such digital cable filters.

9. My compensation was based on a percentage of my total daily sales. Specifically, I was compensated approximately 30-35% of the total daily sales for each show. John Chaffee explained to me that as long as he received his percentage of the daily sales, it was up to me to decide how much income I should report.

10. I have not been offered any form of compensation, nor given any promises in exchange for providing this declaration.

11. I declare under penalty of perjury that the foregoing is true and accurate.

Executed this 9 day of JULY, 2005.

Gerard Boisvert

**GERARD BOISVERT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

AFFIDAVIT

I, Gerard Boisvert, under oath depose and say:

1. My permanent address is 81 Prospect Street, Manville, RI 02838.

2. My summer address is 15 Hunter North, Alburg, VT, 05440.

3. I have known Jon Chaffee for at least four (4) years. Jon is married to my sister's daughter, Amy Chaffee. I have known Amy all her life.

4. From November 2003 through April 2004 I sold various items supplied by Jon at trade shows. Jon would supply the merchandise. I would keep 30-35% of the sale proceeds and give the rest to Jon.

5. A small portion of the merchandise included what Jon described to me as interference filters for cable television. He told me that they filtered out interference to cable television. He also told me that people who have digital cable could use these filters to get pay-per-view without paying for it.

6. I asked Jon if it was legal to sell the filters. He told me it was legal because we sell them as interference filters. He told me they were sold at Radio Shack. Jon also told me - how people who purchase the filters chose to use them was their business.

Gerard Boisvert

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In WOONSOCKET on the 2ND day of NOVEMBER, 2005 before me personally appeared, Gerard Boisvert, to me known and known by me to be the party executing the foregoing instrument, and he acknowledges said instrument, by him executed to be his free act and deed.

Notary Public
My Commission Expires: 7-22-09