ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| | ) | **C.A. No.: 05-107 S** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | **PLAINTIFF'S OBJECTION TO DEFENDANTS' APPEAL OF <u>JANUARY 20, 2006 ORDER</u>** |
| **Defendants.** | ) | |

Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, respectfully submits this Objection to Defendants' Appeal of the Court's (Almond, M.J.) January 26, 2006 Order (the "Order") denying their Motions to Revoke Pro Hac Vice Privileges and to File a Second Amended Counterclaim. Cox's Objection is based upon its accompanying Memorandum of Law.

Dated: Jericho, New York
February 1, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
February 2, 2006

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 2nd day of February, 2006 I did send by first class mail a true and accurate copy of the within Motion to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, : C.A. No. 05 107 S

Plaintiff,

vs.

JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,

Defendants.

ORIGINAL

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO APPEAL OF JANUARY 20, 2006 ORDER DENYING MOTIONS TO REVOKE PRO HAC VICE PRIVILEGES AND TO FILE SECOND AMENDED COUNTERCLAIM**

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England ("Cox" or "Plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and Miller, Scott & Holbrook, respectfully submits this Memorandum of Law in Support of Its Objection to Defendants' Appeal[1] of the Court's (Almond, M.J.) January 26, 2006 Order (the "Order") denying their Motions to Revoke Pro Hac Vice Privileges and to File a Second Amended Counterclaim.[2]

**SUMMARY OF APPEAL**

Defendants' one-sentence "Appeal" does nothing more than state the fact that defendants are appealing, and refers the Court to defendants' submissions that underlie the Order denying

[1] Defendants' Motion states that it is brought under Local Rule 32 (b)(2). However, this apparently is a reference to the the Court's former local rules that were superceded by the present Local Rules on January 1, 2006.

[2] On January 30, 2006, defendants filed a "Supplemental Memorandum" purporting to support five of defendants' prior submissions, including the two previously denied motions that are the basis of the Appeal, and the Appeal

two of their motions. It identifies no errors and provides no legal support for the Court to reach a different result. Caselaw in the First Circuit and this Court makes clear that such a general appeal is patently insufficient to justify relief. Thus, the Court should deny the Appeal.

## ARGUMENT

Fed.R.Civ.P. 72 pertains to review of orders of magistrates. Rule 72 (a), governing nondispositive matters, states that a party shall file objections to a magistrate's order within ten days. Rule 72 (b) requires that when a party objects to a magistrate's report and recommendation regarding a dispositive motion, it must "serve and file **specific** written objections to the proposed findings and recommendations." See Gonzalez-Ramos v. Berrios, Inc., 360 F.Supp.2d 373, 376 (D.P.R. 2005) (finding that party failed to comply with Rule 72 (b) by failing to specifically point to specific objectionable portions of the magistrate's Report and Recommendation). Defendants' appeal the Order's denial of two motions, one to amend to file counterclaims, and the other to revoke pro hac vice status of Cox's lead counsel. The former is essentially a dispositive motion, while the latter is not.

In addition to Federal Civil Rule 72, Local Civil Rule 72 also addresses review of magistrate judges' orders. Local Rule 72 (c)(2) provides that when appealing from rulings on nondispositive matters, such as denial of defendants' motion to revoke Cox's lead counsel's pro hac vice status, "any such appeal shall consist of a notice of appeal setting forth the basis for the appeal [and] a memorandum of law which complies with LR Cv 7 . . ." Local Rule 72 (d)(2) provides that when objecting to a report and recommendation of a dispositive matter, such as defendants' motion for leave to file amended counterclaims, "An objection to a magistrate judge's Report and Recommendation shall be accompanied by a memorandum of law specifying

---

itself. Cox will file a separate objection to that Memorandum. To the extent the Court considers the "Supplemental

the findings and/or recommendations to which objection is made [and] the basis for the objection . . ."[3] Thus, defendants' Appeal submission on its face unquestionably fails to comply with the Local Rules of this Court, and the Federal Rules with respect to review of decisions on dispositive motions, and it should be dismissed.

In addition to the letter of the law, defendants' appeal also violates its spirit. The First Circuit has clearly stated that a district judge has no obligation to discover or articulate new legal theories for a party challenging a report and recommendation of a magistrate judge. Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). Yet that is precisely what defendants improperly request this Court to now do, as they fail to identify any objectionable aspects of the Order, nor do they set forth any basis for relief. This court has previously ruled under essentially identical facts. In Sackall v. Heckler, 104 F.R.D. 401 (D.R.I. 1984), then-District Judge Selya was presented with an objection to a report and recommendation comprised of a single sentence that, like the present appeal, did nothing more than state the fact that an objection to the prior ruling was being made. Id. at 402. After noting that the local rules' requirements regarding presenting specific, substantive objections served to avoid profligate wasting of judicial resources, id. at 403, he concluded, "A blunderbuss objection of this sort is, in the view of this court, no objection at all. Accordingly, the Report should be approved for this reason alone, in the absence of clear error on the face of the record." Id.; see also United States v. Wihbey, 75 F.3d 761, 767 ("We ignore Wihbey's attempt to 'generally object' to the magistrate judge's report."). More recently, in Travelers Indemnity Co. of Ill. v. Shilo Automatic Sprinkler, Inc., 230 F.R.D. 281 (D.R.I. 2005), this Court was presented with objections to a magistrate's report

---

Memorandum" in deciding the Appeal, Cox respectfully requests that it also consider Cox's objection thereto.

[3] Even the Court's former local rules, pursuant to which defendants' appeal purports to be brought, contain the identical requirement that a party appealing or objecting to a magistrate judge's rulings must specifically designate the portion of the order objected to and the basis for the objection. See Former Local Rule 32 (b)(2) and (c)(2).

that did no more than identify the objected-to portions of the report but supplied no argument or authority in support. After noting the requirements of the local rules that an objection have substance, id. at 285, and citing the Sackall decision with approval, id. at 285-86, the Court concluded, "Here, the Plaintiffs have failed to provide any support whatever for their objections to the March R & R, and it is not this Court's job to search for such support. Accordingly, this Court adopts the March R & R." Id. at 286.

In sum, as the Appeal fails to specifically identify any objections to the Order, and fails to supply any argument or legal authority as support, it should be swiftly rejected. To the extent the Court engages in a de novo review of the Order, Cox rests upon its prior submissions.

**CONCLUSION**

Pursuant to the foregoing, Cox respectfully requests the Court to deny defendants' appeal.

Dated: Jericho, New York
February 1, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:______________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
February 2, 2006

MILLER, SCOTT & HOLBROOK

By:______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 2nd day of February, 2006 I did send by first class mail a true and accurate copy of the within Memorandum to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Francis S. Holbrook II