UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

## OBJECTION TO REPORT AND RECOMMENDATION

Now come the defendants Jon Chaffee, Amy Chaffee and Ramalda Bou, pursuant to Local Rule 32 (d) and object to the Report and Recommendation of Magistrate Judge Almond dated April 25, 2006 for the reasons set forth in the memorandum attached hereto.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

## CERTIFICATION

I hereby certify that on the 4th day of May, 2006, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

# MEMORANDUM IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

It is well settled that a court cannot try issues of fact on a Rule 56 motion for summary judgment but only is empowered to determine whether there are issues to be tried. Briggs v. Kerrigan, 431 F. 2d 967, (C.A. 1st, 1970)

Summary judgment cannot be used to deprive a litigant of a full trial of genuine fact issues. Poller v. Columbia Broadcasting Sys., Inc., 82 S.Ct. 486, 368 U.S. 464, 7 L.Ed. 2d 458 (1962)

Indeed, several courts have held that summary judgment would be improper if the existence of material fact issues is uncertain. 10 *Federal Practice and Procedure*, Wright and Miller, Chapt 8, §2712, n.42. p. 383 (1973)

As illustrated below, it is submitted that the Court not only improperly decided questions of fact, it did so based on a misconception of some of those facts.

1. The paragraph at the bottom of page 2 top of page 3 of the Report and Recommendation indicates that an undisputed fact is that " ... the digital cable filters at issue are capable of interfering with the **encoding** of Cox's pay-per-view-channels ... Digital filters interfere with Cox's with the **encoding** mechanism ..."

Same was clearly disputed in defendants' Statement of Material Facts to be Litigated. **(Tab A )** Moreover, it is scientifically inaccurate. Defendants' expert makes that clear in his report. Significantly, plaintiff's expert makes no such claim in his report.

This error is so fundamental to this case that it alone mandates rejection of the Report and Recommendation!

2. The first full paragraph on page 3 suggests that the defendants' displayed a sign which "... clearly explained that the filter would 'block out pay-per-view charges from your cable company, giving you free pay-per-view.' "

Jon Chaffee testified in his deposition that such a sign had never been displayed at any of his shows. **(Tab B)**

The same paragraph goes on to say that web sites were given containing instructions rearding how to reset the cable box, how to block a cable signal from relaying information to the cable provider and how to prevent the cable company from detecting the presence of the filter.

All those deposed by plaintiff acknowledged they had not read the entire contents of the websites. Obviously same was a bad businsess practice, but as to the essential element of intent, such testimony at the very least creates questions of fact.

3. On page 4, the second full paragraph reference is made to the filters intercepting pay-per-view transmissions. Again, no one contends the filters **intercept** transmissions. The filters only

temporarily block receipt of billing information.

4. The last paragraph refers to a e-mail <u>received</u> by Jon Chaffee that the filters worked "great with pay-per-views ..." Defendants sold the filters because they understood the worked great with pay-per-views by filtering out interference. Defendants' expert pointed out that same have been used for that purpose since World War II.

5. With reference to the "tongue in cheek" quotation at the top of page 5, a fair reading of Jon Chaffee's deposition pages 52, 53 **and** 54 clearly demonstrates there exists at the very least another question of fact as to intent. **(Tab C)**

6. The first full paragraph on page 5 again refers to the "descramble" red herring that the court followed. Additionally, Mrs. Chaffee did not assert a Fifth Amendment privilege. She was instructed, rightly or wrongly, by counsel not to answer a question on that basis. **(Tab D)**

7. The Court repeated the error, in the penultimate paragraph on page 8, as to the purported undisputed fact as to intercepting cable.

8. On page 9, the Court suggests Jon Chaffee omitted names. This ignores the reality of imperfect memory. It also seems to similarly draw a negative connotation from the use of aliases. Again, a fair reading of the deposition reveals at the very least a question of fact. **(Tab E)**

9. The footnote on page 9 is yet another example of fact finding rather that fact indentification.

10. The last paragraph on page 10 incredibly states that the dispute about the Boisvert statements is a non-issue. Not only is it another demonstration of fact finding; it completely misconstrues the Boisvert Declaration, Affidavit and tape recording. **(Tab F)**

**PLAINTIFF'S MOTION TO STRIKE EXPERT REPORT**

Disclosure of defendants' expert testimony was made in compliance with Rule 26 (a) (2) (C) and with this Court's Pre-Trial Order dated 4/12/05.

It is submitted, to assess the Report and Recommendation as to this motion, the report of Mr. Girard must be read.

The Court misconstrued the law regarding expert testimony for use at trial in the last paragraph on page 12. The simple reality is that defendants' retained Mr. Girard when they could afford his services. Counsel made a decision to use him as an expert witness only after he (counsel) read the report. **(Tab G)** To require anything else would put a chilling effect on even consulting an expert.

At the bottom of page 13 is stated " Moreover, the Expert Report (defendants') itself impermissably relies upon a hearsay telephone conversation that **purportedly** (emphasis ours) took place ..."

It is submitted that the Court not only misconstrues the law but the implication that the conversation may not have taken place is also improper.

Furthermore, the suggestion at page 15 that Mr. Girard may not have spoken to the proper people or that even if he did they "... could be biased... " is improper speculation. The further **finding** of the " ... inherent unreliability ... " and " ... lack of any reliable corroboration ..." is clearly improper as to a motion for summary judgment.

The Court made yet another impermissable finding at page 16 when it held that the delayed billing theory is " ... simply untenable." Ironically, there is no genuine dispute that the filters, other than filter out interference, do nothing more with respect to cable television than temporarily delay the billing information to the cable company.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

By dismissing the report of Mr. Girard, the court deprived itself of the opportunity to properly evalute the plaintiff's claims. The filters are not the type of device to which 47 U.S.C. § 553 refers. The reports of Durey and Girard read together make that clear.

Nor do the filters in any way violate the copyright laws as required by 47 U.S.C. § 1201. As the filters are not descramblers, again plaintiff does not even suggest they are, anyone who were to attach a filter to try to get free pay-per-view, would be an authorized recipient of cable transmissions in the first place!

## CONCLUSION

The defendants' motion for summary judgment should be granted disposing of the matter entirely. Short of that the plaintiff's motions should be denied and the case proceed to trial.

By their Attorney,

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115

## CERTIFICATION

I hereby certify that on the 4th day of May, 2006, I faxed a true and accurate copy of the within to Francis S. Holbrook, II, Esq. (841-8534) and Shaun K. Hogan, Esq., 1 (516) 942-4705.