UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

AFFIDAVIT

I, Gerard Boisvert, under oath depose and say:

1. My permanent address is 81 Prospect Street, Manville, RI 02838.

2. My summer address is 15 Hunter North, Alburg, VT, 05440.

3. I have known Jon Chaffee for at least four (4) years. Jon is married to my sister's daughter, Amy Chaffee. I have known Amy all her life.

4. From November 2003 through April 2004 I sold various items supplied by Jon at trade shows. Jon would supply the merchandise. I would keep 30-35% of the sale proceeds and give the rest to Jon.

5. A small portion of the merchandise included what Jon described to me as interference filters for cable television. He told me that they filtered out interference to cable television. He also told me that people who have digital cable could use these filters to get pay-per-view without paying for it.

6. I asked Jon if it was legal to sell the filters. He told me it was legal because we sell them as interference filters. He told me they were sold at Radio Shack. Jon also told me - how people who purchase the filters chose to use them was their business.

who purchase the filters chose to use them was their business.

7. In May 2005 I received a telephone call from Lucien Marcoux who told me Jon was in trouble for selling the filters. He told me he had confiscated Jon's computers and that is how he got my name. During that call Lucien and I realized that we knew each other. In fact we used to play guitar together when we were teenagers. Lou recorded the conversation with my permission.

8. On July 9, 2005 we met in Warner, NH. Lou handed me a paper called a Declaration. I read it, signed it and handed it back to Lou. He gave me a copy.

9. Five days later I got a telephone call from Jon. He said he had read the Declaration and he asked my why I said that people who have digital cable could use these filters to get pay-per-view without paying for it but failed to mention they could be used for interference. I told him I said that to Lou.

10. I read the Declaration several times again and realized some of it was not correct. It had my zip code wrong and the price Jon suggested I try to sell the filters for was $20.00 not $25.00. **Also, I never said verbatim to Lou "Jon Chaffee made it clear to me that he knew and intended that people who purchased digital cable television filters could and would use them to view pay-per-view programming without paying for it."**

11. **Jon Chaffee never said, nor made it clear to me, that he intended that people who purchased digital cable television filters would use them to view pay-per-view programming without paying for it.**

11. I called Lou on July 18, 2005 and told him that and that I wanted to change the Declaration. Lou said he would talk to the lawyers and get back to me. He did not call me back so I called him two more times and left messages for him to call me back. I then got a call from someone in Lou's office who told me Lou would be meeting with the lawyers. I expected a call back and when I did not get I called a few more times. When I finally spoke to Lou on his cell phone and he told me that the lawyers told him that Cox was not interested in making changes or

[signature]
Gerard Boisvert

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In WOONSOCKET on the 2ND day of NOVEMBER, 2005 before me personally appeared, Gerard Boisvert, to me known and known by me to be the party executing the foregoing instrument, and he acknowledges said instrument, by him executed to be his free act and deed.

[signature]
Notary Public
My Commission Expires: 7-22-09