UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**DEFENDANTS' STATEMENT OF MATERIAL FACTS TO BE LITIGATED**

In response to individual paragraphs of Plaintiff's statement of material facts as to which there are no genuine issues to be tried, defendants respond as follows:

7. Plaintiff initially claims that:

> "Digital filters circument Cox's efforts to protect the copyrighted pay-per-view events it offers to customers through the technology of **scambling transmissions.**" (emphasis added)

Then it suggests:

> "Without transmission to Cox's computers of this data reflecting pay-per-view events watched, Cox is unable to bill the subscriber for his or her receipt of such programming; thus, the subscriber and/or other members ot the subscribers household view the

A

programming free of charge."

Moreover, in support of this motion it has attached the "Expert Report of Stan Durey." (Exhibit A) That report, not signed under the penalties of perjury, **makes no claim that the filters scramble transmissions nor violate the copyright laws.**

9. As set forth in the report of Girard Consulting Partners, the filters in question have a multitude of legitimate uses including filtering out interference from FM broadcast towers, amateur radio users, etc. (Exhibit 1)

12. The sign refered to also states clearly that the filters, as the name implies, filter out interference that can effect reception of digital cable TV programs. (Exhibit L)

14. Unfortunately, none of the defendants ever read the web sites.

15. This paragraph is not an undisputed fact but rather an unsupported conclusion.

17. The website is not defendants' website.

19. The second sentence of this paragraph also makes an unsupported conclusion.

32. This paragraph is ambiguous. It is submitted in this case there is a crucial difference between"did" and "could."

33. The last sentence of this paragraph also makes an unsupported conclusion not a statement of undisputed fact.

42. Amy was told by counsel, rightly or wrongly, to assert her privlege against self incrimination.

44. A fair reading of selected portions of Chaffee's deposition testimony reveals this is a mis-characterization of same. He explained why he used the name Sharon and the name Mike may have merely be the result of "cut & paste." (Tr 55-56, 60, 64, 130)

46. The Declaration of Gerard Boisvert is directly contradicted by the Notarized Affidavit of Gerard Boisvert. (Exhibit 2)

47. This is a mis-characterization of McKenna's deposition testimony. She had no knowledge as to whether the filters "were" being so used.

50. Cox has not produced any evidence that it lost any money as result of the use of

any filters whether sold by or on behalf of defendants or anyone else.

Defendants

By their Attorney,

______________________________

James A. Currier #953
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-3113
Fax (401) 274-3115