UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ORIGINAL

| | |
|---|---|
| COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | C.A. No.: 05-107 S<br><br>**PLAINTIFF'S NOTICE OF FILING OF UNREPORTED DECISION IN SUPPORT OF OPPOSITION TO OBJECTION TO COURT'S APRIL 25, 2006 REPORT AND RECOMMENDATION** |

Pursuant to this Court's Amended General Order 2002-01 at page 2, Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "Cox" or "Plaintiff"), by its attorneys, respectfully submits the attached true and accurate copy of the unreported decision in Directv, Inc. v. Caron, No. 3:03-CV-007 (D.Conn. Aug. 23, 2004), referenced in Cox's Memorandum of Law in Support of Opposition to Defendants' Objection to April 25, 2006 Report and Recommendation.

Dated: Jericho, New York
May 17, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.

By:____________________
Shaun K. Hogan (SK7227)
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
May 18, 2006

MILLER, SCOTT & HOLBROOK

By:____________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 23 A 9:29

U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, INC.,

Plaintiff,

v. : CASE NO. 3:03-CV-007(RNC)

MIKE CARON, et al.,

Defendants.

RULING AND ORDER

Directv brings this action against Mike Caron and five other defendants, alleging that they engaged in unauthorized reception of its satellite signals in violation of 18 U.S.C. §§ 2511-12, 47 U.S.C. § 605, and Connecticut common law.[1] Earlier the year, Caron filed a motion for summary judgment arguing that although Directv might have evidence of his purchase of a pirate device, it has no evidence he ever used such a device (three of the four statutory counts in the complaint require use; only one requires mere possession). In response to his motion, Directv presented affidavits and exhibits from three expert witnesses, none of whom had been disclosed before. Caron has moved for an order striking the affidavits and exhibits, and awarding him additional sanctions. In addition, he moves to strike another exhibit ("the packing slip") on the grounds of hearsay and lack of authentication. For the reasons stated below, the motions to strike the affidavits and exhibits are granted, the motions for

[1] The other defendants, who are not involved in the motions discussed here, are Chip Falcone, Mike Iasevoli, Michael Mastro, Jr., Hector Montalvo and George Morgan.

additional sanctions are denied, and the motion to strike the packing slip is denied.

Facts

Plaintiff brought this action in January 2003, alleging that defendants had purchased and used certain devices to unscramble its satellite signals, thus enabling them to gain access to its programming without paying for it. On April 17, 2003, the court ordered the parties to disclose expert witnesses and reports no later than September 1, 2003. On December 4, 2003, Caron testified at his deposition that he had purchased one of the devices at issue (the "programmer") from DSS-Stuff.com, a firm that manufactures devices allegedly used in signal piracy, in order to open a wall safe.

Caron moved for summary judgment on January 28, 2004. Plaintiff's response to this motion, filed on March 4, included the exhibits at issue. Exhibit A is an affidavit from Bill Gatliff, an engineer who is an expert on electronic piracy, along with expert reports by Gatliff and one of his associates, Michael Barr, regarding the purpose and functioning of the devices Caron allegedly bought and used. Exhibit B is an affidavit from James Whalen, an employee of plaintiff responsible for preventing signal piracy, along with copies of a packing slip for a device that DSS-Stuff.com allegedly shipped to Caron and pages from DSS-Stuff.com's website. Exhibit H is an affidavit from Lacey Walker, an expert on the detection and prevention of Internet crimes, along with copies of email messages allegedly sent by

From: Case 1:05-cv-00107-S Document 111-2 Filed 01/05/2006 Page 5 of 6 .004/007

Caron that Walker's firm managed to retrieve. Exhibit D is another copy of the DSS-Stuff.com packing slip, along with an authenticating affidavit from Scott Madvig, the owner of the firm that shipped the device. Gatliff, Barr, and Walker were not previously disclosed as expert witnesses. Plaintiff formally disclosed them as expert witnesses on April 13, after briefing on the motion for summary judgment had closed.

