FILED

JUL 31 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | : | |
| vs. | : | C.A. No. 05-107 S |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | : | |

**AFFIRMATION IN SUPPORT OF AWARDS OF COSTS AND ATTORNEYS' FEES**

I, FRANCIS S. HOLBROOK II, affirm the following under penalty of perjury:

1. I am an attorney with the law firm of Miller Scott & Holbrook, 122 Touro Street, Newport, RI. This firm acted as local counsel for plaintiff CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "plaintiff") in the above-entitled action. I submit this Affirmation in support of Cox's application to recover from defendants Jon Chaffee, Amy Chaffee, Ramalda Bou individually and doing business as Electronic Imports and Chaffee International Electronic Imports (hereinafter "defendants"), its reasonable costs and attorneys' fees incurred in prosecuting this action against the defendants. Plaintiff is requesting the recovery of such costs and fees in addition to statutory damages.

**Statutory Basis for Recovery of Attorneys' Fees and Costs**

2. Pursuant to 47 U.S.C. § 553(c)(2)(C), a court may award recovery of full costs, including attorneys' fees to a prevailing aggrieved party. Similarly, 17 U.S.C. § 1203(b)(4) and (5) provides for award of attorneys' fees and costs to the prevailing party. Copies of word-processed transcriptions of the firm's daily time sheets reflecting professional services rendered to Cox that are attributable to plaintiff's prosecution of this action against the defendants as well as the defense of defendants' counterclaims are attached hereto as Exhibit "A" (reflecting services performed by Francis S. Holbrook II.)

**Brief Summary of Nature of Services Performed**

3. Cox's lead counsel, Leftkowitz, Hogan and Cassell, LLP, performed all the necessary legal services to commence this action and successfully litigate it to a determination of liability. Miller, Scott and Holbrook, as local counsel, assisted lead counsel relative to the following services:

a. reviewing the investigation materials;

b. reviewing the complaint, summons and other filing documents;

c. reviewing the application for Temporary Restraining Order, Affidavits and Memorandum;

d. reviewing evidence recovered as a result of the court-ordered seizure;

e. reviewing mandatory disclosure as per Fed.R.Civ.P. 26;

f. reviewing the defendants' answer and counterclaims;

g. reviewing prepared motions and supporting documents to dismiss defendants' counterclaims;

h. reviewing opposition submissions to the defendants' three Objections and

two Appeals from decisions of this Court;

i. preparing for and attending court conferences and hearings;

j. reviewing two sets of requests for admission, interrogatories, and document requests,

k. reviewing responses to defendants' discovery demands;

l. attending some of the depositions conducted;

m. preparing for and defending the depositions of Cox employees;

n. reviewing motions to compel;

o. reviewing oppositions to numerous motions filed by the defendants;

p. reviewing Cox's motion for summary judgment, including the notice of motion, affidavit of Cox's counsel, affidavit of Cox's investigator, memorandum of law, Local Rule 56.1 statement, preparing exhibits;

q. reviewing defendants' opposition to Cox's summary judgment motion;

r. reviewing defendants' cross-motion for summary judgment;

s. reviewing Cox's reply submission regarding its summary judgment motion and Cox's opposition to defendant's cross-motion for summary judgment;

t. reviewing a motion to strike defendants' expert report;

u. preparing for and attending hearing on motions for summary judgment and to strike;

v. reviewing defendants' opposition to plaintiff's motion to strike;

w. reviewing decision granting Cox's motion for summary judgment;

x. preparing opposition to defendants' appeal from Court's decision granting Cox's motion for summary judgment and to strike defendant's expert report;

y. preparing for hearing regarding defendants' appeal; and

z. filing numerous pleadings and other related documents.

**Background and Experience of Attorneys and Support Staff Who Worked on Case**

4. Francis S. Holbrook II is admitted to practice in all state and federal courts in the State of Connecticut (1985) and in the State of Rhode Island (1986). Mr. Holbrook has extensive general litigation experience. He has served as Assistant Town Solicitor of the Town of Middletown, RI from 1994 to the present. He is a partner in the firm of Miller, Scott and Holbrook. His billable rate during the relevant time period was $200.00 per hour.

5. The total hourly time Francis S. Holbrook II, Esq. incurred in this action amounted to 148.22 hours, which was billed at a rate of $200.00 per hour for an aggregate sum of $29,644.00. See Exhibit "A.

6. Accordingly, plaintiff respectfully requests that, in addition to the award of monetary damages on plaintiff's case in chief, it be awarded the sum of $29,644.00 as reasonable attorneys' fees, for local counsel, as part of a judgment rendered against the defendants.

**FRANCIS S. HOLBROOK II**

Sworn to before me this
31st day of July 2006

**NOTARY PUBLIC**
My commission expires: June 16, 2008

**CERTIFICATION**

I hereby certify that on the 31st day of July, 2006 I did send by first class mail a true and accurate copy of the within Affirmation in Support of Award of Costs and Attorneys' Fees to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Corinne S. Blank