FILED

JUL 31 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,

Plaintiff,

vs.

JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,

Defendants.

C.A. No. 05-107 S

AFFIRMATION IN SUPPORT OF AWARD OF COSTS AND ATTORNEYS' FEES

I, SHAUN K. HOGAN, affirm the following under penalty of perjury:

1. I am an attorney with the firm of Lefkowitz, Hogan & Cassell, LLP, and together with the law firm of Miller Scott & Holbrook, we represent plaintiff CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "Cox" or "plaintiff") in the above-entitled action. I submit this Affirmation in support of Cox's application to recover from defendants Jon Chaffee, Amy Chaffee, Ramalda Bou individually and doing business as Electronic Imports and Chaffee International Electronic Imports (hereinafter "defendants"), its reasonable costs and attorneys' fees incurred in prosecuting this action against the defendants. Plaintiff is requesting the recovery of such costs and fees in addition to statutory damages.

**Statutory Basis for Recovery of Attorneys' Fees and Costs**

2. Pursuant to 47 U.S.C. § 553(c)(2)(C), a court may award recovery of full costs, including attorneys' fees to a prevailing aggrieved party. Similarly, 17 U.S.C. § 1203(b)(4) and (5) provides for award of attorneys' fees and costs to the prevailing party. Copies of word-processed

transcriptions of the firm's daily time sheets reflecting professional services rendered to Cox that are attributable to plaintiff's prosecution of this action against the defendants as well as the defense of defendants' counterclaims are attached hereto as Exhibits "1-9" (reflecting services performed by, inter alia, Shaun K. Hogan, Michael D. Cassell, Patrcik J. Sullivan and Michael G. McAlvin).

**Brief Summary of Nature of Services Performed**

3. Cox's counsel performed all the necessary legal services to commence this action and successfully litigate it to a determination of liability. These services included the following:

a. reviewing the investigation materials;

b. drafting the complaint, summons and other filing documents;

c. drafting application for Temporary Restraining Order, Affidavits and Memorandum;

d. analyzing evidence recovered as a result of the court-ordered seizure;

e. preparing mandatory disclosure as per Fed.R.Civ.P. 26;

f. reviewing the defendants' answer and counterclaims;

g. preparing motions and supporting documents to dismiss defendants' counterclaims;

h. preparing opposition submissions to the defendants' three Objections and two Appeals from decisions of this Court;

i. preparing for and attending court conferences and hearings;

j. drafting two sets of requests for admission, interrogatories, and document requests,

k. responding to defendants' discovery demands;

l. preparing for and conducting the depositions of the three defendants, and four non-party witnesses;

m. preparing for and defending the depositions of five of Cox employees;

n. preparing motions to compel;

o. preparing oppositions to more than ten motions by defendants;

p. researching and drafting Cox's motion for summary judgment, including the notice of motion, affidavit of Cox's counsel, affidavit of Cox's investigator, memorandum of law, Local Rule 56.1 statement, preparing exhibits;

q. reviewing defendants' opposition to Cox's summary judgment motion;

r. reviewing defendants' cross-motion for summary judgment;

s. researching and drafting Cox's reply submission regarding its summary judgment motion and Cox's opposition to defendant's cross-motion for summary judgment;

t. researching and drafting motion to strike defendants' expert report;

u. preparing for and attending hearing on motions for summary judgment and to strike;

v. reviewing defendants' opposition to plaintiff's motion to strike;

w. reviewing decision granting Cox's motion for summary judgment;

x. preparing opposition to defendants' appeal from Court's decision granting Cox's motion for summary judgment and to strike defendant's expert report; and

y. preparing for hearing regarding defendants' appeal.

**Background and Experience of Attorneys and Support Staff Who Worked on Case**

4. Shaun K. Hogan, Esq. ("SKH) was admitted to practice in the State of New York and the Commonwealth of Massachusetts, the Northern, Eastern and Southern Districts of New York and the First and Second Circuit Courts of Appeals. Mr. Hogan has extensive trial and general litigation experience. He served as an Assistant District Attorney for five years in the Nassau County District Attorney's Office (Enterprise Crime Bureau and County Court Trial Bureau) and has eight years of federal civil litigation experience with Lefkowitz, Louis, Sullivan &

Hogan, L.L.P. and its predecessor entities. He is now a member of the firm of Lefkowitz, Hogan & Cassell, LLP as of May 2006. His billable rate during the relevant time period was $200.00 per hour.

