**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 05-107 S** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTION TO**
**DEFENDANTS' MOTION TO COMPEL EXPEDITED DISCOVERY**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Hogan & Cassell, L.L.P. and Miller, Scott & Holbrook, hereby objects to and opposes Defendants' Motion to Compel Expedited Discovery in connection with CoxCom's application for attorneys' fees and costs.

Respectfully submitted,

Dated: Jericho, New York
September 21, 2006

Attorneys for Plaintiff
LEFKOWITZ, HOGAN & CASSELL, LLP

By:______________________

Shaun K. Hogan (SH-7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
September 22 2006

MILLER, SCOTT & HOLBROOK

By:______________________________

Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

# CERTIFICATION

I hereby certify that on the 25th day of September , 2006 I did send by first class mail a true and accurate copy of the within Motion to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Corinne S. Blank
Corinne S. Blank

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC, IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,**<br><br>**Defendants.** | **C.A. No.: 05-107 S** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF**
**<u>DEFENDANTS' MOTION TO COMPEL EXPEDITED DISCOVERY</u>**


Attorneys for the Plaintiff

LEFKOWITZ, HOGAN & CASSELL, LLP
Shaun K. Hogan, Esq.
350 Jericho Turnpike, Suite 300
Jerciho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Hogan & Cassell, LLP and Miller, Scott & Holbrook, respectfully submit this Memorandum of Law in opposition to Defendants' Motion for Expedited Discovery (the "Motion").

As set forth in detail below, the Motion is procedurally and substantively flawed. Indeed, without meeting and conferring in good faith prior to filing the Motion, defendants seek to compel CoxCom to provide responses that are not presently due and they seek to compel the depositions of CoxCom's attorneys without serving subpoenas for those depositions and without stating any reason or need for taking the depositions. The Motion seeks virtually unlimited adversarial discovery that is not necessary or even typical for fee disputes. Quite simply, the Motion should be denied.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY

This action was filed March 9, 2005. Shortly thereafter, the Court directed the parties to complete factual discovery by August 12, 2005. On August 9, 2005, the Court extended the discovery deadline to September 12, 2005. Defendants failed to file a timely request to extend discovery and instead, have elected to file a number of belated and baseless motions. The present motion is just the most recent example of the defendants' serial violations of the Federal Rules of Civil Procedure. Other recent examples of the defendants' vexatious conduct include, but by no means are limited to, defendants' motion to dismiss, filed on July 31, 2006 without a memorandum of law, and defendants' September 12, 2006 motion to disqualify Magistrate Lincoln Almond--despite the express language of 28 U.S.C. § 636(b)1(B), which unequivocally provides that a Magistrate may preside over evidentiary hearings and issue reports and

recommendations to the District Court Judge. Other examples include defendants' motion to revoke plaintiff's counsel's pro hac vice status, three motions to compel, numerous objections to the rulings by this Court and at least five motions and/or submissions pertaining to defendants' failed efforts to assert baseless counterclaims against CoxCom. Those motions were all promptly and properly denied by this Court as, it is respectfully submitted, the Court should deny the present Motion.

On June 26, 2006, this Court granted CoxCom's Motion for Summary Judgment and referred issue of costs and damages to Magistrate Judge Lincoln D. Almond. On June 30, 2006, Magistrate Almond ordered CoxCom to file its pre-hearing submissions with the Court on or before July 31, 2006, and the defendants to file their pre-hearing submissions on or before August 31, 2006. On July 31, 2006, CoxCom served and filed its pre-hearing submissions including voluminous documentation that supports its claims to recover costs and attorneys fees on July 31, 2006. Plaintiff's 280-page submission on the issue of attorneys' fees and costs consisted of the Affidavits of Shaun K. Hogan and Francis S. Holbrook, the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and other documents reflecting the costs incurred by Cox in this case.

On or about August 15, 2006, defendants' served counsel for CoxCom via facsimile with Defendants' Fifth Request for Production to Plaintiff ("Defendants' Request"). The Defendants' directed CoxCom to "produce the following for inspection and/or copying within **forty (40) days** (emphasis added) of the date hereof:"

> All documents and/or electronic methods used by Lefkowitz, Louis, Sullivan & Hogan, LLP; Miller Scott & Holbrook and Lefkowitz, Hogan & Cassell, LLP; including but not limited to: complete daily time sheets, logs, journals, appointment books, e-mail records, fax records, telephone records, system time

> charges or similar items of each law firm and each attorney; all bills submitted to plaintiff by each law firm and all documents evidencing payment for such legal services rendered.

See Hogan Aff. Exhibit "A."

