UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 05 107 S |

**RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION TO PLAINTIFF**

The plaintiff, CoxCom, d/b/a Cox Communications New England, by its attorneys, Lefkowitz, Hogan & Cassell, LLP and Miller Scott & Holbrook, hereby responds and objects to the Fifth Request for Production (the "request") served by defendants as follows:

## General Objections and Statements

Plaintiff interposes the following responses and objections to defendants' request for document production propounded by defendant.

1. Plaintiff's responses and objections are based upon the current state of its knowledge, understanding and belief about the positions and contentions that defendants have taken in this action and upon the information presently available to it.

2. Plaintiff objects to defendants' request to the extent it seeks information protected by (i) the work product doctrine; (ii) the attorney-client privilege; and (iii) other applicable privileges and doctrines that entitle plaintiff to withhold documents and information.

3. Plaintiff does not waive: (i) any objections as to the admissibility, competency, relevancy, or materiality of any evidence; (ii) any claims of privilege attaching to any document or information produced; or (iii) the right to object to other discovery requests and undertakings involving or related to the subject matter of the requests herein.

4. Nothing contained herein should be construed as an admission relative to the existence or non-existence of any document, and the following response shall not constitute an admission respecting the relevance or admissibility of any document or the truth or accuracy of any statement or characterization contained therein.

## RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION

**REQUEST:**

Now come Defendants and request that Plaintiff produce the following for inspection and/or copying within forty (40) days of the date hereof:
All documents and/or electronic methods used by Lefkowitz, Louis, Sullivan & Hogan, LLP; Miller Scott & Holbrook and Lefkowitz, Hogan & Cassell, LLP; including but not limited to: complete daily time sheets, logs, journals, appointment books, e-mail records, fax records, telephone records, system time charges or similar items of each law firm and each attorney; all bills submitted to plaintiff by each law firm and all documents evidencing payment for such legal services rendered.

**RESPONSE:**

See General Objections. Cox also objects to this request on the grounds that it is untimely, over broad, irrelevant and unduly burdensome. Plaintiff further objects to this request on the ground that it is vague, as the defendant has failed to define the following terms: "system time charges and similar items," "e-mail records," "fax records," and "telephone records." Cox also objects to this request on the grounds that the information sought in this request is protected from disclosure by the attorney-client privilege and the work product privilege. Specifically, plaintiff asserts that its complete daily time sheets, e-mail, fax and telephone records are protected by the aforementioned privileges. In addition, to the extent that any of the documents requested contain information relating to matters other than this particular action, such information is clearly neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving its objections, plaintiff responds and states that the documents that support its claims to recover costs and attorneys fees were served on the defendants on July 31, 2006. Those documents consisted of the Affidavits of Shaun K. Hogan and Francis S. Holbrook, the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and

work product privilege. Specifically, plaintiff asserts that its complete daily time sheets, e-mail, fax and telephone records are protected by the aforementioned privileges. In addition, to the extent that any of the documents requested contain information relating to matters other than this particular action, such information is clearly neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving its objections, plaintiff responds and states that the documents that support its claims to recover costs and attorneys fees were served on the defendants on July 31, 2006. Those documents consisted of the Affidavits of Shaun K. Hogan and Francis S. Holbrook, the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and other documents reflecting the costs incurred by Cox in this case. Plaintiff further states that it is not in receipt of system time charges, if that term is intended to refer to fees for services like Lexis, Westlaw or secretarial typing time. Plaintiff will make available for the defendants' inspection and review copies of counsels' monthly bills to Cox and copies of the checks reflecting the payment of those bills.

Dated: Jericho, New York
September 14, 2006

**ATTORNEYS FOR PLAINTIFF**
**LEFKOWITZ, HOGAN & CASSELL, LLP**

By: ______________________
**SHAUN K. HOGAN**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Jericho, New York
September 14, 2006

**ATTORNEYS FOR PLAINTIFF**
**MILLER SCOTT & HOLBROOK**

By: ______________________ 9/14/06
**FRANCIS S. HOLBROOK** (3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500