UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, Plaintiff, | C.A. No. 05 107 S |
| vs. | **PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS' WITNESSES AND EXHIBITS** |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, Defendants. | |

The plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, respectfully requests that this Court issue an order precluding defendants from calling certain witnesses and utilizing certain exhibits at the damages hearing in the action (the "Hearing").

As set forth in more detail below in the Memorandum of Law attached, CoxCom respectfully submits that this Court should preclude defense witnesses Matthew Camada and Gregory Girard from testifying at the Hearing, and preclude the Defendants from utilizing sixteen exhibits at the Hearing that Defendants failed to disclose prior to the deadline for discovery in this action.

Dated: Jericho, New York
September 25, 2006

Respectfully submitted for the Plaintiff CoxCom, Inc.
d/b/a Cox Communications New England
By its Attorneys,

/s/ Shaun K. Hogan
Shaun K. Hogan, Esquire
Lefkowitz, Hogan & Cassell, LLP
350 Jericho Turnpike, Suite 300
Jericho, NY 11753
(516) 942-4700

Dated: Newport, Rhode Island
September 26, 2006

/s/ Francis S. Holbrook II
Francis S. Holbrook II
Miller, Scott & Holbrook
122 Touro Street
Newport, RI 02840
(401) 847-7500

## CERTIFICATION

I hereby certify that on the ______ day of September, 2006 the within Motion was delivered via electronic filing to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

/s/ Corinne S. Blank

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, | : | C.A. No. 05 107 S |
| Plaintiff, | : | |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS, | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE DEFENDANTS' WITNESSES AND EXHIBITS**

## INTRODUCTION

The plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff") respectfully submits this Memorandum of Law in support of its Motion to preclude the testimony of Gregory Girard and Matthew Camada at the damages hearing (the "Hearing"). CoxCom also seeks that the Court preclude Defendants from introducing certain of the documents that appear on Defendants recently submitted Exhibit List.

With regard to the witnesses, as set forth in more detail below, CoxCom respectfully submits that it would be completely improper to allow the testimony of Gregory Girard inasmuch as this Court has already found that Girard did not qualify as an expert witness in this matter and the Court has already granted CoxCom's motion to strike Girard's expert report.

Similarly, the Court should preclude the testimony of Matthew Camada inasmuch as Defendants failed to disclose Camada until after the close of discovery.

Finally, as discussed below, sixteen of the forty-seven exhibits on Defendants' Exhibit List, were never previously disclosed nor produced. It is well settled that a court is empowered to preclude the introduction of documents at trial that were not properly disclosed. Accordingly, CoxCom respectfully submits that Defendants should be precluded from introducing these documents at the Hearing.

## PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. §

553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. Affirmation of Shaun Hogan ("Hogan Aff.") ¶ 2.

On April 12, 2005, the Fed.R.Civ.P. 16 initial conference was held before the Honorable Judge William E. Smith, U.S.D.J. In violation of Rule 26(a), the Defendants did not serve their initial disclosures, and of particular importance to the instant Motion, did not identify any potential witnesses pursuant to Fed.R.Civ.P. 26(a)(1)(A). To date, Defendants have not provided their Rule 26 disclosures. Id. ¶ 3.

Subsequent to that conference, on April 25, 2005, CoxCom served its initial discovery requests. Included in those discovery requests was Interrogatory No. 14 stating:

> Identify by full name, home address and telephone number any and all persons Defendant intends to call as a witness in the trial of this action, including experts, and describe the nature of their anticipated testimony.

Id. ¶ 4.

Defendants responded to Interrogatory No. 14 as follows: "Undetermined." Id. ¶ 5.

In light of Defendants' refusal to provide a list of said witnesses, on or about August 8, 2005, CoxCom filed a motion to compel that sought, *inter alia*, an Order compelling Defendants to serve their initial disclosures and provide the witness information as required by Rule 26(a)(1)(A). Id. ¶ 6.

On September 13, 2005, one day after the close of discovery, the parties appeared before the Honorable Lincoln D. Almond, U.S.M.J., with respect to the aforementioned motion to compel. The Court ordered Defendants to supplement their discovery responses and identify their potential fact witnesses. The Court also noted that if those witnesses identified had not already been deposed by CoxCom, plaintiff would likely want to depose such persons. Id. ¶ 7.

