**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| COXCOM, INC., d/b/a/ COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>v.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | ) | C.A. No.: 05-107 S<br><br>AFFIRMATION OF SHAUN K. HOGAN IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS' WITNESSES AND EXHIBITS THAT WERE DISCLOSED AFTER THE <u>CLOSE OF DISCOVERY</u> |

I, **SHAUN K. HOGAN**, an attorney admitted *pro hac vice* to practice before the Bar of the United States District Court for the District of Rhode Island, affirms the following under penalties of perjury:

1. I am an attorney and a member of the law firm of Lefkowitz, Hogan & Cassell, LLP, attorneys for the Plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter "CoxCom" or "Plaintiff") in the above-captioned action. I have personal knowledge of the following, based upon my knowledge of this action, the files maintained by this firm, and my discussions with defendants' counsel, unless otherwise stated. I submit this Affirmation in support of Plaintiff's Motion to Preclude Defense Witnesses and Exhibits that were not disclosed until after the close of discovery.

**<u>Background</u>**

2. Plaintiff commenced this action against Defendants on March 8, 2005. Plaintiff alleged, in part, that the Defendants engaged in the sale and use of digital cable television filters, and had intercepted and assisted others in the interception of Plaintiff's cable television programming

services without Plaintiff's authorization in violation of the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

3. On April 12, 2005, the Fed.R.Civ.P. 16 initial conference was held before the Honorable Judge William E. Smith, U.S.D.J. In violation of Rule 26(a), the Defendants did not serve their initial disclosures, and of particular importance to the instant Motion, did not identify any potential witnesses pursuant to Fed.R.Civ.P. 26(a)(1)(A). To date, Defendants have not provided their Rule 26 disclosures.

4. Subsequent to that conference, on April 25, 2005, CoxCom served its initial discovery requests. Included in those discovery requests was Interrogatory No. 14 stating:

> Identify by full name, home address and telephone number any and all persons Defendant intends to call as a witness in the trial of this action, including experts, and describe the nature of their anticipated testimony.

5. Defendants responded to Interrogatory No. 14 as follows: "Undetermined."

6. In light of Defendants' refusal to provide a list of said witnesses, on or about August 8, 2005, CoxCom filed a motion to compel that sought, *inter alia*, an Order compelling Defendants to serve their initial disclosures and provide the witness information as required by Rule 26(a)(1)(A).

**DEFENDANTS' BELATED DISCLOSURE OF WITNESSES**

7. On September 13, 2005, one day after the close of discovery, the parties appeared before the Honorable Lincoln D. Almond, U.S.M.J., with respect to the aforementioned motion to compel. See Transcript of September 13, 2005, relevant portions attached hereto as Exhibit A. The Court ordered Defendants to supplement their discovery responses and identify their potential fact witnesses. The Court also noted that if those witnesses identified had not already been deposed by CoxCom, plaintiff would likely want to depose such persons. See Exhibit A at 12.

8. On October 14, 2005, one month after the close of discovery, Defendants served their supplemental response to CoxCom's Interrogatory No. 14. See Defendants' Further Response to Plaintiffs' Interrogatories annexed hereto as Exhibit B. In this response, Defendants identified fifteen persons, six of whom (Camada, Porter, Szozozarz, Reuther, Cosineau, Tavares) had not been previously identified in any way in this action.

9. Given the Defendants' belated disclosure of the new witnesses and the Court's September 13, 2005 ruling, on November 14, 2005, CoxCom filed a Motion for Leave to Depose Defendants' Newly Disclosed Witnesses.[1]

10. On December 9, 2005, the Court denied without prejudice CoxCom's Motion to Depose Defendants' Newly Disclosed Witnesses.

11. On August 31, 2006, Defendants served and filed their Witness List and Statement of Anticipated Testimony. See Exhibit C attached.

12. Defendants have identified two witnesses that they apparently intend to call at the damages hearing in this action that were not disclosed during the period that the Court set for the parties to complete discovery. Those witnesses are Matthew Camada and "expert witness" Gregory Girard.

