Rather than just type unnecessary things, if it's not responded to, it's deemed admitted.

THE COURT: Okay. That's fine.

MR. CURRIER: That's why I have no problem with any of those things.

THE COURT: All right. What about your response to Interrogatory 14 that your witnesses are undetermined? Have you determined who your witnesses are going to be at this point?

MR. CURRIER: Again, your Honor, one of the reasons I allowed the continuance of the TRO, I was coming in new to this case and I needed some time to get a handle on it. Judge Smith's order only indicates that we were required to do certain things in the pretrial stage. I've complied with all that. His requirements for the memorandum prior to trial do require a list of witnesses. I'm still in the learning periphery. I don't know who I'm going to call, but I don't think I'm under any obligation to review that at this time, even if I knew who I was going to call. But I certainly will comply with it, and after I comply with it will be barred from putting anybody on the witness stand who I haven't alerted him to in sufficient time.

THE COURT: Isn't the whole purpose of

disclosing witnesses so that in every case we set a deadline for discovery, both sides disclose their witnesses, you can depose each other's witnesses. You don't have to guarantee you're going to call them. These are potential witnesses.

MR. CURRIER: I understand, your Honor, but I got their expert's report yesterday. I've got to try to determine whether I need an expert. I don't have one. I may have one but I can't disclose that prior to seeing their expert's report.

THE COURT: All right. What I do think, I'm going to order that as to Interrogatory 14, supplement and identify reasonably those potential fact witnesses that you believe may be called in this case so that if there's somebody that hasn't been deposed at this point, I would assume plaintiffs are going to want to depose that person if it's an unidentified witness.

MR. CURRIER: Fair enough.

THE COURT: All right. Let's move on to this request for production Number 4, the information regarding the other lawsuit.

MR. CURRIER: Again, the only thing in that Superior Court file that I haven't given them is the answer in the summons. I mean, if they want me to copy that stuff and give it to them, but again, it's always

MR. HOGAN: Well, I think that he'd have to say that. Today he's saying, "This is fine. This covers it." And frankly, I don't think it does. Minimally, the three individual defendants should have to give something, "This is unverified." This isn't authored by the defense counsel. It's --

THE COURT: All right. I'm going to order that defendants each, individually, take one more crack at coming up with an accounting. I'm not making any finding that there's been a violation of Judge Smith's order. I'm just ordering that each defendant, individually, Mr. and Mrs. Chaffee and Ms. Bou, make a reasonable good faith attempt to comply with the paragraph in Judge Smith's order dated April 12, 2005, to provide an accounting, providing all the information outlined in that particular paragraph. Each one of the defendants should do one individually. If the defendants believe they don't have information or records sufficient to do so, they should state that specifically and on the record in a document as to why they can't comply, and this should be done by October 15th, and submitted to plaintiff's counsel. This is without prejudice to plaintiff renewing its motion that Judge Smith's order has not been complied with. All right, does that take care of all the issues presented