UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND | : | |
| v. | : | C.A. No. 05-107S |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and CHAFFEE INTERNATIONAL et al., | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendants' Motion for Expedited Discovery. (Document No. 159). Plaintiff has filed a timely objection. (Document No. 160). Neither party has requested argument or hearing on the Motion, LR Cv 7(e), and this Court concludes that none is necessary. For the reasons discussed below, Defendants' Motion is DENIED.

**Background**

On June 26, 2006, District Judge Smith granted Plaintiff's Motion for Summary Judgment as to its claims against Defendants under the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. (Document No. 148). He also referred the matter to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) "for a report and recommendation on the issue of damages and costs." Pursuant to that referral, this Court issued a prehearing Order (Document No. 149) and has received prehearing memoranda on the issue of damages and costs. Further, a prehearing conference was held with the parties on September 27, 2006 at which Defendants' Motion for Expedited Discovery was among the matters discussed.

**Discussion**

Defendants' Motion seeks to compel Plaintiff to respond to their Fifth Request for Production of Documents and to compel Plaintiff's attorneys to appear "as soon as practicable" for deposition regarding their claimed fees. The Fifth Request for Production seeks the following:

> All documents and/or electronic methods used by Lefkowitz, Louis, Sullivan, & Hogan, LLP; Miller, Scott & Holbrook and Lefkowitz, Hogan & Cassell, LLP; including but not limited to: complete daily time sheets, logs, journals, appointment books, e-mail records, fax records, telephone records, system time charges or similar items of each law firm and each attorney; all bills submitted to plaintiff by each law firm and all documents evidencing payment for such legal services rendered.

Plaintiff responded to the Request on September 14, 2006 by asserting privilege objections and objections on the ground that the Request is "untimely, overbroad, irrelevant and unduly burdensome." Without waiving these objections, Plaintiff indicated that it had already produced documents in support of its claim for costs and attorneys' fees including the affidavits of trial counsel and local counsel as well as "the contemporaneously prepared time sheets reflecting legal services performed in this action, as well as invoices and other documents reflecting the costs incurred by [Plaintiff] in this case." See Document No. 160. Plaintiff also indicated that it would make "copies of counsels' monthly bills to [it] and copies of the checks reflecting the payment of those bills" available for Defendants' inspection and review.

Defendants' Request is broadly and ambiguously worded and thus Plaintiff's objections are well-founded. Although it is implicit that the Request is directed at billing records, the actual wording is much broader. For instance, the Request seeks without limitations by time period or subject matter "[a]ll documents and/or electronic methods used by" the law firms representing Plaintiff. The Request also makes a similarly broad request for items such as email records, fax records, and telephone records of "each law firm and each attorney." Again, although arguably

implicit in the Request, it is not expressly limited as to time, subject matter or even to attorneys working on this case. Furthermore, Plaintiff correctly asserts that the Request is untimely, as fact discovery closed in this matter several months ago. Discovery has not been reopened and Defendants have made no such request.

Defendants also have shown no valid basis for their attempt to depose Plaintiff's attorneys regarding the fees claimed. Plaintiff has produced contemporaneous billing records which contain dated and itemized time entries with narrative descriptions of the work performed. Plaintiff has also represented that it will make copies of the actual bills and checks reflecting payment for Defendants' inspection and review. An award of reasonable attorneys' fees and costs in this matter is discretionary. See 17 U.S.C. § 1203(b)(5), and 47 U.S.C. § 553 (c)(2)(C). If this Court recommends that the District Court award costs and fees, it will also have to make a recommendation to the District Court as to a reasonable fee award. "With regard to attorneys' fees, this circuit has followed the 'lodestar' approach, which calculates reasonable attorneys' fees as 'the number of hours reasonably expended multiplied by a reasonable hourly rate.'" Comcast of Mass. I, Inc. v. Naranjo, 303 F. Supp. 2d 43, 50 (D. Mass. 2004) (quoting Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980). Plaintiff's proposed rates range between $180.00 and $200.00 per hour and Defendants did not, at least at the prehearing conference, object to the rates as unreasonable. Rather, it appeared that Defendants intend to first argue that an award of fees and costs is not warranted, and, alternatively, that the amount of time billed was not reasonable. Defendants have sufficient data to assess the reasonableness of the hours billed by Plaintiff's counsel as well as the rates charged. In addition to having the raw billing data, Defendants may inspect the actual bills and checks. Defendants' counsel has been intimately involved in this case since March 2005 and is fully capable

of reviewing the billing records and arguing to the Court as to the reasonableness of the hours billed and tasks performed in connection with the litigation of this case. Similarly, this Court has been involved in this case since its early stages and, if fees and costs are awarded, it can also independently review and assess the reasonableness of the time expended and rates charged. Defendants have not convinced this Court that additional discovery on this issue is necessary and thus Defendants' Motion for Expedited Discovery is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 4, 2006