UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND, | : | C.A. No. 05 107 S |
| Plaintiff, | : | |
| vs. | : | |
| JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually And d/b/a ELECTRONIC IMPORTS, | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR A STAY PENDING APPEAL**

Attorneys for the Plaintiff
LEFKOWITZ, HOGAN & CASSELL, LLP
Shaun K. Hogan
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

MILLER, SCOTT & HOLBROOK
Francis S. Holbrook, II, Esq.
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500

## I. PRELIMINARY STATEMENT

The plaintiff, CoxCom Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff") respectfully submits this Memorandum of Law in opposition to the Defendants' Motion to Stay ("Motion"). As set forth in more detail below, the Motion should be denied since Defendants have not satisfied any – let alone all – of the requirements necessary to demonstrate that a stay is warranted.

## II. SUMMARY OF THE RELEVANT PROCEDURAL HISTORY

On March 8, 2005, CoxCom commenced this action alleging Defendants' violations of 47 U.S.C. § 553(a)(1) and 17 U.S.C. § 1201 based on their sales of digital cable signal filters intending to assist in receipt of CoxCom's pay-per-view services without authorization or payment (a copy of the Docket Sheet is attached hereto as Exhibit A). See Exhibit A, Docket Entry ("DE") 1.

After the close of discovery, on September 26, 2005, CoxCom moved for summary judgment. On December 19, 2005, Defendants filed an opposition to CoxCom's motion and their own motion for summary judgment. On April 25, 2006, Magistrate Judge Almond issued a Report and Recommendation (the "R&R") recommending that CoxCom's motion for summary judgment be granted and that Defendants' motion for summary judgment be denied. Exhibit A, DE 140 (a copy of the R&R is attached hereto as Exhibit B). On or about June 23, 2006, after conducting a "de novo" review, the Court adopted the "well-reasoned" R&R. Exhibit A, DE 148 (a copy of June 23, 2006 Decision and Order is attached hereto as Exhibit C).

This Court also referred the matter to Magistrate Judge Almond to report and recommend on the appropriate amount of damages, attorneys' fees and costs to award to CoxCom. Both parties have submitted briefs in support of their position regarding damages, fees and costs. On

October 24, 2006, Defendants filed the present Motion and a Petition for Permission to Appeal ("Petition"). The Defendants' Motion is not supported by a single citation to a case or statute that supports Defendants' request for a stay. Indeed, the entire "support" for the stay is, apparently, Defendants' brief relating to their Petition. CoxCom has already submitted an opposition to that Petition, which is pending before the First Circuit Court of Appeals.[1]

## III. ARGUMENT

## THE DEFENDANTS ARE NOT ENTITLED TO A STAY

To satisfy the standard for the issuance of a stay, the movant must establish four requirements: 1) that there is a strong likelihood of success on the merits of its appeal; 2) that the movant will suffer irreparable harm if a stay is not granted; 3) that the harm will outweigh any harm opposing parties will suffer if a stay is granted; and 4) that the public interest would be furthered by the granting of a stay. Courts interpreting this standard have noted that the movant "must meet a heavy burden" and that a stay is not warranted unless the movant shows not only that the District Court's decision was erroneous but also that the movant will suffer "irreparable injury" if the stay is not granted. See Whalen v. Roe, 423 U.S. 1313, 1316 (1975); Morgan v. Kerrigan, 523 F.2d 917, 920 (1st Cir. 1975).

Significantly, their failure to demonstrate even one of the requirements justifies denial of the stay. See, e.g., In re Max Sung Hi Lim, 7 Bankr. 319, 321 (D. Haw. 1980).

### A. Defendants Have Failed to Demonstrate that there is a Strong Likelihood that They Will Succeed on the Merits of Their Appeal

A review of the Defendants' Motion and Petition reveals that Defendants cannot demonstrate that there is a strong likelihood that they will succeed on their appeal. To the

[1] Since Defendants' "support" for the stay is the brief that Defendants submitted in support of their Petition, CoxCom notes that the same arguments that it made to the First Circuit Court of Appeals for why leave should not be granted are necessarily repeated herein.

contrary, a review of the Petition demonstrates that there is very little chance that the First Circuit will even entertain their appeal at this time.

