UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a<br>COX COMMUNICATIONS NEW<br>ENGLAND | : | |
| v. | : | C.A. No. 05-107S |
| JON CHAFFEE, individually and d/b/a<br>ELECTRONIC IMPORTS, and<br>CHAFFEE INTERNATIONAL et al. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendants' Motion to Stay. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). Plaintiff has filed a timely objection. (Document No. 173). A hearing was held on November 16, 2006. For the reasons discussed below, Defendants' Motion to Stay (Document No. 172) is GRANTED.

**Discussion**

On June 26, 2006, District Judge Smith granted Plaintiff's Motion for Summary Judgment as to its claims against Defendants under the Communications Act, 47 U.S.C. § 553(a)(1) and the Digital Millennium Copyright Act, 17 U.S.C. § 1201. (Document No. 148). He also referred the matter to this Court for a report and recommendation concerning damages and costs. The Court scheduled a hearing on the issue of damages and costs which was set to commence on November 15, 2006. On October 23, 2006, however, Defendants filed a Petition for Permission to Appeal (Document No. 171) in this Court which contained a heading for the First Circuit Court of Appeals and was treated by this Court as a Notice of Appeal. Defendants then filed the present Motion to

Stay, requesting that the Court stay all proceedings in this Court until the Court of Appeals has acted upon their request to pursue an interlocutory appeal. At the hearing on this matter, counsel for Defendants represented that the Petition for Permission to Appeal was filed in this Court solely for informational purposes. The only matter pending before this Court for determination, therefore, is the Motion to Stay.[1]

The Motion to Stay simply requests that this Court stay proceedings pending the resolution of the Defendants' appeal. In Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982), the Supreme Court stated, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." This rule has also been recited in two recent cases in this Circuit from the District of Maine. See Maine v. Norton, 148 F. Supp. 2d 81, 83 (D. Me. 2001) ("entry of a notice of appeal divests the District Court of jurisdiction to adjudicate any matter relating to the appeal"); and Pharm. Care Mgmt Ass'n v. Maine Attorney Gen., 332 F. Supp. 2d 258, 260 (D. Me. 2004) (Court would "restrict only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal."). After a thorough review of the cases, and in the exercise of caution, the proceedings in this Court will be stayed pending resolution by the Court of Appeals of the Defendants' request to pursue an interlocutory appeal. Accordingly,

[1] Defendants' Motion consisted of a one-sentence request, unsupported by any memorandum of law. Pursuant to LR Cv 7(a), "Every motion...shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted and any applicable points and authorities supporting the motion." This Court could have denied Defendants' Motion based upon their failure to comply with the Local Rules of this Court, however, the Court's independent research indicates that there are cases supporting the relief requested by Defendants.

Defendants' Motion to Stay (Document No. 172) is GRANTED. The parties shall promptly notify this Court when the Court of Appeals renders its decision on the Defendants' pending request.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 28, 2006