**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **COXCOM INC., d/b/a COX COMMUNICATIONS NEW ENGLAND,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 05-107 S** |
| **v.** | ) | |
| **JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS and CHAFFEE INTERNATIONAL, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, and RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S REVISED LIST OF EXHIBITS TO BE UTILIZED AT THE HEARING REGARDING DAMAGES AND COSTS**

Plaintiff, CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "Plaintiff"), by its attorneys, Lefkowitz, Hogan & Cassell, L.L.P. and Miller, Scott & Holbrook, hereby identifies the following Exhibits that it may introduce at the September 27, 2006 hearing in this action:

PX- 1 Defendants First "Accounting" dated April 13, 2005
Relevance: Defendants' claim that they only purchased 710 filters.

PX-2 A-C Defendants' Responses to Plaintiff's First Requests for Admissions, Interrogatories and Production of Documents
Relevance: The defendants' responses reveal that defendants claimed to have sold numerous digital cable filters to unknown customers at the shows; that their gross sales from filters were $6,300.00; and that no records were kept of these sales.

PX-3 Defendants' Second Accounting dated August 16, 2005
Relevance: The defendants' state that they have been selling filters since August of 2003 and that they earned a profit of $3,500 from those sales. Jon Chaffee, Amy Chaffee and Ramalda Bou also claim that they only sold approximately 75 filters.

PX-4 A-C Defendants Further Responses to Plaintiff's Second Set of Requests for Admissions, Interrogatories and Production of Documents dated October 14, 2005
Relevance: Defendants admit that the gross revenues they received from the sale of filters were $10,500.00, and that the defendants did not keep records of their sales of filters. Defendants also admit that they sold 2,100 filters and that "due to the way sales were made, no such documents exist" reflecting these sales.

PX-5 Business records from PayPal
Relevance: These documents show that Amy and Jon Chaffee collectively purchased 4,045 filters for $10,000.50.

PX-6 July 30, 2004 e-mail from Jon Chaffee
Relevance: Jon Chaffee made statements that show that defendants knew that the filters they were selling were being used for theft of cable television pay per view services.

PX-7 February 25, 2004 e-mail from Jon Chaffee
Relevance: John Chaffee made statements that reflect the volume and frequency of defendants' purchases of filters.

PX-8 January 9, 2004 e-mail from Jon Chaffee
Relevance: John Chaffee made the following statement: "My people sold 200 filters this past weekend." The foregoing statement reflects the volume of defendants' sales of filters.

PX-9 August 2, 2003 e-mail from Jon Chaffee
Relevance: In this e-mail, Jon Chaffee made the following statement: "Orders are piling in I did over $100,000.00 in sales of filters last month." The foregoing statement reflects the volume of defendants' sales of filters.

PX-10 December 10, 2003 e-mail from Jon Chaffee
Relevance: In this e-mail, Jon Chaffee made the following statement: "I need you to push the software… your selling plenty of filters and flash lights." The foregoing statement reflects the volume of defendants' sales of filters.

PX-11 August 2, 2003 e-mail from Jon Chaffee
Relevance: In this e-mail, Jon Chaffee made the following statements: "The filter only works for pay for views, on demands, everything you can order with a remote… You must reset the box before removing or you will be charged. You may be able to get info from http://www.digital-cablefilters.com." The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-12 February 6, 2004 e-mail from Jon Chaffee a/k/a Sharon
Relevance: In this e-mail, "Sharon" made the following statement: "it is only for digital cable, not satellite. The foregoing statement reflects the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-13 January 3, 2004 email from Jon Chaffee a/k/a Sharon
Relevance: This e-mail confirms that the defendants' filter customers rarely reported any problems with the digital cable filters.

PX-14 December 12, 2003 e-mail from Jon Chaffee
Relevance: In this e-mail, Jon Chaffee made the following statements: "People love the products we have because they are legal in the way you are suppose to use it so they are legal to sell such as the cable filters(sic) but illegal in the way people think of using them. Can you really believe the clientele at a computer show would do anything illegal? No way. I don't believe it!" The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-15 May 18, 2004 e-mail to Jon Chaffee from a filter purchaser
Relevance: This e-mail contains the following statements: "I purchased your cable 'Filter' a few weeks back and it works great with pay per views but when I try to order an On Demand movie it says…is this a malfunction with the filter." The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-16 May 29, 2004 e-mail to Jon Chaffee from a filter purchaser
Relevance: This e-mail contains the following statements: "I purchased the digital cable filter from you at the show, and you informed me that if I would email you that you would email me back with the procedures to clear my digital box once it filled up with pay per view purchases…" The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-17 February 14, 2004 e-mail from Jon Chaffee a/k/a Sharon
Relevance: In this e-mail from a purchaser of a cable filter who made the following statements: "It's only for pay per view, not HBO and Showtime. Here is (sic) the directions. Sharon .http//homecomcast.net/-sunglassesdirect/instruction.htmhttp//homecomcast.net/-sunglassesdirect/instructions/resetinformation.pdf." The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-18 August 2, 2003 e-mail to Jon Chaffee from a filter purchaser
Relevance: In this email, Jon Chaffee makes the following statement: "What channels? The filter only works for pay for views…" The foregoing statement reflects the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-19 February 4, 2004 e-mail from Jon Chaffee
Relevance: In this email, Jon Chaffee claims to have been a state trooper.
This is evidence of the defendant's willingness to lie to gain an advantage in a dispute.

