UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| COXCOM, INC. d/b/a COX COMMUNICATIONS NEW ENGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>JON CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, AMY CHAFFEE, individually and d/b/a ELECTRONIC IMPORTS, RAMALDA BOU, individually and d/b/a ELECTRONIC IMPORTS,<br><br>Defendants. | : | C.A. No. 05-107 S<br><br>SUPPLEMENTAL AFFIRMATION IN SUPPORT OF AWARD OF COSTS AND <u>ATTORNEYS' FEES</u> |

I, **SHAUN K. HOGAN, ESQ.,** being duly sworn, depose and state:

1. I am an attorney with the firm of Lefkowitz, Hogan & Cassell, LLP, and together with the law firm of Miller Scott & Holbrook, we represent plaintiff CoxCom, Inc. d/b/a Cox Communications New England (hereinafter referred to as "CoxCom" or "plaintiff") in the above-entitled action. I submit this Affirmation in support of Cox's application to recover from defendants Jon Chaffee, Amy Chaffee, Ramalda Bou individually and doing business as Electronic Imports and Chaffee International Electronic Imports (hereinafter "defendants"), its reasonable costs and attorneys' fees incurred in prosecuting this action against the defendants. In accordance with the Court's Order of On June 30, 2006, this firm filed with the Court an Affirmation in Support of Award of Costs and Attorneys' Fees on July 31, 2006. At that time, Cox had incurred $163,986.11 in costs and fees in this action for services rendered by this firm and expenses in this action. Since that time, Cox has incurred additional fees and costs of $54,594.16 for services rendered by this firm and expenses in this action.

2. Pursuant to 47 U.S.C. § 553(c)(2)(C), a court may award recovery of full costs, including attorneys' fees to a prevailing aggrieved party. Similarly, 17 U.S.C. § 1203(b)(4) and (5) provides for award of attorneys' fees and costs to the prevailing party. Copies of word-processed transcriptions of the firm's daily time sheets reflecting professional services rendered to Cox that are attributable to plaintiff's prosecution of this action against the defendants as well as the defense of defendants' counterclaims are attached hereto as Exhibits "A-C" (reflecting services performed by, inter alia, Shaun K. Hogan, Esq., Michael D. Cassell, Esq. and Janine P. Zabbia, paralegal).

**Brief Summary of Nature of Services Performed**

3. Cox's counsel performed all the necessary legal services to litigate this action to judgment. These services included the following:

a. reviewing, researching and preparing an opposition to Defendants' Motion to Compel Discovery, including taking the depositions of plaintiff's attorneys;

b. reviewing, researching and preparing an opposition to Defendants' Petition to Appeal;

c. reviewing, researching and preparing an opposition to Defendants' Motion for a Stay Pending Appeal;

d. preparing for and attending court conferences and hearings;

e. analyzing evidence in preparation for damages hearing;

f. preparing post hearing submissions;

**Background and Experience of Attorneys and Support Staff Who Worked on Case**

4. Shaun K. Hogan, Esq. ("SKH) was admitted to practice in the State of New York and the Commonwealth of Massachusetts, the Northern, Eastern and Southern Districts of New

York and the First and Second Circuit Courts of Appeals. Mr. Hogan has extensive trial and general litigation experience. He served as an Assistant District Attorney for five years in the Nassau County District Attorney's Office (Enterprise Crime Bureau and County Court Trial Bureau) and has eight years of federal civil litigation experience with Lefkowitz, Louis, Sullivan & Hogan, L.L.P. and its predecessor entities. He is now a member of the firm of Lefkowitz, Hogan & Cassell, LLP as of May 2006. His billable rate during the relevant time period was $200.00 per hour.

5. Michael D. Cassell, Esq. ("MDC") was admitted to practice in the State of New York in 1995 and in the Federal District Court for the Eastern and Southern Districts of New York in 1996. Mr. Cassell was admitted to practice in the State of New Jersey, the Federal District Court of New Jersey, and the Federal District Court for the Northern District of New York and the Third Circuit Court of Appeals. He joined Lefkowitz, Louis, Sullivan & Hogan, L.L.P. in mid-August 2001, and now is a member of the firm of Lefkowitz, Hogan & Cassell, LLP as of May 2006. Mr. Cassell has eleven years of litigation experience. His billable rate during the relevant time period was $200.00 per hour.

6. Janine P. Zabbia ("JZ") is a 2000 graduate of the State University of New York at Stony Brook. Ms. Zabbia joined Lefkowitz, Louis Sullivan & Hogan, L.L.P. as a paralegal in September of 2000, and now is a paralegal for the firm of Lefkowitz, Hogan & Cassell, LLP. Her billable rate during the relevant time period was $85.00 per hour.

7. The total hourly time Shaun K. Hogan, Esq. ("SKH") incurred in this action amounted to 208 hours, which was billed at a rate of $200.00 per hour for an aggregate sum of $41,600.00. See Exhibit "A."

8. The total hourly time Michael D. Cassell, Esq. ("MDC") incurred in this action amounted to 18.40 hours, which was billed at a rate of $200.00 per hour for an aggregate sum of $3,680.00. See Exhibit "B."

9. The total hourly time Janine P. Zabbia. ("JZ") incurred in this action amounted to 107.40 hours, which was billed at a rate of $85.00 per hour for an aggregate sum of $9,129.00. See Exhibit "C."

10. The sum total of plaintiff's incurred in this action since July 31, 2006 is $54,409.00 ($41,600.00 + $3,680.00 + $9,129.00).

11. The plaintiff also incurred the following costs in this action:

- $185.16 in Federal Express fees (See Exhibit "D," copies of the original invoices are also attached herein);

12. The total costs and fees incurred by plaintiff for services rendered by this firm since July 31, 2006 is $54,594.16 ($41,600.00 + $3,680.00 + $9,129.00 + $185.16).

13. The total costs and fees incurred by plaintiff for services rendered by this firm since the inception of this action is $218,580.27 ($163,986.11 + $54,594.16). Accordingly, plaintiff respectfully requests that, in addition to the award of monetary damages, it be awarded the sum of $218,580.27 ($163,986.11 + $54,594.16) as reasonable costs and attorneys' fees as part of a judgment rendered against the defendants.

Dated: Jericho, New York
March 26, 2007

/s/Shaun K. Hogan
**SHAUN K. HOGAN**