UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COXCOM, INC., et al

VS C. A. NO: 05 107 S

JON CHAFFEE, et als

**MEMORANDUM IN SUPPORT OF**
**OBJECTION TO REPORT AND RECOMMENDATION**

Defendant Ramalda Bou

There is no evidence in the trial record nor the discovery documents that Ramalda Bou ever purchased nor sold any filters. The Magistrate Judge misconceived the evidence at page 9 of the report and recommendation. He found that "… she participated in sales of filters … as an employee of her co-defendants." But in the very next sentence he correctly states that Ms. Bou " …reported employment by … New England Group Services, LLC …" Obviously, the latter is not a *co-defendant*.

The mere fact that she was present when the investigators purchsed filters is not a proper basis for assessing damages against her.

Defendant Amy Chaffee

The only evidence of purchases or sales by Amy Chaffee is the she sold ten filters to the

investigators. However, the evidence for which the Magistrate Judge seems to base his award against her are the statements about the supposed *reset instructions* which are quoted at pages 7 and 8 of the report and recommendation.

This is the heart of the entire case. At page 8 the Magistrate Judge recognized that " … it is unclear if these reset instructions would actually allow a customer to erase billing information …" Having recognized that, as well as next stating "Absent conclusive evidence on this point …"; the magistrate Judge made the improper if not impermissable conclusion that followed.

The filters are legitmate, useful devices sold at places like Radio Shack. This is what the magistrate Judge has missed throughout this entire case.

Even if the aforesaid statements were deliberate lies as opposed to being the result of a lack of information, ignorance or even stupidity; they are not a proper basis for the imposition of liability let alone damages.

The Magistrate Judge instead followed Plaintiff's red herring until he was blinded by the smokescreen Plaintiff created when its investigators realized that the Court had been misled in the issuing of the Ex Parte Order.

The entire case has resulted in a miscarriage of justice as result of Plaintiff's attempt to shield itself from the inevitable abuse of process suit.

By their Attorney,

/James A. Currier____________________

James A. Currier #953
1345 Westminster Street
Providence, RI 02909
(401) 861-2200 Fax (401) 421-2450

CERTIFICATION

I hereby certify that on the 30th day of May 2007, I mailed true and accurate copies of the within to Shaun K. Hogan, Esq., 350 Jericho Turnpike, Suite 300, Jericho, NY 11753 and Francis S.Holbrook, II, Esq., 122 Touro Street, Newport, RI 02840.

/s/ James A. Currier___________________