Discussion

A. Motions to strike affidavits of Gatliff, Whalen, and Walker, and for sanctions [Docs. # 45, 47, 49]

Caron moves to strike plaintiff's Exhibits A, B and H because plaintiff failed to comply with the order requiring disclosure of experts along with their reports. Under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence ... on motion any witness or information not so disclosed."

There can be no doubt that plaintiff did not disclose these experts in a timely manner. Plaintiff concedes that Gatliff, Barr and Walker are expert witnesses, and that they were not disclosed by the deadline of September 1, 2003. Plaintiff claims that it did disclose Whalen as a lay witness who might provide expert testimony, but Caron provides evidence that plaintiff did not disclose Whalen before the deadline. (Doc. # 47, Exs. A-D.)

Caron's motion to strike must therefore be granted unless

(1) plaintiff had substantial justification for failing to disclose, or (2) the failure to disclose was harmless. Plaintiff claims that it had substantial justification because it did not know this evidence would be needed until Caron testified at his deposition that he bought the programmer for an innocent purpose.

Plaintiff's explanation, although undoubtedly true, falls short of providing substantial justification for its failure to disclose experts within the time provided by the court's order. The exhibits in question are essential to proving the claims alleged in the complaint. Exhibit A, and Exhibit B in large part, seek to show that devices Caron allegedly purchased can be used to steal plaintiff's signals; the expert testimony in Exhibit H aims to provide a basis for a reasonable inference that Caron used them to do just that. The case would be different if Caron had lulled plaintiff into thinking he would not contest liability.

Plaintiff contends that its failure to disclose these expert witnesses in a timely manner should be deemed harmless because Caron still has time to depose them before trial. Plaintiff's position has arguable merit insofar as a trial is concerned. For the moment, however, the issue is whether the exhibits may be relied on to oppose the motion for summary judgment. Briefing on that motion closed on March 24, 2004, when Caron filed his reply. The expert witnesses were not disclosed until twenty days later. The late disclosure cannot be considered harmless because Caron had no opportunity to take this evidence into account before

deciding whether to seek summary judgment. The motions to strike these exhibits from the summary judgment record are therefore granted.[2]

Under Rule 37(c)(1), additional sanctions may be imposed in the court's discretion. In this case, striking the exhibits and witnesses is an adequate response to the tardy disclosure. Accordingly, Caron's request for additional sanctions is denied.

B. Motion to strike Madvig exhibit [Doc. # 48]

Caron moves to strike plaintiff's Exhibit D, a copy of a packing slip dated September 5, 2000, purporting to show that DSS-Stuff.com sold and sent a "terminator unlooper 'with case'/vector next gen combo" to Caron, on the grounds that the packing slip contains hearsay and has not been authenticated. Plaintiff responds that the packing slip is rendered admissible as a business record under Federal Rules of Evidence 803(6) and 902(11) by an accompanying affidavit of Scott Madvig, the owner of a shipping facility known as Fulfillment Plus. Caron replies that Madvig's affidavit is insufficient. I agree with plaintiff.

Federal Rule of Evidence 902(11) requires plaintiff to establish that the packing slip: "(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of a regularly conducted

[2] This ruling does not address the question whether plaintiff would be permitted to use these witnesses or exhibits if the case were to go to trial.

activity; and (C) was made by the regularly conducted activity as a regular practice." Madvig's affidavit satisfies these requirements. Madvig swears that he has personal knowledge of the packing slip and was its custodian, that it was created and kept by Fulfillment Plus in the course of regular activities, and that it was made at or near the time the devices were shipped.

Conclusion

Accordingly, Caron's motions to strike Exhibits A, B and H [Docs. # 45, 47, and 49] are hereby granted insofar as they seek to strike the exhibits from consideration on Caron's motion for summary judgment, and denied insofar as they seek other sanctions. Caron's motion to strike Exhibit D [Doc. # 48] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 20th day of August 2004.

Robert N. Chatigny
United States District Judge

**CERTIFICATION**

I hereby certify that on the 18th day of May, 2006 I did send by first class mail a true and accurate copy of the within Notice to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Corinne S. Blank
Corinne S. Blank