5. Patrick J. Sullivan, Esq. ("PJS) was admitted to practice law in the State of New York and the Federal District Court for the Southern and Eastern Districts of New York in 1990. Mr. Sullivan was a litigation associate with Donovan Leisure Newton & Irvine in New York City for five years and has been practicing cable piracy law with Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and its predecessor entities for approximately eleven years. His billable rate during the relevant time period was $200.00 per hour.

6. Michael D. Cassell, Esq. ("MDC") was admitted to practice in the State of New York in 1995 and in the Federal District Court for the Eastern and Southern Districts of New York in 1996. Mr. Cassell was admitted to practice in the State of New Jersey, the Federal District Court of New Jersey, and the Federal District Court for the Northern District of New York and the Third Circuit Court of Appeals. He joined Lefkowitz, Louis, Sullivan & Hogan, L.L.P. in mid-August 2001, and now is a member of the firm of Lefkowitz, Hogan & Cassell, LLP as of May 2006. Mr. Cassell has eleven years of litigation experience. His billable rate during the action was between $180.00 per hour and $200.00 per hour.

7. Michael G. McAlvin, Esq. ("MGM") was admitted to practice law in the State of New York and in the Federal District Court for the Southern and Eastern Districts of New York in 2001 and the State of New Jersey and Federal District Court for New Jersey in 2000. Mr. McAlvin was an associate at Lefkowitz, Louis, Sullivan & Hogan, L.L.P. from March 21, 2005 to October 28, 2005. His billable rate is $180.00 per hour.

8. The total hourly time Shaun K. Hogan, Esq. ("SKH") incurred in this action amounted to 365.70 hours, which was billed at a rate of $200.00 per hour for an aggregate sum of $73,140.00. See Exhibit "1."

9. The total hourly time of Patrick J. Sullivan, Esq. ("PJS") incurred in the prosecution of this action amounted to 224.30 hours, which was billed at a rate of $200.00 per hour for an aggregate sum of $44,860.00. See Exhibit "2."

10. The total hourly time Michael D. Cassell, Esq. ("MDC) incurred in this action amounted to 32.40 hours, which was billed at a rate of $180.00 per hour for an aggregate sum of $5,832.00. See Exhibit "3."

11. The total hourly time of Michael G. McAlvin, Esq. ("MGM") incurred in the prosecution of this action amounted to 175.10 hours, which was billed at a rate of $180.00 per hour for an aggregate sum of $31,518.00. See Exhibit "4."

12. The sum total of plaintiff's attorneys' fees incurred in this action are $155,350.00 ($73,140.00 + $44,860.00 + $5,832.00 + $31,518.00).

13. The plaintiff also incurred the following costs in this action:

- $3,788.74 in Court Reporter fees (See Exhibit "5," copies of the original invoices are also attached herein);
- $531.64 in copying fees (See Exhibit "6," copies of the original invoices are also attached herein);
- $1,068.20 in transcription fees (See Exhibit "7," copies of the original invoices are also attached herein);
- $2,329.95 in subpoena fees (See Exhibit "8," copies of the original invoices are also attached herein);

- $917.58 in Federal Express fees (See Exhibit "9," copies of the original invoices are also attached herein);

The total costs incurred by plaintiff in the prosecution of this action are $8,636.11 ($3,788.74 + $531.64 + $1,068.20 + $2,329.95 + 917.58).

14. Accordingly, plaintiff respectfully request that, in addition to the award of monetary damages on plaintiff's case in chief, it be awarded the sum of $163,986.11 ($155,350.00 + $8,636.11) as reasonable costs and attorneys' fees as part of a judgment rendered against the defendant.

SHAUN K. HOGAN