Rather than await the 40-day deadline, which defendants themselves set (i.e., until September 24, 2006) await the more reasonable 30 day deadline for responses to requests for production, as provided by Fed.R.Civ.P.34(b) (i.e., until September 15, 2006); or request that plaintiff's counsel provide an expedited response, on September 12, 2006 defendants' filed the present motion to compel. In doing so, they once again ignored the requirement that the movant is required to meet and confer prior to filing a motion to compel discovery responses as required under Rule 37(2)(B).

On September 14, 2006, plaintiff served defendants' counsel with its Response and Objections to Defendants' Fifth Request for Production. CoxCom's response asserted numerous objections to Defendants' Request and explained that it was difficult to respond to the request since certain terms are not defined. The response also noted that CoxCom has already produced all documents that support its claim for attorneys' fees and costs. Notwithstanding, this, CoxCom agreed to provide copies of its counsel's monthly bills to CoxCom and copies of checks reflecting payment of these bills:

> CoxCom objects to defendants' request on the grounds that it is untimely, over broad, irrelevant and unduly burdensome. Plaintiff further objects to this request on the ground that it vague, as the defendant has failed to define the following terms: "system time charges and similar items," "e-mail records," "fax records," and "telephone records." Cox also objects to this request on the grounds that the information sought in this request is protected from disclosure by the attorney-client privilege and the work product privilege. Specifically, plaintiff asserts that its complete daily time sheets, e-mail, fax and telephone records are protected by the aforementioned privileges. In addition, to the extent that any of the documents requested contain information relating to matters other than this

> particular action, such information is clearly neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving its objections, plaintiff responds and states that the documents that support its claims for to recover costs and attorneys fees were served on the defendants on July 31, 2006. Those documents consisted of the Affidavits of Shaun K. Hogan and Francis S. Holbrook, the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and other documents reflecting the costs incurred by Cox in this case. Plaintiff further states that it is not in receipt of system time charges, if that term is intended to refer to fees for services like Lexis, Westlaw or secretarial typing time. Plaintiff will make available for the defendants' inspection and review copies of counsels' monthly bills to Cox and copies of the checks reflecting the payment of those bills.

See Hogan Aff. Exhibit "B."

In their motion, in addition to seeking extensive written discovery, the defendants also seek to compel the depositions of plaintiff's counsel. To date, however, the defendants have yet to serve subpoenas for the depositions of plaintiffs' counsel and prior to the Motion, defendants had not made any request for those depositions. Instead, without previously requesting this discovery, defendants have once again sought judicial intervention without complying with the requirements of the Federal Rules of Civil Procedure.

As discussed below, the Court should summarily deny defendants' motion.

## ARGUMENT

### DEFENDANTS HAVE FAILED TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT SHOULD DENY DEFENDANTS' MOTION

Rule 37(2)(B) provides in pertinent part that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure information or material

without court action." Dellosantos v. Cornell Corr., Inc., Case No.: 04-269 S, 2006 U.S. Dist. LEXIS 29176 (D.R.I. 2006)

Defendants' Motion, however, does not contain a certification that the movant has conferred in good faith with the party not making discovery in an effort to secure the information or material without court action as required by the Fed.R.Civ.P. 37(2)(B).

While CoxCom submits that it may be proper to overlook this Rule, if it was an innocent oversight by defendants, a review of the procedural history in this matter demonstrates that defendants failure to comply with this rule was knowing and willful. The certification is absent because, once again, counsel filed a motion to compel without speaking with CoxCom. Indeed, as with prior motions in this action (i.e., Defendants' July 14, 2005 Motion for a Protective Order) the defendants have failed to comply with this requirement.

In light of the defendants' failure to meet and confer prior to filing the present motion the Court should deny the Motion.

## THE DEFENDANTS' DISCOVERY REQUESTS ARE OVERBROAD, UNDULY BURDENSOME, IRRELEVANT AND IMPROPER

It is well-settled that applications for attorneys' fess and costs should not result in a second litigation. Thus, discovery relating to attorneys' fees applications should be limited and not involve the broad type of discovery allowed when issues of merit are present. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1941 (1983); In re Thirteen Appeals Arising Out Of San Juan Dupont Hotel Fire Litig., 56 F.3d 295, 303 (1st Cir. 1995); National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1329 (D.C. Cir. 1982) (noting that, in general, fee contests should not involve "the

type of searching discovery that is typical where issues on the merits are presented").

The movant bears the burden on a motion to compel pursuant to Fed.R.Civ.P. 37 and in the present case, defendants have utterly failed to establish their entitlement to the relief sought. Defendants seek the depositions of plaintiffs' lead and local counsel in this action without stating any reason or need for this onerous request. Defendants also seek expedited discovery of numerous documents that are not necessary for them to assess plaintiff's application for attorneys' fees and costs and many of which are clearly protected from disclosure. Defendants' request for discovery threatens to multiply the proceedings and turn the fee dispute into a litigation unto itself.