On October 14, 2005, one month after the close of discovery, Defendants served their supplemental response to CoxCom's Interrogatory No. 14. In this response, Defendants identified fifteen persons, six of whom (Camada, Porter, Szozozarz, Reuther, Cosineau, Tavares) had not been previously identified in any way in this action. Id. ¶ 8.

Given the Defendants' belated disclosure of the new witnesses and the Court's September 13, 2005 ruling, on November 14, 2005, CoxCom filed a Motion for Leave to Depose Defendants' Newly Disclosed Witnesses. Id. ¶ 9.

On December 9, 2005, the Court denied without prejudice CoxCom's Motion to Depose Defendants' Newly Disclosed Witnesses. Id. ¶ 10.

On August 31, 2006, Defendants served and filed their Witness List and Statement of Anticipated Testimony. Id. ¶ 11.

Defendants have identified two witnesses that they apparently intend to call at the damages hearing in this action that were not disclosed during the period that the Court set for the parties to complete discovery. Those witnesses are Matthew Camada and "expert witness" Gregory Girard. Id. ¶ 12.

With regard to Camada, as noted above, CoxCom has already objected to Defendants' belated disclosure of him. Id. ¶ 13.

With regard to Girard, CoxCom previously filed a motion to strike his testimony based upon the untimely disclosure of his expert Report and the fact that his Report did not satisfy the standards for allowing expert discovery. Significantly, on April 25, 2006, Magistrate Judge Lincoln D. Almond issued a Report Recommendation striking Girard's Expert Report. The Court found that Defendants' late disclosure of the Report was a violation of the Federal Rules of Procedure, and the appropriate sanction was to strike the Report. The court also found that

exclusion of the Report was warranted since the Report was based upon inherently unreliable information. Id. ¶¶ 14-15.

Also, on April 25, 2006, Magistrate Almond granted Plaintiff's Motion striking Defendants' second supplemental memorandum and affidavit, thus, precluding the "Response to CoxCom Memorandum to Strike Expert Report," which was prepared by Girard. Id. ¶ 16.

On August 31, 2006, nearly year after the close of discovery, Defendants served and filed their Exhibit List. Id. ¶ 17.

Defendants' Exhibit List identifies forty-seven exhibits to be used at the hearing on the issue of damages and attorneys' fees in this action. Sixteen of the Defendants' exhibits were never identified or disclosed to CoxCom. Specifically, Defendants have never previously identified the following exhibits:

1. DX-A December 2004 Photo of Defendants' display at a computer show
2. DX-B December 2004 blow-up photo of filter display at a computer show
3. DX-C July 2004 Photo of Defendants' display at a computer show
4. DX-D Printout of Electronic Imports website
5. DX-E Printout of Google Search results for digital cable filters
6. DX-F Printout of ebay search results for digital filters
7. DX-JJ Printouts of 49 Internet advertisers selling digital cable filters for free PPV
8. DX-KK Printouts of various reset instructions from 23 Internet websites
9. DX-LL Printout of Motorola's Broadband Division products list
10. DX-MM Printout of Radio Shack's High Pass Filter product description
11. DX-NN High Pass Filter and purchase receipt from the Newport, RI Radio Shack
12. DX-OO Printout of *Multichannel News* Editorial Profile
13. DX-RR January 2004 Re-Issue of the 1993 Interference Handbook
14. DX-SS FCC Document on How to Install and Maintain a Radar Unit
15. DX-TT FCC Public Notice Document
16. DX-UU February 10, 2003 Washington Post Article

Id. ¶ 18.

Besides the fact that these exhibits were never previously disclosed it is unclear how most, if not all, of these exhibits have any relevance to the issues of the amount of damages,

costs and attorneys' fees that CoxCom is entitled to in this matter. Rather, it appears, that Defendants will seek to use these exhibits to once again argue that they are not liable in this matter. Id. ¶ 20.

As set forth in more detail below, CoxCom respectfully requests that the Court preclude Defendants from calling witnesses Camada and Girard and preclude Defendants from utilizing the above-referenced exhibits at the Hearing.