13. With regard to Camada, as noted above, CoxCom has already objected to Defendants' belated disclosure of him.

14. With regard to Girard, I note that CoxCom previously filed a motion to strike his testimony based upon the untimely disclosure of his expert report and the fact that his Report did not satisfy the standards for allowing expert discovery.

---

[1] In seeking this relief, CoxCom specifically reserved its right to object to the testimony of any witness that was not disclosed prior to the deadline for discovery.

15. Significantly, on April 25, 2006, Magistrate Judge Lincoln D. Almond issued a Report Recommendation striking Girard's Expert Report. The Court found that Defendants' late disclosure of the Report was a violation of the Federal Rules of Procedure, and the appropriate sanction was to strike the Report. See Magistrate Judge Lincoln Almond's Report and Recommendation of April 25, 2006 pages 11-15, attached hereto as Exhibit D. The court also found that exclusion of the Report was warranted since the report was based upon inherently unreliable information. Id. at 15.

16. Also, on April 25, 2006, Magistrate Almond granted Plaintiff's Motion striking Defendants' second supplemental memorandum and affidavit, thus, precluding the "Response to CoxCom Memorandum to Strike Expert Report," which was prepared by Girard. Id. at 13; see also Court's April 25, 2006 Order, attached hereto as Exhibit E.

**DEFENDANTS FAILURE TO DISCLOSE EXHIBITS THAT THEY NOW INTEND TO USE AT THE DAMAGES AND COSTS HEARING**

17. On August 31, 2006, nearly year after the close of discovery, defendants served and filed their Exhibit List. A copy is attached hereto as Exhibit F.

18. Defendants' Exhibit List identifies forty-seven exhibits to be used at the hearing on the issue of damages and attorneys' fees in this action. Sixteen of the defendants' exhibits were never identified or disclosed to CoxCom. Specifically, Defendants have never previously identified the following exhibits:

1. DX-A December 2004 Photo of Defendants' display at a computer show
2. DX-B December 2004 blow-up photo of filter display at a computer show
3. DX-C July 2004 Photo of Defendants' display at a computer show
4. DX-D Printout of Electronic Imports website
5. DX-E Printout of Google Search results for digital cable filters
6. DX-F Printout of ebay search results for digital filters
7. DX-JJ Printouts of 49 Internet advertisers selling digital cable filters for free PPV
8. DX-KK Printouts of various reset instructions from 23 Internet websites
9. DX-LL Printout of Motorola's Broadband Division products list
10. DX-MM Printout of Radio Shack's High Pass Filter product description
11. DX-NN High Pass Filter and purchase receipt from the Newport, RI Radio Shack

12. DX-OO Printout of *Multichannel News* Editorial Profile
13. DX-RR January 2004 Re-Issue of the 1993 Interference Handbook
14. DX-SS FCC Document on How to Install and Maintain a Radar Unit
15. DX-TT FCC Public Notice Document
16. DX-UU February 10, 2003 Washington Post Article

19. In addition to the fact that these exhibits were never previously disclosed, it is unclear how most, if not all, of these exhibits have any relevancy to the issues of the amount of damages, costs and attorneys' fees that CoxCom is entitled to in this matter. Rather, it appears that Defendants will seek to use these exhibits to once again argue that they are not liable in this matter.

20. I note that on September 25, 2006, I called Defendants' attorney, James Currier, in a good faith effort to resolve the above-referenced issues. He was not available, so I left a voice mail message informing him that CoxCom was intending on moving to preclude certain witnesses and exhibits. I requested that he contact me immediately to discuss. He responded by letter indicating Defendants' position. I sent a response letter. As of the making of this Affirmation, however, the above-referenced issues have not been resolved.

21. Accordingly, as set forth in more detail in the accompanying memorandum of law, CoxCom respectfully requests that the Court preclude Defendants from calling witnesses Camada and Girard and preclude Defendants from utilizing the above-referenced exhibits at the damages hearing.

Dated: Jericho, New York
September 25, 2006

Shaun K. Hogan (SH 7227)