**1. Defendant's Petition is Procedurally Improper**

As CoxCom explained in its opposition to the Petition (see supra n. 1), the Petition is procedurally defective since it is well settled that, in general, prior to a final resolution of a matter, an appeal is not warranted. See, e.g., In re Licht & Semonoff, 796 F.2d 564, 569 (1st Cir. 1986) (explaining the "final decision" rule). Indeed, prior to a final decision in a case, a party is not entitled to appeal any of the issues unless the party demonstrates that one of the "exceptions" to the final resolution requirement applies. See, e.g., Boreri v. Fiat, S.P.A., 763 F.2d 17, 21, 26 (1st Cir. 1985) (denying an appeal filed before resolution of the case because "no adequate basis for the application of any recognized exception to the usual rule prohibiting intermediate appeals has been shown to exist.").

Though Defendants ignore this fact – failing to even attempt to demonstrate that one of the "exceptions" is applicable to their Petition – it is clear that only two "exceptions" could even possibly apply, the collateral order doctrine and certification pursuant to 28 U.S.C. § 1292. See, e.g., In re Licht & Semonoff, 796 F.2d at 569 (explaining the "exceptions" to the final decision rule); see also United States v. Dember Constr. Corp., 600 F.2d 11, 11 (4th Cir. 1979) (denying appeal filed prior to a damages hearing because such an appeal was interlocutory since "damages having not been ascertained" and no exceptions to the final order rule were demonstrated). An analysis of these "exceptions" demonstrates that neither is applicable to the Petition, and thus, Defendants' appeal is doomed to fail.

Pursuant to the collateral order doctrine, an Appeals Court may decide an interlocutory appeal if the order appealed: 1) involves an issue that is completely unrelated to the merits of the

claim; 2) conclusively and completely resolves the issue; 3) involves a right that is incapable of being vindicated if the court waits until final judgment; and 4) addresses an important and unsettled question of controlling law. In re Licht & Semonoff, 796 F.2d at 570-71; Boreri, 763 F.2d at 21. Courts addressing this doctrine have explained that the party seeking to invoke the doctrine carries a "heavy burden" and that it must be demonstrated that absent an interlocutory appeal there would be "irreparable harm." In re Licht & Semonoff, 796 F.2d at 571 (discussing Firestone Tire & Rubber Co. and Cheng v. GAF Corp. cases).

An analysis of the four decisions that Defendants have requested leave to appeal demonstrates that none of the decisions involve issues for which the collateral order doctrine applies. Specifically, Defendants have filed a Petition to appeal the District Court's decisions regarding: 1) pro hac vice revocation of CoxCom's lead counsel; 2) recusal of the Magistrate Judge from conducting the damages hearing; 3) the Court's denial of expedited discovery; and 4) the Court's granting of summary judgment to CoxCom. It is clear, however, that none of these decisions involve a right that is incapable of being vindicated if the court waits until final judgment and none of the decision addressed an important and unsettled question of controlling law.

Additionally, Defendants' request to appeal the District Court's decision regarding summary judgment is not the proper subject for an interlocutory appeal since it involves an issue that is directly related to the merits of the action.

Likewise, Defendants' request to appeal the District Court's decision regarding expedited discovery is not the proper subject for an interlocutory appeal since it involves an issue that is directly related to the merits of the action and because it is well settled that discovery orders are not appealable under the collateral order doctrine. See, e.g., In re Licht & Semonoff, 796 F.2d at

568 ("The law is substantially settled that neither a party nor a nonparty to a litigation may bring an immediate appeal of a discovery order."); Boughton v. Cotter Corp., 10 F.3d 746, 749 (10th Cir. 1993) ("This circuit has repeatedly held that discovery orders are not appealable under the [collateral order] doctrine").

Besides the collateral order doctrine, a party may be entitled to an interlocutory appeal if the decision at issue is certified pursuant to 28 U.S.C. § 1292. See, e.g., In re Licht & Semonoff, 796 F.2d at 569.

The Dember Constr. Corp., case is particularly instructive on this issue. In that case, the District Court issued a memorandum opinion after trial in favor of plaintiff as to liability and referred the issue of damages to a Special Master. Prior to the Special Master's determination of the appropriate amount of damages, the defendant filed a notice of appeal of the court's memorandum opinion. 600 F.2d at 11. The court explained that since no order fixing damages had been entered, the appeal at issue was an interlocutory appeal. The court then found that 28 U.S.C. § 1292 did not apply because the court's memorandum opinion did not contain language required to appeal pursuant to that statute and no application was made to permit a 1292 appeal. Thus, the court denied the appeal. Id.; see also Hodgson v. U.S. Slicing Machine Co., 370 F.2d 565, 566 (3rd Cir. 1967) (in dismissing an interlocutory appeal, the court noted that no application was made to the District Court pursuant to 28 U.S.C. § 1292).