PX-20 February 14, 2004 e-mail to Jon Chaffee from a filter purchaser
Relevance: In this e-mail, a purchaser of a filter (cable plug) made the following statements: "I bought today a plug to connect to my cable box in order to receive PPV channels I was told that after a while it won't work cause the cable box will have been clogged up and it will require a code to release it. Can you pls(sic) advise how to use it…Rgds RC" The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-21 February 14, 2004 e-mail from Jon Chaffee
Relevance: In response to an e-mail (PX-20) from a purchaser of a cable filter, Jon Chaffee made the following statements: "Thank you for your e-mail! Here is (sic) the instructions for the cable filter. It only works for pay per view. http//homecomcast.net/-sunglassessdirect/instruction.htmhttp//homecomcast.net/sunglassesdirect/instructions/resetinformation.pdf." The foregoing statements reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-22 Business records of Birddog
Relevance: These records establish that Jon Chaffee purchased 770 filters for $2,193.00 from Birddog and that Amy Chaffee purchased 60 filters from Birddog for 169.00.

PX-23 E-mail from Jon Chaffee dated September 7, 2004
Relevance: Defendants claimed that his parents died in the tragedy on September 11, 2001, when their plane crashed into the World Trade Center. This shows defendant's willingness to lie to get an advantage.

PX-24 Gerald Boisvert's Declaration dated July 9, 2005
Relevance: This declaration is evidence of the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-25 Gerald Boisvert's Affidavit dated November 2, 2005
Relevance: This statement demonstrates that defendants knew that the filters they sold were being used to steal pay per view services and the volume of filter sales by defendants.

PX-26 Audio recordings of conversations between Marcoux and Boisvert on May 11, 2005
Relevance: This recording demonstrates that Boisvert's first statement to Lou Marcoux was accurate; and that for filter sales in Rhode Island and Connecticut, defendants' sales people were not required to prepare inventory reports.

PX-27 Audio recordings of conversations with Amy Chaffee at the Cogan Fair Computer in West Warwick, Rhode Island on January 16, 2005
Relevance: This recording is evidence of defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-28 Amy Chaffee's Affidavit dated March 15, 2005
Relevance: Amy Chaffee claims that she had no knowledge of the re-set instructions for cable boxes on which a filter is being used, which is directly contradicted by other evidence.

PX-29 Photograph depicting a receipt and installation diagram from the December 12, 2004 sale of filter by Amy Chaffee and Ramalda Bou to Michael Clifford at the Cogan Computer Fair in Danbury Connecticut
Relevance: This photograph is evidence of the defendants' sales of filters.

PX-30 Reset instructions from the websites that defendants provided to purchasers of filters
Relevance: These documents demonstrate defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-31 Photograph of filter and handwritten note Support 911@aol.com cable reset
Relevance: This photograph is evidence that defendants used the Support911@aol.com e-mail address in connection with their sales of filters.

PX-32 Photograph depicting a filter and handwritten note with the defendants' e-mail address from Mark Matteo's purchase of a filter from Jon Chaffee at the Cogan Computer Fair in Southington, Connecticut on December 18, 2004
Relevance: This photograph is evidence of the defendants' sales of filters.

PX-33 Photograph depicting a handwritten receipt from Ronald Allard's purchase of a filter from Jon Chaffee at the Cogan Computer Fair in Southington, Connecticut on December 18, 2004
Relevance: This photograph is evidence of the defendants' sales of filters.

PX-34 Photograph depicting filter Ronald Allard purchased from Jon Chaffee at the Cogan Computer Fair in Southington, Connecticut on December 18, 2004
.Relevance: This photograph is evidence of the defendants' sales of filters.

PX-35 Photograph depicting receipt, websites for instructions re-set instructions and ten filters purchased from Ramalda Bou and Amy Chaffee on January 16, 2005 at the Cogan Computer Fair in West Warwick, Rhode Island
Relevance: This photograph is evidence of the defendants' sales of filters.

PX-36 Handwritten note recovered from defendants' trash that contains the entry "$118-Filters Cox."
Relevance: This document is evidence of the defendants' practice of discarding documentation relating to their sales of digital cable filters to the fact that they sold filters to Cox's customers.