In the present case, the defendants were served with all the documents that support CoxCom's claims to recover costs and attorneys fees on July 31, 2006. Those documents consisted of the Affidavits of attorneys Shaun K. Hogan and Francis S. Holbrook, the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and other documents reflecting the costs incurred by Cox in this case. In total, CoxCom provided almost 300 pages of relevant documents. Moreover, Cox has agreed to make available for the defendants' inspection and review, copies of counsels' monthly bills to Cox and copies of the checks reflecting the payment of those bills.

Besides the voluminous documentation provided, the Court has scheduled an evidentiary hearing to consider CoxCom's application for costs and attorneys' fees even though the Court is not even required to convene a hearing on an application for attorneys' fees. In re Thirteen Appeals Arising Out of San Juan Dupont Hotel Fire Litig., 56 F.3d 295, 303 (1st Cir. 1995) ("When the written record affords an adequate basis for

a reasoned determination of the fee dispute, the court in its discretion may forgo an evidentiary hearing."); Copeland v. Marshall, 205 U.S. App. D.C. 390, 641 F.2d 880, 905 n.57 (D.C. Cir. 1980) (en banc) (noting that a live hearing is not necessary if "the adversary papers filed by plaintiff and defendant adequately illuminate the factual predicate for a reasonable...fee").

The circumstances of the present case demonstrate that plaintiff's submissions and the hearing that will be conducted in this matter afford the defendants and the Court with a more than adequate basis for a reasoned determination of the fee dispute. Therefore, it is respectfully submitted that the Court should deny defendants' motion.

**THE COURT SHOULD DENY DEFENDANTS' REQUEST TO COMPEL EXPEDITED DEPOSITIONS OF PLAINTIFF'S ATTORNEYS**

Prior to filing the present motion, the defendants failed to serve subpoenas for the depositions on plaintiff's counsel or make any request whatsoever for those depositions. Instead, without previously requesting this discovery, in their Motion defendants ask the Court to compel the deposition of plaintiffs' counsel. Defendants' motion and one-page memorandum in support of their request for this extraordinary relief is bereft of legal authority or any factual basis for the Court to compel the depositions of counsel.

Significantly, courts addressing this exact issue have consistently cautioned against allowing the deposition of a party's attorney. As the Court explained in N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (D.N.C. 1987), allowing the deposition of the parties attorney is improper because it disrupts the adversarial system and can have chilling effect on the attorney-client relationship:

> While the federal rules do not prohibit the deposition of a party's attorney, experience teaches that countenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case,

> harassment, and perhaps disqualification of the attorney. In addition to disrupting the adversarial system, such depositions have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client. Because the subtleties of what constitutes work product may not be readily perceived at first glance, the Court is justified in discouraging attorney depositions and placing the burden on those who request the deposition.

Moreover, Courts have consistently recognized that they must exercise "great care" prior to permitting the deposition of an attorney, if the attorney's advice is not an issue in the case. Kelling v. Bridgestone/Firestone, Inc., 153 F.R.D. 170, 171 (D. Kan. 1994). The Eighth Circuit Court of Appeals has held that, the deposition of opposing counsel is permissible only when (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. Id. (citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

Furthermore, defendants request for the deposition of CoxCom's attorney is particularly inappropriate since defendants are seeking such deposition in the context of a fee application. See Jackson v. York Hannover Nursing Ctr., 852 So. 2d 598, 602 (Fla. App. 2003) (trial court erred in ordering deposition plaintiff's attorneys in connection with attorneys' fees application); Nanetti v. University of Chicago, Nanetti v. University of Chicago, Case No.: 85 C 9874, 1990 U.S. Dist. LEXIS 4279 (N.D. Ill., 1990, D.J. Duff) (the Court declined to enter an order deposing the employer's attorneys about their compensation rate because it had found the reasonable rates of the employee's attorney). Hogan Aff. Exhibit "C"

Given the defendants failure to identify their need for the depositions and to define the intended scope of the proposed depositions of plaintiffs' counsel, CoxCom and

the Court are left to presume that it is defendants' intention to depose counsel regarding any and all issues relating to its representation of the plaintiff in this matter, which is clearly impermissible, especially at this stage of the litigation. Moreover, the defendants have not shown that the information sought will not invade the attorney-client privilege or the attorney's work product. Furthermore, the defendants have not demonstrated that information sought is relevant and that their need for it outweighs the disadvantages inherent in deposing a party's attorney. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83 (D.N.C. 1987).

In light of the foregoing, the defendants' request for expedited depositions of plaintiff's counsel should be denied.