## ARGUMENT

### I. LEGAL STANDARD

It is well-settled that a Court is empowered to preclude witnesses and exhibits when a party fails to timely disclose the witness or exhibit. See, e.g., Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992); Freund v. Fleetwood Enters., Inc., 956 F.2d 354 (1st Cir. 1992); Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998); Portland Natural Gas Transmissions Sys. v. 4.83 Acres More or Less, 230 F.3d 1347, 2000 U.S. App. LEXIS 23916 (1st Cir. Sept. 20, 2000).[1]

In Thibeault, the First Circuit Court addressed the issue of whether or not it was appropriate for the District Court to preclude Thibeault's expert. In addressing the issue, the court explained that pursuant to Rule 26(e) a party is required to supplement its discovery responses when it learns of information that should have been referenced in response to a discovery request. When a party fails to timely supplement a previous discovery response, pursuant to Rule 26, a court is empowered to issue an order of preclusion. 960 F.2d at 245. The First Circuit Court then explained that though the District Court could have offered a continuance to allow discovery regarding the expert, it was not required to do so, especially

1 CoxCom notes that the official version of this decision is a decision without a published opinion. Accordingly, CoxCom attaches hereto as Exhibit G a copy of the LEXIS full-text version of this decision.

when allowing the continuance would be unfair to defendant and would lead to parties ignoring Rule 26(e) "with impunity:"

> Appellant hypothesizes that the lower court, rather than barring the evidence, could have done justice merely by postponing the trial. But, in cases such as this, a continuance is often ineffectual as a sanction and unfair to both the court and the opposing party. If continuances were granted as a matter of course for violations of Rule 26(e), the rule could always be disregarded with impunity. Courts could not set their calendars and conscientious litigants could not count on the stability of trial dates previously established.

960 F.2d at 246. Accordingly, the court held that the District Court properly precluded the expert. Id. at 248.

Likewise, in Freund, the First Circuit Court of Appeals found that the District Court properly precluded plaintiff's expert. As in Thibeault, the court noted that though the District Court could have granted a continuance, it had absolutely no requirement to do so especially when allowing a continuance could lead to "costly delay" and when plaintiff failed to provide a "plausible excuse for his delay" in disclosing the expert testimony. 956 F.2d at 358.

In Klonoski, the First Circuit Court of Appeals addressed the issue of whether or not the District Court properly allowed defendants to use three letters at the trial of the action that were never before disclosed by the defendants. The court explained that Rule 37(c)(1) mandates that a party who fails to disclose a document as required by Rule 26 shall be prevented from using that document unless the failure to disclose is harmless. The court found that defendants were required to disclose the letters pursuant to Rule 26, and thus, it was appropriate to preclude defendants "from using the letters at trial." 156 F.3d at 269. The court also found that granting a continuance was not warranted since it would "reward" dilatory conduct and provide "greater incentives for attorneys to violate Rule 26(e)." Id. at 273.

Finally, in Portland Natural Gas Transmissions Sys., the court similarly addressed the issue of whether or not the District Court properly excluded one of defendant's exhibits, Exhibit A5. The court noted that defendant did not produce this document until the day that discovery closed. 2000 U.S. App. LEXIS, at *6-*7. In finding that the District Court properly excluded this document, the First Circuit explained that pursuant to Rules 26 and 37, the District Court was clearly empowered to exclude the document due to defendant's untimely disclosure, especially when defendant offered no explanation for his tardiness:

> [Defendant] has offered no justification for his tardiness in producing Exhibit A5. Given this, then, the district court did not abuse its discretion in following Rule 37(c)(1).

Id. at *7-*8.

Here, as in the above cases, the Court should preclude Defendants from offering the testimony of Girard and Camada and preclude Defendants from introducing the above-identified exhibits.

## II. THE COURT SHOULD PRECLUDE GIRARD'S TESTIMONY

In Defendants' Witness List, they identify Gregory Girard as a potential witness. According to Defendants, Girard will offer testimony that filters have a legitimate purpose and that filters cannot allow anyone to get free pay-per-views. Defendants assert that Girard's testimony will help to show that CoxCom "could not and did not" sustain damages as a result of Defendants conduct. See Exhibit C to Hogan Aff. There are two glaring problems with Defendants' request to allow Girard to testify.