In the present case, none of the decisions that Defendants seek leave to appeal have been certified by this Court pursuant to 28 U.S.C. § 1292. Indeed, Defendants have not even requested such certification prior to filing the Petition. Thus, it is extremely unlikely that, at this point, the First Circuit will even entertain Defendants' appeal.

Moreover, even if the First Circuit determines that an interlocutory appeal is warranted,

Defendants' appeal as to all issues, but the expedited discovery issue, must fail because the appeal of those issues is untimely since they were not made within 30 days of the decision or order that is being appealed from. See Fed. R. App. P. 4(a)(1) (requiring that the notice of appeal be filed "within 30 days after the judgment or order appealed from is entered").

Here, Defendants filed their Petition on October 27, 2006. The District Court's decision regarding the pro hac vice application was entered on February 15, 2006 (see Exhibit A, DE 129), and thus, Defendants' attempt to appeal this decision is untimely. Likewise, Defendants' attempt to appeal the District Court's decision regarding disqualification and/or recusal of Magistrate Judge Almond is untimely since it is based upon a District Court decision that was entered on September 6, 2006. See Exhibit A, DE 158. And, Defendants' attempt to appeal the District Court's decision regarding summary judgment, which was entered on June 27, 2006 (see Exhibit A, DE 148) is clearly untimely.

Accordingly, even if the First Circuit finds that an interlocutory appeal is warranted, it would almost certainly still deny, without prejudice, Defendants' attempt to appeal the Court's decisions regarding pro hac vice revocation, recusal of Magistrate Judge Almond and summary judgment because Defendants' have not timely sought to appeal these decisions.

**2. Defendants' Petition is Substantively Defective**

Even if the First Circuit were to somehow consider the merits of the appeal, an analysis of the four decisions challenged by Defendants demonstrates unequivocally that the District Court properly considered and properly decided all of the issues challenged. Thus, Defendants cannot demonstrate that there is a "strong likelihood" that they will succeed on the merits of their appeal.

a. The Court Properly Determined That
Pro Hac Vice Revocation Was Not Warranted

In their Petition, Defendants assert that the District Court improperly denied their motion to revoke the pro hac vice privileges of CoxCom's lead attorneys. Specifically, Defendants had sought that the pro hac vice privileges be revoked because counsel allegedly engaged in improper conduct by submitting a declaration that allegedly contained an inaccurate statement. On January 20, 2006, Magistrate Judge Almond, after a "thorough review," denied the motion, finding that there was no showing that Plaintiff's counsel submitted "knowingly false" evidence to the Court. See Exhibit D at 5. Defendants then filed a "one sentence" appeal that the District Court found "to be meritless." See Exhibit E at 2.

Significantly, in its R&R, the Court explained that even if it completely ignored the allegedly improper declaration, there would still be sufficient evidence to allow for a finding of summary judgment in favor of CoxCom. Thus, the Court found that the "dispute concerning the [declaration] is a non-issue." See Exhibit B at 10-11.

In their Petition, other than rehashing the same arguments raised below, which were denied and found to be "meritless," Defendants have not demonstrated why the First Circuit Court of Appeals would find that the pro hac vice privileges of CoxCom's counsel should be revoked. Moreover, in the one case cited by Defendants in support of their position, Young v. City of Providence, 404 F.3d 33, 41-42 (1st Cir. 2005), the First Circuit Court vacated the District Court's findings and restored the pro hac vice status of the attorneys, even though the First Circuit Court found that the document at issue may "have been misleading or inaccurate in certain of its details." Thus, Defendants' reliance upon this case is misplaced and Defendants cannot demonstrate that there is a "strong likelihood" that they will prevail on this issue.

b. Disqualification and/or Recusal of the Magistrate Judge Would be Inappropriate

In their Petition, Defendants seek disqualification and/or recusal of Magistrate Judge Almond. In support of their Petition, Defendants assert that Magistrate Judge Almond is somehow biased because he conducted a settlement conference. Defendants' Petition is likely to fail and their request for a stay should be denied.