PX-37 Handwritten receipt recovered from defendants' trash
Relevance: This document is evidence of the defendants' practice of discarding documentation relating to their sales of digital cable filters.

PX-38 Photograph of Jon Chaffee's February 17, 2005 sale of five filters to Michael Clifford in Warwick, Rhode Island
Relevance: This photograph is evidence of the defendants' sales of filters

PX-39 Photograph of the five filters that Michael Clifford purchased from Jon Chaffee on February 17, 2005
Relevance: This photograph is evidence of defendants' sales of filters.

PX-40 Eighteen digital cable television filters purchased from the defendants
Relevance: These filters are evidence of the defendants' sales of filters.

PX-41 Plaintiff's Expert Report
Relevance: Mr. Durey's report describes the nature and capabilities of the filters the defendants sold, his examination and testing of the digital cable filters sold and distributed by defendants, their effect on plaintiff's cable television system, as well as the general effects cable piracy has on the cable television industry.

PX-42 The two-sided sign that defendants displayed when selling digital cable filters
Relevance: The statements in this sign reflect the defendants' willful assistance in the distribution of the filters with the knowledge that they were being used to obtain pay per view services without paying for them.

PX-43 Cox's pay per view guides for 2002-2005
Relevance: These records reflect the number of pay per view services that were available on Cox's system during the relevant time period and the cost of those services.

PX-44 Audio recordings of Jon Chaffee's sale of five filters to Michael Clifford in Warwick, Rhode Island on February 17, 2005
Relevance: This recording is evidence of the defendant's sale of filters.

PX-45 E-mail from Jon Chaffee dated September 7, 2004
Relevance: These documents reflect some of the defendants' sale of filters.

PX-46 Deposition transcript of Jon Chaffee Dated July 25, 2005
Relevance: Jon Chaffee admits that he started selling filers since 2003, that he used the alias Sharon, and that he is responsible for all Support911@AOL.com e-mail traffic.

PX-47 Deposition Transcript of Amy Chaffee dated July 27, 2005
Relevance: Defendant made certain statements and admissions pertaining to the sale of digital cable filters.

PX-48 Deposition Transcript of Ramalda Bou dated August 9, 2005
Relevance: Defendant made certain statements and admissions pertaining to the sale of digital cable filters.

PX-49 Deposition Transcript of Miriam Rico dated July 27, 2005.

Relevance: Ms. Rico made certain statements and admissions pertaining to the sale of digital cable filters.

PX-50 Deposition transcript of Christine McKenna dated August 9, 2005.
Relevance: Ms. McKenna's made certain statements and admissions pertaining to the sale of digital cable filters.

PX-51 Deposition transcript of Sharon McKenna dated August 9, 2005.
Relevance: Ms. McKenna's made certain statements and admissions pertaining to the sale of digital cable filters.

PX-52 Affirmation of Shaun K. Hogan in Support of an Award of Attorneys' Fess and Costs
Relevance: This affirmation and the contemporaneously prepared time sheets annexed thereto demonstrate the attorneys' fees and costs that Cox incurred in this action.

PX-53 Affirmation of Francis Holbrook in Support of an Award of Attorneys' Fees and Costs.
Relevance: The affirmation and the contemporaneously prepared time sheets annexed thereto demonstrate the attorneys' fees and costs that Cox incurred in this action.

PX-54 Printouts from the websites that the defendants' provided to the purchasers of filters.
Relevance: These documents demonstrate the defendants' knowledge that the filters that they sold were being used to obtain pay per view cable television services without payment.

PX-55 Plaintiff's First Requests of Admissions, Interrogatories and Production of Documents to Defendant Jon Chaffee.

PX-56 Plaintiff's First Requests of Admissions, Interrogatories and Production of Documents to Defendant Amy Chaffee.

PX-57 Plaintiff's First Requests of Admissions, Interrogatories and Production of Documents to Defendant Ramalda Bou.

PX-58 Plaintiff's Second Requests of Admissions, Interrogatories and Production of Documents to Defendants Jon Chaffee, Amy Chaffee and Ramalda Bou.

The plaintiff reserves the right to utilize any other evidence or document that it discovers after the date of this submission.

Respectfully submitted,

Dated: Jericho, New York
February 9, 2007

Attorneys for Plaintiff
LEFKOWITZ, HOGAN & CASSELL, LLP

By: ______________________
Shaun K. Hogan (SH 7227)
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

Dated: Newport, Rhode Island
February 9, 2007

MILLER, SCOTT & HOLBROOK

By: ______________________
Francis S. Holbrook (FH-3412)
122 Touro Street
Newport, Rhode Island 02840
(401) 847-7500