**DEFENDANTS' BELATED, VAGUE, OVERBROAD AND UNDULY BURDENSOME REQUEST FOR EXPEDITED PRODUCTION OF DOCUMENTS SHOULD BE DENIED**

Defendants have asked the Court to compel plaintiff to "produce complete daily time sheets, logs, journals, appointment books, e-mail records, fax records, telephone records, system time charges or similar items of each law firm and each attorney; all bills submitted to plaintiff by each law firm and all documents evidencing payment for such legal services rendered." Defendants' Request attached hereto as Exhibit "A."

In its response, CoxCom objected to this request on the grounds that it was untimely, over broad, irrelevant and unduly burdensome. CoxCom also objected on the ground the request is vague, as the defendant has failed to define the following terms: "system time charges and similar items," "e-mail records," "fax records," and "telephone

records." Cox further objected to this request on the grounds that the information sought in this request is protected from disclosure by the attorney-client privilege and the work product privilege. In addition, to the extent that any of the documents requested contain information relating to matters other than this particular action, such information is clearly neither relevant nor likely to lead to the discovery of admissible evidence. CoxCom further stated that it is not in receipt of system time charges, if that term is intended to refer to fees for services like Lexis, Westlaw or secretarial typing time. Notwithstanding its objections and the fact that CoxCom had already provided all relevant documents in support of its claim for attorneys' fees and costs, CoxCom agreed to make available for the defendants' inspection and review, copies of counsels' monthly bills to Cox and copies of the checks reflecting the payment of those bills. See Hogan Aff. Exhibit "B."

As with other aspects of the defendants' discovery demands and their Motion, the defendants have failed to demonstrate the need for, or relevance of the information sought. Moreover, the defendants have not defined the terms "system time charges and similar items," "e-mail records," "fax records," and "telephone records." Once again, CoxCom and the Court are left to speculate as to what documents the defendants are asking the Court to compel the plaintiff to produce. For instance, if the terms "email records," "telephone records" and "fax records" are to be construed to mean all e-mails, records of telephone calls, and facsimiles between counsel and CoxCom, those records would unquestionably include confidential communications made via e-mail, telephone and facsimile. Such confidential communications are clearly protected from disclosure by the attorney-client and work product privileges. See In re Grand Jury Subpoena, 274

F.3d 563, 571 (1st Cir. 2001).

As this Court has already found, the attorney-client privilege protects confidential communications made by a client to their attorney. Petrarca v. S. Union Co., 2006 U.S. Dist. LEXIS 34044, 2-3 (D.R.I. 2006, M.J. Almond). See Hogan Affidavit "D." This Court has also recognized that privilege extends to those communications between client and attorney which are confidential and are made for the purpose of seeking legal advice. Id. (citing United States v. Bollin, 264 F.3d 391, 412 (4th Cir. 2001).

In the present case, the defendants have failed to describe with particularity the documents that they want the Court to compel the plaintiff to produce. Consequently, plaintiff is unable to engage in an individualized analysis of the privileges that apply to a particular document that is the subject of defendants' request. Consequently, CoxCom asserts that the attorney-client and work product privileges protect from disclosure its e-mail records, journals, facsimile records, complete daily time sheets, and telephonic records, as those documents invariably include confidential communications, legal advice and outlines of legal strategies in this action. Some portion of the vast categories of documents requested by defendants include "opinion work product" which includes conclusions, mental impressions, opinions, and legal theories concerning litigation, and enjoys a near absolute immunity from discovery. Gundacker v. Unisys Corp., 151 F.3d 842, 848 & n.5 (8th Cir. 1998).

With respect to defendants request to compel the production of counsels' complete daily time sheets it is important to note that the only items that were redacted from counsels' time sheets were entries relating to cases other than the present action. Disclosure of those entries would reveal the nature of the legal services provided to

clients other than CoxCom in actions to which the defendants are not a party. The unredacted time sheets contain billing entries from unrelated cases that, if disclosed, would reveal the nature of research projects on various areas of law and advice to clients in cases other than the present action. Moreover, the redacted billing records contain narrative descriptions of conversations between clients and attorneys that do not relate to this action. These records also contain the subjects of internal and external legal memoranda, and activities undertaken for clients other than CoxCom. Such information is clearly completely irrelevant to this matter, entitled to protection under the work product and attorney-client privileges and should not be disclosed.

**CONCLUSION**

Pursuant to the foregoing, CoxCom respectfully requests the Court issue an order denying Defendants' Motion to Compel Expedited Discovery and fees associated with opposing this Motion.

Dated: Jericho, New York
September 21, 2006

Respectfully submitted,

Attorneys for the Plaintiff
LEFKOWITZ, HOGAN & CASSELL, LLP

By:______________________
Shaun K. Hogan (SK 7227)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
September 22, 2006

MILLER, SCOTT & HOLBROOK

By:______________________
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

**CERTIFICATION**

I hereby certify that on the 25th day of September , 2006 I did send by first class mail a true and accurate copy of the within Memorandum of Law to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

Corinne S. Blank

Corinne S. Blank