First, the Court has already stricken Girard's expert report because Defendants did not timely disclose him and because his Report was substantively defective. See Hogan Aff. ¶ 15. Specifically, the Court found, in reliance upon Thibeault, that the "appropriate sanction" for

"Defendants' tardy disclosure" of Girard was to strike his Report. The Court also found that exclusion of the Report was warranted since the Report was based upon inherently unreliable information. Id. ¶¶ 14-15. Further, on April 25, 2006, Magistrate Almond granted Plaintiff's Motion striking Defendants' second supplemental memorandum and affidavit, thus, precluding the "Response to CoxCom Memorandum to Strike Expert Report," which was prepared by Girard. Id. ¶ 16. Simply put, to allow Girard to testify at the Hearing would completely obviate the effect of the Court's decisions. Accordingly, in light of the Court's previous decisions, Defendants' attempt to have Girard testify at the Hearing should be rejected.

Second, Girard should be excluded from testifying at the Hearing because it is clear that Defendants are attempting to use his testimony to challenge the Court's prior finding of liability. Indeed, Defendants assert that Girard will testify that filters have a legitimate purpose and that filters cannot allow anyone to get free pay-per-views. These exact arguments, however, were already raised by Defendants and rejected by the Court. See Exhibit D to Hogan Aff. at 8, 11 (addressing and rejecting Defendants' argument that the filters that they sold "had legal uses" and were "capable of other permissible and legal uses."); at 11, 16 (addressing and rejecting Defendants' argument that the filters that they sold cannot be used to get free pay-per-views). Thus, Girard should be excluded as a witness at the Hearing.

## II. THE COURT SHOULD PRECLUDE CAMADA'S TESTIMONY

In their Exhibit List, Defendants identify Matthew Camada as a witness that they intend to produce at the Hearing. An analysis of the facts of this matter, however, demonstrates that Defendants did not timely disclose Camada, and thus, he should be precluded from testifying.

Indeed, Defendants never identified Camada in any initial disclosures, as required by Fed.R.Civ.P. 26(a)(1)(A), which is not surprising since, to date, Defendants have not provided

their initial disclosures. Hogan Aff. ¶ 3. Moreover, on April 25, 2005, CoxCom served its initial discovery requests. Included in those discovery requests was Interrogatory No. 14 stating:

> Identify by full name, home address and telephone number any and all persons Defendant intends to call as a witness in the trial of this action, including experts, and describe the nature of their anticipated testimony.

Id. ¶ 4. Defendants responded to Interrogatory No. 14 as follows: "Undetermined." Id. ¶ 5.

In light of Defendants' refusal to provide a list of said witnesses, on or about August 8, 2005, CoxCom filed a motion to compel that sought, *inter alia*, an Order compelling Defendants to serve their initial disclosures and provide the witness information as required by Rule 26(a)(1)(A). Id. ¶ 6. On September 13, 2005, one day after the close of discovery, the parties appeared before the Honorable Lincoln D. Almond, U.S.M.J. with respect to the aforementioned motion to compel. The Court ordered Defendants to supplement their discovery responses and identify their potential fact witnesses. The Court also noted that if those witnesses identified had not already been deposed by CoxCom, it would likely want to depose such persons. Id. ¶ 7.

On October 14, 2005, **one month after the close of discovery**, Defendants served their supplemental response to CoxCom's Interrogatory No. 14. In this response, for the first time, Defendants identified numerous new witnesses, including Camada. Id. ¶ 8.

Given the Defendants' belated disclosure of the new witnesses and the Court's September 13, 2005 ruling, on November 14, 2005, CoxCom filed a Motion for Leave to Depose Defendants' Newly Disclosed Witnesses. Id. ¶ 9. On December 9, 2005, the Court denied without prejudice CoxCom's Motion to Depose Defendants' Newly Disclosed Witnesses. Id. ¶ 10.

As in the above cases, Defendants did not timely disclose Camada and Defendants have not offered any "plausible excuse" for their failure to timely disclose him. Thus, Camada should be precluded from testifying.