First, the assertion that Magistrate Judge Almond should be disqualified and/or recused because he presided over a settlement conference was never raised by Defendants prior to the appeal. Rather, the only "ground" upon which Defendants sought recusal of the Magistrate Judge was based upon the erroneous assumption that the District Court had referred the matter to the Magistrate Judge to render a final and binding determination, not a report and recommendation, pursuant to Fed. R. Civ. P. 73 or 28 U.S.C. § 636(b)(1)(A). Significantly, it is a "bedrock rule," that a party may not raise an argument for the first time on appeal. United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992) ("It is a bedrock rule that when a party has not presented an argument to the district court, she may not unveil it in the court of appeals."). Thus, Defendants' argument in support of its Petition and Motion for a stay should be rejected.

Second, even assuming that Magistrate Judge Almond learned confidential information at the settlement conference, as Defendants assert, Defendants completely fail to explain how knowledge of this information would prevent Magistrate Judge Almond from fairly determining damages in this matter. Though Defendants, by citing to numerous motions that Magistrate Judge Almond denied after the settlement conference, apparently imply that he became biased against them, Defendants never explain why or how the alleged disclosure of confidential information would lead Magistrate Judge Almond to hold such a bias. Moreover, Defendants' implication is completely belied by the fact that, as Defendants acknowledge, all of the decisions

that Defendants refer to in the Petition were affirmed by the District Judge, who, undeniably, was not at the settlement conference.

c. This Court Properly Denied Defendants' Request for Expedited Discovery

In their Petition, Defendants seek leave to appeal the District Court's decision denying their motion for expedited discovery. Once again, however, Defendants' Petition does nothing more than rehash the same baseless arguments that were already rejected by this Court.

Specifically, as this Court found, Defendants' discovery request at issue was improper on its face since it was made "several months" after the close of discovery and Defendants never sought a discovery extension. Additionally, Defendants did not demonstrate that depositions of CoxCom's attorneys was warranted, especially since CoxCom had already produced all relevant billing records and CoxCom agreed to produce the actual bills and checks reflecting payment for services by it. See Exhibit F at 2-4.

Moreover, as CoxCom explained in its papers regarding this issue, it is well settled that applications for attorneys' fees and costs should not result in a second litigation. Thus, discovery relating to attorneys' fees applications should be limited and not involve broad discovery. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1941 (1983); In re Thirteen Appeals, 56 F.3d 295, 303 (1st Cir. 1995); National Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1329 (D.C. Cir. 1982) (noting that, in general, fee contests should not involve "the type of searching discovery that is typical where issues on the merits are presented"). Further, as CoxCom explained, Defendants' request for the depositions of its attorneys was particularly inappropriate since Defendants did not demonstrate that the information sought was relevant and that their need for it outweighs the disadvantages inherent in deposing a party's attorney, such as intrusion into the attorney-client and work product privileges. See, e.g., N.F.A.

Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84-85 (D.N.C. 1987) (in granting motion for protective order prohibiting the deposition of the party's attorney, the court discussed the problems with allowing such a deposition).

The District Court, after Defendants appealed Magistrate Judge Almond's Order, denied the appeal, see Exhibit A, DE 169, and Defendants have completely failed to explain why the First Circuit Court of Appeals should reach a different conclusion than the District Court on this issue.

In light of the above, Defendants' request for stay pending an appeal of the District Court's decision denying Defendants' request for expedited discovery should be denied.

d. This Court Properly Determined the Summary Judgment Motions

In their Petition, Defendants seek leave to appeal the District Court's decision granting CoxCom's motion for summary judgment. In support of their Petition, Defendants vaguely reference the fact that, as all parties and all courts are likely aware, summary judgment is not warranted if there are material issues of fact. Defendants, however, do not, because they cannot, point to any material issues of fact that would have made summary judgment inappropriate.

Defendants' only other argument on this issue is likewise baseless. Specifically, Defendants assert that the granting of summary judgment was improper because the Magistrate Judge performed "independent research." Significantly, however, though Defendants refer to the Magistrate Judge's use of "independent research" as "most disturbing" it is undeniable that a court is fully empowered to perform independent research in deciding issues. Indeed, not surprisingly, in numerous decisions of the First Circuit Court, the Court noted that it had performed independent research. See, e.g., Slessinger v. Secretary of Health and Human Servs., 835 F.2d 937, 940 (1st Cir. 1987) (noting that the Court performed "independent research into

Rhode Island law"); Pablo de Leon Lopez v. Corporation Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991) (noting that the Court performed independent research). And, in Jose Anotonio Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo, 248 F.2d 29, 32, 37 (1st Cir. 2001), the First Circuit Court affirmed the District Court's decision to exclude plaintiffs' expert witness, which was rendered after the court conducted "independent research into the motions."