Moreover, as noted above, the Court denied without prejudice CoxCom's motion to depose Camada. Thus, it is respectfully submitted that if Defendants offer Camada's testimony at the Hearing, CoxCom would be entitled to first depose him, which would necessitate a continuance of the Hearing. Such a continuance, however, would only lead to a "costly delay" of this matter and would improperly "reward" Defendants for their failure to comply with Rule 26. Accordingly, the Court should preclude Defendants from offering the testimony of Camada at the Hearing.

## III. THE COURT SHOULD PRECLUDE DEFENDANTS' EXHIBITS

In Defendants' Exhibit List, Defendants identify forty-seven exhibits to be used at hearing on the issue of damages and attorneys' fees in this action. Significantly, however, sixteen of these exhibits were never previously identified or disclosed to CoxCom.[2] Once again, for two distinct reasons, these exhibits should be precluded.

First, as discussed in detail above, Rule 37(c)(1) mandates that a party who fails to disclose a document as required by Rule 26 shall be prevented from using that document unless the failure to disclose is harmless. Here, it is clear that Defendants seek to rely on these sixteen exhibits at the Hearing and Defendants have not offered any explanation for their failure to disclose these exhibits earlier. Moreover, even though exclusion would be warranted even if Defendants just came into possession of these exhibits, Klonoski, 156 F.3d at 272 ("That defense counsel did not obtain the letters until two days before their use at trial on cross-examination

2 The exhibits at issue are identified as DX-: A-F; JJ-OO; RR-UU. See Hogan Aff. ¶ 19.

does not make them admissible."), Defendants failure to disclose these exhibits prior to the close of discovery is particularly egregious because a review of the exhibits demonstrates that most, if not all, of the exhibits existed prior to the close of discovery. Indeed, all of the exhibits at issue that are dated existed prior to the commencement of this action. See Exhibit F to Hogan Aff. identifying: exhibit DX-A, as a December 2004 photo; exhibit DX-B, as a December 2004 photo; exhibit DX-C, as a July 2004 photo; exhibit DX-RR, as a January 2004 handbook; exhibit DX-UU, as a February 2003 article.

Second, a review of the exhibits demonstrates that it is most likely that Defendants will seek to use these exhibits to contest liability. For example, exhibits DX-LL through DX-OO and DX-RR through DX-TT, all seem to relate to Defendant's defense that the filters that they sold "had legal uses" and were "capable of other permissible and legal uses." As noted above, this court has already addressed and rejected this exact argument. See Exhibit D to Hogan Aff. at 8, 11 (addressing and rejecting Defendants' argument that the filters that they sold "had legal uses" and were "capable of other permissible and legal uses."). Likewise, exhibit DX-UU appears to directly relate to Defendants' argument that the filters that they sold were not capable of allowing a CoxCom customer to obtain free pay-per-view, which was an argument that was already addressed and rejected by the Court. See Exhibit D to Hogan Aff. at 11, 16 (addressing and rejecting Defendants' argument that the filters that they sold cannot be used to get free pay-per-views).

Accordingly, Defendants should be precluded from using the sixteen referenced exhibits at the Hearing.

## CONCLUSION

Accordingly, pursuant to the foregoing, CoxCom respectfully requests the Court issue an order precluding Defendants from calling witnesses Camada and Girard and precluding Defendants from utilizing the above-referenced exhibits at the damages hearing.

Dated: Jericho, New York
September 25, 2006

Respectfully submitted for the Plaintiff CoxCom, Inc.
d/b/a Cox Communications New England
By its Attorneys,

/s/ Shaun K. Hogan
Shaun K. Hogan, Esquire
Lefkowitz, Hogan & Cassell, LLP
350 Jericho Turnpike, Suite 300
Jericho, NY 11753
(516) 942-4700

Dated: Newport, Rhode Island
September 26, 2006

/s/ Francis S. Holbrook II
Francis S. Holbrook II
Miller, Scott & Holbrook
122 Touro Street
Newport, RI 02840
(401) 847-7500

## CERTIFICATION

I hereby certify that on the ______ day of September, 2006 the within Motion was delivered via electronic filing to: James A. Currier, Esquire, 128 Dorrance Street, Suite 400, Providence, RI 02903

/s/ Corinne S. Blank