Moreover, even assuming, arguendo, that the Magistrate Judge should not have performed "independent research," the District Court Judge performed a "de novo" review and found that the granting of summary judgment was warranted. Accordingly, Defendants' claim that the summary judgment decision should be reversed is likely to be rejected by the First Circuit. Therefore, the Defendants have not demonstrated a strong likelihood of success on their appeal.

**B. The Defendants Have Failed to Establish that They Will be Irreparably Injured Absent the Court's Issuance of a Stay**

Defendants' Motion should also fail on the ground that they failed to establish, and indeed cannot establish, that they will be irreparably harmed if the Court does not stay this action pending their appeal.

The First Circuit Court has held that when evaluating a motion for a stay pending appeal "what matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005).

Significantly, the only thing left to do in this case is for the Magistrate Judge to hold the hearing on damages. Thus, in absence of a stay, the hearing on damages will be held and ultimately a judgment will be entered against defendants. After the entry of a judgment, the

Defendants will then have an opportunity to timely seek appellate review.[2] If on appeal from a final judgment any of the four rulings challenged by the Defendants are overturned, the only "harm" to the Defendants was that the denial of the stay would have required Defendants to have incurred the expense of one additional court proceeding. This potential inconvenience, however, does not constitute irreparable harm. Juanita Queipo v. Prudential, 867 F.2d 721, 722 (1st Cir. 1989).

In the present case, Defendants have failed to identify any irreparable injury that they will suffer should the Court deny their motion for a stay. This, coupled with the unlikelihood that they will prevail on appeal, strongly supports the Court's denying the Motion.

**C. The Defendants Cannot Establish that the Harm to Them Will Outweigh the Harm to CoxCom**

The third requirement that Defendants must satisfy to demonstrate that a stay is warranted is that they must show that the harm to them if the stay is not granted outweighs the harm to CoxCom if the stay is granted.

As noted above, given the small likelihood that Defendants will succeed on their appeal and the fact that Defendants cannot show any irreparable injury should the stay be denied, Defendants cannot show any harm from a denial of the stay. Moreover, as noted above, if the stay is denied, the only proceeding left in this matter is the hearing on damages.

On the other hand, if the Court were to grant the stay, it would only further delay this matter, and deprive CoxCom of final resolution of its claims.

Accordingly, Defendants cannot show that the harm to them is greater than the harm to CoxCom, and thus, a stay is not warranted.

---

[2] As noted above, Defendants request for leave to appeal at this time is improper since it is a request for an interlocutory appeal. Inasmuch as the stay will only serve to delay the final resolution of this matter, arguably, entry of a stay would actually due Defendants more harm than good since it would delay the final resolution of this matter.

### D. The Public Interest Would Not be Furthered by a Stay

The final requirement that Defendants must satisfy is that they must show that the public interest would be furthered by the granting of the stay.

Where a motion for a stay is made in an action that does not implicate the interests of third parties or the public to any significant extent, a stay is not proper since the presumption is that the public has an interest in prompt resolution of civil cases. Microfinancial, Inc. v. Premier Holidays International, Inc. 385 F.3d 72, 79 (1st Cir. 2004).

An analysis of the claims in this matter demonstrates that the action does not implicate the interests of any third parties or the public to any significant extent. Rather, this is an action between CoxCom and the Defendants for monetary damages, attorneys' fees and injunctive relief stemming from the Defendants' distribution of digital cable filters. Moreover, the stay will only further delay the resolution of this matter; a matter that has been pending since March 2005.

Simply put, Defendants have offered nothing to offset the presumption that prompt resolution of this matter is warranted. As consequence of the Defendants' dilatory and vexatious conduct, this action has been pending for over nineteen months. It is respectfully submitted that further delay in this action is not in the public interest and that the Court should deny the Motion.

Finally, even if the Court were inclined to grant the stay, Defendants at a minimum, should be required to post a supersedeas bond in accordance with Federal Rule of Civil Procedure 62(d).

## IV. CONCLUSION

Pursuant to the foregoing, CoxCom respectfully requests the Court's denial of defendants' Motion in its entirety.

Dated: Jericho, New York
November 9, 2006

Respectfully submitted

**LEFKOWITZ, HOGAN & CASSELL, LLP**
Attorneys for the Plaintiff

By: /s/Shaun K. Hogan
**SHAUN K. HOGAN (SKH 7227)**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
November 10, 2006

**MILLER, SCOTT & HOLBROOK**
Attorneys for the Plaintiff

By: /s/Francis S. Holbrook
Francis S. Holbrook, II (#3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500